# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ERIC COOMER,

    Plaintiff,

v.

THE AMERICA PROJECT, INC., *et al.*,

    Defendants.

Civil Action No. 1:22-cv-1575-SKC

## REPONSE IN OPPOSITION TO
## MOTION FOR EXPEDITED DISCOVERY

Pursuant to Federal Rule of Civil Procedure 7(b), as well as Rule 7.1(d), Local Rules of Practice of the United District Court for the District of Colorado ("D.C.COLO.LCivR"), Defendant The America Project, Inc. ("TAP"), by and through undersigned counsel respectfully opposes the Motion for Expedited Discovery (Dkt. No. 33) filed by Plaintiff Eric Coomer, Ph.D. ("Plaintiff"); joins in the Opposition to Plaintiff's Motion for Expedited Discovery filed by Defendant Lucescu (Dkt. No. 37) and the Opposition to Plaintiff's Motion for Expedited Discovery filed by Defendant Byrne (Dkt. No. 55); and expressly incorporates the legal arguments made therein by reference as if fully stated herein.

In particular, TAP respectfully avers the Court must resolve the threshold issue whether it has personal jurisdiction over Defendants prior to adjudicating Plaintiff's request for expedited discovery. As noted in TAP's Motion to Dismiss ("MTD"), the Complaint does not allege that TAP participated in making the film at issue, that it had any input or authority over the film's content, that it edited the film, or that it made any statement of its own about Plaintiff. See generally Compl. (Dkt. No 1); see also Motion to Dismiss by TAP (Dkt. No. 29) at II.A-B, pp. 307.

Further, TAP has no contacts with Colorado, and, as such, is not subject to personal jurisdiction there. TAP is incorporated in and operates out of Florida. See MTD at Exhibit A (Dkt. No. 29-1) at ¶ 3. It conducts no activities in Colorado, has no employees in Colorado, and does not do anything to specifically target Coloradans. Id. at ¶¶ 4-6; see also Shrader v. Biddinger, 633 F.3d 1235, 1240 (10th Cir. 2011) (explaining that "[a] web site will subject a defendant to general personal jurisdiction only when the defendant has actually and deliberately used its website to conduct commercial transactions *on a sustained basis with a substantial number of residents* of the forum." (quoting Smith v. Basin Park Hotel, Inc., 178 F. Supp. 2d 1225, 1235 (N.D. Okla. 2001)).

Additionally, TAP did not "otherwise make the forum state the focal point of the message."). Shrader, 633 F.3d at 1244. The content of the film is about the 2020 Presidential Election, and has no specific ties or references to Colorado. Id. at 1244 (finding no personal jurisdiction because forum was not the "focal point" of the allegedly defamatory comments posted online); see also Compl. at ¶¶ 2, 5. Comments by Non-Party Joseph Oltmann ("Oltmann") and his theories regarding the 2020 Presidential Election were regarding Plaintiff's work on Dominion Voting Systems, and his "work[] with elections officials . . . across the country. . . ." See Compl. at ¶ 34. In fact, it appears the content of the film focused on activities in a handful of states, none of which includes Colorado. See Compl. at ¶¶ 69–70. As for Oltmann's specific portion of the film at issue, the Complaint focuses primarily on a discussion about voting in Michigan. See Compl. at ¶¶ 76–78. Ultimately, the only contact to Colorado alleged by Plaintiff is that Plaintiff and Oltmann live in the Centennial State. That is not enough. The Court "looks to the *defendant's* contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 284, (2014).

Finally, to support jurisdiction under a civil conspiracy claim, at least one alleged co-conspirator must be a Colorado resident and have committed an act in furtherance of the conspiracy in Colorado. See Giduck v. Niblett, 408 P.3d 856, 866 (Colo. App. 2014). The Complaint alleges that no Defendant is a resident of Colorado. See Compl. at ¶¶ 10-12.

As such, the Court lacks personal jurisdiction over TAP; accordingly, Plaintiff's Motion for Expedited Discovery (Dkt. No. 33) should be denied on this basis.

WHEREFORE, for the reasons stated herein, in the Opposition to Plaintiff's Motion for Expedited Discovery filed by Defendant Lucescu (Dkt. No. 37), and the Opposition to Plaintiff's Motion for Expedited Discovery filed by Defendant Byrne (Dkt. No. 55), Defendant TAP respectfully moves this Court to deny Plaintiff's Motion for Expedited Discovery (Dkt. No. 33).

Dated: November 10, 2022

Respectfully submitted,

**ABEL BEAN LAW, P.A.**

*s/ Christopher W. Dempsey*
CHRISTOPHER W. DEMPSEY
100 N Laura Street, Suite 501
Jacksonville, Florida 32202
Telephone: (904) 944-4113
Fax: (904) 944-4122
Email: cdempsey@abelbeanlaw.com

***Attorneys for Defendant***
***The America Project, Inc.***