UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC COOMER, Ph. D.

    Plaintiff,

v.                                                      Case No. 8:24-cv-00008-TPB-SPF

PATRICK BYRNE,
STEVEN LUCESCU, and
THE AMERICA PROJECT, INC.,

    Defendants.

## Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

    The parties conducted the planning conference on 3/11/2024. The following attended the conference: (a) Charles Cain and Brad Kloewer on behalf of Plaintiff; (b) Alfred Carry on behalf of Defendant Patrick Byrne; (c) Laurin Mills on behalf of Defendant Steven Lucescu; and (d) Christopher Dempsey on behalf of Defendant The America Project, Inc.

2. **Deadlines and Dates**

    The parties were unable to agree on deadlines and dates and therefore propose competing sets of the same. The crux of their disagreement relates to the parties' positions regarding whether discovery should remain stayed.

As explained in Defendants' forthcoming Motion to Continue Stay of Discovery, this action commenced in the U.S. District Court for the District of Colorado. It was transferred from the District of Colorado to the Middle District of Florida to cure a defect in personal jurisdiction. While before the District of Colorado, each Defendant timely filed a Motion to Dismiss under Rule 12(b) and Special Motion to Dismiss pursuant to the Colorado anti-SLAPP statute, C.R.S. § 13-20-1101 *et seq*. In light of Defendants' anti-SLAPP motions, and by agreement of the parties, then Magistrate Judge S. Kato Crews of the District of Colorado entered an Order on November 17, 2022 that stayed all discovery. (*See* Minute Order, Nov. 17, 2022 [Dkt. 58] (citing C.R.S. § 13-20-1101(6), which provides that upon filing a Special Motion to Dismiss, "All discovery proceedings in the action are stayed," and this "stay of discovery remains in effect until notice of entry of the order ruling on the motion.").)

Now in this Court, each Defendant has timely refiled a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Special Motion to Dismiss pursuant to the Colorado anti-SLAPP statute. Defendants will also collectively file a Motion to Continue Stay of Discovery.

In light of these filings and the prior court order, Defendants submit that discovery should remain stayed, and the submission of a scheduling order should remain deferred, until the Court resolves Defendants' potentially case dispositive Motions to Dismiss under Rule 12(b)(6) and Special Motions to Dismiss under the Colorado anti-SLAPP statute (collectively, the "Pre-Answer Dispositive Motions"). Following the resolution of Defendants' Pre-Answer Dispositive Motions, should the case proceed, Defendants request that the parties submit an amended case management report within 30 days to propose new deadlines and dates as needed.

The parties otherwise submit at this time the following competing sets of deadlines and dates:

| Action or Event | Plaintiff's Proposal | Defendants' Proposal |
| --- | --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/1/2024 | 30 days after ruling on Defendants' Pre-Answer Dispositive Motions |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 6/11/2024 | 60 days after ruling on Defendants' Pre-Answer Dispositive Motions |

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br><br>Plaintiff | 11/15/2024 | 300 days after ruling on Defendants' Pre-Answer Dispositive Motions |
| Defendant | 12/16/2024 | 330 days after ruling on Defendants' Pre-Answer Dispositive Motions |
| Rebuttal | 1/15/2025 | 30 days after service of the expert report rebutted |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 2/14/2025 | The deadline for completing discovery and filing any motion to compel discovery should be 400 days after ruling on Defendants' Pre-Answer Dispositive Motions<br><br>The deadline for completing expert depositions should occur after the parties exchange expert reports and be completed no later than 45 days after the deadline for completing fact discovery and filing any motion to compel discovery |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/14/2025 | 490 days after ruling on Defendants' Pre-Answer Dispositive Motions |

| | | |
|---|---|---|
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 1/31/2025 | 490 days after ruling on Defendants' Pre-Answer Dispositive Motions |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/25/2026 | 500 days after ruling on Defendants' Pre-Answer Dispositive Motions |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/2/2025 | 515 days after ruling on Defendants' Pre-Answer Dispositive Motions |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/9/2025 | 530 days after ruling on Defendants' Pre-Answer Dispositive Motions |
| Month and year of the trial term. | 6/___/2025 | First available day of the first month falling 545 days after ruling on Defendants' Pre-Answer Dispositive Motions |

The trial will last approximately 5-10 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

<u>Plaintiff's Description</u>:

This is a defamation case. Defendants supported, published, and republished defamatory statements that the 2020 Presidential election was systemically rigged by Dominion Voting Systems and by its principal employee, Plaintiff Eric Coomer, Ph.D. Until the defamatory statements began, Plaintiff was a private innocuous election worker. Defendants' conduct in this case is inexorably intertwined with Joe Oltmann (Oltmann), who is a Colorado-based election denier who made up a

4

false story that Plaintiff boasted on an "antifa call" that he rigged the election. This story is demonstrably false but was used to support a broader narrative of election fraud that has been spread by numerous other conspiracy theorists. Defendants did not concern themselves with the truth of the alleged "fraud" by Plaintiff and knowingly gave people like Oltmann a platform to spread disinformation. Defendants defamed Plaintiff as part of their overall campaign to discredit the validity of the 2020 Presidential election for their own financial and political gain.

Defendants' Description:[1]

Plaintiff is a Colorado resident who alleges that Defendants committed the torts of defamation, intentional infliction of emotional distress, and civil conspiracy against him. Plaintiff also raises a claim for unjust enrichment and asks the Court to impose a permanent injunction.

Defendants deny any liability and deny that Plaintiff is entitled to any relief. Defendants contend Plaintiff's complaint fails to state a claim upon which relief may be granted. Defendants also contend Plaintiff's complaint fails as a meritless strategic lawsuit against public participation—i.e., a SLAPP suit. Each Defendant has filed a Motion to Dismiss and Special Motion to Dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Colorado anti-SLAPP statute to set forth his or its reasons why the Complaint should be dismissed.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

---

[1] Plaintiff's description of the case is nothing more than an advocate's arguments, which Defendants reject. Defendants write separately to provide a brief, non-argumentative description of the case and its current procedural posture.

6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order. Regardless, the Court has noticed a hearing for an Initial Case Management Conference that is scheduled on March 27, 2024 at 9:30 AM in Tampa Courtroom 14A before Judge Thomas P. Barber. (Dkt. 122.)

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss

8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: initial disclosures will be made at the time specified in any scheduling order issued by this Court.

B. Discovery may be needed on these subjects:

Plaintiff:
- Communications between Defendants and between Defendants and various relevant third parties;
- Defendants' investigation into the claims about Dr. Coomer;
- Defendants' investigation into claims of election fraud more generally;
- Defendants' fact checking policies and procedures;
- Defendants' knowledge of the falsity of the statements at issue;
- Defendants' financial motives to defame Plaintiff and related documentary evidence;
- Defendants' political motives to defame Plaintiff and related documentary evidence;
- Defendants' conformity to the preconceived narrative that the 2020 election would be rigged, including, but not limited to, preconceived narratives established by the QAnon conspiracy theory;
- The extent of Defendants' defamatory publications, including, but not limited to, download counts of "The Deep Rig," pageview counts of publicity materials for the film, interviews conducted to promote the film, and other related efforts to increase viewership;
- Video footage, including cut footage, of "The Deep Rig";
- Any other related matter that may be relevant to Dr. Coomer's claims; and
- Any other related matter that may be necessary for Dr. Coomer to rebut any of Defendants' defenses

Defendants:
Defendants submit that the pleadings, motion to dismiss briefing, allegations asserted, and other nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs of the case, as understood by the Federal Rules of Civil Procedure and Local Rules, set forth the general scope of discovery. Defendants will be better equipped to identify the subjects of discovery, if any, following the resolution of Defendants' Pre-Answer Dispositive Motions.

C.  Discovery should be conducted in phases:

☒ No.
☐ Yes.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; in this respect, the parties state the following.

Plaintiff:
Plaintiff does not believe there are issues about disclosure, discovery, or preservation of electronically stored information.

Defendants:
Should this case proceed following the resolution of Defendants' Pre-Answer Dispositive Motions, Defendants submit that a protective order governing certain discovery material may be necessary. Defendants will work with Plaintiff to agree on appropriate terms as necessary, or submit any contested motion for a protective order to the Court for resolution.

Defendants also submit that they are willing to work with Plaintiff to coordinate the orderly management of electronic discovery. In this respect, Defendants will meet and confer with Plaintiff, with the goal of reaching an agreement on a reasonable ESI search and production protocol, or submitting any outstanding issues to the Court for judicial resolution.

E.  ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes.

10. Request for Special Handling

    ☐ The parties do not request special handling.

    ☐ The parties request special handling.

    ☒ Defendants Patrick Byrne, Steven Lucescu, and The America Project, Inc. unilaterally request special handling. Specifically, Defendants' forthcoming Motion to Continue Stay of Discovery sets forth reasons why their Pre-Answer Dispositive Motions are likely to be case dispositive and why a stay is appropriate. Therefore, Defendants ask this Court to continue to stay all discovery and defer the issuance of a scheduling order pending the resolution of Defendants' Pre-Answer Dispositive Motions.

11. Certification of familiarity with the Local Rules

    ☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. Signatures

Signed: 3/12/2024                                    Respectfully submitted,

/s/Bradley A. Kloewer                                /s/Alfred D. Carry
Charles J. Cain*                                     Robert N. Driscoll
ccain@cstrial.com                                    Alfred D. Carry
Bradley A. Kloewer*                                  McGlinchey Stafford PLLC
bkloewer@cstrial.com                                 1275 Pennsylvania Avenue NW, Suite 420
**CAIN & SKARNULIS PLLC**                            Washington, DC 20004
P.O. Box 1064                                        Tel: (202) 802-9951
Salida, Colorado 81201                               Fax: (202) 330-5897
719-530-3011/512-477-5011 (Fax)                      rdriscoll@mcglinchey.com
*Appearing via Special Admission                     acarry@mcglinchey.com
**ATTORNEYS FOR PLAINTIFF**

                                                     Joseph A. Apatov (Bar #93546)
                                                     McGlinchey Stafford PLLC
                                                     101 NE 3rd Avenue, Suite 1810
                                                     Fort Lauderdale, FL 33301
                                                     Tel: (954) 356-2516
                                                     Fax: (954) 252-3808
                                                     japatov@mcglinchey.com
                                                     *Counsel for Defendant Patrick Byrne*

| | |
|---|---|
| /s/Laurin H. Mills | /s/Christopher W. Dempsey |
| Laurin H. Mills | Christopher W. Dempsey |
| Werther & Mills, LLC | Dempsey Law, PLLC |
| 2121 Eisenhower Avenue, Suite 608 | 50 N. Laura Street, Suite 2500 |
| Alexandria, VA 22314 | Jacksonville, FL 32202 |
| Tel: (703) 547-4696 | Tel: (904) 760-6272 |
| Fax: (240) 912-3031 | Fax: (904) 587-0372 |
| laurin@werthermills.com | chris@cdempseylaw.com |
| *Counsel for Defendant* | *Counsel for Defendant* |
| *Steven Lucescu* | *The America Project, Inc.* |