# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# (Tampa Division)

|  |  |
|---|---|
| ERIC COOMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 8:24-CV-00008-TPB-SPF |
| PATRICK BYRNE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## JOINT MOTION BY DEFENDANTS
## TO CONTINUE STAY OF DISCOVERY

Defendants, Steve Lucescu ("Mr. Lucescu"), Patrick Byrne ("Mr. Byrne"), and The American Project, Inc. ("TAP"), jointly move to continue the current stay of all discovery in this case pending resolution of the dispositive motions filed contemporaneously herewith. For the reasons set forth below, this Motion should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This case was filed in Colorado on Jun2 24, 2022. ECF No. 1. It is one of many cases that arose in the aftermath of the 2020 presidential election relating to voting services provided by Dominion Voting Systems and its Chief Technology Officer, Plaintiff Eric Coomer.

Each of the Defendants filed motions to dismiss while this case was pending in Colorado. ECF Nos. 84, 85, 87, 88. Defendants argued that the Colorado court

lacked personal jurisdiction over them; that Colorado was not an appropriate venue; and that dismissal was required for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Each defendant also filed motions under Colorado's Anti-SLAPP statute.

While the motions to dismiss were pending, Defendants moved to stay discovery, arguing that discovery should not be had until the court ruled on the pending dispositive motions and that discovery was prohibited in light of the fact that each defendant had filed a motion under Colorado's Anti-SLAPP statute, which automatically stayed discovery. C.R.S. § 13-20-1101(6). On November 17, 2022, the Colorado district court granted that motion and ruled as follows (ECF No. 58):

> **MINUTE ORDER regarding the following:**
> **(1) The parties' joint [48] Motion to Stay Discovery is GRANTED. Both parties agree that C.R.S. § 13-20-1101(6), Colorado's Anti-SLAPP statute, applies to automatically stay discovery. Moving forward, the parties are reminded that a Motion is to be filed as a separate document and should not be included with a Joint Status Report.** *See* **D.C.COLO.LCivR 7.1(d).**
> **(2) Plaintiff's [34] Motion for Extension of Time to File Response is denied as MOOT since Plaintiff filed [36] Responses to Defendants' Motions to Dismiss & Special Motion. Moreover, Plaintiff relies on state procedural rules in this motion and is reminded the Federal Rules of Civil Procedure apply in this case.**
> **(3) Plaintiff's [33] Motion for Expedited Discovery is denied as MOOT because Plaintiff filed his responsive pleading. Furthermore, Plaintiff's Motion is inconsistent with the Courts 8/29/22 [26] Order granting the parties' [23] Unopposed Motion for Order to Approve Stipulation.**
>
> **SO ORDERED by Magistrate Judge S. Kato Crews on 11/17/2022. Text Only Entry (skclc2).**

On January 8, 2024, the Colorado district court granted Defendants' motions to dismiss for lack of personal jurisdiction and transferred this case to this Court. ECF No. 97. The discovery stay has never been lifted and Defendants' position is that the stay is and should remain in place pending the Court's ruling on Defendants' motions to dismiss (combined with special motions to dismiss

under Colorado's Anti-SLAPP statute), which are contemporaneously filed herewith.

## ARGUMENT

### I. LEGAL STANDARD.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), the Eleventh Circuit instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [ ] be resolved before discovery begins." *See also Solar Star Sys., LLC v. Bellsouth Telecomm's, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

Because the rule set forth in *Chudasama* is not a *per se* rule, it is necessary for the Court to "take a preliminary peek" at the merits of the motion to dismiss to see if it appears to be meritorious and case dispositive. *Feldman*, 176 F.R.D. at 652-53. "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where [as here] a statute dictates that a stay is appropriate or mandatory." *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014).

## II. THIS COURT SHOULD MAINTAIN THE STATUS QUO AND KEEP THE STAY IN PLACE PENDING RESOLUTION OF THE MOTIONS TO DISMISS FILED BY DEFENDANTS.

### A. Because Colorado Law Will Govern Resolution of this Dispute, Continuation of the Stay Is Required.

Each defendant's pending dispositive motion contains a choice-of-law analysis showing that the substantive law of Colorado should govern this dispute. That means that Colorado's Anti-SLAPP statute will apply. The Anti-SLAPP statute mandates that discovery be stayed until the pending dispositive motions are decided.

> (6) All discovery proceedings in the action are stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery remains in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subsection (6).

C.R.S. § 13-20-1101(6).

For this reason alone, the discovery stay should remain in place.

### B. Defendants Have Raised Meritorious Arguments That Will Dispose of This Case in Their Pending Dispositive Motions.

Once the Court takes the required "peak" at the pending dispositive motions, it will quickly determine that the motions have merit and will potentially dispose of the entire case. This Motion incorporates those arguments as if fully set forth herein. The essence of each defendant's motion is set forth below.

Defendant Lucescu argues that the case against him should be dismissed because (1) he is not alleged to have "published" anything and publication is an

essential element of a libel claim; (2) Plaintiffs engaged in impermissible "shotgun" pleading to implicate him in this case; and (3) there are no allegations that Mr. Lucescu acted with actual malice, which are essential to state a claim for defamation under Colorado law in matters that are of public concern.

Defendant Byrne argues that the case against him should be dismissed because Plaintiff has failed to allege sufficient facts to establish that Byrne published any defamatory statements about Plaintiff. The case should also be dismissed because Plaintiff has failed to plead sufficient facts from which one could infer that Byrne acted with the requisite actual malice. The absence of these allegations dooms the Complaint as against Byrne.

Defendant The Americas Project, Inc. argues the case against it should be dismissed because the entity did not publish any statements alleged to be defamatory, or in the alternative, Plaintiff's claims fail under Colorado law because he does not allege facts sufficient to support any inference of actual malice by The America Project, Inc. Defendant The America Project, Inc. also argues that its hosting of the film at issue on its homepage is also immunized under Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230.

These arguments are sufficiently meritorious to warrant a stay.

The arguments summarized above are sufficiently meritorious to warrant a stay. Moreover, given the fact that this case has been pending for 21 months, a short additional stay will prejudice no one and potentially conserve substantial

resources of this Court and the parties if the pending motions to dismiss are granted.

## **CONCLUSION**

For the foregoing reasons, the Court should preserve the status quo and keep the present stay of discovery in place until it decides the pending dispositive motions.

Dated: March 14, 2024

Respectfully submitted,

*/s/Laurin H. Mills*
Laurin H. Mills (*specially admitted*)
WERTHER & MILLS, LLC
2121 Eisenhower Ave., Suite 608
Alexandria, VA 22314
(703) 547-4693
laurin@werthermills.com

*Counsel for Defendant Steve Lucescu*

*/s/ Alfred D. Carry*
Alfred D. Carry (specially admitted)
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW
Suite 420
Tel: (202) 802-9951
Fax: (202) 330-5897
acarry@mcglinchey.com

*Counsel for Defendant Patrick Byrne*

*/s/ Christopher W. Dempsey*
Christopher W. Dempsey
M.D. Fla. Bar. No. 1038319
DEMPSEY LAW, PLLC
50 N Laura Street, Suite 2500

Jacksonville, Florida 32202
(904) 760-6272
chris@cdempseylaw.com

*Counsel for Defendant*
*The America Project, Inc.*

## CERTIFICATE OF CONFERENCE

Undersigned counsel for Defendants hereby certify that on March 11, 2024, they conferred with Plaintiff's counsel via conference call about the relief requested herein and could not reach any agreement.

Dated: March 14, 2024

*/s/ Laurin H. Mills*

*/s/ Alfred D. Carry*

*/s/ Christopher W. Dempsey*