IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ERIC COOMER, Ph. D., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 8:24-cv-00008-TPB-SPF |
| PATRICK BYRNE, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE JOINT REPLY TO PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12(B)(6)**

Pursuant to Local Rule 3.01(d), Defendants respectfully move this Court for leave to file a single Joint Reply, not to exceed 12 pages, to Plaintiff's Omnibus Response in Opposition to All Defendants' Motions to Dismiss Pursuant to Rule 12(b)(6) (the "Opposition") (Dkt. 135), within 10 days of the Court's entry of an Order granting this motion.

A reply is necessary to rebut arguments in the Opposition based on mischaracterizations of law and the record. For example, Plaintiff implies (Opp. at 2) that the transferor court made certain conclusions on the merits when it did not and could not. Since the transferor court lacked personal jurisdiction, the Colorado district judge was powerless to address the merits of this case. *See, e.g., Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 706 (1982) ("Until the court has established personal jurisdiction [over a party], any assertion of judicial

1

power over the party violates due process."). Further, because Defendants were not subject to the jurisdiction of the transferor court, they could not and cannot be personally bound by its rulings. *See, e.g.*, *Madara v. Hall*, 916 F.2d 1510 (11th Cir. Nov. 7, 1990) (holding that a defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings).[1]

In addition, a reply is necessary to address the several instances where Plaintiff's citations to the Complaint do not relate to the proposition he asserts. Indeed, many of Plaintiff's arguments do not match the Complaint's allegations at all. For instance, Plaintiff argues in briefing that Lucescu was "the chief architect of the Film's distribution model and platform, which he worked on closely with Byrne." (Dkt. 135 at 4.) This assertion does not appear in the Complaint, and it is well established that a plaintiff cannot amend his pleadings via briefing. *See, e.g.*, *Payne v. Ryder Sys.*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("[A] plaintiff cannot amend a complaint through statements in a brief.").[2]

The same is true with respect to Plaintiff's Declaration and its exhibits (Dkt. 135-1) attached to the Opposition. They and their assertions are not within the four corners of the Complaint. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (courts generally cannot consider "anything beyond

---

[1] *See also Repub. of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997); and *Baragona v. Kuwait & Gulf Link Transp. Co.*, 691 F. Supp. 2d 1351, 1357 (N.D. Ga. 2009) (even permitting a litigant "to collaterally attack" an order on the ground that it's "void due to lack of personal jurisdiction").

[2] *See also Pavao v. Hershone*, 2021 WL 3912240, at *2 (M.D. Fla. Sept. 1, 2021) (the "Court will not consider or address any claims that are not presently set forth in the operative pleading.").

the face of the complaint and documents attached thereto when analyzing a motion to dismiss"); *Treiber v. StorCOMM, Inc.* 2005 WL 2012275, at *3 (M.D. Fla. Aug. 16, 2005) ("It is not appropriate for this court to consider the affidavit and the correspondence appended thereto" on a motion to dismiss). Defendants believe that the Court would benefit from reply briefing that highlights these and other issues.

A reply is also necessary to address shortcomings in Plaintiff's choice of law analysis, which Defendants submit is an important threshold question.

In addition, a reply is necessary to address the reasons why Plaintiff has not alleged an actionable defamation claim, to include, among other things, his failure to plead sufficient facts from which one could infer actual malice—which must be drawn solely upon the basis of information that was available to and considered by a defendant prior to the alleged publication. In this respect, the Opposition often relies on post hoc events that have no impact whatever on the actual malice analysis. If leave is granted, Defendants will explain these deficiencies in Plaintiff's arguments.

Finally, it bears mentioning that the Opposition fails to comply with the typography requirements of Local Rule 1.08 because Plaintiff uses an improper typeface and font size. In fact, it appears every document filed by Plaintiff violates Local Rule 1.08. (*See* Doc. 129, 130, 131, 132, and 135.) His noncompliance in this instance, however, has effectively caused him to exceed the 30-page limit the Court imposed for Plaintiff's response (s*ee* Doc. 133) by 8 pages.

For these reasons, Defendants move the Court for leave to file a 12-page Joint Reply in support of their Motions to Dismiss within 10 days of the Court's Order.

Dated: April 8, 2024                    Respectfully submitted,

/s/Alfred D. Carry
Robert N. Driscoll*
Alfred D. Carry*
*Specially admitted
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9951
Fax: (202) 330-5897
rdriscoll@mcglinchey.com
acarry@mcglinchey.com

Joseph A. Apatov (Bar #93546)
McGlinchey Stafford PLLC
101 NE 3rd Avenue, Suite 1810
Fort Lauderdale, FL 33301
Tel: (954) 356-2516
Fax: (954) 252-3808
japatov@mcglinchey.com

*Counsel for Defendant Patrick Byrne*

/s/Laurin H. Mills
Laurin H. Mills*
*Specially admitted
Werther & Mills, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Tel: (703) 547-4696
Fax: (240) 912-3031
laurin@werthermills.com
*Counsel for Defendant Steven Lucescu*

/s/Christopher W. Dempsey
Christopher W. Dempsey
M.D. Fla. Bar No. 1038319
Dempsey Law, PLLC
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tel: (904) 760-6272
Fax: (904) 587-0372

chris@cdempseylaw.com
*Counsel for Defendant*
*The America Project, Inc.*

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that Defendants attempted to contact counsel for Plaintiff prior to the filing of this motion, but have been unable to determine counsel's position with respect to the relief requested. The undersigned will try diligently for three days to contact Plaintiff's counsel after this filing and will supplement this motion with a statement certifying whether the parties have resolved all or part of this motion as required by the Local Rules 3.01(g)(3).

/s/Alfred D. Carry
Alfred D. Carry
*Counsel for Defendant Patrick Byrne*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 8th day of April, 2024 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

/s/Alfred D. Carry
Alfred D. Carry
*Counsel for Defendant Patrick Byrne*