IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ERIC COOMER, Ph. D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 8:24-cv-00008-TPB-SPF |
| | ) |
| PATRICK BYRNE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### JOINT RESPONSE BY DEFENDANTS TO
### PLAINTIFF'S MOTION TO STAY RESPONSE TO
### ANTI-SLAPP MOTIONS TO DISMISS
### PENDING CHOICE OF LAW DETERMINATION

Defendants Patrick Byrne ("Byrne"), Steven Lucescu ("Lucescu"), and The America Project, Inc. ("TAP"), by their respective counsel, hereby respond to Plaintiff Eric Coomer's Motion to Stay Response to Defendants' anti-SLAPP Motions to Dismiss Pending Choice of Law Determination (the "Motion to Stay Response") (Dkt. 130), as follows.

First, Defendants contend Plaintiff's Motion to Stay Response is moot. Mootness exists here because Plaintiff has responded to the anti-SLAPP bases for dismissal in his omnibus response in opposition to Defendants' Motions to Dismiss under Rule 12(b)(6). (*See* Pl's Omnibus Response to Defs' Rule 12(b)(6) Motions to Dismiss (hereafter, "Opp. to Mot. to Dismiss") [Dkt. 135].) Plaintiff states the "Court granted" Plaintiff's Motion to Stay Response "during the March 27, 2024 scheduling conference." (*See* Opp. to Mot to Dismiss at 6 n.42.) In lieu of

1

withholding argument on the anti-SLAPP grounds for dismissal, however, Plaintiff responded in four pages of substantive argument, stating "Colorado's anti-SLAPP law does not apply." (*Id.* at 10-14.)

Plaintiff cannot have it both ways. *See Davis v. Per Mar Sec. and Research Corp.*, 2013 Wl 1914324, at *1 (N.D. Ill. May 8, 2013) ("Plaintiff also moves to stay his response to defendant's motion to dismiss. . . . The motion to stay response is denied as moot. Plaintiff has filed a response to the motion to dismiss.") Because Plaintiff has already addressed Defendants' anti-SLAPP arguments in his prolix, typography-noncompliant brief, the issue is no longer live. *See United States v. Beltran-Gabito*, 280 F. App'x 861, 863 (11th Cir. 2008); *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003).

The local rules of the Middle District of Florida provide that there shall be a motion and a response. *See* Local Rule 3.01. Absent leave for a reply, there is no provision for further briefing, and for good reason. The purpose of a motion and a response is self-evident. The movant advances his position, the non-movant responds, and if necessary and permitted, the movant—who carries the burden of going forward—gets the opportunity to reply to arguments made in the response. At some point, the round-robin must end, and it generally ends in this Court upon the filing of a motion and a response.

Second, Defendants agree that choice of law is an important threshold question that requires resolution by the Court. In this respect, Defendants correctly submit Colorado law applies to this action. (*See* Defs' Mots. to Dismiss [Dkt. 123,

125, and 126] at 7-12 (for Lucescu), 6 (for TAP), and 13-14 (for Byrne), respectively.) Plaintiff argues otherwise. (*See* Opp. to Mot to Dismiss at 6-10.)

Ordinarily, when an action is transferred from one district to another, as here, the transferee court applies the choice of law rules of the state of the transferor court. *VanDusen v. Barrack*, 376 U.S. 612, 638-39 (1964). However, where a transfer is effected because the transferor court lacks jurisdiction over the defendants, the transferee court is to apply the choice of law provisions of the state in which the transferee court is held. *See, e.g.*, *Roofing and Sheet Metals Services v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 991-93 (11th Cir. 1982).

In transferring this action from the District of Colorado to the Middle District of Florida, Senior United States District Judge Raymond P. Moore stated that Defendants Byrne, Lucescu, and TAP were not subject to the personal jurisdiction of the District of Colorado. (*See* Order, Jan. 8, 2024 [Dkt. 97] at 14) ("the Court concludes that it lacks personal jurisdiction over the Defendants in this case."). In lieu of dismissal, however, Judge Moore entered a *sua sponte* order transferring this action to the Middle District of Florida pursuant to 28 U.S.C. § 1631. (*Id.*) Accordingly, this Court is bound to apply the choice-of-law rules of Florida.[1]

Unsurprisingly, when before the District of Colorado, all parties in this

---

[1] Even if this Court were to apply the choice-of-law principles of Colorado, however, the end result would still be the same for both Florida and Colorado use the same "most significant relationship test" in tort cases. *Compare Security Service Federal Credit Union v. First American Mortg. Funding, LLC*, 861 F. Supp. 2d 1256, 1269 (D. Colo. 2012) (under Colorado choice of law principles, "tort claims are analyzed using the most significant relationship test"), *with Tobinick v. Novella*, 108 F. Supp. 3d 1299, 1303 (S.D. Fla. 2015) (Florida's conflict of law test utilizes the most significant relationship test).

3

diversity action argued and agreed in their pre-answer dispositive motions briefing that Colorado law applied. (*See* Dkt. 28, 29, 31, 36, 84, 87, 89, 92, 93, and 94.) Defendants maintain that view now still. The reason for this is obvious. Nothing has really changed. Plaintiff's Complaint is the same. The basis for the federal court's subject matter jurisdiction is the same. The only change is forum. But this shift in forum does not change the analysis because Florida employs in tort cases the "most significant relationship" test espoused in the Restatement, and this test favors the law of the state where the injury occurred. *See Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980).

As stated in Defendants' opening briefs in support of dismissal filed in this Court (*see* Dkt. 123, 125, and 126), a genuine conflict of law exists here, and Colorado has the most significant relationship to Plaintiff's claims. This is so because Colorado defamation law provides even greater protection than Florida defamation law, which generally mirrors federal First Amendment jurisprudence. In fact, Colorado is distinct in that it requires actual malice if the speech at issue relates to a public concern, even if the party defamed is not a public figure. *See Diversified Management Inc. v. Denver Post, Inc.*, 653 P.2d 1103, 1105-08 (Colo. 1982). Moreover, Florida has no equivalent to Colorado's anti-SLAPP statute. *See Tobinick*, 108 F. Supp. 3d at 1303 (finding that Florida has no equivalent to California's anti-SLAPP statute); *see also Stevens v. Mulay*, 2021 WL 1300503, at *4 (D. Colo. Feb. 16, 2021) (finding that Colorado's anti-SLAPP statute "is copied nearly verbatim from California's anti-SLAPP law").

During the Court's initial case management conference on March 27, 2024, Defendants understand that the Court expressed a preference for resolving the choice of law questions presented in this case first. Given the importance and impact of the Court's decision on which state's substantive law applies, Defendants have contemporaneously filed a motion seeking leave to file a Joint Reply to Plaintiff's omnibus response in opposition to Defendants' motions to dismiss. If given leave to file this Joint Reply, Defendants will address, among other things, the shortcomings in Plaintiff's choice of law analysis. The choice of law question will be fully briefed and ripe for adjudication upon the filing of Defendants' Joint Reply—unless the Court should desire any additional, separate briefing on the matter, which Defendants remain ready to provide.

Dated: April 8, 2024

Respectfully submitted,

/s/Alfred D. Carry
Robert N. Driscoll*
Alfred D. Carry*
*Specially admitted
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9951
Fax: (202) 330-5897
rdriscoll@mcglinchey.com
acarry@mcglinchey.com

Joseph A. Apatov (Bar #93546)
McGlinchey Stafford PLLC
101 NE 3rd Avenue, Suite 1810
Fort Lauderdale, FL 33301
Tel: (954) 356-2516
Fax: (954) 252-3808
japatov@mcglinchey.com

*Counsel for Defendant Patrick Byrne*

/s/Laurin H. Mills
Laurin H. Mills*
*Specially admitted
Werther & Mills, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Tel: (703) 547-4696
Fax: (240) 912-3031
laurin@werthermills.com
*Counsel for Defendant Steven Lucescu*

/s/Christopher W. Dempsey
Christopher W. Dempsey
M.D. Fla. Bar No. 1038319
Dempsey Law, PLLC
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tel: (904) 760-6272
Fax: (904) 587-0372
chris@cdempseylaw.com
*Counsel for Defendant*
*The America Project, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 8th day of April, 2024 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

/s/Alfred D. Carry
Alfred D. Carry
*Counsel for Patrick Byrne*