IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC COOMER, Ph. D., )
)
    Plaintiff, )
)
        vs. ) Case No. 8:24-cv-00008-TPB-SPF
)
PATRICK BYRNE, *et al.*, )
)
    Defendants. )
)

**JOINT RESPONSE BY DEFENDANTS IN OPPOSITION TO
PLAINTIFF'S MOTION TO AFFIRM CONTINGENT ORDER GRANTING
EXPEDITED DISCOVERY IN AID OF RESPONSE TO DEFENDANTS'
SPECIAL MOTIONS TO DISMISS PURSUANT TO C.R.S. § 13-20-1101**

Defendants Patrick Byrne ("Byrne"), Steven Lucescu ("Lucescu"), and The America Project, Inc. ("TAP"), by their respective counsel, hereby respond to Plaintiff Eric Coomer ("Plaintiff" or "Coomer")'s Motion to Affirm Contingent Order Granting Expedited Discovery in Aid of Response to Defendants' Special Motions to Dismiss Pursuant to C.R.S. § 13-20-1101 (the "Motion for Expedited Discovery") (Dkt. 131), as follows.

I.    INTRODUCTION

Colorado's anti-SLAPP law provides a means for a court, at the earliest stage of proceedings, to screen out meritless cases that implicate free speech. In this case, each Defendant filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and Special Motion to Dismiss Pursuant to the Colorado anti-SLAPP statute, C.R.S. § 13-20-1101. (*See* Lucescu's Mot. to Dismiss [123]; TAP's

1

Mot. to Dismiss [125]; and Byrne's Mot. to Dismiss [126].) Each Defendant identified numerous legal deficiencies in Plaintiff's Complaint, to include, among other things, the absence of well-pled allegations of a false and defamatory statement that was published by the Defendants with actual malice.

In filing his Motion for Expedited Discovery (Dkt. 131), Plaintiff claims he is unable to respond to the legal arguments raised in Defendants' Motions to Dismiss because Plaintiff needs discovery before filing his response. Plaintiff relies on and incorporates by reference an earlier motion (Dkt. 33) that he filed when before the District of Colorado, which Defendants address here. Plaintiff claims that the federal magistrate judge in the District of Colorado granted this earlier motion. The magistrate judge did no such thing. (*See* Dkt. 79.) But even if he did (which he didn't), such an order would have to be disregarded and vacated as void because the District of Colorado did not have personal jurisdiction over Defendants.

In the event the Court determines that Colorado law applies in these proceedings, the Court should deny Plaintiff's Motion for Expedited Discovery under the Colorado anti-SLAPP statute because it defies the fundamental purpose of the statute which is to permit a court to make an early assessment of whether claims such as Plaintiff's are meritless or may proceed further.

The case law is clear: Where an anti-SLAPP motion raises failure to state a claim defenses, such as here, the court should treat the anti-SLAPP motion to dismiss in a manner analogous to a motion under Rule 12(b)(6), providing the non-moving party with all the basic tenets that accompany a pre-answer motion to

dismiss, including accepting as true all of the well-pled allegations in the complaint. Consequently, there is absolutely no need for any expedited discovery.

## II. BACKGROUND

Coomer filed his complaint in this matter on June 24, 2022, bringing claims for defamation (Count 1), intentional infliction of emotional distress (Count 2), conspiracy (Count 3), unjust enrichment (Count 4), and injunctive relief (Count 5) against all named defendants. (Dkt. 1.) His complaint was originally filed in the U.S. District Court for the District of Colorado.

From September 19, 2022, through September 23, 2022, each Defendant timely filed a Motion to Dismiss pursuant to Rule 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, and Special Motion to Dismiss pursuant to the Colorado anti-SLAPP statute. Specifically, Lucescu originally filed his combined motion to dismiss and special motion to dismiss the Complaint on September 19, 2022 (Dkt. 28), which Lucescu separated and refiled based solely on the Rule 12 defenses on June 7, 2023 (Dkt. 84) as directed by the court. TAP originally filed its combined motion to dismiss and special motion to dismiss the Complaint on September 20, 2022 (Dkt. 29), which TAP separated and refiled based solely on the Rule 12 defenses on June 9, 2023 (Dkt. 87) as directed by the court. And Byrne originally filed his combined motion to dismiss and special motion to dismiss the Complaint on September 23, 2022 (Dkt. 31), which Byrne separated and refiled

3

based solely on the Rule 12 defenses on June 9, 2023 (Dkt. 88) as directed by the court.[1]

On January 8, 2024, the Colorado federal district judge entered an order that determined the Colorado federal court lacked personal jurisdiction over Defendants. (*See* Order, Jan. 8, 2024 [Dkt. 97] at 14) ("the Court concludes that it lacks personal jurisdiction over the Defendants in this case."). In lieu of dismissal, however, the judge entered a transfer order *sua sponte*, which transferred the action to the Middle District of Florida to cure the defect in personal jurisdiction. (*Id.*)

Because the Colorado federal court agreed it lacked personal jurisdiction over Defendants, the District of Colorado was powerless to reach the merits of Plaintiff's claims and determined "it will not resolve Defendants' remaining arguments for dismissal but will instead leave that matter to the Middle District of Florida." (*Id.* at 17.) Accordingly, on March 12, 2024, each Defendant re-filed in this Court his or its Motion to Dismiss the Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Special Motion to Dismiss pursuant to the Colorado anti-SLAPP statute. (Dkt. 123, 125, and 126.)

Relevant here, Plaintiff filed a Motion for Expedited Discovery (Dkt. 131) which incorporates by reference an earlier motion (Dkt. 33) he filed when before the

---

[1] It was the Colorado federal magistrate judge's preference that all Defendants "refile their motion sot dismiss based **solely** on Rule 12(b) arguments" to conform with the assigned district judge's civil practice standards. "Following the resolution of Defendants' Rule 12(b) motions, should the case proceed, . . . Defendants [may] choose to renew their special motions to dismiss arguing the anti-SLAPP issues[.]" (See Minute Order [Dkt. 79], May 25, 2023, at 2-3) (Crews, M.J.) (emphasis in original).).

4

District of Colorado. Plaintiff argues he needs expedited discovery to respond to Defendants' anti-SLAPP motions because they seek dismissal on the ground that Plaintiff has failed to plead, among other things, sufficient facts from which one can infer actual malice. Plaintiff therefore asks for permission to conduct expedited discovery under the anti-SLAPP statute to marshal evidence to oppose Defendants' statements of black-letter law that actual malice "requires a showing of subjective doubts by the defendant." (Dkt. 33 ¶ 5.)

To "develop further evidence on this point," Plaintiff specifically seeks leave to propound document requests seeking production of:

> communications with up to six relevant third parties, disclosure of all publications of Defendants containing any statements regarding Dr. Coomer, evidence relating to any retractions issued by Defendants, and documents reflecting the investigation Defendants undertook regarding the allegations about Dr. Coomer made by Joe Oltmann.

(Dkt. 33 ¶ 6.) In addition, Plaintiff requests permission to conduct a four-hour deposition of each Defendant. (Dkt. 33 ¶ 6.) "Each of these discovery requests will serve to test Defendants' arguments[.]" (Dkt. 33 ¶ 6.)

Plaintiff claims he is entitled to this expedited discovery because the federal magistrate judge in the District of Colorado already granted his motion. (Dkt. 131.) He did not. This opposition to Plaintiff's Motion for Expedited Discovery follows.

### III. LEGAL STANDARD

There is a split among the federal courts as to whether anti-SLAPP statutes apply in federal diversity cases. *See Reed v. Brandel Eugene Chamblee TGC LLC*, 2024 WL 69570, at *6 (M.D. Fla. Jan. 5, 2024) ("The specific requirements and

5

language in each state's anti-SLAPP statute must be analyzed individually under *Erie*, which leads to different results depending on the statute."). Colorado's anti-SLAPP statute has been held to create a substantive right under *Erie*, and thus be "applicable in federal court." *See Moreau v. United States Olympic & Paralympic Comm.*, 641 F. Supp. 3d 1122, 1128 (D. Colo. 2022); *Timmins v. Henderson*, 2023 WL 2466020, at *3 (D. Colo. Mar. 10, 2023) (same); *but see Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 662-73 (10th Cir. 2018) (holding that New Mexico's anti-SLAPP law, which is not like Colorado's anti-SLAPP law, is procedural and does not apply).

Colorado's anti-SLAPP statute creates a special motion to dismiss a "cause of action against a person arising from any act . . . in furtherance of the person's right of petition or free speech . . . in connection with a public issue[.]" C.R.S. § 13-20-1101(3)(a). If defendant carries his burden of a threshold showing that the challenged cause of action is one arising from protected activity, the court then determines whether the plaintiff has demonstrated a "reasonable likelihood" of prevailing on the claim. *See* C.R.S. § 13-20-1101(3)(a). When a party files an anti-SLAPP motion, discovery is statutorily stayed until the court rules on the motion, except that a court may allow "specified discovery" "on noticed motion and for good cause shown[.]" C.R.S. § 13-20-1101(6).

"[B]ecause Colorado's anti-SLAPP law is relatively new," and "given that it tracks California's statute almost exactly, it is appropriate to draw from the more well-established body of authority interpreting the California law." *Stevens v. Mulay*,

6

2021 WL 1153059, at *2 n.7 (D. Colo. Mar. 26, 2021) (Blackburn, J.); *see also U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (California's anti-SLAPP law is substantive and applies in federal diversity cases).

In this respect, California federal courts evaluate anti-SLAPP motions based on the nature of the defendant's challenge to the complaint. If the motion is based on facts outside the pleadings and challenges the sufficiency of the evidence, then the anti-SLAPP statute conflicts with Rule 56, which discourages summary judgment motions based on evidence outside the record until the opposing party has had the opportunity to conduct discovery. *See* Fed. R. Civ. P. 56(f). However, if the anti-SLAPP motion is based on legal arguments and challenges the sufficiency of the complaint, it is analogous to a motion to dismiss under Rule 12(b)(6), and thus a federal court may grant the anti-SLAPP motion without permitting any discovery at all if the pleadings show an inability to prevail on the merits under the applicable standards. *See Rogers v. Home Shopping Network*, 57 F. Supp. 2d 973, 982-83 (C.D. Cal. 1999).

Against that backdrop, a court may deny discovery where "discovery is not essential" to respond to the anti-SLAPP motion. *Four Navy SEALs v. Associated Press*, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005). In particular, where the anti-SLAPP motion identifies defects in the pleadings and simply challenges the legal sufficiency of a claim, the court takes all of the well-pled allegations as true, and a plaintiff can respond "by showing sufficiency of the pleadings, and there's no

requirement for a plaintiff to submit evidence to oppose contrary evidence that was never presented by defendants." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med Progress*, 890 F.3d 828, 834 (9th Cir. 2018). A court may also deny a discovery request under the good cause standard of C.R.S. § 13-20-1101(6), where a plaintiff "does not identify what facts he would hope to uncover." *Gressett v. Contra Costa County*, 2013 WL 2156278, *35 (N.D. Cal. May 17, 2013); *1-800 Contacts, Inc. v. Steinberg*, 107 Cal.App.4th 568, 593 (2003) ("The showing [of good cause] should include some explanation of what additional facts plaintiff expects to uncover.").

When an anti-SLAPP motion is more akin to a motion for summary judgment, a court may deny discovery if the plaintiff does not submit an affidavit setting forth the specific facts he intends to seek through discovery and how those facts will help defeat the anti-SLAPP motion. Federal Rule of Civil Procedure 56(d) allows the non-movant to "show[ ] by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify . . . opposition [to a summary judgment motion]." Fed. R. Civ. P. 56(d); *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015). If a plaintiff seeking discovery under anti-SLAPP fails to "explain with particularity why [he] is unable to oppose the motion, state with specificity what facts [he] intends to seek through discovery, and show how [his] discovery efforts are reasonable expected to create a triable issue," the request for discovery under anti-SLAPP should be denied. *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1102 (C.D. Cal. 2004).

## IV. ARGUMENT

### A. It was Proper for Each Defendant to Combine His or Its Rule 12(b)(6) and anti-SLAPP Arguments for Dismissal into a Single Motion

Plaintiff suggests it was improper for Defendants to combine their Rule 12(b)(6) arguments and anti-SLAPP arguments in support of dismissal in a single motion. However, federal district courts routinely take up these motions at the same time. *See, e.g.*, *Anthony v. Buena Vista Home Ent. Inc.*, 2016 WL 6836950, at *9-10 (C.D. Cal. Sept. 28, 2016) (granting an anti-SLAPP motion and motion to dismiss in the same order); *Coulter v. Murrell*, 2010 WL 2985165, at *1 (S.D. Cal. July 27, 2010) (resolving the anti-SLAPP motion and the motion to dismiss at the same time); *League of United Latin Am. Citizens Inc v. Nat'l League of Latin Am. Citizens*, 2014 WL 4477335, at *5-7 (N.D. Cal. Sept. 11, 2014) (same); *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, 2014 WL 5698448, at *1 (E.D. Cal. Nov. 4, 2014) (in the context of deciding fees to be awarded on an anti-SLAPP motion, recognizing that the court previously granted both the anti-SLAPP motion and the motion to dismiss); *Plumleigh v. City of Santa Ana*, 2011 WL 13309068, at *1 (C.D. Cal. Feb. 3, 2011) (same).

As one district judge in the Central District of California stated not long ago:

> Plaintiffs contend that Defendant's combined anti-SLAPP and 12(b)(6) motion create a conflict between both . . . . But the Court is puzzled as to how this creates a conflict between the Federal Rules of Civil Procedure and the anti-SLAPP statute, especially given that precedent states that "a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard" when an anti-SLAPP motion challenges the legal sufficiency of a claim. . . . Indeed, it seems perfectly logical to

use the same arguments for an Anti-SLAPP motion and Rule 12(b)(6) motion, when the same standard applies to both.

*Woulfe v. Universal City Studios LLC*, 2022 WL 18216089, at *3 (C.D. Cal. Dec. 20, 2022) (internal citations omitted), *reconsideration denied*, 2023 WL 3321752 (C.D.Cal. Mar. 9, 2023).

### B. The Colorado Federal Magistrate Judge Did Not Already Grant Plaintiff's Motion for Expedited Discovery; But Even If It Did (Which It Didn't), the Colorado Magistrate Judge's Ruling Cannot Bind Defendants

Plaintiff claims he is entitled to expedited discovery because the federal magistrate judge in the District of Colorado already granted his motion. (Dkt. 131.) This is inaccurate. In reality, the Colorado federal magistrate judge expressed an inclination to grant Plaintiff limited discovery "should the need arise." (Dkt. 79.) And the Court held that matter in abeyance. After all, Defendants had moved to dismiss the Complaint in the District of Colorado for lack of personal jurisdiction, and until a court "has established personal jurisdiction [over a party], any assertion of judicial power over the party violates due process." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 706 (1982).

Even if the Colorado federal magistrate judge's order could be construed as granting Plaintiff's Motion for Expedited Discovery, however, such an order would have to be vacated and disregarded as void because Defendants were not subject to the jurisdiction of the District of Colorado, and a defendant that is not subject to the personal jurisdiction of the court cannot be bound by its rulings. *See, e.g.*, *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (vacating district court's holding on state

10

statute of limitations issue because "Hall was not subject to the jurisdiction of the court, and therefore could not be personally bound by its rulings. Therefore, the issue should not have been reached."); *see also* Wright & Miller, *Federal Practice and Procedure*, Civil 2d § 1351, at 243-44 (1990); *Repub. of Panama v. BCCI Holdings (Luxembourg), S.A.*, 119 F.3d 935, 940 (11th Cir. 1997).

      **C.**    **Defendants' anti-SLAPP Motion is Not a Motion for Summary Judgment, it is a Challenge to the Legal Sufficiency of Plaintiff's Claims**

Colorado's anti-SLAPP statute is not a summary judgment vehicle by another name, and Defendants' anti-SLAPP motions are not motions for summary judgment. To prevail on a special motion to dismiss under the anti-SLAPP statute, a defendant need not challenge the plaintiff's lack of evidence. Instead, a movant may show that the plaintiff's claims are defective for purely legal reasons, and as such, plaintiff is unlikely to prevail. *See Rogers v. Home Shopping Network*, 57 F. Supp. 2d 973, 976 (C.D. Cal. 1999) (a "special motion . . . can be based on any defect in the plaintiff's action."). Thus, a special motion to dismiss "may be premised on legal deficiencies inherent in the plaintiff's claim." *Id.* That is precisely the motion filed by each of the Defendants here.

Defendants' anti-SLAPP motions are based on legal, failure-to-state-a-claim arguments. That is, (1) that the challenged statements are not actionable as defamation as a matter of law; and (2) that the Complaint fails to establish that Defendants published any of the challenged statements with the requisite actual malice. Defendants did not assert any affirmative defenses for which they hold a

11

burden. They did not file a compendium of evidence or any affidavits. They did cite to any extrinsic factual evidence for the truth of the matters asserted.

Even if this Court were to conclude Defendants' anti-SLAPP motions are more like a motion for summary judgment, however, specified discovery is still not merited because Coomer clearly does not meet the technical requirements of Rule 56. "Rule 56(d) requires affidavits setting forth the particular facts expected from the movant's discovery." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). Here, Coomer has not submitted any affidavit or declaration in support of his application for specified discovery to oppose Defendants' anti-SLAPP motions. Thus, Coomer's request for discovery under the anti-SLAPP statute, if assessed through a Rule 56 lens, must fail. *Gressett*, 2013 WL 2156278, at *35 (same).

### D. Plaintiff's Generalized Need for Discovery Does Not Meet the "Good Cause" Standard Required under the anti-SLAPP Statute

Far from limiting his request to specific needs he believes necessary to carry his burden of demonstrating a reasonable likelihood of prevailing on his claims, Coomer has presented the Court (*see* Dkt. 33) with a generic wish list of discovery desires based on nothing more than a perfunctory assertion that discovery is needed, which is insufficient. *See New.Net*, 356 F. Supp. 2d at 1101 (same). To get discovery under the anti-SLAPP statute, Coomer must show that the requested discovery is vital to his opposition, *see id.*, and that showing "should include some explanation of

what additional facts plaintiff expects to uncover," *1-800 Contacts, Inc.*, 107 Cal.App.4th at 593. Coomer falls far short of that mark.

First, he states he would like to conduct discovery merely out of "an abundance of caution." (Doc. 33 ¶ 5.) Second, he includes general categories of information he would like to investigate, but he does not identify what facts he believes his investigation will show. Quoting a line from the California appellate court case *Lafayette Morehouse, Inc. v. Chronicle Publ. Co.*, 37 Cal.App.4th 855, 868 (1995), Coomer underscores that this Court "*must* liberally exercise its discretion" in authorizing discovery. (Doc. 33 ¶ 4.) Yet on closer examination, Coomer misunderstands this case.

> [The anti-SLAPP statute] allows the court to permit specified discovery for good cause shown on noticed motion. Decisions that have considered what constitutes such a showing of good cause have described it as a showing that a defendant or witness possesses evidence needed by plaintiff to establish [a case]. The showing should include some explanation of what additional facts plaintiff expects to uncover. *Only in these circumstances* is the discretion under [the anti-SLAPP statute] to be liberally exercised. Discovery may not be obtained merely to test the opponent's declarations.

*1-800 Contacts, Inc.*, 107 Cal.App.4th at 593 (cleaned up and discussing *Lafayette*, *supra* and other California precedents).

Coomer is not worthy of a liberal exercise of discretion because he has failed to show, much less attempt to show, what facts he hopes to uncover from discovery. *Gressett*, 2013 WL 2156278, at *35. His motion is entirely devoid of any such information or even a prediction. Instead, he fully admits his discovery aims are intended merely "to test Defendants' arguments" (Doc. 33 ¶ 6) ("Each of these

13

discovery requests will serve to test Defendants' arguments")). This is exactly when discovery may not be obtained.

Simply put, Coomer's need for discovery is no greater than the need of every plaintiff in a defamation case. And were a court to grant Coomer discovery in this context—on this showing—it would do violence to the very purpose of the anti-SLAPP statute, which is intended to bring about an early dismissal of undeveloped, unmeritorious, and legally deficient claims that are offensive to constitutionally protected speech. Because Coomer can respond to the legal arguments raised by Byrne's anti-SLAPP motion without resort to outside facts, discovery is not "essential" to his opposition. *See, e.g.*, *CIBA-Geigy Corp. USA*, 2001 WL 290333, at *9 (S.D. Cal. 2001).

### E. Plaintiff is Not Entitled to Discovery on the Elements of his Cause of Action

Among the most flawed of Plaintiff's discovery requests are those asking for permission to conduct discovery in order to enable him to develop evidence supporting the elements of his cause of action. Such discovery is antithetical to the procedure for assessing an anti-SLAPP motion based on challenges to the sufficiency of the pleadings that are present here. Plaintiff should not be permitted to conduct discovery, for example, on the "disclosure of all publications of Defendants" about Plaintiff. (Doc. 33 ¶ 6.) He should have no need for this. After all, he has attempted to allege a 'publication' in his complaint, which Defendants have identified as legally deficient on the face of the pleadings. Plaintiff cannot subvert the purpose of the anti-

SLAPP statute to cure his insufficient pleading, and Plaintiff's efforts to obtain such unwarranted discovery cannot possibly approach the showing of "good cause" required by the statute.

Further still, the inquiries Plaintiff would like to make do not help him. Failure to retract a publication is "not adequate evidence of malice for constitutional purposes." *New York Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964). Similarly, failure to investigate is not evidence of actual malice. *St. Amant v. Thompson*, 390 U.S. 721, 733 (1968). "Even 'highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by reasonable publishers' does not establish actual malice." *Parsi v. Daioleslam*, 890 F. Supp. 2d 77, 81 (D.D.C. 2012) (quoting *Harte-Hanks Commc'ns Inc. v. Connaughton*, 491 U.S. 657, 665 (1989)).

In support of his Motion for Expedited Discovery, Plaintiff argues this Court should grant his request for discovery because a similar motion was granted in a "related proceeding" (Dkt. 131 ¶ 2) commenced in a Colorado state court. That matter, however, involved different defendants with different facts and different anti-SLAPP briefing. There—in *Coomer v. Donald J. Trump for President, Inc., et al.*, Case No. 2020CV34319—defendants introduced facts outside of the pleadings and raised factual questions like "whether Defendants Powell and Giuliani were agents of Defendant Donald J. Trump for President, Inc.," and whether these defendants had an absolute privilege against liability. (*See* Dkt. 33-2.) Targeted discovery into such affirmative defenses and factual issues was determined to be "necessary to aid

15

in resolution" of the anti-SLAPP motions. (Dkt. 33-2.) No similar affirmative defenses or factual claims from Defendants exist here.

## V. CONCLUSION

The point of litigation, and bedrock premise underlying every lawsuit, is that a plaintiff ought not get a ticket to discovery unless he can allege sufficient facts to support his claim. For an injured tort plaintiff, those allegations should be easy to make. And yet based on Plaintiff's Motion for Expedited Discovery, he appears unable to make them. This should be an indication that his complaint lacks merit.

Plaintiff attempts to use Defendants' anti-SLAPP motions to transform the insufficiency of his pleadings into a basis for discovery rather than a reason for dismissal. Plaintiff's suggested application of the anti-SLAPP statute would make defamation claims more burdensome on defendants engaged in protected speech and thus defeat the entire purpose of the statute. Plaintiff is not entitled to discovery prior to dismissal because the purpose of an anti-SLAPP motion making legal arguments is to enable a defendant to challenge a complaint, and thus a plaintiff's reasonable likelihood of prevailing, without subjecting that defendant to discovery.

For all of these reasons, Defendants respectfully request that this Court enter an order denying Plaintiff's Motion for Expedited Discovery, granting such other relief the Court deems just and proper.

Dated: April 8, 2024                    Respectfully submitted,

/s/ Alfred D. Carry
Robert N. Driscoll*
Alfred D. Carry*
*Specially admitted
McGlinchey Stafford PLLC
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9951
Fax: (202) 330-5897
rdriscoll@mcglinchey.com
acarry@mcglinchey.com

Joseph A. Apatov (Bar #93546)
McGlinchey Stafford PLLC
101 NE 3rd Avenue, Suite 1810
Fort Lauderdale, FL 33301
Tel: (954) 356-2516
Fax: (954) 252-3808
japatov@mcglinchey.com

*Counsel for Defendant Patrick Byrne*


/s/ Laurin H. Mills
Laurin H. Mills*
*Specially admitted
Werther & Mills, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Tel: (703) 547-4696
Fax: (240) 912-3031
laurin@werthermills.com
*Counsel for Defendant Steven Lucescu*


/s/ Christopher W. Dempsey
Christopher W. Dempsey
M.D. Fla. Bar No. 1038319
Dempsey Law, PLLC
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Tel: (904) 760-6272
Fax: (904) 587-0372
chris@cdempseylaw.com
*Counsel for Defendant*
*The America Project, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 8th day of April, 2024 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

/s/Alfred D. Carry
Alfred D. Carry
*Counsel for Patrick Byrne*