IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ERIC COOMER, Ph. D., | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 8:24-cv-00008-TPB-SPF<br>) |
| PATRICK BYRNE, *et al.*, | )<br>) |
| Defendants. | )<br>) |

**UNOPPOSED JOINT MOTION TO MODIFY THE**
**CASE MANAGEMENT AND SCHEDULING ORDER**

Pursuant to Rules 6 and 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiff Eric Coomer and Defendants Patrick Byrne, Steven Lucescu, and The America Project, Inc. (collectively, the "Parties"), by and through their undersigned counsel, jointly move this Court to modify the Case Management and Scheduling Order entered on April 4, 2024 (Dkt. 136), by extending all remaining pretrial deadlines by sixty days. This extension is requested to allow the Parties sufficient time to make expert disclosures, complete discovery, file dispositive motions, and meet all other pretrial deadlines applicable in this case.

In support of this motion, the Parties state as follows:

**BACKGROUND**

1. This case arises out of alleged statements made in the aftermath of the 2020 presidential election, specifically remarks by purported conservative activist

1

Joe Oltmann, who appeared in an interview for the documentary film titled *The Deep Rig* (the "Film"). (*See generally* Compl.) Plaintiff contends that Mr. Oltmann's remarks about him in the Film are false and defamatory. (*See generally* Compl.) Defendants Patrick Byrne and Steven Lucescu are credited as producers of the Film. (Compl. ¶ 1.) Defendant The America Project, Inc. holds the copyright for the Film and is alleged to have received at least a portion of its profits. (Compl. ¶¶ 1, 11-12.)

2. On June 24, 2022, Plaintiff sued the Defendants in the District of Colorado. (Dkt. 1.) In his Complaint, Plaintiff raises claims of defamation, intentional infliction of emotional distress, civil conspiracy, and unjust enrichment. He also requests a permanent injunction.

3. While the case was pending in Colorado, Defendants moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. Defendants also moved to specially dismiss Plaintiff's Complaint pursuant to the Colorado anti-SLAPP statute. (Dkt. 28, 29, 31.) While these motions were pending, the Parties filed a joint motion to stay discovery pursuant to Colorado's anti-SLAPP statute (Dkt. 48), which the court then granted on November 17, 2022 (Dkt. 58).

4. On June 7 and 9, 2023, the Defendants refiled their motions to dismiss as directed by the court. (Dkt. 84, 87, 88.) The court had ordered the Defendants to refile these motions, limiting them to Rule 12(b) arguments, to align with the district judge's civil practice standards among other reasons. (Dkt. 79.) The court then stated that "[f]ollowing the resolution of Defendants' Rule 12(b) motions, should the case

Joe Oltmann, who appeared in an interview for the documentary film titled *The Deep Rig* (the "Film"). (*See generally* Compl.) Plaintiff contends that Mr. Oltmann's remarks about him in the Film are false and defamatory. (*See generally* Compl.) Defendants Patrick Byrne and Steven Lucescu are credited as producers of the Film. (Compl. ¶ 1.) Defendant The America Project, Inc. holds the copyright for the Film and is alleged to have received at least a portion of its profits. (Compl. ¶¶ 1, 11-12.)

2. On June 24, 2022, Plaintiff sued the Defendants in the District of Colorado. (Dkt. 1.) In his Complaint, Plaintiff raises claims of defamation, intentional infliction of emotional distress, civil conspiracy, and unjust enrichment. He also requests a permanent injunction.

3. While the case was pending in Colorado, Defendants moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. Defendants also moved to specially dismiss Plaintiff's Complaint pursuant to the Colorado anti-SLAPP statute. (Dkt. 28, 29, 31.) While these motions were pending, the Parties filed a joint motion to stay discovery pursuant to Colorado's anti-SLAPP statute (Dkt. 48), which the court then granted on November 17, 2022 (Dkt. 58).

4. On June 7 and 9, 2023, the Defendants refiled their motions to dismiss as directed by the court. (Dkt. 84, 87, 88.) The court had ordered the Defendants to refile these motions, limiting them to Rule 12(b) arguments, to align with the district judge's civil practice standards among other reasons. (Dkt. 79.) The court then stated that "[f]ollowing the resolution of Defendants' Rule 12(b) motions, should the case

proceed, and should Defendants choose to renew their special motions to dismiss arguing the anti-SLAPP issues, the Court will convene a status conference" to discuss discovery. (Dkt. 79.)

5. On January 8, 2024, the Colorado District Court ultimately determined that it lacked personal jurisdiction over Defendants but ordered the case to be transferred to the Middle District of Florida for further proceedings pursuant to 28 U.S.C. § 1631. (Dkt. 97.)

6. After the case was transferred, on March 12, 2024, Defendants each filed a motion to dismiss for failure to state a claim under Rule 12(b)(6), along with a special motion to dismiss under Colorado's anti-SLAPP statute. (Dkt. 123, 125, 126.) Around the same time, Defendants also filed a motion to continue the stay of discovery, arguing that the discovery stay entered by the District of Colorado had not been lifted and should remain in place pending this Court's ruling on the motions to dismiss. (Dkt. 127.)

7. Although the Colorado district court's order staying discovery was not vacated, on April 4, 2024, this Court entered a Case Management and Scheduling Order establishing various pretrial deadlines. (Dkt. 136.) These include deadlines for expert discovery, fact discovery, dispositive motions, among other key milestones, in preparation for a trial term beginning in August 2025.

8. To avoid potential conflicts stemming from the competing discovery-related orders issued by the District of Colorado and this Court, the Defendants filed a status report on June 4, 2024, seeking guidance from the Court. (Dkt. 144.)

Subsequently, on July 25, 2024, the Parties jointly emailed chambers to request a status conference to seek clarification on whether discovery should proceed before the Court rules on Defendants' pending motions to dismiss and motion to continue the stay of discovery.

9. The Court has since issued orders addressing this issue in its orders. On July 30 and 31, 2024, the Court denied Defendants' motions to dismiss "to the extent they seek to invoke Colorado's anti-SLAPP statute" (Dkt. 149) and denied Defendants' motion to continue the stay of discovery (Dkt. 150).

10. In light of the Court's recent orders, the posture of the case regarding discovery is now clear. While the Parties have been working cooperatively and diligently to meet the current discovery deadlines, they agree that, due to the substantial volume of electronic discovery requiring review and production, the need for third-party discovery, and the necessity of negotiating an electronic discovery protocol, deposition protocol, and a stipulated protective order, they will be unable to meet the existing deadlines without a brief extension. Accordingly, the Parties request a sixty-day extension of both the discovery deadlines and the remaining pretrial deadlines set forth in the Case Management and Scheduling Order.

**LEGAL STANDARD**

11. Federal Rule of Civil Procedure 6(b)(1)(A) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion if the court acts, or if a request is made, before the original time or its extension expires." To establish good cause, the party seeking

the extension must establish that the schedule could not be met despite the party's diligence. *Ashmore v. Sec'y Dept. of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)).

12. Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard requires the parties to show attempts to comply with the Court's deadlines and "that despite the party's diligence the deadline could not be met." *Nautilus Ins. Co. v. Naples Water Sports, Inc.*, 2011 WL 13295060, *1 (M.D. Fla. 2011); *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

**ARGUMENT**

13. Good cause exists for modifying the Case Management and Scheduling Order by two months.

14. In this case, the Parties have either exchanged or are in the process of exchanging initial disclosures and have been actively engaged in conducting and supplementing written discovery. They submit that they have been, and continue to be, diligent in their efforts to comply with the existing deadlines. However, given the current stage of litigation, the absence of complete pleadings, the limited time remaining, and the extensive discovery required to prepare the case for trial, the Parties' ability to effectively conduct discovery related to the claims and defenses will be compromised without an extension. Therefore, the Parties request a sixty-day extension for all remaining deadlines.

15. Specifically, the Parties request that the Case Management and Scheduling Order be amended as follows:

| Action or Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Plaintiff Expert Disclosure | 11/15/2024 | 1/14/2025 |
| Defendant Expert Disclosure | 12/16/2024 | 2/14/2025 |
| Rebuttal Expert Disclosure | 1/15/2025 | 3/17/2025 |
| Discovery Cut-Off | 2/14/2025 | 4/15/2025 |
| Summary Judgment, *Daubert*, and other Dispositive Motions | 3/14/2025 | 5/13/2025 |
| Deadline for participating in Mediation | 4/1/2025 | 5/30/2025 |
| Regular Case Management Conferences | Upon Notice | Same |
| Date of the Final Pretrial Meeting | 14 days before the Final Pretrial Conference | Same |
| Deadline for filing the Joint Final Pretrial Statement, any Motions in Limine, Proposed Jury Instructions and Verdict Form, or any Proposed Voir Dire Questions | 7 days before the Final Pretrial Conference | Same |
| Date of the Final Pretrial Conference | 7/14/2025 at 1:30 PM | 9/15/2025 at 1:30 PM[1] |
| Trial Term Begins (Jury) | 8/1/2025 | 10/1/2025 |

16. The Parties submit that modifying the scheduling order will not prejudice any party. They also assert that this request for an extension is made in good faith and not for the purpose of causing unreasonable delay.

---

[1] Or at another date and time as determined by the Court's availability.

## CONCLUSION

17. For the foregoing reasons, the Parties respectfully move this Court to modify the current Case Management and Scheduling Order by extending all remaining pretrial deadlines by sixty days, and to grant such other and further relief as the Court deems just and proper.

Dated August 30, 2024                                Respectfully submitted,

/s/Bradley A. Kloewer                                /s/Alfred D. Carry
Charles J. Cain*                                     Robert N. Driscoll*
Bradley A. Kloewer*                                  Alfred D. Carry*
*Specially admitted                                  *Specially admitted
CAIN & SKARNULIS PLLC                                Dickinson Wright PLLC
P.O. Box 1064                                        1825 I Street NW, Suite 900
Salida, CO 81201                                     Washington, DC 20006
Tel: (719) 530-301                                   Tel: (202) 457-0160
Fax: (512) 477-5011                                  Fax: (844) 670-6009
ccain@cstrial.com                                    rdriscoll@dickinsonwright.com
bkloewer@cstrial.com                                 acarry@dickinsonwright.com
*Counsel for Plaintiff*                              *Counsel for Defendant Patrick Byrne*


/s/Laurin H. Mills                                   /s/Christopher W. Dempsey
Laurin H. Mills*                                     Christopher W. Dempsey
*Specially admitted                                  Dempsey Law, PLLC
Werther & Mills, LLC                                 50 N. Laura Street, Suite 2500
2121 Eisenhower Avenue, Suite 608                    Jacksonville, FL 32202
Alexandria, VA 22314                                 Tel: (904) 760-6272
Tel: (703) 547-4696                                  Fax: (904) 587-0372
Fax: (240) 912-3031                                  chris@cdempseylaw.com
laurin@werthermills.com                              *Counsel for Defendant*
*Counsel for Defendant*                              *The America Project, Inc.*
*Steven Lucescu*

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the Parties met and conferred by phone on August 27, 2024 and thereafter over email to discuss this motion, and all parties have agreed to and consented to the relief requested.

/s/ Alfred D. Carry
Alfred D. Carry*
*Specially admitted
Dickinson Wright PLLC
1825 Eye Street NW, Suite 900
Washington, DC 20006
Tel: (202) 457-0160
Fax: (844) 670-6009
acarry@dickinsonwright.com
*Counsel for Defendant Patrick Byrne*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 30th day of August, 2024 through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

/s/ Alfred D. Carry
Alfred D. Carry