IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ERIC COOMER, Ph. D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 8:24-cv-00008-TPB-SPF |
| | ) |
| PATRICK BYRNE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER**

This matter comes before the Court upon the Parties' Joint Motion for Entry of Stipulated Protective Order governing certain discovery material. (Dkt. 162.) The Parties advise that discovery in this case may require the production of documents, information, or material that is confidential, proprietary, or otherwise sensitive, and that they seek to ensure such information is adequately protected. The Parties also advise that they agree the following provisions should govern the disclosure and handling of such discovery material in this case. Having reviewed the Parties' joint motion and stipulated protective order, the Court finds good cause to **GRANT** the motion.

Accordingly, it is this day, by the United States District Court for the Middle District of Florida, hereby **ORDERED**:

1. **Definitions Generally**.

    a. **Confidential Information**: As used herein, "Confidential Information" means any Discovery Material that has been

1

    specifically marked or designated as "CONFIDENTIAL" by any Designating Party, and that contains: (i) private health or medical records of any person; (ii) personally identifying information of any person, including identification numbers, addresses, and telephone numbers for any person, and the name of any minor child; (iii) confidential personal correspondence, notes, or communications; (iv) policies, protocols, sources, or methods that are in fact confidential; (v) personnel or employment records of any person or party; (vi) confidential financial records or statements; (vii) competitively or commercially sensitive information; (viii) confidential and sensitive political records; or (ix) any personal information that is not generally available to the public.

b. **Designating Party**: As used herein, "Designating Party" means any party or nonparty that designates discovery material as "CONFIDENTIAL."

c. **Discovery Material**: As used herein, "Discovery Material" means all documents, material, or information produced during the course of discovery in this action, whether voluntarily or through formal discovery procedures. This includes, but is not limited to, responses to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, deposition exhibits, and subpoenaed documents, information, or objects.

d. **Party or Parties**: Plaintiff Eric Coomer and Defendants Patrick Byrne, Steven Lucescu, and The America Project, Inc. are collectively referred to as "the Parties" and individually as a "Party."

e. **Producing Party**: As used herein, "Producing Party" means the Party that provides or produces discovery material in this action.

f. **Receiving Party**: As used herein, "Receiving Party" means the Party that receives discovery material in this action.

2. **Manner of Designation of Discovery Material**.

a. A Producing Party may designate Discovery Material as Confidential Information by affixing a label or marking the document or material with such designation in a manner that does not interfere with its legibility, or by making a statement on the record of a deposition, or by following the procedures set forth in Section 2(d) below, or by other means agreed to by the Parties.

b. Any party or nonparty may designate any document, material, or information as Confidential Information, provided it meets the definitions outlined in Section 1.

c. The designation of Confidential Information must be made in good faith and only where the information qualifies for such designation. A party or nonparty shall not routinely designate material as Confidential Information, or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. For the avoidance of doubt, information that is publicly available shall not be designated as Confidential Information.

d. Except for documents produced for inspection at the party's facilities, the designation of information as Confidential must occur prior to or concurrently with the production or disclosure of that information. For documents inspected at the party's facilities, these documents may be reviewed before being marked as confidential. Once specific documents have been designated for copying, any documents containing confidential information will be marked as confidential after copying but before delivery to the party that inspected the documents. The inspection of confidential documents prior to their copying and marking will not constitute a waiver of confidentiality under this procedure.

e. Portions of any deposition shall be deemed confidential only if they are designated as such when the deposition is taken or within 30 calendar days after receipt of the transcript. Any testimony which describes a document which has been designated as confidential shall also be deemed to be designated as Confidential Information.

f. If a Producing Party produced any Discovery Material prior to the effective date of this Order, then the Producing Party may designate, within 14 calendar days from the date of this Order, any such Discovery Material as Confidential Information, to the extent such Discovery Material meets the definitions set forth in Section 1.

3. **Use of Confidential Information**.

   a. Confidential Information shall be used solely for the purpose of prosecuting, defending, preparing for, or conducting the litigation in which the information was disclosed (including any appeals), or for attempting to settle this litigation, and for no other purpose.

    b. Confidential Information shall not be disclosed to any person or entity except as provided for in this Order.

    c. Counsel for the Parties shall keep all Confidential Information received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    d. In the event that any Confidential Information is used in open court during a proceeding, or is filed, marked, or submitted as a trial exhibit, it shall lose its confidential status and become part of the public record unless the Designating Party applies for and obtains a specific order from the Court to maintain its confidential status. Before any court proceeding in which Confidential Information is expected to be used, counsel for the Parties shall confer in good faith to establish any necessary or advisable procedures to protect the confidentiality of such material.

4. **Disclosure of Confidential Information**.

    a. The Parties and their counsel shall not disclose, or permit the disclosure of, any documents, material, or information designated as confidential under this Order to any person or entity, except as expressly permitted by this Order.

    b. Confidential Information may be disclosed to the following persons:

        i. The Court and its personnel.

        ii. Counsel of record for the Parties and their employees who are under the direction and control of such counsel and are necessary to assist in the preparation or conduct of this litigation.

        iii. Counsel representing a Party in connection with any civil action that the Court or a Party designates as related to this action. This includes, but is not limited to, counsel in all cases identified in Plaintiff's Update to Notice of Related Cases (Dkt. 148), as well as counsel representing Defendant Patrick Byrne in the civil action titled *US Dominion, Inc. et al. v. Patrick Byrne*, Case No. 1:21-cv-02131-CJN, before the U.S. District Court for the District of Columbia, along with their associates, legal assistants, support staff, and other employees

      assisting in such action, subject to the terms of Section 4(d) below.

iv. Lawyers, advisors, consultants, investigators, or experts (collectively referred to as "experts" or "consultants") retained by a Party or its counsel to assist in the preparation and trial of this lawsuit. Before any disclosure to an expert or consultant, the expert or consultant must be informed of and agree in writing to be bound by the provisions of this Order, including the requirement to maintain the confidentiality of the documents and information and to use them only as permitted by this Order.

v. Any mediator or arbitrator engaged by the Parties.

vi. Personnel of electronic discovery vendors engaged by any Party or its counsel to assist with coding, imaging, or document management in this litigation. Before any disclosure to e-discovery vendors, they must agree in writing to be bound by the terms of this Order.

vii. Personnel of third-party vendors assisting in this litigation, including, but not limited to, litigation support vendors involved in preparing demonstrative exhibits or other visual aids for use at a hearing or trial. Before any disclosure to third-party vendor personnel, they must agree in writing to be bound by the terms of this Order.

viii. Court reporters, stenographers, or videographers engaged for depositions or other proceedings in this litigation. Before any disclosure to court reporters, they must agree in writing to be bound by the terms of this Order.

ix. The Parties themselves and/or their officers, directors, or employees when required in good faith to provide assistance in the conduct of this litigation.

x. Jurors and witnesses at any hearing, deposition, or trial of this case, provided that: (1) such recipients do not retain copies of the Confidential Information, and (2) a Party intending to show Confidential Information to jurors or a witness in open court must give prior notice of its intent to the Designating Party and allow a reasonable opportunity for the opposing

        party to object and seek an appropriate remedy, including an order from this Court.

        xi. Any other person authorized in writing by the Producing Party or Designating Party, or otherwise permitted to receive Confidential Information pursuant to an order of this Court.

    c. Unless otherwise agreed by the Producing Party or Designating Party, or ordered by the Court, before any Confidential Information may be disclosed to any person described in Sections 4(b)(iii), 4(b)(iv), 4(b)(v), 4(b)(vi), 4(b)(vii), and 4(b)(viii), each such person must sign a written document (an "<u>Undertaking</u>") in the form attached as Exhibit A, confirming their familiarity with the terms of this Order and their agreement to submit to the jurisdiction of this Court for any disputes arising under this Order. Counsel responsible for the disclosure shall retain a copy of each signed Undertaking until the final conclusion of this action, as outlined in Section 10 below.

5. **Filing Confidential Information**.

    a. If any Confidential Information subject to this Order (or any pleading, motion, or memorandum disclosing such material) is proposed to be filed or is filed with the Court, those materials or any portion thereof shall be filed under seal by the filing party with the Clerk of the Court, along with a simultaneous Motion to Seal Under Order pursuant to Local Rule 1.11 or other applicable rules governing the sealing of documents (hereinafter the "<u>Interim Sealing Motion</u>"), in accordance with the current version of the Court's Administrative Procedures for Electronic Filing for filing sealed documents in CM/ECF. The Interim Sealing Motion shall be governed by Local Rule 1.11. Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall still file the Interim Sealing Motion. However, the filing of the Interim Sealing Motion shall be without prejudice to the filing party's rights under Section 6 of this Order to challenge the designation of confidentiality.

6. **Challenging Confidentiality Designations**.

    a. A Party may challenge the designation of Confidential Information by notifying the Producing Party and/or Designating Party in writing. The relevant parties shall meet and confer in good faith to resolve the dispute.

    b. If the relevant parties are unable to resolve the dispute, the challenging Party may move the Court for an order determining whether the information is entitled to protection under this Order. The burden of proving the confidentiality of Confidential Information remains with the party asserting such confidentiality. The provisions of FRCP 37(a)(5) apply to such motions.

7. **Confidential Information Subpoenaed or Ordered Produced in Other Proceedings**.

    a. If a Receiving Party is served with a subpoena, discovery request, or order in another litigation, case, arbitration, criminal or civil investigation, congressional investigation, or regulatory or administrative proceeding that compels the disclosure of any Confidential Information from this action, the Receiving Party must, to the extent permitted by law, promptly notify the Producing Party, Designating Party and Court in writing as soon as reasonably practicable.

    b. The Receiving Party must also notify in writing the individual or entity that issued the subpoena, discovery request, or order in the other proceeding, informing them that some or all of the requested materials are subject to this Stipulated Protective Order. The Receiving Party must promptly provide a copy of this Stipulated Protective Order to the requesting party in that other proceeding.

    c. The purpose of the duties described in this section is to alert the relevant parties to the existence of this Stipulated Protective Order and to give the Producing Party or Designating Party an opportunity to seek protection for its Confidential Information in the other proceeding, with or without this Court's involvement.

    d. The obligations set forth in this section remain in effect as long as any Party has in its possession, custody, or control Confidential Information received from any party or nonparty in connection with this action.

    e. Nothing in this section shall be construed to authorize or encourage a Receiving Party to disobey a lawful directive or order from another court, government agency, legislative body, or federal or state law enforcement authority.

8. **Inadvertent Disclosure of Confidential Information**.

   a. An inadvertent disclosure of Confidential Information without proper designation will not constitute a waiver of the protections provided by this Order, as long as the Producing Party notifies the Receiving Party within a reasonable time after discovering the inadvertent disclosure and properly designates the material in accordance with this Order.

9. **Non-Waiver of Attorney-Client Privilege and Work Product Protection**.

   a. Pursuant to FRE 502(d) and (e), the disclosure during discovery of any Discovery Material that is protected by the attorney-client privilege or work-product protection, as defined by FRE 502(g) (hereafter, "Privileged Discovery Material"), shall not waive the privilege or protection in the above-captioned case, or any other federal or state proceeding, for either the Privileged Discovery Material or the subject matter of the Privileged Discovery Material, unless there is an intentional waiver of the privilege or protection to support an affirmative use of the Privileged Discovery Material in support of a Party's claim or defense, in which event the scope of any such waiver shall be determined by FRE 502(a)(2) and (3).

   b. The Parties intend for the provisions of this Section 9 to displace the provisions of FRE 502(b)(1) and (2). Specifically, all disclosures not made to affirmatively support a Party's claim or defense by using the Privileged Discovery Material shall be deemed "inadvertent." The Producing Party shall be considered to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances to the contrary.

   c. Upon receiving written notice from a Producing Party that Privileged Discovery Material has been produced (a "Clawback Notice"), the Receiving Party must: (i) promptly return, sequester, or destroy the specified Privileged Discovery Material and any copies thereof, including, but not limited to, by deleting and permanently removing the Privileged Discovery Material from any document review databases, workspaces, e-discovery rooms, or other systems used to store documents; (ii) cease using or disclosing the Privileged Discovery Material until the Producing Party's privilege claim is resolved; (iii) take reasonable steps to retrieve and destroy any Privileged Discovery Material that was disclosed to third parties prior to receiving the Clawback Notice; and (iv) certify in writing to the Producing Party that the specified Privileged

Discovery Material and any copies thereof has been returned, sequestered, or destroyed. For purposes of this paragraph, "destroy" means shredding paper versions, deleting active electronic versions, and making no effort to recover versions that are not readily accessible, such as those stored on backup media or only recoverable through forensic means.

d. Within 14 calendar days of serving a Clawback Notice, the Producing Party must provide the Receiving Party with a privilege log for the Privileged Discovery Material at issue, from which the Receiving Party can determine whether or not to challenge the claim of privilege or other protection for those documents. Such a challenge by the Receiving Party, however, may not allege that privilege was waived for the challenged documents because they were produced as part of a production.

e. The Receiving Party may not make any further use of the Privileged Discovery Material in any aspect of this matter or any other matter, including depositions or trial, unless the Court later determines that the Privileged Discovery Material is not, or is no longer, privileged or protected. The contents of the Privileged Discovery Material must not be disclosed to anyone who was not already aware of such contents before the Clawback Notice was served. However, if the Receiving Party files a motion challenging the privilege designation on grounds other than inadvertent production, the Producing Party may submit the challenged material under seal for the Court's in camera review in its response to that motion. If the Receiving Party has any notes or other work product reflecting the contents of the privileged or protected material, they may not review or use those materials, except to challenge the privilege designation, unless the Court later determines that the material is not, or is no longer, privileged or protected.

f. If the underlying claim of privilege or protection is contested, the Parties shall comply with, and the Receiving Party may promptly seek a judicial determination of the matter pursuant to FRCP 26(b)(5)(B). In assessing the validity of any claim of privilege or protection, the Court shall not consider the provisions of FRE 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the Producing Party to request the return or destruction of the Privileged Discovery Material once the Producing Party had actual knowledge of (i) the circumstances giving rise to the claim of privilege or protection and (ii) the

9

production of the material in question. For purposes of this paragraph, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

10. **Return or Destruction of Confidential Information upon Conclusion of Litigation**.

    a. Within 60 calendar days of receiving notice of the entry of an order, judgment, or decree finally disposing of this litigation (including any appeals), all material designated or treated as Confidential Information, and all copies thereof, shall be either: (i) returned to the Producing Party, if the Producing Party requests and pays all reasonable costs for such return, or (ii) certified to the Producing Party as having been destroyed.

    b. If any documents produced in this litigation are used in any Related Case, as set forth in Section 4(b)(iii), those documents shall be either: (i) returned to the Producing Party, if the Producing Party requests and pays all reasonable costs for such return, or (ii) certified to the Producing Party as having been destroyed, within 60 calendar days of receiving notice of the entry of an order, judgment, or decree that finally disposes of the Related Case.

    c. Notwithstanding anything to the contrary in this Order, documents need not be destroyed if there is a written agreement by the Designating Party to the contrary, including but not limited to the Designating Party's agreement that the Confidential Information may be used in another legal proceeding, though Confidential Information shall be destroyed or returned at the conclusion of all other permitted proceedings in the manner set forth in Section 10(a).

    d. Notwithstanding anything to the contrary in this Order, counsel of record may retain a file of any litigation documents filed with the Court in this action and any attorney work product in the possession or control of counsel for any Party that reflects or includes information derived from documents or testimony designated as Confidential Information.

    e. The Parties may request the Clerk of the Court to either return to counsel or destroy any sealed Confidential Information at the end of the litigation, including any appeals.

11. **Miscellaneous Provisions**.

    a. **No Limits on Producing Party's Own Discovery Material**: This Order has no effect on, and does not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing in this Order will prevent a Producing Party from using or disclosing its own Discovery Material as it deems appropriate.

    b. **Modification**: This Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court.

    c. **Seeking Additional Relief**: Nothing herein prevents any Party from seeking additional relief from the Court not specified in this Order, including claims of privilege and other defenses to production or disclosure.

    d. **Asserting Privacy Rights**: Nothing herein prevents any nonparty from asserting privacy rights as to documents or information held by the Parties.

    e. **Jurisdiction**: The Court retains jurisdiction over the Parties and all persons subject to this Order for the purpose of enforcing its terms.

    f. **Notice of Unauthorized Disclosures**: If Confidential Information is disclosed to any person or entity not authorized to receive such material under this Order, the Receiving Party responsible for the unauthorized disclosure must promptly inform the Producing Party and/or Designating Party of the unauthorized disclosure. The notice must include relevant details, such as the name, address, and employer of each individual to whom the disclosure was made, if known. The responsible Receiving Party must also take reasonable steps to prevent any further unauthorized disclosure of the Confidential Information.

It is **SO ORDERED**.

Dated: October ___, 2024

                                                      THOMAS P. BARBER
United States District Judge

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| ERIC COOMER, Ph. D., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 8:24-cv-00008-TPB-SPF |
| PATRICK BYRNE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **UNDERTAKING**

I hereby declare that:

1. I have read the Stipulated Protective Order (the "Order") entered in the above-captioned matter on _____ [date] by the U.S. District Court for the Middle District of Florida, and I understand its contents.

2. I agree to comply with and be bound by all of the provisions of the Order. I understand that I am being given access to documents and information designated as Confidential Information under the Order in order to perform certain tasks related to the litigation, and I will use such materials only as provided in the Order.

3. I will not disclose any Confidential Information to any person or entity, except as permitted under the Order, and I agree to use Confidential Information solely for purposes of this litigation.

4. I agree to take all reasonable precautions to prevent unauthorized disclosure of Confidential Information in my possession or control.

5. I agree that, upon the conclusion of the litigation, including any appeals, I will return or destroy all Confidential Information and copies thereof, as required by the Order, and will not retain any copies, abstracts, or summaries of such materials.

6. I hereby submit to the jurisdiction of the U.S. District Court for the Middle District of Florida for the purpose of enforcing the terms of the Order, and I understand that any violation of the Order may be punishable by contempt of court or other appropriate sanctions.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this \_\_\_\_ day of _____, 20\_\_\_\_\_.

_____
Signature

_____
Print Full Name

_____
Street Address

_____
City, State and Zip Code

_____
Telephone

_____
Email Address