UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC COOMER, Ph. D.,

    Plaintiff,

v.                                            Case No. 8:24-cv-00008-TPB-SPF

PATRICK BYRNE, STEVEN LUCESCU,
and THE AMERICA PROJECT, INC.,

    Defendants.
_____/

## ORDER

Before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order (Doc. 162). In their Stipulated Confidentiality Order (attached to their motion), the parties agree on a process for handling the production and disclosure of confidential information (Doc. 162-1). For the purposes of discovery and preventing the parties from litigating confidentiality as to each document, the parties' Motion serves a useful purpose. The Court finds good cause to issue the protective order. *See* Fed R. Civ. P. 26(c). The Court **ORDERS**:

1. The parties' Joint Motion for Entry of Stipulated Protective Order (Doc. 162) is **GRANTED**.

2. The parties' Stipulated Confidentiality Order (Doc. 162-1) is **APPROVED** and incorporated herein. The Stipulated Confidentiality Order shall not be construed as the Court's authorization to file documents under seal without further order.[1]

---

[1] A party designating a document, discovery, testimony, or other information as "CONFIDENTIAL" does not satisfy that party's obligation to prove to the court that there is good cause for sealing those same documents if they are submitted later with pretrial motions that require judicial resolution of the merits or at trial. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (stating "material filed with

3. This Court's jurisdiction to enforce the agreement shall terminate upon a final determination of this action.

**DONE AND ORDERED** in Tampa, Florida, on October 24, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."). Therefore, when a party seeks to file a document under seal, the Court must necessarily determine the matter upon motion by the party in conformance with Local Rule 1.11(c), M.D. Fla. (2024).