# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

# EXHIBIT 12

---

| | |
|---|---|
| **From:** | Zachary Hansen |
| **To:** | PDChambers |
| **Cc:** | bsullivan_earlysullivan.com; AbbeLowellPublicOutreach@winston.com; psalvaty.winston.com; Michael Murphy; Michael Murphy, Jr. |
| **Subject:** | RE: Robert Hunter Biden v. Patrick M. Byrne (Case No.: 2:23-cv-09430-SVW-PD) - Informal Discovery Conference Request |
| **Date:** | Tuesday, September 17, 2024 11:48:48 AM |

**CAUTION - EXTERNAL:**

Dear Honorable Magistrate Judge Donahue,

Thank you for accommodating the parties' request to schedule an Informal Discovery Conference ("IDC") tomorrow, Wednesday September 18, 2024 at 3:30PM. In this email I have provided all of the information Your Honor requested in your prior correspondence this morning.

Discovery Cut-Off Date:  The District Court has not set a discovery cut-off date in this case.

Neutral Statement of Each Dispute:
- Dispute No. 1: The Scheduling of Defendant's In-Person Deposition;
- Dispute No. 2: Defendant's Failure to Serve Amended Responses to Plaintiff's Interrogatories (Set One) as agreed by September 12, 2024;
- Dispute No. 3: Plaintiff's Objections to Defendant's Requests for Admissions Nos. 1 & 2 (Set One);
- Dispute No. 4: Plaintiff's Amended Response to Defendant's Interrogatory No. 9 (Set One);
- Dispute No. 5: Plaintiff's Further Supplemental Rule 26 Disclosures;
- Dispute No. 6: Plaintiff's Amended Response to Defendant's Request for the Production of Documents No. 4 (Set One); and
- Dispute No. 7: Defendant's Amended Responses to Plaintiff's Request for the Production of Documents (Set One).

Plaintiff's Position on Each Dispute:
- Dispute No. 1: On September 2, 2024, counsel for both parties conducted a meet and confer call in which they discussed the scheduling of Defendant's in-person deposition in Florida - Defendant's admitted state of residence as set forth in his Answer to Plaintiff's complaint (Dkt # 25 at 1:18-19) - at which time defense counsel offered to find a location in Florida for the deposition to occur and stated he needed to confirm the date and location with Defendant. Plaintiff's counsel then followed up repeatedly for over a week on the status of defense counsel's confirmation of the same without any response from defense counsel until, on September 11, 2024, when defense counsel claimed for the first time that Defendant has moved his residence to Dubai and if Plaintiff wanted to take his in-person deposition counsel would have to fly to Dubai to do so, to which Plaintiff responded with various related inquiries to try to resolve this matter and defense counsel stated Defendant would not be returning to the United States for the foreseeable future due to his unverified and unsupported claim based on information from an unidentified DEA agent that the Venezuelan government has placed a $25 million bounty on him. Plaintiff is entitled to take Defendant's in-person deposition, especially in a matter such as this where the Defendant's truthfulness is directly at

issue, and Plaintiff will be prejudiced by not being able to conduct an in-person deposition of Defendant, however Defendant is unreasonably inhibiting Plaintiff's ability to do so.

- <u>Dispute No. 2:</u> Despite Defendant's agreement in the parties' September 2, 2024 meet and confer call that he would serve further amended responses to Plaintiff's Interrogatories (Set One) by September 12, 2024 to provide code-compliant responses with relevant, previously omitted information as requested in Plaintiff's detailed meet and confer correspondence, Defendant failed to do so. Defense counsel then claimed this was, in part, because he was withholding the identities of two "key witnesses" due to undisclosed national security concerns and that amended responses would be forthcoming at some indefinite time in the future. Plaintiff is entitled to discovery into the identities of all material witnesses, as well as the other omitted relevant information, and it is an abuse of discovery for Defendant to refuse disclosure of such information on the basis of vague, unsubstantiated, grandiose claims of confidentiality, nor should he be able to refuse to provide information until some time in the future when he deems appropriate.

- <u>Dispute No. 3:</u> In Defendant's Requests for Admissions (Set One) he asks Plaintiff to admit (1) that he is a public figure, and (2) that the alleged defamatory statements are a matter of public concern, to which Plaintiff objected on the basis that each of these requests improperly seeks a legal conclusion that, under relevant case law, is a pure question of law for the Court to decide (see *Phoenix Elec. Co. v. National Elec. Contractors Ass'n, Inc*. (D. Or. 1994) 867 F.Supp 925, 934 at fn. 2 ("[a] plaintiff's status as a public figure is a question of law for the court."); see also *Tavoulareas v. Piro* (D.D.C. 1987) 817 F.2d 762, 772 ("Whether (and to what extent) a person is a public figure is a matter of law for the court to decide."); see also *Playboy Enters., Inc. v. Welles* (S.D. Cal. 1999) 60 F.Supp.2d 1050, 1057 (Court held that a party may object to an RFA asking them to admit they are a 'public figure', as defined by the Supreme Court in *Curtis Publishing Co. v. Butts* (1967) 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094, as improperly seeking a purely legal conclusion); see also *United States v. Petroff-Kline* (6th Cir. 2009) 557 F.3d 285, 293 (finding requests for admission for purely legal conclusions are not permitted under Federal Rule of Civil Procedure 36); see also *Dr. Erik Natkin, D.O. P.C. v. American Osteopathic Assoc*. (D. Or. May 15, 2023) 2023 WL 3452001 at *5). Moreover, "whether a party's speech addressed an issue of public concern, [] is purely an issue of law" (*Jacobson v. Schwarzenegger* (C.D. Cal. 2009) 650 F.Supp.2d 1032, 1050). Plaintiff's objections in this regard are valid and no further responses are required, however Defendant has threatened to file a motion for sanctions against Plaintiff for having to prove these facts at trial, which are issues that Defendant bears the initial burden of proof on.

- <u>Dispute No. 4:</u> Defendant's Interrogatory No. 9 asks for Plaintiff to identify certain witnesses with relevant information regarding Defendant's alleged defamatory statements at issue in this case. In response, Plaintiff identified certain individuals whom he understands to be "contributors" to the article at issue in this case which contains Defendant's defamatory statements and provided a code-compliant response stating that despite a reasonable and good faith effort, the contact information for some of the individuals was unknown to Plaintiff. Defendant insists on Plaintiff providing such contact information despite Plaintiff's verified statement that it is unknown to him and has threatened to move to exclude any

mention of such witnesses at trial, however Plaintiff has satisfied his discovery obligations in a good faith, reasonable manner in response to an Interrogatory that seeks information that Defendant himself is in the best position to know.

- <u>Dispute No. 5:</u> Despite Plaintiff's good faith Rule 26 disclosures regarding damages and witness information, which he has supplemented multiple times, and the fact that Plaintiff has produced all documents within his possession, custody, or control at this time regarding his claimed damages, as well as the fact that discovery is ongoing (Defendant's deposition has yet to occur and Defendant's responses to Plaintiff's various discovery requests are either severely deficient and the subject of ongoing meet and confer efforts or are not due to be served yet), Defendant is prematurely demanding further amendments to provide all information about Plaintiff's claimed damages and the same witness information that is at issue in the dispute regarding Defendant's Interrogatory No. 9. Plaintiff is aware of his obligation to provided further disclosures once relevant information becomes known to him, as he has acknowledged to Defendant, and he will make the appropriate amendments once discovery has been completed and that information actually does become known to him. Defendant's demand in this regard is premature and neglects to take into account Defendant's own deficient Rule 26 disclosures, as well as the fact that a subsequent set of discovery responses served by Defendant, which are not yet due to be served, seeks this same information.

- <u>Dispute No. 6:</u> Defendant's Request for Production No. 4 seeks all documents evidencing any threats Plaintiff has received in connection with the defamatory statements at issue in this case, to which Plaintiff responded with a code-compliant response stating that "[a]fter a reasonable and diligent search, [Plaintiff] has not located any non-privileged responsive documents in his possession, custody, or control evidencing direct threats, and is informed and believe that the United States Secret Service is in possession of any such responsive documents to the extent they exist" and instead produced all other relevant documents evidencing threats made by various followers of Defendant's social media accounts. Defendant is now demanding that Plaintiff obtain such documents from the U.S. Secret Service, which is a third-party organization over which Plaintiff has no control and is under no obligation to obtain such documents from. Defendant should subpoena the United States Secret Service for such documents, without imposing greater discovery burdens on Plaintiff than that which is sanctioned by the Federal Rules of Civil Procedure or relevant case law.

- <u>Dispute No. 7:</u> Defendants' responses to Plaintiff's Requests for the Production of Documents (Set One) Nos. 37-44 (which seek all documents supporting Defendant's various affirmative defenses) all remain deficient because they simply state that "Defendant shall produce all requested documents in his possession, custody, or control" without confirming he has already made the entire document production and no further documents exist. Defendant's current response amounts to a statement that he will produce the documents at some undisclosed time in the future, despite the fact that the deadline to make a timely production passed long ago. These amended responses are concerning because Defendant did indeed provide other sufficient amended responses that unequivocally state that he has already produced all responsive document within his possession, custody, or control and no further

documents exist, so Plaintiff simply requests that the same unequivocal statement be provided to Requests Nos. 37-44.

Defendant's Position on each dispute:

Dispute No. 1: Defendant currently resides and conducts business in Dubai and moved there because of threats made on his life and a bounty put on him in the sum of $25,000,000 by the Venezuelan government in July of 2024. Defendant offered to pay all travel expenses for one plaintiff's attorney, the court reporter and videographer to travel to Dubai to personally depose him including some attorney's fees incurred by Plaintiff's counsel for lay over and zoom can be used for non-traveling attorneys and plaintiff to attend his deposition which offer was refused by Plaintiff and if accepted would have cost Defendant over $50,000.00. Accordingly, pursuant to FRCP 30(b)(4), Defendant is requesting that the court order his deposition be taken by zoom because it is cost effective, a great and effective method to take the deposition, Plaintiff and his counsel will not be prejudiced using zoom, everyone will save a lot of money which is good cause to grant the request, and this same zoom procedure was used to take the deposition of plaintiff which saved all counsel and the parties a lot of money in attorney's fees and costs. (*Estate of Gerasimenko v. Cape Winb Trading Co.* (SDNY 2011) 272 FRD 385, 390; *Cressler v. Neuenschwander* (D KS 1996) 170 FRD 20, 21) and the court is requested to order this deposition to proceed without delay on September 30, 2024 so that Defendant can finish and file his motion for summary judgment and preclude Plaintiff from holding up the motion with false claims of not being able to depose Defendant to enable him to oppose the motion.

Dispute No. 2: The concern that Defendant has is that to respond to the special interrogatories would require him to violate 50 U.S.C. Sec. 3121(a),(b),(c) and 18 U.S.C. Sec. 798(a)(b)(c) by disclosing the identity of two witnesses and Defendant is also concerned about the personal safety of these two witnesses. Defendant proposes with the court's permission to obtain the U.S. Governments permission to make these witness disclosures that are sought in the special interrogatories and then have a special protective order issued so that the safety of these two witnesses are secured (such as Plaintiff not being able to disclose their identity to anyone and he cannot contact them) and Plaintiff's counsel cannot contact anyone about these witnesses without Defendant's counsel's involvement. Otherwise, Defendant is ready and able to fully respond to these special interrogatories.

Dispute No. 3: Defendant is not seeking a further response to his request for admissions that he served on Plaintiff. There is nothing for this court to rule on with respect to this dispute. As to any future sanctions motion that defendant may want to bring arising from plaintiff's failure or refusal to admit or deny these requests for admissions, that is an issue that must be decided by our trial judge at the conclusion of the trial of this case. (FRCP Sec. 37(c)(2); *Marchand v. Mercy Med Ctr.* (9th Cir. 1994) 22 F.3d 933, 937; *Popeil Bros, Inc. v. Schick Elec, Inc.* (7th Cir. 1975) 516 F.2d 772, 778; *Kasuri v. St. Elizabeth Hops. Med. Ctr.* (6th Cir. 1990) 897 F.2d 845, 856.

Dispute No. 4: This case has been pending for ten months and trial is scheduled to start on December 10, 2024, without any delays. Plaintiff has failed and refused to fully answer defendant's Special Interrogatory No. 9 and provide the names, addresses, and telephone numbers as well as e-

mail addresses of four witnesses that he claims are key to his case. He also lists these same witnesses in his Rule 26f disclosure but fails and refuses to provide any contact information for them. Plaintiff should be ordered to provide this requested information or stipulate he will not call these witnesses to testify during trial and will not mention them at all during trial. There are only two months left to conduct discovery and the discovery cut off is November 10, 2024.

Dispute No. 5:  Plaintiff served on us Rule 26f disclosures that are deficient and not code complaint. The contact information for four of the witnesses referenced in Dispute 4 are missing, there is no required information about the basis of Plaintiff's claims, no listing of all documents as required by the rule that support his claims, no rule required calculations for each category of damages plaintiff is seeking against Defendant and no listing as required by the rule of all documents that support each of Plaintiff's claims for damages. Plaintiff contends we should have to wait until he completes discovery and then give us the information at the last minute but he should be ordered to promptly provide this requested information before the end of the week or stipulate to dismissing his case.

Dispute No. 6:  During his deposition, Plaintiff claimed he received threats because of the articles our client published about him. He testified the information about these threats would be provided to him by the secret service. Request to Produce No. 6 requests that plaintiff produce the information that he received from the secret service about any threats related to our client's conduct in this case but Plaintiff now claims he does not have that information in his possession, custody or control but he regularly speaks to them when they guard him and this contention is also inconsistent with his deposition testimony and Plaintiff should be required to produce the requested secret service documents or be precluded from offering any evidence on this issue including mentioning it during trial.

Dispute No. 7:  This morning at 9:14 a.m., Defendant provided plaintiff with further responses to Plaintiff's First Request to Produce. The responses are fully code complaint and addressed all the concerns plaintiff's counsel had about the previous responses served on him including those set forth in Plaintiff's portion of the joint statement for Dispute No. 7. Defendant has produced all documents sought in these requests to produce. There is nothing more that Defendant should be required to do with respect to these requests to produce.

Thank you for your time and consideration of these matters, Your Honor.

Respectfully,

Zachary Hansen
Counsel of Record for Plaintiff Robert Hunter Biden



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax

6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** PDChambers <PDChambers@cacd.uscourts.gov>
**Sent:** Tuesday, September 17, 2024 8:08 AM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; AbbeLowellPublicOutreach@winston.com; psalvaty.winston.com <psalvaty@winston.com>; Michael Murphy <michael@murphlaw.net>; Michael Murphy, Jr. <michael.jr@murphlaw.net>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Case No.: 2:23-cv-09430-SVW-PD) - Informal Discovery Conference Request

Good Morning Counsel,

If the IDC request is submitted by noon on Tuesday, the Court will conduct the IDC on Wednesday at 3:30 via zoom.

The parties should submit 1 email that contains:

The discovery cut-off date;

A neutral statement of each issue in dispute; and

A brief description of each party's position on the dispute.  Each party's description should be no more than 3 sentences per dispute and may include citations to pertinent authority.

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Friday, September 13, 2024 1:10 PM
**To:** PDChambers <PDChambers@cacd.uscourts.gov>
**Cc:** bsullivan_earlysullivan.com <bsullivan@earlysullivan.com>; AbbeLowellPublicOutreach@winston.com; psalvaty.winston.com <psalvaty@winston.com>; Michael Murphy <michael@murphlaw.net>; Michael Murphy, Jr. <michael.jr@murphlaw.net>

**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Case No.: 2:23-cv-09430-SVW-PD) - Informal Discovery Conference Request

**CAUTION - EXTERNAL:**

Dear Honorable Magistrate Judge Donahue,

I am emailing, with defense counsel copied herein, to inform your Honor that the parties have several pending discovery disputes that they intend to submit to an Informal Discovery Conference with the Court, ranging from disputes over their respective discovery responses, the scheduling of Defendant's deposition, and other matters. The parties wanted to clarify an issue with your Honor however: Will the Court allow the parties to address all such disputes in a single Informal Discovery Conference for the sake of efficiency and expediency? If so, it appears the Court's standing order instructs the parties to brief each such dispute in a separate three-sentence statement to be submitted to your Honor's chambers. Is that correct?

Counsel for both sides were scheduled to conduct our final meet and confer conference via telephone today regarding all pending discovery disputes, but defense counsel has indicated he cannot do so until next Monday now. As such, after the parties' meet and confer conference call on Monday, the parties will plan to jointly submit our respective Informal Discovery Conference statements to your Honor's chambers, as it appears from prior discussions between counsel that such a conference will be necessary regardless.

However, due to the urgency of these disputes and because trial in this matter is set for December 10, 2024 – less than three months from now – to avoid any further delays, I respectfully request that the Court please provide its availability to conduct this Informal Discovery Conference sometime next week. Plaintiff's counsel is available for this Informal Discovery Conference any day next week.

Thank you for your Honor's time and consideration of this matter.

Respectfully,

Zachary Hansen
Counsel of Record for Plaintiff Robert Hunter Biden



**ZACHARY HANSEN | ASSOCIATE ATTORNEY**
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of

Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.