# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
      Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
      Defendants

---

## EXHIBIT 3

---

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ERIC COOMER, Ph.D.**,

    Plaintiff,

v.

**THE AMERICA PROJECT, INC.**, *et al.*,

    Defendants.

Case No. 8:24-cv-00008-TPB-SPF

### SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
### FIRST SET OF WRITTEN DISCOVERY
### <u>BY THE AMERICA PROJECT, INC.</u>

In accordance with Rules 26, 33, and 34, Federal Rules of Civil Procedure, Defendant The America Project, Inc. ("TAP"), by and through undersigned counsel, respectfully serves the following responses and objections to the First Set of Written Discovery propounded by Plaintiff Eric Coomer, Ph.D. ("Plaintiff").

### PRELIMINARY STATEMENT

On March 12, 2024, TAP filed a Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) and Special Motion to Dismiss Under Anti-SLAPP Statute (Dkt. No. 125) ("MTD"). The Court has yet to rule on these

MTD; accordingly, TAP objects to the discovery requests based on the pending MTD under Rule 12(b)(6), but acknowledges that the stay of discovery has been lifted as of July 31, 2024 (Dkt. No. 150). TAP continues to maintain its objections to discovery requests pending the resolution of MTD.

\* \* \*

On May 17, 2024, Plaintiff served each Defendant with separate sets of written discovery. The discovery requests served by Plaintiff on TAP consists of Interrogatories and Requests for Production. [1] On June 17, 2024, TAP served its initial Response to Plaintiff's First Set of Discovery. Notwithstanding, and without waiving, the threshold objections detailed above, TAP provides this Supplemental Response to Plaintiff's First Set of Written Discovery with: (a) objections to Instructions by Plaintiff; (b) objections to Definitions by Plaintiff; (c) general objections to all discovery requests; and (d) specific objections as to the Interrogatories and Requests for Production propounded.

By responding to Plaintiff's First Set of Written Discovery, TAP reserves and does not waive: (a) its threshold objection to the prematurity and untimeliness of the discovery requests at large; (b) any objections as to the

---

[1] Whereas Requests for Admission under Rule 36, Federal Rules of Civil Procedure, were propounded by Plaintiff as to Defendants Steven Lucescu and Patrick Byrne, no Requests for Admission have yet been served on TAP.

competency, relevancy, materiality, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories and Requests for Production; (3) the right to object on any ground to the use of the information provided in response to the Interrogatories and Requests for Production at any hearing, trial, or other proceeding in this action; (d) the right to object on any ground at any time to a demand for further responses to the Interrogatories and Requests for Production; or (e) the right at any time to revise, correct, add to, supplement, or clarify the responses contained herein.

## GENERAL OBJECTIONS

1.    TAP objects to all discovery requests to the extent they are not proportional to the needs of the case, and based on the pending MTD, as well as cost and burden to the Parties and avers they cannot be answered prior to the completion of the preliminary motions stage, which includes resolution of the MTD filed by TAP.

2.    TAP objects to all discovery requests to the extent they seek information that is subject to attorney-client privilege, attorney work product privilege, and/or any other applicable privilege.

3.    TAP objects to all discovery requests to the extent they seek to impose upon TAP an obligation beyond what is required by the Federal Rules of Civil Procedure or local rules of the United States District Court for the Middle District of Florida.

4.    TAP objects to all discovery requests to the extent they seek information that is not relevant to the subject matter of the pending action, is not reasonably calculated to lead to the discovery of admissible evidence or is not proportional to the needs of the case.

5.    TAP objects to all discovery requests to the extent they seek information and documents not within its custody or control.

6.    TAP objects to all discovery requests to the extent they seek information that is obtainable from some other source or means that is more convenient, less burdensome, or less expensive.

7.    TAP objects to all discovery requests to the extent they assert or assume unproven conclusions or facts.

8.    TAP objects to all discovery requests to the extent they assume the truth of an allegation that is disputed in this action.

9.    TAP objects to all discovery requests to the extent they make incorrect or untrue assertions.

10.    TAP objects to all discovery requests to the extent that the scope of information sought is made without regard to the allegations in this case and seeks information that is irrelevant or in violation of the Federal Rules of Civil Procedure or local rules of the United States District Court for the Middle District of Florida.

11.    TAP objects to all discovery requests to the extent that they are
unrelated to any claim or defense presented by any Party.

## OBJECTIONS TO INSTRUCTIONS

These objections to Instructions apply to each Interrogatory and Request
for Production propounded by Plaintiff.

1.    TAP objects to the Instructions as unduly burdensome and as
imposing obligations on it beyond those required by the Federal Rules of Civil
Procedure, local rules of the United States District Court for the Middle
District of Florida, or any other applicable local rule or court order entered in
this case. TAP will therefore respond to the Interrogatories and Requests for
Production pursuant to applicable rules and court orders and not in accordance
with the Instructions provided, to the extent the Instructions are inconsistent
with, or expand the requirements of, the federal rules or applicable local rules
and court orders.

2.    TAP objects to the time-period identified in Instruction 1 (i.e.,
"November 1, 2020, to the present") as not reasonably calculated to lead to the
discovery of admissible evidence, and not proportional to the needs of the case.
TAP was not formed or organized and did not exist until April 12, 2021. Unless
otherwise specified or agreed between the Parties, every response or
agreement to provide responsive information or documents by TAP is limited
to April 12, 2021, through August 31, 2021.

- 5 -

3.    TAP objects to Instructions 4, 5, 6, and 7 as unduly burdensome and as seeking to expand a responding party's obligations beyond the requirements of the Federal Rules of Civil Procedure.  TAP will comply with Rule 34 of the Federal Rules of Civil Procedure and any order of the Court.

4.    TAP objects to Instructions 8 and 9 to the extent they are inconsistent with protocol agreed-to by the Parties regarding the production of electronically stored information, if any such protocol exists, and as seeking to expand a responding party's obligations beyond the requirements of the Federal Rules of Civil Procedure.

\* \* \*

Subject to the foregoing Preliminary Statement, General Objections, and Objections to Instructions, which are hereby incorporated by reference as if stated fully in response to each specific Interrogatory or Request for Production, TAP respectfully provides as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify every individual or entity who has an ownership interest in TAP, including all individuals or entities who have made a financial investment in TAP between January 1, 2021 and the present.

**RESPONSE**:  TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instructions, which are hereby incorporated by reference as if repeated fully herein.  TAP further objects to this Interrogatory

as because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks a reasonable time limitation. TAP also objects to this Interrogatory as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP was not formed or organized and did not exist until April 12, 2021. TAP maintains its objections based on the pending MTD under Rule 12(b)(6) but provides that because TAP constitutes an organization exempt from federal income tax under Internal Revenue Code ("IRC") Section 501(c)(4), the above-requested documents are publicly available via U.S. Department of Treasury, Internal Revenue Service website: https://www.irs.gov/charities-non-profits/search-for-tax-exempt-organizations, per TAP's IRS Form 990, Schedule I filing(s), and thus equally available to both Parties.

**INTERROGATORY NO. 2**: Identify all past or present board members for TAP, including the dates of their tenure as board members.

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instructions, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Interrogatory because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation. TAP also objects to this Interrogatory as seeking information

- 7 -

that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP maintains its objections based on the pending MTD under Rule 12(b)(6), but provides the following response:

| Name | Position | Term |
|---|---|---|
| Patrick Byrne | Chairman of the Board | April 2021 - March 2023 |
| Joseph Flynn | Board Member | April 2021 - December 2022 |
| Emily Newman | Board Member | April 2021 - December 2021 |
| Carl Johnson | Board Member | December 2021 - Present |
| Tom Homan | Board Member | March 2023 – Present |
| Bernadette Smith | Chairwoman of the Board | March 2023 – Present |

**INTERROGATORY NO. 3**: Identify every individual or entity responsible for managing TAP's finances, including, but not limited to, TAP's

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instructions, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Interrogatory because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation. TAP also objects to this Interrogatory as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP maintains its objections based on the pending MTD under Rule 12(b)(6), but provides the following response:

- 8 -

| Name | Position | Term |
|---|---|---|
| **Robert Weaver** | CFO & Board Member | April 2021 - December 2021 |
| **Carl Johnson** | CFO & Board Member | December 2021 - May 2022 |
| **Rean Wegley** | CFO & Board Member | May 2022 - January 2023 |
| **Shannon Van Winter** | CFO & Board Member | January 2023 - Present |

**INTERROGATORY NO. 4**:  Identify every public speaking engagement from January 1, 2021 until the present where Byrne has appeared as an agent or representative of TAP.

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Interrogatory because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks a reasonable time limitation.  TAP was not formed or organized and did not exist until April 12, 2021.  TAP also objects to this Interrogatory as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s).  TAP maintains its objections based on the pending MTD under Rule 12(b)(6), but provides the following response:

From on or about April 12, 2021, to on or about March 28, 2023, during which time-period Patrick Byrne was an officer of TAP, he participated in the following speaking engagements related to the "Reawaken Tour," but TAP does not have sufficient information or knowledge upon which to form a belief or

- 9 -

understanding as to which, if any, of the following speaking engagements he formally represented TAP:

| Date | Location | City |
|---|---|---|
| April 16-17, 2021 | Rhema Bible College | Broken Arrow, Oklahoma |
| June 17-19, 2021 | The River Church | Tampa, Florida |
| July 17-18, 2021 | Influence Church | Anaheim, California |
| August 19-21, 2021 | Deltaplex Arena | Grand Rapids, Michigan |
| September 24-25, 2021 | Charis Christian Center | Colorado Springs, Colorado |
| November 11-13, 2021 | Cornerstone Church | San Antonio, Texas |
| December 9-11, 2021 | Elevate Life Church | Dallas, Texas |
| January 14-15, 2022 | Dream City Church | Phoenix, Arizona |
| February 18-19, 2022 | Trinity Gospel Temple | Canton, Ohio |
| March 11-12, 2022 | Awaken Church | San Marcos, California |
| April 1-2, 2022 | River Church Salem | Salem, Oregon |
| May 13-14, 2022 | Carolina Opry Theater | Myrtle Beach, South Carolina |
| July 8-9, 2022 | Rock Church | Virginia Beach, Virginia |
| August 12-13, 2022 | Cornerstone Church | Batavia, New York |
| September 16-17, 2022 | Stateline Speedway | Post Falls, Idaho |
| October 21-22, 2022 | Spooky Nook Sports | Manheim, Pennsylvania |
| November 4-5, 2022 | Mansion Theatre | Branson, Missouri |
| January 20-21, 2023 | Global Vision Church | Mt. Juliet, Tennessee |

**INTERROGATORY NO. 5**: Identify any instance when TAP attempted to contact or did contact Dr. Coomer and state the basis for those attempted contacts.

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instructions, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Interrogatory because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation. TAP also objects to this Interrogatory as seeking information that is already in Plaintiff's possession, custody, or control as well as

information that is obtainable from third-party source(s).  TAP maintains its objections based on the pending MTD under Rule 12(b)(6), but provides the following response:  None.

**INTERROGATORY NO. 6**:  Identify any instance when TAP attempted to contact or did contact Dominion Voting Systems and state the basis for those attempted contacts.

**RESPONSE**:  TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein.  TAP further objects to this Interrogatory because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation.  TAP also objects to this Interrogatory as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP maintains its objections based on the pending MTD under Rule 12(b)(6), but provides the following substantive response:  None.

**INTERROGATORY NO. 7**: Do you contend that neither Byrne nor Lucescu was not acting as an agent or representative of TAP when they made the statements at issue in this dispute? If so, state the factual basis for that contention.

**RESPONSE:** TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein. TAP maintains its objections based on the pending MTD under Rule 12(b)(6). TAP objects to this Interrogatory as impermissibly vague and ambiguous because it does not reference the specific "statements at issue in this dispute" to which Plaintiff is referring and relies on TAP to infer Plaintiff's characterization of what "statements [are] at issue in this dispute."

**INTERROGATORY NO. 8**: Identify every individual responsible for producing, publishing, or uploading the Film to online platforms, including, but not limited to, Rumble, YouTube, Telegram, Truth Social, X, and americaproject.com.

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Interrogatory because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; and lacks any reasonable time limitation. TAP also objects to this Interrogatory as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP does not have sufficient information or knowledge upon which to form a belief or understanding as to every individual responsible

for the above-detailed modalities of producing, publishing, or uploading, if any;

however, maintaining its objections based on the pending MTD under Rule

12(b)(6), TAP provides the following response:  Michael Lovelady.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**:  All documents or communications between TAP, or

anyone acting on its behalf, and Oltmann, or anyone acting on his behalf,

between January 1, 2021 and the present.

**RESPONSE**:  TAP hereby renews its Preliminary Statement, General

Objections, and Objections to Instruction, which are hereby incorporated by

reference as if repeated fully herein. TAP further objects to this Request

because it is overbroad in scope; not reasonably tailored or proportional to the

needs of the case; not related to any claim or defense; and lacks any reasonable

time limitation.  TAP also objects to this Request as seeking information that

is already in Plaintiff's possession, custody, or control as well as information

that is obtainable from third-party source(s).  TAP was not formed or organized

and did not exist until April 12, 2021.  Notwithstanding, subject to, and

without waiving these objections, TAP will produce any non-privileged

documents or communications in its possession responsive to this Request for

the time-period of April 12, 2021, through August 31, 2021, upon agreement to

sufficient ESI Protocol by counsel for the Parties and entry by the Court of a

suitable Protective Order.

- 13 -

**REQUEST NO. 2**: All documents or communications relating to financial contributions made by TAP to any political candidate, political action committee, or political cause.

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Request because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation. TAP also objects to this Request as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP withholds any further substantive response or production in connection this Request and stands on its foregoing objections.

**REQUEST NO. 3**: All financial records between January 1, 2021 and the present demonstrating, describing, or discussing revenues generated for TAP by the Film, including, but not limited to, records of Film downloads, licensing agreements issued for the Film, and profit and loss statements related to the Film's production.

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Request

- 14 -

because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation. TAP also objects to this Request as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP was not formed or organized and did not exist until April 12, 2021. Notwithstanding, subject to, and without waiving these objections, TAP will produce any non-privileged documents or communications in its possession responsive to this Request for the time-period of April 12, 2021, through August 31, 2021, upon agreement to sufficient ESI Protocol by counsel for the Parties and entry by the Court of a suitable Protective Order.

**REQUEST NO. 4**: All documents reflecting TAP's ownership interest in the rights to the Film, including, but not limited to, any documents reflecting any registered copyrights or trademarks.

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Request because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation. TAP also objects to this Request as seeking information that is already in Plaintiff's possession, custody, or control as well as information

- 15 -

that is obtainable from third-party source(s).  TAP was not formed or organized and did not exist until April 12, 2021.  Notwithstanding, subject to, and without waiving these objections, TAP will produce any non-privileged documents or communications in its possession responsive to this Request for the time-period of April 12, 2021, through August 31, 2021, upon agreement to sufficient ESI Protocol by counsel for the Parties and entry by the Court of a suitable Protective Order.

**REQUEST NO. 5**:  Any contracts or other agreements that TAP has with any third parties relating to distribution, publication, or licensing of the Film.

**RESPONSE**:  TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Request because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation.  TAP also objects to this Request as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s).  TAP was not formed or organized and did not exist until April 12, 2021.  Notwithstanding, subject to, and without waiving these objections, TAP will produce any non-privileged documents or communications in its possession responsive to this Request for

the time-period of April 12, 2021, through August 31, 2021, upon agreement to

sufficient ESI Protocol by counsel for the Parties and entry by the Court of a

suitable Protective Order.

**REQUEST NO. 6**:  All documents reflecting any compensation paid by

TAP to anyone involved with production, promotion, distribution, filming,

editing, or creation of the Film.

**RESPONSE**:  TAP hereby renews its Preliminary Statement, General

Objections, and Objections to Instruction, which are hereby incorporated by

reference as if repeated fully herein. TAP further objects to this Request

because it is overbroad in scope; not reasonably tailored or proportional to the

needs of the case; not related to any claim or defense; and lacks any reasonable

time limitation.  TAP also objects to this Request as seeking information that

is already in Plaintiff's possession, custody, or control as well as information

that is obtainable from third-party source(s).  TAP withholds any substantive

response or production in connection this Request and stands on its foregoing

objections.

**REQUEST  NO.  7**:  All  documents  or  communications  relating  to

attendance records for Film showings, including, but not limited to, any

records reflecting ticket sales or in-person attendance.

**RESPONSE**:  TAP hereby renews its Preliminary Statement, General

Objections, and Objections to Instruction, which are hereby incorporated by

- 17 -

reference as if repeated fully herein. TAP further objects to this Request because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation. TAP also objects to this Request as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP withholds any substantive response or production in connection this Request and stands on its foregoing objections.

**REQUEST NO. 8**: All footage from the Film, including, but not limited to, all outtakes, edited footage, and deleted scenes.

**RESPONSE**: TAP hereby renews its Preliminary Statement, General Objections, and Objections to Instruction, which are hereby incorporated by reference as if repeated fully herein. TAP further objects to this Request because it is overbroad in scope; not reasonably tailored or proportional to the needs of the case; not related to any claim or defense; and lacks any reasonable time limitation. TAP also objects to this Request as seeking information that is already in Plaintiff's possession, custody, or control as well as information that is obtainable from third-party source(s). TAP was not formed or organized and did not exist until April 12, 2021. Notwithstanding, subject to, and without waiving these objections, TAP will produce any non-privileged documents or communications in its possession responsive to this Request for

the time-period of April 12, 2021, through August 31, 2021, upon agreement to

sufficient ESI Protocol by counsel for the Parties and entry by the Court of a

suitable Protective Order.

Date: September 12, 2024          Respectfully submitted,

**DEMPSEY LAW, PLLC**

/s/ Christopher W. Dempsey
CHRISTOPHER W. DEMPSEY
M.D. Fla. Bar. No. 1038319
50 N Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (904) 760-6272
Fax: (904) 587-0372
Email:  chris@cdempseylaw.com

*Counsel for Defendant*
*The America Project, Inc.*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I drafted and reviewed the foregoing, and the facts stated herein are true to the best of my knowledge and belief.

DATED:  September 12th, 2024          Respectfully submitted,

CARL JOHNSON
Chief Executive Officer
The America Project, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 12, 2024, in accordance with

Rules 5(a)(1)(C) and (b)(1), Federal Rules of Civil Procedure, I served the

foregoing via electronic mail to all counsel of record noted below:

Charles J. Cain
Bradley A. Kloewer
Cain & Skarnulis, PLLC
P.O. Box 1064
Salida, CO 81201
ccain@cstrial.com
bkloewer@cstrial.com
*Counsel for Plaintiff*

Laurin H. Mills
Werther & Mills, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
laurin@werthermills.com
*Counsel for Defendant Steven Lucescu*

Robert N. Driscoll
Alfred D. Carry
Dickinson Wright, PLLC
1825 Eye Street NW, Suite 900
Washington, DC 20006
rdriscoll@dickinsonwright.com
acarry@dickinsonwright.com
*Counsel for Defendant Patrick Byrne*

> /s/ Christopher W. Dempsey
> CHRISTOPHER W. DEMPSEY
> *Counsel for Defendant*
> *The America Project, Inc.*