IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

| | |
|---|---|
| ERIC COOMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 8:24-CV-00008-TPB-SPF |
| | ) |
| PATRICK BYRNE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT LUCESCU'S OPPOSITION
### TO PLAINTIFF'S MOTION TO COMPEL

Defendant, Steve Lucescu ("Lucescu"), submits his Opposition to Plaintiff, Eric Coomer's ("Coomer"), Motion to Compel and For Sanctions ("Motion"). For the foregoing reasons, the Court should deny Coomer's Motion and award Lucescu the costs and fees necessary to defend against his baseless motion.

### BACKGROUND

Coomer's Motion to Compel against Lucescu is riddled with demonstrably false assertions and certifications. For example, Coomer asserts the following discovery concerns against Lucescu:

(1) "Lucescu … refused to produce any document created after the filing of this lawsuit on June 24, 2022" (Mot. ¶ 18) (hereinafter referred to as the "Production Date Range");

(2) "Lucescu [never] responded to discovery deficiency notices sent by Dr. Coomer on December 12, 2024" (Mot. ¶ 49) (hereinafter referred to as the "Deficiency Notice(s)"); and

(3) "Prior to a conferral call on December 30, 2024, Defendants [including Lucescu] had refused to provide deposition dates…" (Mot. at 21) (hereinafter referred to as the "Deposition Dates").

As discussed and shown in further detail below:

(1) Coomer *approved* Lucescu's Production Date Range;

(2) Coomer never met and conferred with Lucescu regarding any Deficiency Notice before filing this Motion; and

(3) Lucescu provided Deposition Dates to Coomer before the December 30 conferral call and the parties have agreed to a Deposition Date for Lucescu.

## ARGUMENT

### I. Standard.

A motion to compel can only be "substantially justified if it raises a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. *Schumann v. Collier Anesthesia, P.A.,* Case No. 2:12-cv-347, 2014 WL4185218 at *2 (M.D. Fla. Aug. 22, 2014) (internal citations omitted). "[I]f a motion to compel is denied, the prevailing party may be awarded reasonable expenses incurred in opposing the motion, including attorneys' fees." *Id.*

Here, Plaintiff intentionally uses his Motion to conflate issues involving other Defendants in this case in an inappropriate attempt to put a black hat

2

on Lucescu. There is no reasonable justification for a motion to compel against Lucescu. Coomer's Motion with respect to Lucescu should be denied with costs and fees awarded to Lucescu.

## II.     Coomer Approved Lucescu's Production Date Range.

On September 24, 2024, counsel for Lucescu requested a production date range of September 1, 2020 through December 31, 2021:



Ex. A (bolding and large font size used to communicate the date range as in original).

On September 26, 2024, counsel for Coomer, Brad Kloewer, accepted Lucescu's proposal:

3



Ex. B.

Immediately thereafter, on September 30, 2024, Lucescu initiated a forensic collection of his iPhone device and Gmail account through the e-discovery vendor, FTI Consulting Technology LLC ("FTI"). *See* Ex. C ¶ 4, Matias Livachof Affidavit of Data Collection (Jan. 13, 2025). Luscecu incurred over $32,000 in costs to have FTI forensically collect the information he timely produced in this case. Ex. C ¶ 9. Lucescu thus relied on Mr. Kloewer's representations and embarked on a comprehensive in-person forensic device search based on the agreed upon search terms and production date range. Exs. B and C.

In any event, the Eleventh Circuit has rejected the use of post-publication information in defamation cases to prove a defendant's knowledge of the truth or accuracy of statements at the time of publication. *Edward Lewis Tobinick, MD v. Novella,* 848 F.3d 935, 947 (11th Cir. 2017). Thus, even if he had not already agreed to a production date range, Coomer is not entitled to an unlimited production range. Lucescu suggested the proposed

4

date range in good faith and based the dates on the facts and circumstances presented in Coomer's Complaint, even though Lucescu has yet to submit an Answer in this case while his Motion to Dismiss remains pending.

Coomer agreed to and approved Lucescu's production date range. Lucescu promptly took action and incurred significant costs based on that agreement.

II. **Lucescu Provided Coomer with Deposition Dates and the Issue is Moot.**

Coomer alleges that "Prior to a conferral call on December 30, 2024, Defendants [including Lucescu] had refused to provide deposition dates despite multiple requests from Plaintiff…" Mot. at 21. That statement is false.

On December 28, 2024, counsel for Lucescu provided Deposition Dates to Coomer:

> From: Laurin Mills <laurin@werthermills.com>
> Sent: Saturday, December 28, 2024 10:02 AM
> To: Brad Kloewer <bkloewer@cstrial.com>; Alfred D. Carry <ACarry@dickinson-wright.com>; Christopher Dempsey <chris@cdempseylaw.com>; Clark Fonda <clark@werthermills.com>; Charlie Cain <ccain@cstrial.com>; Scotti Beam <sbeam@cstrial.com>; Carolyn Mathias <coadmin@cstrial.com>; Bob N. Driscoll <RDriscoll@dickinson-wright.com>
> Subject: RE: Coomer v. Byrne - Conferral re Motion to Compel
>
> Brad:
>
> Lucescu does not object to scheduling his deposition between Feb. 14 and 28. We would also like to depose Coomer in that window. Clark and I are available on Monday between 10am and 3pm Eastern time to discuss logistics (time, place and manner of the depositions).
>
> We do not understand your demand that Lucescu produce documents through the present because you previously informed us, in writing, otherwise. We can discuss that further on Monday.
>
> If you are not available on Monday during the indicated window, we will have to table this discussion until the week of January 6. Please be prepared to discuss Coomer's deficiencies and whether he will cure them.
>
> Thx
>
> Laurin
>
> Laurin H. Mills
> WERTHER & MILLS LLC
> Direct: 703.547.4693   |   Fax: 240.912.3031

Ex. D.

Coomer admits in his Motion that the issue is moot because the parties have agreed to a date for Coomer to depose Lucescu: "During conferral [on December 30, 2024], the parties agreed on deposition dates for… Steven Lucescu… on February… 20, 2025." Mot at 21. Thus, Coomer's request that the Court issue an order "compelling [Lucescu's deposition] be completed no later than March 31, 2025" is erroneous, costly, and filed in bad faith.

6

### III. Lucescu and Coomer Never Met and Conferred Before the Motion on Coomer's Deficiency Notice.

Coomer's Motion certifies that he met and conferred with Lucescu regarding the Deficiency Notice. Not so.

Specific to Lucescu, there are dueling discovery Deficiency Notices between Coomer and Lucescu. On December 2, 2024, Lucescu served the first Deficiency Notice to Coomer. In response, on December 12, 2024, Coomer served his own Deficiency Notice on Lucescu.

Between December 2 through December 11, counsel for Lucescu and Coomer attempted to schedule a meet and confer date to go over the Deficiency Notice issued by Lucescu to Coomer. Due to holiday scheduling and other conflicts, the parties were unable to immediately meet to confer on the Deficiency Notice issued by Lucescu to Coomer. Ex. E.

On December 12, 2024, Coomer served his Deficiency Notice on Lucescu and concurrently served a written response to Lucescu's Deficiency Notice. On December 27, 2024, counsel for Coomer issued a conferral request to Defendants to meet and discuss the following issues: (i) Lucescu, Byrne, and TAP Deposition Dates, (ii) TAP production, and (iii) the Production Date Range. Ex. F.

7

Coomer did not request to confer with Lucescu on the substantive issues presented in the dueling Deficiency Notices, and the parties did not meet prior to the Motion.

Since the filing of Coomer's Motion, counsel for Coomer has admitted twice that Coomer made false representations to this Court. First, on January 2, 2025, counsel for Coomer (i) admitted that Lucescu had provided Deposition Dates to Coomer, and (ii) admitted that the parties had yet to discuss Coomer's Deficiency Notice to Lucescu:



A copy of the full January 1-2, 2025 email correspondence between counsel for Lucescu and counsel for Coomer relating to Coomer's false certifications is attached as Exhibit G.

8

On January 3, 2025, after the filing of Plaintiff's Motion, counsel for Lucescu and Coomer held a meet and confer to discuss a near-term solution on the Deficiency Notice issued by Coomer to Lucescu. During the January 3, 2025 meet and confer, counsel for Coomer again suggested that he would correct the conferral certification presented in the Motion to indicate that Lucescu and Coomer (i) never conferred prior to the Motion, and (ii) the parties held a meet-and-confer on January 3. To date, however, Coomer has yet to correct any of his false certifications.

Rule 37 requires the moving party in a motion to compel to certify "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "[A] single letter [such as the Deficiency Letter] to opposing counsel demanding discovery… does not satisfy the duty to confer imposed by Rule 37(a); instead, the duty requires counsel to 'converse, confer, compare views, consult, and deliberate.'" *Nextgen Restoration, Inc. v. Octapharma Plasma, Inc.,* Case No. 8:20-cv-1808-TPB-SPF, 2021 WL 8825279 at *1 (M.D. Fla. Nov. 11, 2021).

"Local Rule 3.01(g), requiring certification of a good faith conference before any discovery motion is filed, is strictly enforced." *Fireman's Fund Ins. Co. v. Specialized Over Dimensional Services, Inc.,* Case No. 3:08-cv-985-J-12MCR, 2010 WL 457280 at *1 (M.D. Fla. Feb. 4, 2010) (internal citations

9

omitted). "Failure to comply with the good faith certification requirement of Rule 37(a)(1) and Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party." *Schwanke v. JB Medical Management Solutions, Inc.,* Case No. 5:16-cv-597-Oc-30PRL, 2017 WL 2257707 at *3 (M.D. Fla. May 23, 2017) (internal citations omitted).

Florida Rules of Professional Conduct require that "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal…" Fla. R. of Prof. Cond. 4-3.3.

Coomer's Motion included false certifications and representations against Lucescu. The Court should deny Coomer's Motion and award costs to Lucescu for the time and effort necessary to defend against patently false assertions.

## IV. Conclusion.

For the foregoing reasons, the Court should deny Plaintiff's Motion and award costs and fees to Lucescu.

DATED:  January 14, 2025                           Respectfully submitted,

                                                                             */s/Laurin H. Mills*
Laurin H. Mills (*specially admitted*)
Clark Fonda (*specially admitted*)
WERTHER & MILLS, LLC
2121 Eisenhower Ave., Suite 608
Alexandria, VA   22314
(703) 547-4693
laurin@werthermills.com

*Counsel for Defendant Steve Lucescu*

## CERTIFICATION OF SERVICE

I certify that on January 14, 2025 a copy of the foregoing was electronically filed in the Court's CM/ECF System, which served a copy to all counsel of record.

                                                *Laurin Mills*
Laurin Mills