IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**PLAINTIFF'S MOTION AGAINST DEFENDANT BYRNE TO COMPEL COMPLIANCE WITH COURT ORDERS, TO RESPOND TO WRITTEN DISCOVERY REQUESTS, TO SIT FOR A DEPOSITION, AND FOR SANCTIONS**

---

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer), by and through his undersigned counsel, files this Motion Against Defendant Byrne to Compel Compliance with Court Orders, to Respond to Written Discovery Requests, to Sit for Deposition, and for Sanctions, and states as follows:

## INTRODUCTION

1.    The Court issued an Order (Doc. 213) on Dr. Coomer's last Motion to Compel and for Sanctions (Doc. 170) nearly five months ago, on April 28, 2025. Defendant Byrne has still not complied with that order, despite months of communications with his new counsel.

2.    Similarly, Dr. Coomer sent Defendant Byrne's prior counsel, Alfred Carry, a deficiency notice with respect to his written discovery responses more

1

than nine months ago, on December 12, 2024. Mr. Carry assured undersigned counsel he would respond to that notice before withdrawing. He did not do so. Dr. Coomer brought this matter to Byrne's new counsel's attention on July 29, 2025. He still has not addressed the issue.

3. Perhaps most remarkably, Defendant Byrne has still not offered any deposition dates, despite more than a year of requests for the same from undersigned counsel. Dr. Coomer has exhausted all efforts at conferral and once again requests an order compelling discovery from Defendant Byrne.

## PROCEDURAL HISTORY

4. Much of the relevant procedural history was already described in Dr. Coomer's last Motion to Compel, filed on December 31, 2024. (Doc. 170).

5. As it pertains to this Motion, the prior motion noted a deficiency letter sent to Byrne's counsel on December 12, 2024, and highlighted the "numerous requests over several months" for a deposition date from Byrne. (*See* Doc. 170, ¶¶ 18, 28-32, 49).

6. The motion also addressed arbitrary temporal limitations placed on disclosures by Defendants, and requested an order compelling disclosures of communications up to the present. (*Id.*, ¶¶ 33-48).

7. On April 28, 2025, the Court issued an order granting in part and denying in part the relief requests by the Motion (the April 28 Order). (Doc. 213). As relevant here, the Court ordered disclosures of responsive documents up to June 24, 2023, one year after Plaintiff filed his Complaint. (*Id.*, p. 7). With respect

to Dr. Coomer's deficiency notice, the Court determined this request was moot on the basis of the Dr. Coomer's conferral with Byrne's former counsel on January 6, 2025. (*Id.*, pp. 7-8). Regarding deposition dates, the Court noted recent amendment of the Case Management Order and found no reason to compel deposition dates at that time. (*Id.*, p. 5).

8. Prior to the issuance of the Court's order, discovery was disrupted by Defendant Byrne's efforts to substitute Stefanie Lambert as his counsel. The Court held a hearing on the matter and ultimately denied Lambert's Motion for Special Admission on June 10, 2025. (Doc. 214).

9. Roughly four weeks thereafter, Peter Ticktin entered an appearance on behalf of Defendant Byrne. (Doc. 218). That same day, Mr. Ticktin filed a Motion for Revision of the Court's June 10, 2025 Orders Denying Attorney Lambert's Motion for Admission, and a memo in support thereof, both of which were signed by Ms. Lambert. (*See* Docs. 219, 220). The Court denied that motion on July 16. (Doc. 221).

10. On July 11, undersigned counsel sent an email to all Defendants reminding them of the Court's April 28 Order and inquiring when supplemental productions would be made.[1]

11. That same day, undersigned counsel reached out to Mr. Ticktin to request that he address the discovery deficiencies previously discussed with

---

[1] **Exhibit 1**.

3

Mr. Carry.[2] That email attached a copy of the December 12, 2024 Deficiency Notice.[3]

12. On July 29, undersigned counsel became aware of an apparent typo in the email address utilized to contact Mr. Ticktin. He then resent both July 11 conferral emails to the email address indicated in Mr. Ticktin's Entry of Appearance.[4] Mr. Ticktin did not respond to either email.

13. On July 30, Defendant Byrne was set to begin trial in another defamation case brought by Hunter Biden in the United States District Court for the Central District of California, Western Division. That morning, Defendant Byrne replaced his entire trial team, and Ms. Lambert filed a pro hac vice motion to appear on his behalf. Judge Wilson described the scenario as a "circus" and denied Ms. Lambert's PHV Motion. Trial was ultimately continued to October 14, 2025.[5]

14. On August 1, undersigned counsel reached out to Defendants to propose various mediators in order to comply with the Court's July 28 Order requiring notice of mediation by August 5.[6] On August 3, despite the Court's multiple orders with respect to Ms. Lambert's involvement in this case, Mr. Ticktin responded as follows:

---

[2] **Exhibit 2**.

[3] **Exhibit 3**.

[4] *See* **Exhibits 1-2**.

[5] *See generally*, Edvard Pettersson, *Patrick Byrne escapes default trial loss to Hutner Biden in defamation case*, COURTHOUSE NEWS SERVICE (July 30, 2025), https://www.courthousenews.com/patrick-byrne-escapes-default-trial-loss-to-hunter-biden-in-defamation-case/

[6] **Exhibit 4**, p. 4.

> We have a problem in proceeding without my client's choice of counsel. In this respect, we are planning to file a Petition for a Writ of Mandamus so that Stefanie Lambert can rejoin Mr. Byrne's defense team. Meanwhile, I am asking that you give the courtesy of making sure that all emails to me are cc'd to Stefanie Lambert, who will be assisting me regardless of the decision to deny Mr. Byrne the right to his counsel of choice. Perhaps, if you are agreeable that she can participate in the mediation, we may be able to proceed with it. Otherwise, we are going to need to stay this case until the issue of counsel's admission is fully resolved.[7]

15. On August 4, Dr. Coomer's counsel responded that Ms. Lambert would not be included on future communications, and noted that no stay was currently in place or had even been sought.[8] Counsel concluded that "[S]he was ordered to file a signed undertaking with respect to the protective order and if she has been provided with material subject to that order then she is subject to sanction and/or contempt. Has Ms. Lambert been provided with documents subject to the protective order?"[9] Mr. Ticktin never responded to these inquiries.

16. In light of Mr. Ticktin's nonresponsiveness to multiple discovery emails, undersigned counsel called his office several times in early August to schedule a conferral call. Ultimately, that call occurred on August 5. Undersigned counsel, as well as Ashley Morgan (subsequently admitted on August 22, 2025) were present on behalf of Dr. Coomer. Mr. Ticktin and David Perry were present for Defendant Byrne, as was Stefanie Lambert. Dr. Coomer's counsel immediately objected to Ms. Lambert's presence on the call and demanded that she remove

---

[7] *Id.*, pp. 2-3.

[8] *Id.*, p. 2.

[9] *Id.*

5

herself.  She refused.  Mr. Ticktin represented that he only agreed to represent Defendant Byrne in this matter on condition that Ms. Lambert remain his counsel. Undersigned counsel ultimately proceeded with the call to at least discuss the outstanding discovery matters.

17. Three days later, undersigned counsel followed up with an email to both Mr. Perry and Mr. Ticktin, wherein he again requested a date certain when he could anticipate responses to the Deficiency Notice, compliance with the April 28 Order, and deposition dates for Mr. Byrne.[10]

18. On August 10, Mr. Ticktin responded, indicating that they did not have copies of the written discovery requests or prior responses.[11]  Undersigned counsel responded the next day with copies of the prior written discovery requests, as well as Byrne's responses thereto.[12]  Mr. Perry then indicated that they had not actually been provided with any of the prior discovery production by Byrne's prior counsel.[13]  On August 14, Dr. Coomer's counsel provided Mr. Perry a link to the same.[14]

19. On August 19, Mr. Perry indicated he was working on responding to these matters.[15]  On August 28, undersigned counsel indicated an intent to file this

---

[10] **Exhibit 5**, pp. 5-6.

[11] *Id.*, p. 4.

[12] *Id.*

[13] *Id.*, pp. 3-4.

[14] *Id.*, p. 3.

[15] *Id.*, p. 2.

6

Motion by September 5 if responses were not forthcoming.[16]  That same day, Mr. Perry indicated he was working on it, and requested to know whether the deposition would be in person or over zoom.  He also requested deposition dates for Dr. Coomer.[17]

20.  On September 8, undersigned counsel reached out to all parties to propose taking all remaining party depositions on November 14, 17, and 18 in advance of the November 19 status conference with the Court.[18]  Only Defendant TAP responded to that proposal one week later, on September 15.  He stated that, "We have some shuffling of counsel occurring, so I cannot advise on availability of any Parties except for TAP."[19]  He indicated his unavailability on November 17-18, but suggested he could be available on November 19 or 20, the two days following the status conference.[20]  These dates are also available for Dr. Coomer.

21.  On September 13, Hunter Biden filed an Ex Parte Application for Bench Warrant for the Arrest of Defendant Patrick M. Byrne in *Biden v. Byrne*, 2:23-cv-09430-SVW-PD.[21]  Biden noted the Court's August 29 Order finding that "it appears to this court by clear and convincing evidence that Defendant has failed to take all reasonable steps to comply with the Court's orders and may therefore be held in civil contempt."

---

[16] *Id.*, pp. 1-2.

[17] *Id.*, p. 1.

[18] **Exhibit 6**, pp. 1-2.

[19] *Id.*, p. 1.

[20] *Id.*

[21] **Exhibit 7**.

7

22. On September 18, undersigned counsel sent a conferral email to Mr. Perry with respect to the present Motion.[22] He did not respond.

## ARGUMENT

23. Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The proponent of a motion to compel discovery bears the initial burden of proving that information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No, 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (*quoting Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

### A. *Defendant Byrne must comply with the Court's April 28 Order.*

24. Defendant Byrne must produce supplemental discovery up to and including June 24, 2023. The Court has already weighed the parties' arguments with respect to this issue and need not revisit them. Dr. Coomer requests an Order compelling Defendant Byrne to provide such responses by a date certain, but in no case later than October 31, 2025.

### B. *Defendant Byrne must appear for a deposition.*

25. Dr. Coomer has been requesting deposition dates for Defendant Byrne for *nearly a year now*. His counsel's protestations of good faith ring hollow in the

---

[22] **Exhibit 5**, p. 1.

8

face of his conduct. The parties are already appearing for a status conference in Tampa on November 19, 2025. Dr. Coomer requests an Order compelling Defendant Byrne to appear for a deposition ***in person*** in or near Tampa during that week when all counsel will already be present in Florida. Dr. Coomer further requests that the order make clear that any potential change in counsel on Defendant Byrne's part will not serve as good cause to reschedule the deposition, no matter how close to the time of that deposition any potential substitution of counsel may occur.

26. While undersigned counsel appreciates Mr. Dempsey's representation that he will not be available on November 17 or 18, Dr. Coomer believes that compelling Defendant Byrne to appear for a deposition *before* the November 19 status conference will allow the Court to timely address any non-compliance should he fail to appear. Dr. Coomer does not object if Mr. Dempsey requests leave to appear for the deposition remotely.

## C. *Defendant Byrne must respond to Dr. Coomer's deficiency notice.*

27. Neither Defendant Byrne's prior counsel Mr. Carry, nor his current counsel deny the obligation to respond to the December 18, 2024 deficiency notice. Defendant Byrne's initial responses were frequently unresponsive.[23] The items complained of in that notice speak specifically to the factual matters and legal

---

[23] *See* **Exhibit 8**, Plaintiff's First Set of Written Discovery to Defendant Patrick Byrne (May 17, 2024); **Exhibit 9**, Defendant Patrick Byrne's Responses and Objections to Plaintiff's First Set of Written Discovery (June 17, 2024); **Exhibit 10**, Defendant Patrick Byrne's First Supplemental Responses and Objections to Plaintiff's First Set of Written Discovery.

9

burden that Dr. Coomer must carry in order to prevail on his claims, namely his knowledge of falsity and/or reckless disregard for the truth. The requests all potentially speak to various factors which can be indicative of actual malice, including, but not limited to, the inherent implausibility of the claims about Dr. Coomer, failure to investigate or corroborate the claims, political or financial motives for making the claims, reliance on unreliable sources, reliance on anonymous sources, disregard of reliable sources, willful avoidance of the truth, and conformity to a preconceived narrative. For many of these requests, Defendant Byrne already indicated his intent to provide the information requested. After more than nine months, there is no excuse for further noncompliance.

28. Dr. Coomer requests an order compelling responses to the deficiency notice as soon as possible, but in no case later than October 31, 2025.

### D.   *Request for Fees and Costs.*

29. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, or the requested discovery is provided after filing, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." A court will not order this payment where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

response, or objection was substantially justified, or (iii) other circumstances make an award of expenses unjust." F.R.C.P. 37(a)(5)(A).

30. There is no valid objection to production of the discovery requested, nor can there be any dispute that Dr. Coomer has made numerous good faith efforts to confer on these matters, in some cases for more than a year now. This Court has already granted similar sanctions against Defendant The America Project in this case in similar circumstances. (*See* Doc. 213, pp. 8-10). Dr. Coomer, therefore, requests an order granting his attorney fees and costs incurred with respect to the filing of this Motion, and any subsequent fees or costs incurred in effectuating the relief requested.

## CONCLUSION

For the reasons stated herein, Plaintiff Eric Coomer, Ph.D. prays that this Court enter an order compelling Defendant Byrne to comply with the Court's April 28, 2025 Order; compelling Defendant Byrne to sit for a deposition in person in Tampa during the week of November 19; compelling Defendant Byrne to provide responses to Dr. Coomer's December 18, 2024 Deficiency Notice; and awarding Dr. Coomer fees and costs and any other relief the Court deems fit.

Respectfully submitted this 19th day of September 2025.

> */s/ Bradley A. Kloewer*
> Charles J. Cain*
> ccain@cstrial.com
> Bradley A. Kloewer*
> bkloewer@cstrial.com
> **CAIN & SKARNULIS PLLC**
> P. O. Box 1064
> Salida, Colorado 81201
> 719-530-3011/512-477-5011 (Fax)
> *Appearing via Special Admission
> **ATTORNEYS FOR PLAINTIFF**

## Local Rule 3.01(g) Certification

Counsel for Movant certifies:

a. Plaintiff has repeatedly conferred with Defendant Byrne regarding the relief requested herein;

b. Counsel for Defendant Byrne has not responding to Plaintiff's request for a position on this specific Motion; and

c. Conferral regarding the relief requested herein was via email correspondence.

12