IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

      Defendant,

v.

PATRICK BYRNE, STEVE LUCESCU, and THE AMERICA PROJECT INC.,

      Defendants.
_____/

**PATRICK BYRNE'S MOTION FOR STAY OF PROCEEDINGS PENDING REVIEW OF PETITION FOR MANDAMUS RELIEF**

      The Defendant, Patrick Byrne, by and through his undersigned counsel, hereby moves this Court to stay all proceedings in this defamation action pending resolution of the Defendant's Petition for Writ of Mandamus filed with the United States Court of Appeals for the Eleventh Circuit, and in support thereof states:

      1.     The Defendant, Patrick Byrne, is a named Defendant in this defamation action pending before this Court.

      2.     Dr. Byrne has retained Stefanie Lambert as his counsel of choice due to her specialized expertise in election fraud cases and, particularly, in Dominion cases.

      3.     Adequate representation of Dr. Byrne in the above styled case requires

an understanding of the voting machines, vote adjudication, as well as the underlying software and hardware by which those machines and adjudication processes function.

4. Attorney Lambert has significant experience relevant to this case, having been a prosecutor for over a decade in Wayne County, Michigan, and subsequently specializing in election fraud/election related cases involving election machines vendors.

5. On June 10, 2025, this Court denied the motion for special appearance and *pro hac vice* admission of Stefanie Lambert, Defendant's counsel of choice.

6. Although Attorney Peter Ticktin is a skilled trial attorney, the subject matter at issue in this case, Eric Coomer and his ability to access and modify the 2020 election, as well as voting systems, machines, methodology, vote adjudication processes, and the related vendors involved. The time required to bring Mr. Ticktin, or any other attorney inexperienced with voting systems technology and processes would be exceedingly high and cost prohibitive.

7. Limiting Attorney Lambert to participate solely in an advisory role is insufficient. Dr. Byrne needs the representation of Attorney Lambert to be permitted to ask questions at depositions, fully participate in the cross-examination of witnesses, and present Dr. Byrne's defense to the jury. Due to the technical nature of the voting systems, machines, methodology, vote adjudication

processes, it would be impossible to Attorney Lambert to whisper suggestions during depositions and/or trial and expect that her questions could be repeated with any accuracy, the right intonations, and with understanding. Moreover, unless this unique subspecialty is understood, Mr. Ticktin will not be able to ask the right follow-up questions.

8. The Defendant, Patrick Byrne, has filed a petition for a writ of mandamus with the United States Court of Appeals for the Eleventh Circuit seeking review of this Court's denial of Mrs. Lambert's *pro hac vice* admission.

9. The Court has the inherent authority to control its docket, including the power to stay proceedings pending resolution of related matters.

10. The facts involved in this defamation case are highly detail-intensive, and Mrs. Lambert's familiarity with these details makes her representation significantly more efficient than alternative counsel.

11. Requiring Patrick Byrne to proceed with alternative counsel while the mandamus petition is pending would unfairly prejudice the Defendant's case and waste judicial resources as it is anticipated that Attorney Lambert will ultimately be permitted to appear as counsel in the case at bar.

12. The mandamus petition raises substantial and persuasive issues supporting the fact that Mr. Byrne has the right to counsel of his choice. This should be resolved before the above styled case proceeds further; and

13. A temporary stay will not unfairly prejudice any party, as it would

merely pause proceedings until the Eleventh Circuit has a chance to resolve the pending mandamus petition.

14. Federal Rule of Civil Procedure 16(b)(4) provides that a schedule may be modified for good cause and with the judge's consent. The pending mandamus petition and the constitutional issues it raises constitute good cause for modifying the current schedule by implementing a stay.

15. Federal Rule of Appellate Procedure 8 recognizes the authority of district courts to stay proceedings while appellate review is pending. Although Rule 8 specifically addresses stays pending appeal, the same principles apply to stays pending resolution of a mandamus petition, which is similarly a request for appellate review of a district court order.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Honorable Court stay all proceedings in this case pending resolution of Mrs. Stefanie Lambert's Petition for Writ of Mandamus by the United States Court of Appeals for the Eleventh Circuit; toll all deadlines currently in effect in this case until the stay is lifted; and grant such further and other relief as this Honorable Court may deem just and proper or in the alternative allow her to join Mr. Ticktin in Defending Dr. Byrne by actively participating at depositions and trial.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has attempted to confer in good faith with the Plaintiff's counsel via email on September 22, 2025. Counsel for the Plaintiff stated that the Plaintiff opposes the relief sought in this Motion

*/s/ David L. Perry II*
David L. Perry II

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2025, the foregoing document, was electronically emailed to all parties listed on the Service List.

*/s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No.: 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757
*Attorneys for Patrick Byrne*