# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 14, 2025

Mr. Peter David Ticktin
Ticktin Law Group, PA
270 SW NATURA AVE
DEERFIELD BEACH, FL 33441

Appeal Number: 25-13251-H
Case Style: In re: Patrick Byrne, et al
District Court Docket No: 8:24-cv-00008-TPB-SPF

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers
General Information: 404-335-6100      Attorney Admissions: 404-335-6122
Case Administration: 404-335-6135      Capital Cases: 404-335-6200
CM/ECF Help Desk: 404-335-6125         Cases Set for Oral Argument: 404-335-6141

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-13251

_____

In re: PATRICK BYRNE,
ATTORNEY STEFANIE LAMBERT, ESQUIRE,

                                                                                   *Petitioners.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida
D.C. Docket No. 8:24-cv-00008-TPB-SPF

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

BY THE COURT:

    Before the Court is a petition for a writ of mandamus filed by Petitioners Patrick Byrne and Stefanie Lambert, requesting that this Court issue a writ of mandamus directing the district court to

2                          Order of the Court                       25-13251

grant Petitioner Lambert's application for special admission to represent Petitioner Byrne in the underlying proceedings.

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes amounting to a judicial usurpation of power or a clear abuse of discretion." *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1238 (11th Cir. 2014) (quotation marks omitted). A petitioner is entitled to the writ only if: (1) he has "no other adequate means to attain the relief he desires"; (2) he has a "clear and indisputable . . . right to issuance of the writ"; and (3) the issuing court determines, in the exercise of its discretion, that the writ is appropriate under the circumstances. *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1265 (11th Cir. 2021). The petitioner has the burden of showing that the petitioner has no other avenue of relief and that the right to relief is clear and indisputable. *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989).

Petitioners have not met that burden here. Accordingly, the petition is DENIED.