UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC COOMER, Ph.D.,

    Plaintiff,

v.                                          Case No. 8:24-cv-8-TPB-SPF

PATRICK BYRNE, et al.,

    Defendants.
_____/

### ORDER

This cause comes before the Court upon Plaintiff's Motion against Defendant Patrick Byrne to Compel Compliance with Court Orders, to Respond to Written Discovery Requests, to Sit for a Deposition, and for Sanctions. (Doc. 230). Defendant Byrne responded. (Doc. 241). Upon due consideration, Plaintiff's motion is granted in part and denied as part.

### I. Background

This is one of many cases arising from the aftermath of the 2020 presidential election, and specifically from allegations regarding voting services provided by Dominion Voting Systems ("Dominion"). (Doc. 197). Plaintiff is the former director of product strategy and security for Dominion. (*Id.* at ¶ 1). Defendant Byrne served as the Chairman of the Board for Defendant The America Project ("TAP") and is credited as a producer of a film about the 2020 election entitled "The Deep Rig." (*Id.* at ¶¶ 10, 14). Defendant TAP owns the copyright for the Film and has been the recipient of at least a portion of its profits. (*Id.* at ¶ 12).

"The Deep Rig" is styled as a documentary and purports to expose a number of ways that the 2020 election was fraudulently influenced to ensure the election of President Joseph Biden with each theory featuring some element casting doubt on the reliability of voting

machines manufactured by Dominion. (*Id.* at ¶¶ 3, 119). Plaintiff alleges that various allegations in the Film about him and Dominion have been debunked and are provably false. *See generally* (*Id.*). As a result of these false claims, Plaintiff has received countless credible death threats, has suffered from severe emotional distress, and has suffered harm to his reputation, privacy, safety, and earnings. (*Id.* at ¶¶ 131, 137). In light of these issues, Plaintiff initiated this action.

Plaintiff initially filed this case in the District of Colorado (Doc. 1) but it was transferred to this District in January 2024 (Doc. 99). The Court granted the parties' joint motion for a stipulated protective order to govern confidential information exchanged during discovery in October 2024. (Docs. 162, 163). The parties then engaged in written and document discovery, including the exchange of records and negotiations regarding the content and scope of the requested information, and conferrals to schedule depositions. (Doc. 213). Defendant Byrne also represents that he has requested documents from Dominion to produce to Plaintiff. (Doc. 241). Plaintiff found Defendants' responses and participation in discovery deficient and filed a motion to compel ("the First Motion") requesting the Court enter an order: (1) requiring Defendants' depositions to be completed before March 31, 2025; (2) compelling Defendant TAP to produce documents; (3) declaring that the relevant timeframe for document production extends to the present; (4) compelling Defendants Byrne and Steven Lucescu to respond to Plaintiff's discovery deficiency notices; and (5) awarding Plaintiff attorney's fees and costs incurred in bringing this motion to compel. (Doc. 170).

The Court granted the First Motion in part and denied in part. (Doc. 213). Plaintiff's request for a deposition deadline was denied because the discovery deadline had been extended and the requested date had passed by the time the Order was entered. (*Id.*). As to

the timeframe, the Court found that the relevant time period was up to and including June 24, 2023. (*Id.*). The Court also denied as moot Plaintiff's request that Defendants Byrne and Lucescu respond to his deficiency notice because the parties' conferrals addressed the issues raised in the notice. (*Id.*). Finally, the Court granted Plaintiff's request for sanctions against Defendant TAP because of its failure to produce documents but declined to award them against the other Defendants. (*Id.*).

Approximately six weeks after the Court's Order was entered, the Court denied attorney Stefanie Lambert Junttila's ("Ms. Lambert") motion for special admission to represent Defendant Byrne. (Doc. 214). Defendant Byrne filed a motion for reconsideration a month after the motion's denial on the same day his new lead counsel, Mr. Peter Ticktin, appeared. (Docs. 219, 220). The motion for reconsideration was denied shortly thereafter on July 16, 2025. (Doc. 221). Moreover, Plaintiff's counsel contacted Mr. Ticktin about the discovery deficiencies soon after he appeared in the case. (Doc. 230-2).

The Court also extended existing case deadlines, including discovery which was extended to March 2026. (Doc. 225). Then, on September 19, 2025, Plaintiff filed the instant motion to compel (Doc. 230), followed two hours later by a copy of the writ of mandamus ("the Writ") Defendant Byrne filed with the Eleventh Circuit regarding the Court's denial of Ms. Lambert's admission (Doc. 231). A week later, Defendant Byrne filed a motion to stay proceedings until the Circuit could issue a decision on the Writ (Doc. 233) and Plaintiff responded in opposition (Doc. 235).

On the day Defendant Byrne's response to the instant motion was due, he filed a motion seeking an extension of time to respond in light of the Writ. (Doc. 239). The Court did not rule on the motion to stay or the motion for extension of time before October 14, 2025,

3

when the Circuit denied the Writ. (Doc. 237). Then the Court denied Defendant Byrne's motion to stay and motion for extension of time as moot (Docs. 240, 242) and Defendant Byrne filed his response to the instant motion (Doc. 241).

By way of the instant motion to compel, Plaintiff seeks an Order directing Defendant Byrne to 1) comply with the Court's prior Order; 2) sit for an in-person deposition in Tampa, Florida during the week of November 19, 2025; 3) respond to Plaintiff's deficiency notice; and 4) pay Plaintiff's costs and attorney's fees associated with bringing the instant motion. (Doc. 230). Defendant Byrne responded that, with the resolution of the Writ, he will now comply with the Court's Order no later than October 27, 2025, he has cooperated with scheduling a deposition and offers availability in December 2025, and that sanctions are not warranted given the litigation around Ms. Lambert's admission and the pendency of the motion to stay. (Doc. 241).

## II. Discussion

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*,

No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

## A. Discovery Responses and Deficiency Notice

Plaintiff asks for an Order directing Defendant Byrne to comply with the Court's prior Order compelling production. Defendant Byrne represented that he would produce the requested discovery by October 27, 2025. As a result, Plaintiff's motion to compel Defendant Byrne to produce the subject documents is denied as moot.

That Defendant Byrne expresses concern about producing documents subject to a protective order in *U.S. Dominion, Inc, et al. v. Byrne, et al.*, No. 1:21-cv-2131-CJN-MAU, at (Doc. 46) (D.D.C. June 23, 2023) ("the Dominion Protective Order") is of no moment at this juncture. A request for relief in a response to a motion is improper. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Tran v. Tran*, 2024 WL 4710231, at *5 (M.D. Fla. Nov. 7, 2024) (citing *Rabco Corp. v. Steele Plaza, LLC*, 2019 WL 5188601, at *18 (M.D. Fla. July 29, 2019), *report and recommendation adopted*, 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019)) ("If Defendants seek relief of any kind, they must file a separate motion compliant with the rules governing this court."). Moreover, it is unclear whether and to what extent this concern will bear out since Plaintiff worked for Dominion, Defendant Byrne has not filed a motion concerning his document requests from Dominion, and a motion for protection against producing any records has not been filed by any party. This Order is also issued after the date by which Defendant Byrne claimed he would produce the requested documents. Accordingly, the Court does not reach a finding on the compellability of the

documents Defendant Byrnes believes are subject to the Dominion Protective Order at this time.

Plaintiff's request to compel Defendant Byrne to respond to his December 12, 2024, discovery deficiency notice is also denied as moot. Plaintiff already requested this relief in the First Motion and the Court denied this issue as moot because the parties had conferred on the matters raised in the notice. Plaintiff does not dispute the Court's finding and Plaintiff's representations that conferrals with Defendant Byrne have been ongoing continue to support this conclusion. As a result, Plaintiff's request to compel Defendant Byrne to respond to his discovery deficiency notice is denied as moot.

**B. Deposition Deadline**

Plaintiff's motion additionally requests an order compelling Defendant Byrne's deposition to be completed during the week of November 19, 2025, in Tampa, Florida because all parties will be present at that time. Plaintiff's motion makes clear that he has been attempting to schedule this deposition for over a year. Defendant Byrne does not dispute this and instead confirms that negotiations have been ongoing and that he is available in December 2025. He claims, however, that he requires additional clarification from the Court regarding the scope of the deposition because he may be asked about information covered by the Dominion Protective Order. Once again, it is improper to request an order in a response. *See* Fed. R. Civ. P. 7(b)(1). Moreover, Defendant Byrne was aware of the Dominion Protective Order for the entire duration of the negotiations regarding his deposition, but this is the first time he has raised the issue with the Court. And the March 2025 discovery deadline is quickly approaching. As a result, Defendant Byrne is directed to sit for his deposition no

later than December 31, 2025, in a mutually agreeable location.  The Court makes no finding at this time as to the scope of the deposition.

**C. Sanctions**

Plaintiff requests sanctions against Defendant Byrne in the form of costs and attorney's fees associated with bringing and defending this motion to compel.  (Doc. 230 at 10-11). Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, or the requested discovery is provided after filing, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[1]  A court will not order this payment where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). A party's objections to discovery are substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted).

As stated above, Defendant Byrne represented that he would produce the documents after Plaintiff filed his motion to compel and the Court granted in part Plaintiff's request to compel Defendant Byrne's deposition.  Thus, Plaintiff is entitled to an award of attorney's fees incurred in preparing the portions of the instant motion related to these areas unless Defendant Byrne can establish that Plaintiff filed his motion before attempting in good faith

---

[1] Similarly, Rule 37(a)(5)(B) provides for an award of attorney's fees to the party opposing the motion if the motion is denied.

to obtain the disclosure without court intervention, Defendant Byrne's delay in production was substantially justified, or other circumstances make an award of expenses unjust.

Defendant Byrne argues that his delays are substantially justified because of the litigation surrounding Ms. Lambert's request to for special admission, including filing the Writ and the motion to stay, and the "recent appearance of new counsel." (Doc. 241 at 3-4). Defendant Byrne also relies upon his agreement to produce the requested discovery and sit for a deposition. These reasons are insufficient.

As an initial matter, "discovery proceeds without regard to whether a motion to stay discovery is filed; nowhere in the rules is a motion to stay discovery . . . self-executing." *Omega Patents, LLC v. Fortin Auto Radio, Inc.*, 2006 WL 2038534, at *3 (M.D. Fla. July 19, 2006). Also, conspicuously absent is any explanation for why Defendant Byrne did not take advantage of the six-week interval between the Court compelling Defendant Byrne's compliance with Plaintiff's discovery requests and Ms. Lambert's motion being denied. Nor is there a persuasive reason for why Defendant Byrne had not agreed to a date for his deposition given that he has had a year to seek clarification of the scope of Plaintiff's inquiries from either Plaintiff or the Court. Furthermore, Mr. Ticktin appeared in this case over two months before Plaintiff filed the instant motion to compel and was made aware of the discovery deficiencies soon after his appearance by Plaintiff's counsel. As a result, the Court does not find that Defendant Byrne was substantially justified in his delay. Considering the foregoing, Defendant Byrne shall pay Plaintiff's reasonable expenses incurred in drafting the portions of the motion to compel directed at Defendant Byrne's failure to produce documents and sit for a deposition.

### III. Conclusion

In light of the foregoing, it is hereby **ORDERED**:

(1) Plaintiff's Motion to Compel and for Sanctions (Doc. 230) is **GRANTED in part and DENIED in part** as follows:

    a. Plaintiff's requests that Defendant Byrne produce documents compelled by the Court's prior Order and respond to the notice of deficiency are denied as moot.

    b. Plaintiff's request that the Court compel Defendant Byrne's deposition to be completed no later than November 19, 2025, is granted in part and denied in part. Defendant Byrne is directed to sit for a deposition no later than **December 31, 2025**, at a mutually agreeable location.

    c. Plaintiff's request for sanctions against Defendant Byrne is granted in part and denied in part. Defendant Byrne shall pay Plaintiff's reasonable expenses, including attorney's fees, incurred in preparing the portions of the instant motion related to Defendant Byrne's failure to produce documents and failure to sit for a deposition.

    d. Within 14 days of this Order, the parties shall confer in a good-faith effort to stipulate to the reasonable fees and costs Plaintiff incurred.

    e. If the parties are unable to stipulate to Plaintiff's reasonable fees and costs, within 21 days of this Order, under Local Rule 7.01(c), M.D. Fla., Plaintiff may file a supplemental motion for the attorney's fees and costs (including affidavits and supporting materials) it incurred.

    f. Plaintiff's motion is otherwise denied.

9

**ORDERED** in Tampa, Florida, November 5, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE