UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC COOMER,

    Plaintiff,

v.                                            Case No. 8:24-cv-8-TPB-SPF

PATRICK BYRNE, STEVEN
LUCESCU, and THE AMERICA
PROJECT, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT OR TO STRIKE

This matter is before the Court on "Defendants' Motion for a More Definite Statement or, Alternatively, to Strike Plaintiff's Complaint," filed on March 10, 2025. (Doc. 198). Plaintiff filed a response in opposition on March 31, 2025. (Doc. 201).[1]

Defendants move for a more definite statement on the ground that the second amended complaint (the "complaint") violates the shotgun pleading rule. Defendants first argue that the complaint fails to distinguish the actions engaged in by each defendant. The Court previously rejected essentially the same argument in ruling on Defendants' motions to dismiss the original complaint and does so again here for the same reasons. *See* (Doc. 175, at 10-13). The complaint provides sufficient notice to Defendants of their respective roles in the alleged misconduct.

---

[1] The background of this case is discussed extensively in the Court's order on Defendants' motions to dismiss the original complaint. *See* (Doc. 175).

Defendants next argue that the complaint improperly incorporates into each count all preceding allegations, including those from the preceding counts. The type of pleading typically violates the shotgun pleading rule, but the Court will not require repleading in this instance due to the relationship between the three counts. The two counts following the defamation count – for intentional infliction of emotional distress and conspiracy – turn on the facts alleged in the defamation count. Indeed, Defendants unsuccessfully moved to dismiss these two counts as they appeared in the original complaint on the ground that the claims they alleged required a viable underlying defamation claim in order to succeed. *See* (Docs. 123; 125; 126). Accordingly, to the extent Defendants' motion seeks a more definite statement, it is denied.

Defendants alternatively move to strike certain paragraphs of the complaint pursuant to Fed. R. Civ. P. 12(f). They argue the complaint is too long and includes allegations that are "improper, irrelevant, and impertinent." They complain that the targeted allegations constitute "irrelevant political and editorial commentary" and "subjective characterizations," and that the complaint "levels broad accusations against all Defendants and non-parties alike, weaving together a disorganized collection of grievances and generalized aspersions."

The complaint is overly long and overly detailed, weighing in at 86 pages and 162 numbered paragraphs. As another judge in this district has recently emphasized, the proper role of a complaint is to set forth "a short, plain, direct statement of allegations of fact sufficient to create a plausible claim for relief and sufficient to permit the formation of an informed response," and not to function as "a megaphone for public relations or a podium for a passionate oration at a political rally . . .." *See Trump v. New York Times*

*Co.*, No. 8:25-cv-2487-SDM-NHA, 2025 WL 2680597, at *2 (M.D. Fla. Sept. 19, 2025). There is certainly some unnecessary political grandstanding in the complaint, and it definitely goes beyond a "sober" and "economical" recitation of facts. *See id.* But "lawyers receive a modicum of expressive latitude in pleading the claim of a client," and the Court concludes that Plaintiff's complaint does not extend past "the outer bound of that latitude." *Id.* While some of the paragraphs Defendants argue should be stricken appear only indirectly connected to the claims alleged, others go to the heart of Plaintiff's defamation claim and in particular to the issue of actual malice. In fact, as Plaintiff correctly notes, Defendants now seek to strike allegations the Court expressly relied on in holding the original complaint stated a claim for defamation. Defendants' motion to strike is therefore denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion for a More Definite Statement or, Alternatively, to Strike Plaintiff's Complaint" (Doc. 198) is **DENIED**.

2. Defendants are directed to file their answers to the second amended complaint on or before November 28, 2025.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of November, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE