IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,

       Defendant,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

       Defendants.

_____/

**DEFENDANT PATRICK BYRNE'S
ANSWER AND AFFIRMATIVE DEFENSES
<u>TO SECOND AMENDED COMPLAINT</u>**

The Defendant, Dr. Patrick Byrne, by and through his undersigned counsel,

file this, his Answer and Affirmative Defenses to the Plaintiff, Eric Coomer's

Second Amended Complaint and states as follows:

    1.    Denied.

    2.    Denied.

    3.    Denied.

    4.    Denied.

    5.    Denied.

    6.    Denied.

    7.    Denied.

8.      Denied.

9.      The Defendant, Dr. Byrne is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.     Denied.

11.     The Defendant, Dr. Byrne is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Admitted.

17.     Admitted in that at one point Coomer was Director of Product Strategy and Security for Dominion; however, denied in that as alleged, Paragraph 17 minimizes Coomer's role at Dominion and excludes relevant details, including Dr. Coomer's role in development of adjudication methods at Dominion.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

2

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied

27.     Denied

28.     Denied

29.     Denied

30.     Denied

31.     Denied

32.     Denied

33.     Denied

34.     Denied

35.     Denied

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

117.  Denied.

118.  Denied.

119.  Denied.

120.  Denied.

121.  Denied.

122.  Denied.

123.  Denied.

124.  Denied.

125.  Denied.

126.  Denied.

127.  Denied.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

128.  Denied.

129.  Denied.

130.  Denied.

131.  Denied.

132.  Denied.

## Count 1 – Defamation
(Against Defendants Byrne, TAP, and Lucasceu)

133.  No Response Required.

134.  Denied.

135.  Denied.

136.  Denied.

137.  Denied.

## Count 2 – Intentional Infliction of Emotional Distress
(Against Defendants Byrne, TAP, and Lucasceu)

138.  No Response Required

139.  Denied.

140.  Denied.

## Count 3 – Civil Conspiracy
(Against Defendants Byrne, TAP, and Lucasceu)

141.  No Response Required.

142.  Denied.

143.  Denied.

144.  Denied.

8

145.    Denied.

## Count 4 – Permanent Injunction
### (Against Defendants Byrne, TAP, and Lucasceu)

146.    No Response Required.

147.    Denied.

## Count 5 – Punitive Damages
### (Against Defendants Byrne, TAP, and Lucasceu)

148.    No Response Required.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## Affirmative Defenses to Count 1

**Substantial Truth**

1.      The Defendant, Dr. Byrne, claims as his first Affirmative Defense to Count 1 that any statements made by the Defendant, Dr. Byrne as alleged by the Plaintiff, were made were either true or substantially true.

**Opinion**

2.      The Defendant, Dr. Byrne, claims as his second Affirmative Defense to Count 1, that the statements challenged by the Plaintiff constitute protected opinion, commentary, and analysis rather than actionable statements of fact. Under the First Amendment and Florida law, statements that are "sufficiently factual to be susceptible of being proved true or false" are required for defamation liability.  The film and book presented theories, analysis, and commentary about election security issues that fall within the realm of protected opinion.  These statements reflect the reality that "exaggeration and non-literal commentary have become an integral part of social discourse."

**Failure to Provide Notice of Retraction**

3.      The Defendant, Dr. Byrne claims as his third Affirmative Defense to Count 1, that the Plaintiff failed to provide notice to the Defendant to publish a retraction or allow a reasonable time to do so.  Therefore, the Plaintiff are prohibited from recovery of exemplary or punitive damages pursuant to Florida Statute 600.2911 (2)(b).

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## Lack of Actual Malice

4.      The Defendant, Dr. Byrne claims as his fourth Affirmative Defense to
Count 1, that the Plaintiff, as a public figure in his role as Director of Product
Strategy and Security for Dominion Voting Systems, must prove actual malice by
clear and convincing evidence.  Under First Amendment precedent, "public figures
are barred from recovering damages for defamation unless they can show that the
statement at issue was made with 'actual malice'—that is, with knowledge that it
was false or with reckless disregard of whether it was false or not."  The Defendant,
Dr. Byrne, did not act with knowledge of falsity or reckless disregard for the truth.
The statements were made based on information available at the time and reflected
good faith concerns about election security.

## Anti-Strategic Lawsuits Against Public Participation (SLAPP)

5.      The Defendant, Dr. Byrne, claims as his fifth Affirmative Defense to
Count 1, that the alleged statements were made in relationship to constitutionally
protected speech of public importantance.

## First Amendment Protection

6.      The Defendant, Dr. Byrne claims as his sixth Affirmative Defense to
Count 1, that the Defendant's statements are protected under the First Amendment
as commentary on matters of public concern.  The First Amendment protections
"are rooted in the 'profound national commitment to the principle that debate on
public issues should be uninhibited, robust, and wide-open.'"  *Deeb v. Saati*, 778

F. App'x 683 (11th Cir. 2019). Election integrity and security constitute core matters of public concern deserving the highest level of First Amendment protection. The statements were made in the context of legitimate public debate about the 2020 presidential election.

**Fair Reporting Privilege**

7.     The Defendant, Dr. Byrne claims as his seventh Affirmative Defense to Count 1, to the extent the Defendant's statements reported on information from government officials, court proceedings, or official documents, they are protected by the fair reporting privilege. Under Florida law, "a newspaper has a qualified privilege to report accurately on information received from government officials" and "the privilege extends to the publication of the contents of official documents, as long as the account is reasonably accurate and fair *Alan v. Palm Beach Newspapers, Inc.*, 973 So. 2d 1177 (Fla. 2nd DCA 2008). The Defendant's reporting was based on publicly available information and official sources.

**Qualified Privilege**

8.     The Defendant, Dr. Byrne claims as his eighth Affirmative Defense to Count 1 that any statements made by the Defendant, Dr. Byrne as alleged by the Plaintiffs were made in good faith, related to matters of public importance, namely the 2020 presidential election voting system, made during the time that there was a dispute relating to the 2020 Presidential Election, where any such statements themselves were limited to a matter of public interest, namely the 2020

12

Presidential Election, and those statements were directed at the proper parties to whom such statements should be addressed..  Hence, as alleged by the Plaintiff, the Defendant Dr. Byrne statements are privileged communications for which a qualified privilege arises.

**Fair Comment**

9.      The Defendant, Dr. Byrne claims as his ninth Affirmative Defense to Count 1 that any statements made by the Defendant, Dr. Byrne as alleged by the Plaintiff were made were made in relation to a matter of legitimate public interest, the 2020 Presidental Election, and made without any actual malice, and if factually incorrect, were not made with knowledge of their falsity or reckless disregard for the truth.

**Lack of Causation**

10.      The Defendant, Dr. Byrne claims as his tenth Affirmative Defense to Count 1, that there is no causal connection between the Plaintiff's alleged injuries and damages and any conduct of Defendant, as the Defendant in no way contributed to the Plaintiff's alleged injuries.

**Failure to State a Claim**

11.      The Defendant, Dr. Byrne claims as his eleventh Affirmative Defense to all counts subsequent to Count 1 should be dismissed for failure to plead a cause of action pursuant to Rule 12(b)(6) F.R.Civ.P. as the pleading is a Shotgun pleading where the allegations of each count are incorporated in the subsequent counts.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**Statute of Limitations**

12.     The Defendant, Dr. Byrne claims as his twelfth Affirmative Defense to Count 1 that the Plaintiff's claims are barred by the Statute of Limitations.

**Failure to Mitigate Damages**

13.     The Defendant, Dr. Byrne claims as his thirteenth Affirmative Defense to Count 1 that the Plaintiff's right to recovery, if any, must be offset by failure to reasonably mitigate their alleged damages.

**Failure to Provide Notice of Retraction**

14.     The Defendant, Dr. Byrne claims as his fourteenth Affirmative Defense to Count 1, that the Plaintiffs failed to provide notice to the Defendant to publish a retraction or allow a reasonable time to do so.  Therefore, the Plaintiffs are prohibited from recovery of exemplary or punitive damages pursuant to Fla. Stat. § 770.01, which requires that such notice requirement five days prior to filing of a lawsuit.

**Lack of Publication**

15.     The Defendant, Dr. Byrne claims as his fifteenth Affirmative Defense to Count 1, that the Defendant did not publish the allegedly defamatory statements to third parties in a manner that satisfies the publication element of defamation. Any statements made were either not published to third parties or were published by others without Defendant's knowledge or consent.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**Consent and Waiver**

16.      The Defendant, Dr. Byrne claims as his sixteenth Affirmative Defense to Count 1, that to the extent the Plaintiff's conduct, statements, or public position invited commentary and criticism, the Plaintiff consented to or waived any claims arising from such commentary.  The Plaintiff's role as a public figure in election security matters subjected him to legitimate public scrutiny and commentary.

**Comparative Fault**

17.      The Defendant, Dr. Byrne claims as his seventeenth Affirmative Defense to Count 1, that any alleged harm to the Plaintiff was caused in whole or in part by the Plaintiff's own conduct, statements, or actions.  Under principles of comparative fault, the Plaintiff's recovery should be reduced or barred based on his contributory conduct.

**Superseding and Intervening Causes**

18.      The Defendant, Dr. Byrne claims as his eighteenth Affirmative Defense to Count 1, that any alleged harm to the Plaintiff was caused by superseding and intervening causes unrelated to the Defendant's conduct. Multiple third parties made independent statements and took independent actions that constitute superseding causes of any alleged harm.

## Affirmative Defenses to Count 2

**Shotgun Pleading**

19.      The Defendant, Dr. Byrne, claims as his first Affirmative Defense to

15

Count 2, that all claims subsequent to Count 1 are improperly plead and re-incorporate all prior allegations of the preceeding counts.

## Failure to State a Claim for Intentional Infliction of Emotional Distress

20.    The Defendant, Dr. Byrne claims as his second Affirmative Defense to Count 2 that the Plaintiff has failed to state a valid claim for intentional infliction of emotional distress under Florida law.  To establish this claim, the Plaintiff must prove that "the conduct was outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community."  *Plowright v. Miami Dade Cty*., 102 F.4th 1358 (11th Cir. 2024).  Under Florida law, "the issue of whether or not the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress is a legal question in the first instance for the court to decide as a matter of law" *Vance v. S. Bell Tel. & Tel. Co*., 983 F.2d 1573 (11th Cir. 1993).  The Defendant's conduct in producing a film and book about election security concerns does not meet this extraordinarily high standard.

## Lack of Causation

21.    The Defendant, Dr. Byrne, claims as his third Affirmative Defense to Count 2, that there is no causal connection between the Plaintiffs' alleged injuries and damages and any conduct of the Defendant, as the Defendant in no way contributed to the Plaintiffs' alleged injuries.

16

## Speculative and Unproven Damages

22.    The Defendant, Dr. Byrne claims as his fourth Affirmative Defense to Count 2, that the Plaintiff's claimed damages are speculative, unproven, and not causally related to Defendant's conduct.  The alleged harm to the Plaintiff's reputation and career resulted from multiple factors unrelated to the Defendant's film and book.  The Plaintiff cannot establish that any specific damages were proximately caused by the Defendant's protected speech.

## Failure to Mitigate Damages

23.    The Defendant, Dr. Byrne claims as his fifth Affirmative Defense to Count 2, that the Plaintiff failed to take reasonable steps to mitigate his alleged damages.  The Plaintiff could have taken steps to publicly address the concerns raised rather than allowing any alleged harm to continue.  Any damages claimed by the Plaintiff were caused or exacerbated by his own actions or inactions.

## Statute of Limitations

24.    The Defendant, Dr. Byrne claims as his sixth Affirmative Defense to Count 2, that to the extent any claims are based on conduct occurring outside the applicable statute of limitations period, such claims are time-barred.  Under Florida law, affirmative defenses including statute of limitations must be properly raised Fla. R. Civ. P. 1.110.  Any claims based on statements or conduct occurring beyond the statutory limitation period should be dismissed.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**Superseding and Intervening Causes**

25.    The Defendant, Dr. Byrne claims as his seventh Affirmative Defense
to Count 2, that any alleged harm to the Plaintiff was caused by superseding and
intervening causes unrelated to the Defendant's conduct.  Multiple third parties
made independent statements and took independent actions that constitute
superseding causes of any alleged harm.

**Impermissibly Duplicative Claim**

26.    The Defendant, Dr. Byrne claims as his eighth Affirmative Defense to
Count 2, that the claim for Intentional Infliction of Emotional Distrress is
impermissibly duplicative of the defamation claim.

## Affirmative Defenses to Count 3

**Failure to State a Claim: Shotgun Pleading**

27.    The Defendant, Dr. Byrne, claims as his first Affirmative Defense to
Count 2, that all claims subsequent to Count 3 are improperly plead and re-
incorporate all prior allegations of the preceeding counts.

**Failure to State a Claim for Civil Conspiracy**

28.    The Defendant, Dr. Byrne claims as his second Affirmative Defense to
Count 3 that the Plaintiff has failed to adequately plead the elements of civil
conspiracy under Florida law. A civil conspiracy requires "(a) an agreement
between two or more parties, (b) to do an unlawful act or to do a lawful act by
unlawful means, (c) the doing of some overt act in pursuance of the conspiracy,

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Eagletech Communs., Inc. v. Bryn Mawr Inv. Grp., Inc.,* 79 So. 3d 855 (Fla. Dist. Ct. App. 2012). The Plaintiff has failed to allege any unlawful agreement or unlawful purpose. The production and distribution of a film and book constitute lawful activities protected by the First Amendment.

**Impermissibly Duplicative Claim**

29.    The Defendant, Dr. Byrne claims as his third Affirmative Defense to Count 3, that the claim for Civil Conspiracy is impermissibly duplicative of the defamation claim.

## Affirmative Defenses to Count 4

**Failure to State a Claim: Shotgun Pleading**

30.    The Defendant, Dr. Byrne, claims as his first Affirmative Defense to Count 4, that all claims subsequent to Count 1 are improperly plead and re-incorporate all prior allegations of the preceeding counts.

**Not a Valid Cause of Action**

31.    The Defendant, Dr. Byrne claims as his second Affirmative Defense to Count 4 that the claim for an injunction is not a valid claim as this is merely a claim for a different remedy rather than a different cause of action.

**Impermissibly Duplicative Claim**

32.    The Defendant, Dr. Byrne, claims as his third Affirmative Defense to Count 4 that the claim for an injunction is impermissibly duplicative of the prior

19

claims.

## Affirmative Defenses to Count 5

### Failure to State a Claim: Shotgun Pleading

33.    The Defendant, Dr. Byrne, claims as his first Affirmative Defense to Count 5, that all claims subsequent to Count 1 are improperly plead and re-incorporate all prior allegations of the preceeding counts.

### Not a Valid Cause of Action

34.    The Defendant, Dr. Byrne claims as his second Affirmative Defense to Count 5 that the claim for an injunction is not a valid claim as this is merely a claim for a different remedy rather than a different cause of action.

### Impermissibly Duplicative Claim

35.    The Defendant, Dr. Byrne, claims as his third Affirmative Defense to Count 5 that the claim for an injunction is impermissibly duplicative of the prior claims.


WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Honorable Court enter an order of dismissal with prejudice of the Complaint filed as against Defendant Patrick Byrne, award the Defendant costs and attorneys' fees so wrongfully suffered, and grant such further and other relief as this Honorable Court may deem just and proper.

**The Ticktin Law Group**
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

## <u>DEMAND FOR TRIAL BY JURY</u>

The Defendant, Patrick Byrne, demands that this case be determined by a jury on all triable issues.

21

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 26, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L.  Perry II*
David L.  Perry II , Esquire
Florida Bar No.  1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Serv514@LegalBrains.com
Telephone: (561) 232-2222
*Attorney for the Defendant*