UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIC COOMER, Ph.D.**,

   Plaintiff,

v.

**THE AMERICA PROJECT, INC.**, *et al.*,

   Defendants.

Case No. 8:24-cv-8-TPB-SPF

**ANSWER TO SECOND AMENDED COMPLAINT**

COME NOW Defendants The America Project, Inc. ("TAP") and Steven Lucescu (collectively "Defendants"), by and through undersigned counsel, and pursuant to this Court's Order dated November 7, 2025 (Dkt. No. 248), and Rule 8(b), Federal Rules of Civil Procedure, hereby file this Answer to the Second Amended Complaint (Dkt. No. 197) pled by Plaintiff Eric Coomer ("Plaintiff"), and respond to same in like-numbered paragraphs as follows:

### I. INTRODUCTION

1. Paragraph 1 constitutes Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 1.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

## II. PARTIES

9. Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 9 and therefore deny same.

10. Denied.

11. Admitted.

12. Denied that Defendant TAP owns any copyright to the Film at issue. All other allegations in Paragraph No. 12 are admitted.

## III. JURISDICTION AND VENUE

13. Denied.

14. Denied.

15. Denied.

16. Admitted.

## IV. FACTS

17. Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 17 and therefore deny same.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

### V. CAUSES OF ACTION

### COUNT 1
### DEFAMATION
*Against All Defendants*

133. Defendants repeat and incorporate by reference their responses to Paragraphs 1-132 above.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

## COUNT 2
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS
### *Against All Defendants*

138. Defendants repeat and incorporate by reference their responses to Paragraphs 1-132 above.

139. Denied.

140. Denied.

## COUNT 3
## CIVIL CONSPIRACY
### *Against All Defendants*

141. Defendants repeat and incorporate by reference their responses to Paragraphs 1-132 above.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

## COUNT 4
## PERMANENT INJUNCTION
### *Against All Defendants*

146. Defendants repeat and incorporate by reference their responses to Paragraphs 1-132 above.

147. Denied.

## COUNT 5
## PUNITIVE DAMAGES
### *Against All Defendants*

148. Defendants repeat and incorporate by reference their responses to Paragraphs 1-132 above.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

## VI.   DEMANDS FOR RETRACTION

157. Denied.

158. Admitted only that subsequent to instituting this action, Plaintiff transmitted a written retraction demand, which speaks for itself. All other allegations in Paragraph 158 are denied.

159. Denied.

160. Paragraph 160 contains a prayer for relief by Plaintiff, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 160.

## VII. RIGHT TO AMEND

161. Paragraph 161 constitutes a reservation of right, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 161.

## VIII. JURY DEMAND

162. Paragraph 162 constitutes a jury demand, to which no response is required. To the extent a response is deemed necessary, Defendants join in Plaintiff's jury demand.

\* \* \*

The remainder of the Second Amended Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Plaintiff's prayer for relief and further aver that Plaintiff is not entitled to any relief whatsoever in this action. Defendants deny each and every allegation of the Second Amended Complaint not specifically and expressly admitted herein.

[SPACE INTENTIONALLY LEFT BLANK]

## **AFFIRMATIVE DEFENSES**

Having answered the Second Amended Complaint, Defendants TAP and Lucescu respectfully assert the following enumerated Affirmative Defenses.

### COUNT 1
### **DEFAMATION**
### *Against All Defendants*

1. As their First Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that any statements made by Defendants TAP and Lucescu as alleged by the Plaintiff were true or substantially true.

2. As their Second Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that the statements challenged by the Plaintiff constitute protected opinion, commentary, and analysis rather than actionable statements of fact.

3. As their Third Affirmative Defense to Count 1, Defendants TAP and Lucescu assert the Plaintiff failed to provide proper notice—prior to instituting this action—to Defendants TAP and Lucescu to publish a retraction or allow a reasonable time to do so.

4. As their Fourth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that the Plaintiff, as a public figure, must prove actual malice by clear and convincing evidence, which legal standard he cannot meet.

5. As their Fifth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that the alleged statements at issue herein were made in relationship to constitutionally protected speech.

6. As their Sixth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that Defendants' statements are protected under the First Amendment to the United States Constitution as commentary on matters of public concern.

7. As their Seventh Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that to the extent their statements reported on information from government officials, presented in court proceedings, or flowing from official documents, they are protected by the fair reporting privilege and/or litigation privilege.

8. As their Eight Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that any statements made by Defendants were made in good faith on matters of public importance and are privileged communications.

9. As their Ninth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that any statements made were made in relation to a matter of public interest and without actual malice.

10. As their Tenth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that there is no causal connection between the Plaintiff's alleged injuries and/or damages and any conduct of Defendants.

11. As their Eleventh Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that the Plaintiff's claims are time-barred by the statute of limitations.

12. As their Twelfth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that the Plaintiff failed to reasonably mitigate damages.

13. As their Thirteenth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that Plaintiffs failed to provide required notice under Section 770.01, Florida Statutes.

14. As their Fourteenth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that Defendants did not publish the allegedly defamatory statements to third parties in a manner satisfying the publication element for a claim of defamation under applicable law.

15. As their Fifteenth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that Plaintiff consented to or waived claims arising from commentary by placing himself in the public sphere.

16. As their Sixteenth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that any alleged harm was caused by Plaintiff's own conduct under comparative fault principles.

17. As their Seventeenth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert that any alleged harm was caused by superseding and intervening causes unrelated to Defendants.

18.  As their Eighteenth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert corporate veil doctrine. The Film at issue was owned by and created and promulgated by a separately legal entity, to wit: The Deep Rig Movie, LLC.

19.  As their Nineteenth Affirmative Defense to Count 1, Defendants TAP and Lucescu assert failure to satisfy condition precedent.

## COUNT 2
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

20.  As their First Affirmative Defense to Count 2, Defendants TAP and Lucescu assert that all claims subsequent to Count 1 constitute improper shotgun pleading.

21.  As their Second Affirmative Defense to Count 2, Defendants TAP and Lucescu assert that Plaintiff has failed to state a valid claim for intentional infliction of emotional distress under Florida law.

22.  As their Third Affirmative Defense to Count 2, Defendants TAP and Lucescu assert that there is no causal connection between Plaintiff's alleged injuries and any alleged conduct of Defendants.

23.  As their Fourth Affirmative Defense to Count 2, Defendants TAP and Lucescu assert that Plaintiff's damages are speculative, unproven, and not causally connected to any alleged conduct by Defendants.

24. As their Fifth Affirmative Defense to Count 2, Defendants TAP and Lucescu assert that Plaintiff failed to mitigate damages.

25. As their Sixth Affirmative Defense to Count 2, Defendants TAP and Lucescu assert that any claims based on conduct outside the statute of limitations period are time-barred.

26. As their Seventh Affirmative Defense to Count 2, Defendants TAP and Lucescu assert that any alleged harm was caused by superseding and intervening causes.

27. As their Eight Affirmative Defense to Count 2, Defendants TAP and Lucescu assert that Count 2 is impermissibly repetitious and/or duplicative with other claims alleged.

28. As their Ninth Affirmative Defense to Count 2, Defendants TAP and Lucescu assert corporate veil doctrine.  The Film at issue was owned by and created and promulgated by a separately legal entity, to wit:  The Deep Rig Movie, LLC.

29. As their Tenth Affirmative Defense to Count 2, Defendants TAP and Lucescu assert failure to satisfy condition precedent.

## COUNT 3
## CIVIL CONSPIRACY

30. As their First Affirmative Defense to Count 3, Defendants TAP and Lucescu assert that all claims following Count 1 constitute shotgun pleading.

31. As their Second Affirmative Defense to Count 3, Defendants TAP and Lucescu assert that Plaintiff has failed to adequately plead all required elements to state a claim for civil conspiracy.

32. As their Third Affirmative Defense to Count 3, Defendants TAP and Lucescu assert that Count 3 is impermissibly repetitious and/or duplicative with other claims alleged.

33. As their Fourth Affirmative Defense to Count 3, Defendants TAP and Lucescu assert corporate veil doctrine.  The Film at issue was owned by and created and promulgated by a separately legal entity, to wit:  The Deep Rig Movie, LLC.

34. As their Fifth Affirmative Defense to Count 3, Defendants TAP and Lucescu assert failure to satisfy condition precedent.

## COUNT 4
## PERMANENT INJUNCTION

35. As their First Affirmative Defense to Count 4, Defendants TAP and Lucescu assert that all claims following Count 1 constitute shotgun pleading.

36. As their Second Affirmative Defense to Count 4, Defendants TAP and Lucescu assert that the injunction claim is not a valid cause of action.

37. As their Third Affirmative Defense to Count 4, Defendants TAP and Lucescu assert that Count 4 is impermissibly repetitious and/or duplicative with other claims alleged.

38. As their Fourth Affirmative Defense to Count 4, Defendants TAP and Lucescu assert corporate veil doctrine.  The Film at issue was owned by and created and promulgated by a separately legal entity, to wit:  The Deep Rig Movie, LLC.

39. As their Fifth Affirmative Defense to Count 4, Defendants TAP and Lucescu assert failure to satisfy condition precedent.

## COUNT 5
## PUNITIVE DAMAGES

40. As their First Affirmative Defense to Count 5, Defendants TAP and Lucescu assert that all claims following Count 1 constitute shotgun pleading.

41. As their Second Affirmative Defense to Count 5, Defendants TAP and Lucescu claim as their second Affirmative Defense to Count 5 that the punitive damages claim is not a valid cause of action.

42. As their Third Affirmative Defense to Count 5, Defendants TAP and Lucescu assert that Count 5 is impermissibly repetitious and/or duplicative with other claims alleged.

43. As their Fourth Affirmative Defense to Count 5, Defendants TAP and Lucescu assert corporate veil doctrine. The Film at issue was owned by and created and promulgated by a separately legal entity, to wit: The Deep Rig Movie, LLC.

44. As their Fifth Affirmative Defense to Count 5, Defendants TAP and Lucescu assert failure to satisfy condition precedent.

* * *

The facts having not been fully developed, Defendants reserve the right to assert additional defenses that become available or apparent during discovery or otherwise during the pendency of this action and reserve the right to amend their Answer accordingly.

* * *

WHEREFORE, Defendants The America Project, Inc. and Steven Lucescu respectfully request that the Court enter an Order (a) dismissing the Second Amended Complaint with prejudice; (b) awarding their costs and attorney fees incurring in defending this action; and (c) grating any further relief that this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Defendants The America Project, Inc. and Steven Lucescu respectfully demand trial by jury on all issues so triable as a matter of right.

Date: November 28, 2025

Respectfully submitted,

**DEMPSEY LAW, PLLC**

/s/ Christopher W. Dempsey
CHRISTOPHER W. DEMPSEY
M.D. Fla. Bar. No. 1038319
50 N Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (571) 289-6330
Fax: (904) 587-0372
Email: chris@cdempseylaw.com

*Counsel for Defendants*
*The America Project, Inc.*
*& Steve Lucescu*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2025, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the CM/ECF system, which will send notice of the filing to all attorneys of record.

/s/ Christopher W. Dempsey
CHRISTOPHER W. DEMPSEY
*Counsel for Defendants*
*The America Project, Inc.*
*& Steve Lucescu*