IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,

        Defendant,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

        Defendants.

_____/

## DEFENDANT PATRICK BYRNE'S MOTION TO EXTEND DEADLINE TO MAKE EXPERT WITNESS DISCLOSURES

The Defendant, Patrick Byrne, by and through his undersigned counsel, pursuant to Rule 16 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for a 60-day extension of the December 1, 2025, deadline to disclose expert reports.  In support of this Motion, the Defendant states as follows:

1.      On July 8, 2025, the undersigned counsel, Peter Ticktin, filed his Notice of Appearance on behalf of Defendant Patrick Byrne. [DE 218].

2.      On July 30, 2025, this Court entered an Endorsed Order amending the Case Management Scheduling Order [DE 225]. Pursuant to the Court's Order, the current deadlines are as follows:

    a. Defendant's expert disclosures: December 1, 2025,

b. Rebuttal expert disclosures: January 9, 2026,

c. Discovery: March 2, 2026,

d. Dispositive Motions: April 1, 2026

e. Mediation Hearing: May 1, 2026,

f. Pretrial Conference: October 16, 2026,

g. Trial: November 2026.

3.    The Defendant respectfully moves for a 60-day extension of the December 1, 2025, deadline to disclose expert reports. This extension is necessary to allow newly retained counsel sufficient time to properly evaluate the case, complete essential discovery, and identify appropriate expert witnesses.

4.    Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that, "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Harris v. Reverse Mortg. Sols. Inc.*, 800 F. App'x 708, 711 (11th Cir. 2020)(quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

5.    Here, a good cause exists for an extension of the Expert Disclosure deadline.

6.    The undersigned counsel was retained relatively recently, appearing in this case on July 8, 2025, less than five months ago. The undersigned counsel has been diligent in attempting to get up to speed on this highly complicated case,

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

but the complexity of the issues involved necessitates additional time to properly evaluate the need for expert testimony.

7.      Specifically, this case involves an understanding of voting machines, vote adjudication, and the underlying software and hardware by which those machines and adjudication processes function.

8.      Although the undersigned counsel has been diligently familiarizing himself with the case, he still needs additional time to bring himself up to speed on the technical aspects of voting systems, to make an informed decision on selecting experts, and to determine the scope of the expert reports needed.

9.      Additionally, critical discovery remains outstanding, most notably the deposition of the Plaintiff, ERIC COOMER. The Defendant is still attempting to coordinate a date for the Plaintiff's deposition.

10.     The Plaintiff's deposition is essential for understanding the full scope of the claims and determining what expert testimony will be necessary to address them. Without the deposition testimony, the Defendant will not have sufficient information for a meaningful evaluation of the Plaintiff's position. See *Warrington v. Rakesh Patel*, No. 2:22-cv-77-JES-KCD, 2024 U.S. Dist. LEXIS 137015, at *4 (M.D. Fla. Aug. 2, 2024) (finding good cause to extend deadline to disclose any expert testimony when the plaintiff recently obtained new counsel and document production and depositions were outstanding).

11.     Furthermore, the requested 60-day extension would not significantly

3

disrupt the overall case schedule. The requested extension would still allow sufficient time for the Plaintiff to complete discovery before the current deadlines. The Court could either maintain the subsequent deadlines or adjust them slightly while still preserving the October 16, 2026, Pretrial Conference date.

12.    The purpose of expert disclosure requirements is to provide parties with a "reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253,1265 (11th Cir. 2008)(internal citations omitted). This purpose would still be fulfilled even with the requested extension, as the Plaintiff would have ample time to depose the Defendant's experts and prepare rebuttal testimony before the close of discovery.

13.    No prejudice will result to the Plaintiff from a brief extension of time.

14.    This request is made in good faith and not for the purpose of delay.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Honorable Court grant a 60-day extension of the deadline to provide the Defendants' Expert Disclosures, from December 1, 2025, to January 30, 2026, and grant such further and other relief as this Honorable Court may deem just and proper.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has attempted to confer in good faith with the Plaintiff's counsel via email on December 1, 2025. Counsel for the Plaintiff has not responded although they responded to another issue.

/s/ David L. Perry
David L. Perry, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2025, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ David L. Perry
David L. Perry, Esquire

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757