IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
TAMPA DIVISION

Civil Action No. 8:24-00008-TPB-SPF

ERIC COOMER, Ph.D.,

    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,

    Defendants

---

**PLAINTIFF ERIC COOMER, Ph.D.'S RESPONSE IN OPPOSITION TO DEFENDANT PATRICK BYRNE'S MOTION FOR EXTENSION OF TIME TO MAKE EXPERT WITNESS DISCLOSURES**

---

Eric Coomer, Ph.D. (Dr. Coomer), by and through undersigned counsel, files this Response in Opposition to Defendant Patrick Byrne's Motion for Extension of Time to Make Expert Witness Disclosures (Doc. 256) (the Motion), and in support, respectfully shows:

## INTRODUCTION

1. On the day his expert disclosures were due, Defendant Byrne requested a 60-day extension of his deadline. Byrne cannot demonstrate good cause for the relief requested and the proposed extension should be denied accordingly.

## BACKGROUND FACTS

2. On April 10, 2025, Dr. Coomer filed a Motion to Modify Case Management and Scheduling Order. (Doc. 206). At that time, Dr. Coomer's expert disclosure deadline was April 14, 2025. In that Motion, Dr. Coomer noted that he needed an extension for disclosure of one expert report, that of Doug Bania, on account of various difficulties with discovery that had arisen at that point. However, Dr. Coomer also stated his intent to still meet the expert disclosure deadline with respect to his other two retained experts, Dr. J. Alex Halderman and Mike Rothschild. *Id.* at ¶ 9.

3. On April 14, 2025, Dr. Coomer disclosed the expert reports of both Dr. Halderman and Mr. Rothschild.

4. On April 15, 2025, the Court set a hearing to address the Motion and other related matters on April 23. (Doc. 208). That hearing ultimately included discussion of the Special Motion for Admission filed by Stefanie Lambert. The Court stayed discovery at that time while it addressed Lambert's potential admission.

5. Byrne's current counsel entered an appearance on July 8, 2025. (Doc. 218). The Court subsequently issued an Order amending the Case Management and Scheduling Order on July 30. (Doc. 225). That Order established Dr. Coomer's expert disclosure deadline as October 30, 2025, and Defendants' expert deadline as December 1.

2

6. On October 30, Dr. Coomer disclosed his third and final expert report, that of Doug Bania.

7. On December 1, 2025, the day his disclosures were due, Byrne sent a conferral email requesting an additional 60 days and thereafter filed the Motion.

## LEGAL STANDARD

8. Federal Rule of Civil Procedure 6(b)(1)(A) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion if the court acts, or if a request is made, before the original time or its extension expires." To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *Ashmore v. Sec'y Dept. of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013) (*citing Oravec v. Sunny Isles Luxury Ventures*, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008)).

9. Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard requires the parties to show attempts to comply with the Court's deadlines and "that despite the party's diligence the deadline could not be met." *Nautilus Ins. Co. v. Naples Water Sports, Inc.*, 2011 WL 13295060, *1 (M.D. Fla. 2011); *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

## ARGUMENT

10. In support of the Motion, Byrne relies primarily on three factors that he alleges constitute good cause. First, Byrne points to his counsel's "relatively recent[]" admission to the case. Second, Byrne highlights the "complexity of the issues involved." And third, Byrne asserts the need to take Dr. Coomer's deposition before making any expert disclosures. None of these arguments are supported by the facts, and all are insufficient as a matter of law. Nonetheless, Byrne maintains that Dr. Coomer will not be prejudiced by this delay. The Court should reject all of these arguments and deny the Motion accordingly.

### A.   Recency of counsel's admission.

11. Byrne argues that the recent admission of his counsel on July 8, 2025, warrants an extension of time to file expert disclosures. In support of this proposition, he relies primarily on *Warrington v. Rakesh Patel*, No. 2:22-cv-77-JES-KCD, 2024 U.S. Dist. LEXIS 137015, at *4 (M.D. Fla. Aug. 2, 2024). The Order referenced does not specify the amount of time that intervened between the plaintiff's counsel's entry of appearance and the subsequent motion for extension of time, but the docket report sheds some light on that inquiry. In *Warrington*, plaintiff's new counsel appeared to file an entry of appearance on May 17, 2024.[1] The subsequent Motion to Modify the Case Management Order was filed just two months later, on July 16, 2024.[2]

---

[1] **Exhibit 1**, p. 30 (Doc. 255).

[2] *Id.*, p. 25 (Doc. 284).

12. This is substantially less time than the now more than five months that Byrne's counsel has had to familiarize himself with the facts of this case. This distinction is especially notable here, where the Court issued a new Case Management and Scheduling Order on July 30, three weeks *after* Mr. Ticktin's entry of appearance. This notice gave Byrne's counsel ample opportunity to prepare for this upcoming deadline and to review the expert reports that had already been disclosed several months prior.

13. Notably, while Byrne argues that his counsel "has been diligent in attempting to get caught up to speed," at no point does he state *how*. It is unclear from the Motion what steps, if any, Byrne's counsel has taken in an effort to meet the deadline. As noted above, neither the Motion nor its associated conferral email were ever dispatched until the day of the deadline itself.

**B.    Complexity of the issues.**

14. Byrne's next argument, that the issues involved in this case are uniquely complex, is also unavailing. Dr. Coomer has disclosed three retained experts to opine on the following matters: (1) voting machine technology and election security,[3] (2) the QAnon conspiracy theory and the preconceived narrative at issue in this dispute,[4] and (3) the spread of Defendants' false statements and resulting reputational damages.[5]

---

[3] Expert report of Dr. J. Alex Halderman, disclosed on April 14, 2025 (EC 008648-EC 008725).
[4] Expert report of Michael Rothschild, disclosed April 14, 2025 (EC 008726-EC 008794).
[5] Expert report of Doug Bania, disclosed October 30, 2025 (EC 008795-EC 008844).

5

15.     With respect to voting machine technology and election security, Byrne has repeatedly urged the Court to allow Stefanie Lambert's involvement in this case, purportedly because she possesses unique knowledge on these matters. The Court has allowed her to continue in a limited role in this case, presumably due in part to those arguments. Assuming those arguments were made in good faith, Byrne has no valid reason for needing additional time on this subject, especially when Dr. Halderman's report has been in his possession for nearly eight months. In any case, while Dr. Coomer agrees that election technology is a specialized field, this is true of *any* field that warrants expert testimony. There is nothing uniquely complex about this area that warrants additional time, especially in the context of a defamation case where this testimony will be necessary only for purposes of establishing a subset of actual malice factors.

16.     With respect to the QAnon conspiracy theory and its prominence in *The Deep Rig*, Mr. Rothschild's report does not feature any uniquely technical or otherwise inaccessible opinions or conclusions. And with respect to Mr. Bania's damages analysis, the report is typical of this type of analysis, and of Mr. Bania's own reports and methodology applied in Dr. Coomer's related cases. Indeed, Byrne requested, and received, copies of three of Mr. Bania's reports in related proceedings more than a year ago on November 13, 2024.[6] As a result, Byrne has had substantial advance notice of the analysis Mr. Bania was expected to produce.

---

[6] Plaintiff's Second Amended Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) (Nov. 13, 2024).

### C. Dr. Coomer's deposition.

17. Byrne also asserts that he cannot produce expert disclosures unless and until Dr. Coomer is deposed. But Dr. Coomer has been proposing dates for his own deposition for over a year now. While it is true that Dr. Coomer's deposition is currently set for January 2026, it is also true the Dr. Coomer recently offered for his deposition to occur on any of several potential dates in November. Most recently, undersigned counsel sent emails proposing various potential dates for Dr. Coomer's deposition on September 8 and October 6.[7] Byrne's counsel did not respond to either of those emails until November 11, at which point he proposed a date that was no longer available. Had Byrne simply responded in early September to Dr. Coomer's offers, his deposition could have been set and completed well before the December 1 deadline. Here again, Byrne's assertions of diligence ring hollow.

18. Even if Byrne had been diligent in responding to or requesting dates for Dr. Coomer's deposition at any point in the last year, he still would not need to take this deposition in order to abide by his own expert witness disclosure deadline. This is because Dr. Coomer has already been deposed on five separate occasions in multiple related proceedings, and all of these transcripts have been produced to Defendants in this litigation. In fact, Dr. Coomer was deposed in

---

[7] **Exhibit 2**, pp. 2-4.

*Coomer v. Donald J. Trump for President, Inc. et. al.*,[8] *US Dominion et. al. v. Fox News Network*,[9] *Coomer v. Lindell et. al.*,[10] *Coomer v. Make Your Life Epic LLC et. al.*,[11] and *US Dominion et. al. v. Sidney Powell et. al.*[12] All of the deposing parties had interests almost precisely aligned with those of Defendant Byrne. As a result, it is unclear what new information, if any, Defendants expect to get from Dr. Coomer when he is deposed for a sixth time in this proceeding, but there can be no argument that Byrne does not have information sufficient to inform his expert disclosures.

**D.      Prejudice to Dr. Coomer.**

19.    Dr. Coomer filed this case more than three years ago. To this day, a search for his name on social media produces results of any number of individuals repeating the false claims at issue in this dispute, often alongside images of Dr. Coomer and calls for his imprisonment or execution.[13] For his part, Defendant

---

[8] *Coomer v. Donald J. Trump for President, Inc. et. al.*, Case No. 2020cv34319 (Denver Dist. Ct. Sep. 23, 2021), transcript disclosed to Defendants as EC 003192-EC 003228 on Sept. 30, 2024.

[9] *US Dominion et. al. v. Fox News Network*, Case No. N21C-03-257 EMD (Sup. Ct. Del. Sep. 27, 2022), transcript disclosed to Defendants as EC 004558-EC 004626 on Sept. 30, 2024.

[10] *Coomer v. Lindell et. al.*, Case No. 22-cv-01129-NYW-SJC (Dist. Ct. Colo. Feb. 15, 2023), transcript disclosed to Defendants as EC 003597-EC 003665 on Sept. 30, 2024.

[11] *Coomer v. Make Your Life Epic, LLC et. al.*, Case No. 21-cv-03440-WJM-KAS (Dist. Ct. Colo. July 30, 2024), transcript disclosed to Defendants as EC 002524-EC 002597 on Sept. 30, 2024.

[12] *US Dominion et. al. v. Sidney Powell et. al.*, Case No. 21-cv-00040 (CJN) (Dist. Ct. D.C. Aug. 26, 2024) transcript disclosed to Defendants as EC 004627-EC 004730 on Sept. 30, 2024.

[13] *See, e.g.*, Michael Mercer, @Sailtoad, X (Dec. 8, 2025) ("Jena Griswold, John Poulos, Eric Coomer, and Judge Matthew Barrett should be arrested for Treason NOW!!!"), available at https://x.com/Sailtoad/status/1998069679932203010?s=20

Byrne continues to publicly encourage this harassment.[14] This conduct needs to end. Any and all delays in resolution of this case are prejudicial to Dr. Coomer, and this latest effort to amend the Case Management and Scheduling Order should be rejected.

## CONCLUSION

Plaintiff Eric Coomer, Ph.D. requests this Court deny Defendant Patrick Byrne's Motion for Extension of Time to Make Expert Witness Disclosures, and for such other and further relief to which he may be entitled.

Respectfully submitted this 9th day of December 2025.

                                              */s/ Brad Kloewer*
                                      Charles J. Cain, CO Atty No. 51020*
                                      ccain@cstrial.com
                                      Bradley A. Kloewer, CO Atty No. 50565*
                                      bkloewer@cstrial.com
                                      Ashley N. Morgan, CO Atty No. 61713*
                                      amorgan@cstrial.com
                                      **CAIN & SKARNULIS PLLC**
                                      P. O. Box 1064
                                      Salida, Colorado 81201
                                      719-530-3011 / 512-477-5011 (Fax)
                                      *Appearing via Special Admission
                                      **ATTORNEYS FOR PLAINTIFF**
                                      **ERIC COOMER, Ph.D.**

---

[14] *See, e.g.*, **Exhibit 3**, Patrick Byrne, @PatrickByrne, X (Dec. 4, 2025) ("Do you think it gives Eric Coomer pause to know that in January, he's going under oath and being deposed about the same matters … that are now the subject of a hot war in Venezuela? The glib lies end when you find yourself in a room playing for such stakes."). To be clear, sitting for his sixth deposition does not "give[] Eric Coomer pause."