IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

        Defendant,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

        Defendants.

                             /

## **MOTION FOR JUDICIAL CONFERENCE**

The Defendant, Patrick Byrne, by and through his undersigned counsel, files this his Motion for Judicial Conference, and support thereof states:

### **Background**

Patrick Byrne is currently a defendant in 2 related defamation actions. The 1st case, *Coomer v. Byrne et al*, :22-cv-01575-NYW-SKC (Dist. Colorado), was initially filed in the District of Colorado on June 24, 2022, and transferred to the Middle District of Florida on January 10, 2022 as *Coomer v. Byrne et al*, Case No. 8:24-cv-00008-TPB-SPF (Mid. Dist. of Florida) (hereinafter "Coomer Case"), brought by the Plaintiff Eric Coomer.

The 2nd case, *US Dominion, Inc. et al v. Byrne*, Case No. 1:21-cv-02131-CJN-MAU (hereinafter "Dominion Case"), was brought by Dominion Voting Systems.

It is pending in the United States District Court for the District of Columbia. Both cases arise from allegations related to the exact same statements and/or republication of statements by Patrick Byrne, regarding the 2020 Presidential Election and claims of election interference, namely, the following statement by Joseph Oltman in the film *The Deep Rig*:

> They had to do an update [of Dominion software] in the middle [of election day] and that took it down for four hours. But the person who gave the update was Eric Coomer. And at that moment my heart sank. That's when I knew. That's when I knew that there was a, you know, Dominion Voting Systems was in 28 states. That's when I started to realize that, you know, this guy Eric Coomer, when he said on that call 'Don't worry about Trump, he's not going to win.' That's when I realized that there's a high probability he affected the election. [DE 197].

Notably, the Plaintiff in the case at bar, Eric Coomer, was the Director of Product Strategy and Security for Dominion Voting Systems, Inc., at the time of the 2020 Presidential Election. He was also an engineer making changes to the adjudication software for the 2020 election.

The controversies in both *Coomer v. Byrne et al* and in *US Dominion, Inc. et al v. Byrne* stem from Eric Coomer's access and ability to control the tally of the 2020 election, and the two cases are therefore inextricably intertwined.

All of the discovery materials relating to Eric Coomer's involvement with the 2020 Presidential Election, were held by Dominion Voting Systems in the *US Dominion, Inc. et al v. Byrne* case pending in the District of Columbia and have

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

been provided to the defendants of a number of consolidated cases, all subject to a very tight Protective Order, which is unusual, in that all discovery is limited to use in the case in Washington, D.C.

As both cases involve the very same factual assertions, the evidence obtained in the District of Columbia case, are needed in the Middle District of Florida case.

Dr. Byrne has obtained discovery materials, including communications and deposition transcripts, which are directly relevant to his defense in the present action. Those materials establish the Plaintiff Eric Coomer's involvement in election interference during the 2020 Presidential Election, including the mechanisms, methods, and collaborators involved.

However, the Protective Order in the District of Columbia case currently prohibits the use of any discovery materials outside of that litigation. A true and correct copy of the Amended Protective Order in effect in *US Dominion, Inc. et al v. Byrne*, Case No. 1:21-cv-02131-CJN-MAU is attached hereto and marked as Exhibit "A."

Dr. Byrne recently filed a Motion for Relief from the Protective Order in the District of Columbia case, but the motion was stayed by the District Court Judge, the Honorable, Judge Nichols. A true and correct copy of the Motion for Relief from the Protective Order filed in *US Dominion, Inc. et al v. Byrne*, Case No. 1:21-cv-02131-CJN-MAU is attached hereto as Exhibit "B." As a result, the Defendant, Dr. Byrne, is unable to use this evidence in the present action between former

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Dominion employee, Eric Coomer and Dr. Byrne without relief from the Protective Order.

Nonetheless, evidence subject to the Protective Order in *US Dominion, Inc. et al v. Byrne*, Case No. 1:21-cv-02131-CJN-MAU is critical to both Dr. Byrne's truth defense in the Middle District of Florida case, and it's use in the instant action is necessary to explain to this Court both the relevance and proportionality of the discovery requested by Dr. Byrne in his response to the Plaintiff, Eric Coomer's Motion for Protective Order.  [DE 274].

<u>**Argument**</u>

**The Court has the Right
To Confer with Judge Nichols**

This Court has the authority to hold a judicial conference with Judge Nichols of the United States District Court for the District of Columbia to coordinate discovery matters between these related cases.  F.R.Civ.P. 16 authorizes pretrial conferences for purposes including "expediting disposition of the action," "establishing early and continuing control," and "discouraging wasteful pretrial activities."

Additionally, Federal Rule of Civil Procedure 26(c) grants courts broad discretion to issue and modify protective orders governing discovery. Coordination between this Court and the District of Columbia court would promote judicial efficiency, prevent duplicative discovery efforts, and ensure that the Defendant has access to all relevant evidence necessary to present a complete

4

defense in this action.

The All Writs Act provides further authority for this Court to take necessary or appropriate actions in aid of its jurisdiction, including coordinating with another federal court on discovery matters.  28 U.S.C. § 1651(a).  F.R.Civ.P. 45(f) also demonstrates the federal courts' established mechanisms for coordinating discovery matters across district boundaries.

The federal rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." A judicial conference between this Court and Judge Nichols, the presiding judge in *US Dominion, Inc. et al v. Byrne*, Case No. 1:21-cv-02131-CJN-MAU would serve these purposes by facilitating the efficient resolution of the Protective Order issue and ensuring that all relevant evidence is available for the just determination of the above styled case.

**Examples of Dominion Case**
**Document Which Should Be**
**Available in Coomer Case**

For example, Eric Coomer has directed and worked side by side with Dominion employees from Venezuela for more than a decade prior to the 2020 election.  Ronald Santiago Morales Valles, (hereinafter "Ronald Morales") is one example of an engineer from Venezuela working with Eric Coomer at Dominion in 2020.  There is a common Smartmatic/Sequoia/Dominion international network that has largely remained the same for two decades.  Eric Coomer did not act alone,

5

but he is a leader and a central player in the network.

In 2006-2007, Ronald Morales, and 30 other Venezuelan engineers, were given VISAs to enter the United States and work for Eric Coomer at Sequoia Voting to modify the election equipment with the Smartmatic code and programming. Ronald Morales, and other Smartmatic employees were plucked from Petroleos de Venezuela where they wrote code to begin work for Smartmatic and handpicked for the US modifications.

Both, Eric Coomer and Ronald Morales worked for the Venezuelan leaders, Dimas Ulacio, Eduardo Correia, Ellie Moreno, and Roger Alejandro Pinate Martinez, now indicted in *USA v. Donato Bautista et al*, Case No. 24-cr-20343, U.S. District Court, Southern District of Florida.

Coomer and Morales worked together at Sequoia in 2007, and Coomer was Morales' supervisor. Together, Coomer and Morales worked with Fernando Hernandez and other at Smartmatic Venezuela to implement remote access through the "RAS Server" the remote access server. A true and correct copy of the 2007 email between Sequoia and Smartmatic regarding Remote Access Servers is attached hereto and marked as Exhibit "C."

Coomer and Morales joined Dominion in 2010 when Dominion acquired Sequoia, and both worked the November 3, 2020 election together. Ronald Morales was stationed in Chicago, Illinois on November 3, 2020.

The discovery and deposition transcripts under protective order

6

demonstrate a common network of individuals carrying out the same acts of manipulation, deletion, and remote access, that the Plaintiff cannot elaborate on without permission from the Court.

**The Right to Use Evidence From
the Dominion Case in the Coomer
Case is Reasonable and Not Contrary
to the Reasons for the Protective Order**

The Defendant in the Dominion Case is the same defendant as in the Coomer Case.  Hence, Patrick Byrne already had access to the documents which were provided by Dominion in the Dominion case.  Also, Dr. Byrne's lawyers are the same attorneys, and they are privy to the discovery in the Dominion Case.  Moreover, Eric Coomer has a common interest agreement with Dominion, so he, more than likely is privy to all of the discovery provided by Dominion.  See Decl. of Ingrid J. DeFranco.  See also Decl. of Andrea M. Hall.

Patrick Byrne is agreeable that he and his attorneys will encourage this Court to enter a Protective Order, so that the documents used in the Coomer Case will be protected, as are the documents which were provided in the Dominion Case.  Therefore, there is no reason that Dr. Byrne should be deprived in the Coomer Case of the same documents he already has in the Dominion Case.

## Conclusion

For the foregoing reasons, the Defendant Patrick Byrne, respectfully requests that this Court conduct a Judicial Conference as it relates to the case at bar, and *US Dominion, Inc. et al v. Byrne*, Case No. 1:21-cv-02131-CJN-MAU in

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

the District of Columbia, where Judge Barber can access the records to see the evidence which has been provided in the Dominion Case and how it is relevant and necessary in the Coomer Case.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Court schedule a Judicial Conference with Judge Nichols of the United States District Court for the District of Columbia to discuss modifying the protective order in *US Dominion, Inc. et al v. Byrne*, Case No. 1:21-cv-02131-CJN-MAU, to allow the use of discovery materials from that case in the instant action, issue an order requesting Judge Nichol's participation at such Judicial Conference, and grant such further and other relief as this Honorable Court may deem just and proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has attempted to confer in good faith with the Plaintiff's counsel via telephone on January 19, 2026 and email on January 22, 2026. Counsel for the Plaintiff did not respond to the undersigned counsel's attempt to confer. The undersigned counsel will supplement this conferral upon response from counsel for the Plaintiff.

*/s/ David L. Perry II*
David L. Perry II

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ David L. Perry II
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*

9