# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFFENDANT PATRICK BYRNE'S REQUEST FOR ADMISSIONS SERVED ON DECEMBER 23, 2025**

---

TO:   Defendant Patrick Byrne, by and through counsel, Peter Ticktin and David L. Perry II, The Ticktin Law Group, 270 SW Natura Avenue, Deerfield Beach, Florida 33441-1610

Plaintiff Eric Coomer, Ph.D. serves his objections and responses to Defendant Patrick Byrne's Request for Admissions which were served on December 23, 2025.

Respectfully submitted this 22nd day of January 2026.

Respectfully submitted,

    */s/ Charles J. Cain*
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
Ashley N. Morgan, CO Atty No. 61713*
amorgan@cstrial.com

**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)
*Appearing via Special Admission
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Objections and Responses to Defendant Patrick Byrne's Request for Admissions served on December 23, 2025, has been served on all counsel on this 22nd day of January 2026, via email transmission as follows:

| **Counsel for Defendant Patrick Byrne** | **Counsel for Defendants Steven Lucescu and The America Project** |
|---|---|
| Peter Ticktin | Christopher W. Dempsey |
| Serv512@legalbrains.com | chris@dempseylaw.com |
| pt@legalbrains.com | Dempsey Law, PLLC |
| David Perry | 50 N. Laura Street, Suite 2500 |
| DPerry@legalbrains.com | Jacksonville, Florida 32202 |
| Serve600@legalbrains.com | |
| The Ticktin Law Group | |
| 270 SW Natura Avenue | |
| Deerfield Beach, Florida 33441 | |

　　　　　　　　　　　　　　　　　　　　　　　/s/ Charles J. Cain
　　　　　　　　　　　　　　　　　　　　　Charles J. Cain

2

## OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSIONS

1. Admit that you were employed as the Director of Product Strategy and Security for Dominion Voting Systems, Inc. ("Dominion") during the 2020 Presidential Election.

**RESPONSE: Admitted.**

2. Admit that your job responsibilities as Director of Product Strategy and Security for Dominion included overseeing the security of Dominion's voting systems.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to define the terms "overseeing" or "security." Subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Plaintiff admits that one of his responsibilities was communicating various security requirements internally and that he represented Dominion at times in security discussions with relevant authorities, clients, and other third parties. For matters outside of these parameters, Plaintiff stands on his Objection and denies the request without further clarification.**

3. Admit that your job responsibilities as Director of Product Strategy and Security for Dominion included involvement in the development of software for Dominion's voting systems.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to define the terms "involvement," "development," or "Dominion voting systems". Subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Plaintiff admits that he internally communicated market requirements and high-level requirements for new features and enhancement of existing features. For matters outside of these parameters, Plaintiff stands on his Objection and denies the request without further clarification.**

3

4. Admit that you were involved in the development of the adjudication system for counting votes used by Dominion's voting machines during the 2020 Presidential Election.

**OBJECTION: Plaintiff objects to this request to the extent it relies on a false premise; namely that Dominion's adjudication system is used for counting votes. As such, the request is vague and unclear. Subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Plaintiff admits that he was one of the individuals responsible for the conception of the high-level architecture and functionality of the adjudication system based on market and statutory requirements for Dominion's clients. For matters outside of these parameters, Plaintiff stands on his Objection and denies the request without further clarification.**

5. Admit that you had authority to approve software and/or updates to Dominion voting systems during the 2020 Presidential Election.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide definitions for "approve," "software," and "updates." In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Denied.**

6. Admit that you had authority to implement software updates to Dominion voting systems during the 2020 Presidential Election.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide definitions for "implement," "software," and "updates." In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Denied, based in whole or in part, on the obscurity of the request.**

7. Admit that Dominion voting systems experienced a downtime between January 1, 2016 to December 31, 2020.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the phrase "Dominion voting systems" [sic] and "experienced a downtime." Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Denied based, in whole or part, on the obscurity of the request.**

8. Admit that a software update to Dominion voting systems was implemented during the 2020 Presidential Election.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the phrase "during the 2020 Presidential Election." Plaintiff further objects to the extent the request does not define "Dominion voting systems" [sic] and could conceivably implicate various third-parties. Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Denied based, in whole or in part, on the obscurity of the request.**

9. Admit that a software update to Dominion voting systems during the 2020 Presidential Election took systems offline for a period of time.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the phrase "Dominion voting system" [sic] and "during the 2020 Presidential Election." Plaintiff further objects to the extent the request does not define the terms "offline" or "a period of time." Plaintiff, therefore, does not understand the question and does not know if he has any knowledge**

5

responsive to this request. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:

**RESPONSE: Denied based, in whole or in part, on the obscurity of the request.**

10. Admit that voting data, code and/or software implemented on Dominion voting systems was modified during the 2020 Presidential Election which took systems offline for approximately four hours in at least one voting precinct.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the phrase "during the 2020 Presidential Election." Plaintiff further objects to the extent the request does not define the terms "voting data," "code," "software," "systems," or "offline." Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Denied based, in whole or in part, on the obscurity of the request.**

11. Admit that Dominion voting systems may include wireless network interface cards.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the phrase "wireless network interface cards." Plaintiff further objects to the extent the request does not define "Dominion voting systems" [sic] and could conceivably implicate various third-parties. Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Denied based, in whole or in part, on the obscurity of the request.**

12. Admit that Dominion voting systems are capable of networking to a central server computer system through use of wireless network inface cards.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the phrase "capable of" "central server computer system" or "wireless network inface [sic] cards." Plaintiff further objects to the extent the request does not define "Dominion voting systems" [sic] and could conceivably implicate various third-parties. Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Denied based, in whole or in part, on the obscurity of the request.**

13. Admit that Dominion voting systems are capable of transmitting optical image data to a central server computer system.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the phrase "transmitting," "optical image date," or "central server computer system." Plaintiff further objects to the extent the request does not define "Dominion voting ystems" [sic] and could conceivably implicate various third-parties. Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Denied based, in whole or in part, on the obscurity of the request.**

14. Admit that Dominion voting systems are capable of being managed remotely.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the terms "being managed" or "remotely." Plaintiff further objects to the extent the request does not define "Dominion voting systems" and could conceivably implicate various third-parties. Plaintiff, therefore, does not understand the**

7

question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:

**RESPONSE: Denied based, in whole or in part, on the obscurity of the request.**

15. Admit that you were involved in implementing at least one software update to Dominion voting systems during the 2020 Presidential Election.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the terms "involved in," "implementing," "software update," and "during the 2020 Presidential Election." Plaintiff further objects to the extent the request does not define "Dominion voting systems" and could conceivably implicate various third-parties. Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Admitted in part; however, based on the obscurity of the request the admission is limited accordingly. Plaintiff has testified at length about the *de minimis* update in Georgia in or about October 2020. Plaintiff was not involved directly in the referenced update but was involved in discussions regarding same and as he testified to in *Curling v. Raffensberger*.**

16. Admit that you were involved in implementing a software update to Dominion voting systems during the 2020 Presidential Election that took systems offline.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the terms "involved in," "implementing," "software update," "during the 2020 Presidential Election," "systems" and "offline." Plaintiff further objects to the extent the request does not define "Dominion voting systems" and could conceivably implicate various third parties. Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further**

clarification, and subject to these Objections, Plaintiff responds as follows:

**RESPONSE: Admitted in part; however, based on the obscurity of the request the admission is limited accordingly. Plaintiff has testified at length about the *de minimis* update in Georgia in or about October 2020. Plaintiff was not directly involved in the referenced update but was involved in discussions regarding same and as he testified to in *Curling v. Raffensberger*.**

17. Admit that you communicated with other Dominion employees regarding software updates to Dominion voting systems during the period of October 1, 2020 through November 30, 2020.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the term "software updates." Plaintiff further objects to the extent the request does not define "Dominion voting systems" and could conceivably implicate various third-parties. Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. Plaintiff further objects to the timeframe of this request as he was placed on administrative leave in mid-November 2020. In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Plaintiff admits that he communicated with other Dominion employees about potential system software updates during the period of October 1, 2020 through November 30, 2020. To the best of Plaintiff's recollection, these communications would be related to the same subject matter he testified to in *Curling vs. Raffensberger*.**

18. Admit that you have made public statements regarding Dominion voting systems and the 2020 Presidential Election.

**RESPONSE: Admitted.**

9

19. Admit that you have not sought medical treatment for the emotional distress you claim to have suffered since the publication and release of the film "The Deep Rig."

**RESPONSE: Denied.**

20. Admit that you did not leave your employment with Dominion as a result of any statement made in the film "The Deep Rig."

**RESPONSE: Plaintiff admits that he left his employment with Dominion prior to the publication of "The Deep Rig," but denies that the statements made in "The Deep Rig" were not the same false statements that resulted in the loss of his employment.**

21. Admit that you have not lost any employment opportunities as a direct result of statements made in "The Deep Rig."

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to define "lost" or "employment opportunities." In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Denied.**

22. Admit that you have not taken any steps to mitigate the damages you claim to have suffered as a result of statements made in "The Deep Rig."

**RESPONSE: Denied.**

23. Admit that you have no evidence that Defendant Patrick Byrne and Joe Oltman conspired together to make false statements about you.

**OBJECTION: Plaintiff objects to this request to the extent it seeks a legal conclusion. Plaintiff further objects to the requests as vague and unclear to the extent it fails to define the term "conspired." In the absence of further clarification, and subject to these Objections, Plaintiff responds as follows:**

10

**RESPONSE: Denied.**

24. Admit that you have no evidence that Defendant Patrick Byrne knew that any statements made about you in "The Deep Rig" were false at the time they were made.

**OBJECTION: Plaintiff objects to this request to the extent it seeks a legal conclusion. Subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Denied.**

25. Admit that you have no evidence that Defendant Patrick Byrne acted with actual malice in connection with any statements made about you in "The Deep Rig."

**OBJECTION: Plaintiff objects to this request to the extent it seeks a legal conclusion. Subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Denied.**

26. Admit that you are a public figure for purposes of the 2020 Presidential Election.

**OBJECTION: Plaintiff objects to this request to the extent it seeks a legal conclusion. Plaintiff further objects to this request as vague and unclear to the extent it fails to provide a definition for the term "public figure." Subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Denied.**

27. Admit that you have received royalties from the licensing of software as described by U.S. Patent No. 9,202,113.

**RESPONSE: Denied.**

28. Admit that you have received royalties from the licensing of hardware as described by U.S. Patent No. 9,202,113.

**RESPONSE: Denied.**

29. Admit that you assisted in creating the adjudication software and/or code used by Dominion on its voting machines.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the term "creating" or "voting machines." Plaintiff, therefore, does not understand the question and does not know if he has any knowledge responsive to this request. In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Admitted in part; however, based on the obscurity of the request the admission is limited accordingly. Plaintiff was involved in the conception, requirements, and design of the adjudication system for Dominion based on market requirements, state statutes, and certification requirements. Plaintiff was not involved in the creation of the adjudication software such as through coding or programming.**

30. Admit that the 2020 Presidential Election was a matter of public concern.

**OBJECTION: Plaintiff objects to this request to the extent it seeks a legal conclusion. Plaintiff further objects to this request as vague and unclear to the extent it fails to define "matter of public concern." Subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Admitted.**

31. Admit that Dominion's role in the 2020 Presidential Election was a matter of public concern.

**OBJECTION: Plaintiff objects to this request to the extent it seeks a legal conclusion. Plaintiff further objects to this request as vague and**

**unclear to the extent it fails to define "matter of public concern." Subject to these Objections, Plaintiff responds as follows:**

**RESPONSE: Admitted.**

32. Admit that you have met with individuals of foreign countries to discuss functioning of Dominion equipment.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the terms "met with," "individuals of foreign countries," and "functioning of Dominion equipment." Plaintiff, therefore, does not understand the question and does not know the extent to which he has knowledge responsive to this request. In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Admitted in part; however, based on the obscurity of the request the admission is limited accordingly. As part of Plaintiff's job responsibilities and duties and in particular in connection with marketing activities, Plaintiff previously met with individuals of foreign counties to discuss Dominion equipment.**

33. Admit that you have met with individuals of foreign countries to discuss Dominion vote adjudication software.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the terms "met with," "individuals of foreign countries," and "vote adjudications software." Plaintiff, therefore, does not understand the question and does not know the extent to which he has knowledge responsive to this request. In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Admitted in part; however, based on the obscurity of the request the admission is limited accordingly. Plaintiff admits that he discussed vote adjudications software with internal Dominion employees he understood to be from foreign countries.**

34. Admit that you have met with individuals of foreign countries to discuss the code used by Dominion voting systems.

13

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the terms "met with," "individuals of foreign countries," and "the code used by Dominion voting systems." Plaintiff, therefore, does not understand the question and does not know the extent to which he has knowledge responsive to this request. In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Admitted in part; however, based on the obscurity of the request the admission is limited accordingly. Plaintiff admits that he discussed election system code with internal Dominion employees he understood to be from foreign countries.**

35. Admit that you have met with individuals of foreign countries to discuss the programming used by Dominion voting systems.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to provide a definition for the terms "met with," "individuals of foreign countries," and "the programming used by Dominion voting systems." Plaintiff, therefore, does not understand the question and does not know the extent to which he has knowledge responsive to this request. In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Admitted in part; however, based on the obscurity of the request the admission is limited accordingly. Plaintiff admits that he discussed programming at a code-based level with internal Dominion employees he understood to be from foreign countries.**

36. Admit that you have received money from individuals of foreign countries in relation to your work on election systems.

**RESPONSE: Denied.**

37. Admit that you have had cloned copies of Dominion's software, programming, and/or code on your personal electronic devices.

**RESPONSE: Denied.**

14

38. Admit that you have made statements on social media expressing political opinions about the 2020 Presidential Election.

**RESPONSE: Admitted.**

39. Admit that you have made statements on social media expressing opinions about candidates in the 2020 Presidential Election.

**RESPONSE: Admitted.**

40. Admit that you are aware that Dominion election equipment is manufactured in China.

**OBJECTION: Plaintiff objects to this request because he was not involved with Dominion's manufacturing operations. As such, Plaintiff does not have direct knowledge of Dominion's supply chain, manufacturing, or delivery processes. Plaintiff further objects to this request as vague and unclear to the extent it fails to define the term "election equipment." Plaintiff, therefore, can neither admit nor deny this request.**

41. Admit that you are aware that Dominion election equipment is manufactured in Taiwan.

**OBJECTION: Plaintiff objects to this request because he was not involved with Dominion's manufacturing operations. As such, Plaintiff does not have direct knowledge of Dominion's supply chain, manufacturing, or delivery processes. Plaintiff further objects to this request as vague and unclear to the extent it fails to define the term "election equipment." Plaintiff, therefore, can neither admit nor deny this request.**

42. Admit that you are aware that Dominion's election equipment contains firmware programmed by China.

**OBJECTION: Plaintiff objects to this request because he was not involved with Dominion's manufacturing operations. As such, Plaintiff does not have direct knowledge of Dominion's supply chain,**

manufacturing, or delivery processes. Plaintiff further objects to this request as vague and unclear to the extent it fails to define the term "Dominion's election equipment" or "programmed by China." Plaintiff, therefore, can neither admit nor deny this request.

43. Admit that you are aware that Dominion's election equipment contains firmware programmed by Taiwan.

**OBJECTION: Plaintiff objects to this request because he was not involved with Dominion's manufacturing operations. As such, Plaintiff does not have direct knowledge of Dominion's supply chain, manufacturing, or delivery processes. Plaintiff further objects to this request as vague and unclear to the extent it fails to define the term "Dominion's election equipment" or "programmed by Taiwan." Plaintiff, therefore, can neither admit nor deny this request.**

44. Admit that you are aware that Serbian contractors or employees for Dominions have remote access to Dominion voting equipment during the 2020 Presidential Election and during certification.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to define the terms "during the 2020 presidential election," "during certification," and "Dominion voting equipment." In the absence of further clarification, and subject to this Objection, Plaintiff responds as follows:**

**RESPONSE: Admitted in part; however, based on the obscurity of the request the admission is limited accordingly. Plaintiff admits that in order to trouble shoot technical issues, Serbian employees had the ability to connect to Dominion equipment in Dominion's Denver office. For clarification, this is distinct from remote access to Dominion equipment fielded in customer jurisdictions.**

45. Admit that you have made statements on social media expressing opinions about former President Donald Trump.

**RESPONSE: Admitted.**

16

46. Admit that in advance of the 2020 Presidential Election you met with government officials to discuss adjudication, and following the meeting, the jurisdictions began using Dominion's adjudication programming, code, and/or software.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to define the terms "in advance of the 2020 Presidential Election," "adjudication," "the meeting," "the jurisdictions" and "Dominion's adjudication programming, code, and/or software." Plaintiff, therefore, can neither admit nor deny this request.**

47. Admit that Dominion is able to access election equipment via a virtual private network ("VPN").

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent if fails to define the terms "able to" or "election equipment." Plaintiff, therefore, can neither admit nor deny this request.**

48. Admit that you had administrative privileges to access election equipment.

**OBJECTION: Plaintiff objects to this request as vague and unclear to the extent it fails to define the terms "administrative privileges" or "election equipment." Absent further clarification, Plaintiff can neither admit nor deny the request.**

17