# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

# EXHIBIT 7

---

| DISTRICT COURT, CITY & COUNTY OF DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: March 22, 2022 10:06 PM<br>CASE NUMBER: 2020CV34319 |
|---|---|
| ERIC COOMER, Ph.D.,<br>Plaintiff<br><br>vs.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC., et al.,<br>Defendants | ▲ COURT USE ONLY ▲ |
| | Case No:    2020cv034319<br><br>Courtroom:    409 |
| **SANCTIONS ORDER AGAINST DEFENDANT OLTMANN AND COUNSEL** | |

On August 29, 2021, the Court entered a sanctions order against Defendant Oltmann granting Plaintiff reasonable and necessary attorney's fees and costs incurred in attending three depositions (Oltmann (non-appearance), FEC United, and Shuffling Madness Media). The order also extended the sanction to counsel for the Oltmann Defendants, Ms. Hall and Ms. DeFranco, for attorney's fees and costs associated with the 30(b)(6) depositions. On September 10, 2021, Plaintiff filed his affidavit of fees and costs pursuant to the order. Plaintiff requested attorneys fees in the amount of $17,500 and costs in the amount of $1,633.10 associated with Defendant Oltmann's non-appearance at his August 11, 2021 deposition. In addition, Plaintiff requested attorneys fees in the amount of $10,000 and costs in the amount of $3,763.64 related to the FEC United and Shuffling Madness Media depositions. On September 24, 2021, the Oltmann Defendants filed their objections to Plaintiff's fees and costs. Importantly, while the Oltmann Defendants raised numerous objections to the reasonableness and necessity of the fees claimed by Plaintiff, the Oltmann Defendants did not request a hearing on the issue. This

1

Court has not yet entered a final order on the proper amount of the August 29, 2021 sanction.

On September 24, 2021, the Oltmann Defendants filed an appeal of the August 29, 2021 sanctions order. On February 22, 2022, the Court of Appeals granted Plaintiff's motion to dismiss the appeal and awarded Plaintiff his appellate attorney's fees and costs. Because the Court of Appeals has dismissed the Oltmann Defendant's September 24, 2021 appeal, this Court's jurisdiction to address the August 29, 2021 order for sanctions has been restored.

On October 12, 2021, the Court entered a second sanctions order against Defendant Oltmann granting Plaintiff reasonable and necessary attorney's fees and costs related to Defendant Oltmann's refusal to respond to deposition questions. On November 12, 2021, Plaintiff filed his affidavit of fees and costs pursuant to the Order, requesting attorneys fees in the amount of $19,500.00 and costs in the amount of $4,486.15. On December 3, 2021, Defendant Oltmann filed his objections to Plaintiff's fees and costs. Again, while Defendant Oltmann raised numerous objections to the reasonableness and necessity of the fees claimed by Plaintiff, Defendant Oltmann did not request a hearing on the issue. This Court has not yet entered a final order as to the proper amount of the October 12, 2021 sanction.

On February 23, 2022, counsel for Plaintiff filed an "Advisory to Court Regarding Pending Sanctions Orders" wherein counsel for Plaintiff indicated that the August 29, 2021 Sanction Order against the Oltmann Defendants and Counsel and the October 12, 2021 Sanction Order against Defendant Oltmann are fully briefed and ripe for entry of final orders as to the amount of such sanctions. More than 21 days have passed since counsel for Plaintiff made this representation to the Court and the Oltmann Defendants have not filed any response or objection, thus waiving their right to a hearing as to the reasonableness and necessity of the fees and costs requested by Plaintiff.

Therefore, having reviewed the written pleadings of the parties and all exhibits attached thereto, the Court enters the following findings with respect to the attorneys fees

2

and costs to be paid by the Oltmann Defendants and their counsel as sanctions related to deposition misconduct pursuant to C.R.C.P. Rule 37.

**Standards Applied**:

In determining whether an attorney fee is reasonable, the trial court shall consider the eight factors for determining the reasonableness of fees set forth in Rule 1.5 of the Colorado Rules of Professional Conduct and "other factors may be appropriate to consider in a particular case." *City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1115–1116 (Colo. 1996). Here, this Court has considered the eight factors set forth in Rule 1.5 in determining the reasonableness of fees, namely: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skills requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the result obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent. "It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Payan v. Nash Finch Co.*, 310 P.3d 212, 219 (Colo. App. 2012) (*quoting Mares v. Credit Bureau*, 801 F.2d 1197, 1210 (10th Cir.1986)). A "reasonable" fee should be determined in light of all the circumstances for the time and effort reasonably expended by the prevailing party's attorney. *Spensieri v. Farmers Alliance Mutual Insurance Co.*, 804 P.2d 268 (Colo. App. 1990); *Tallitsch v. Child Support Services*, 926 P.2d 143 (Colo. App. 1996). In arriving at a reasonable fee amount, the court should initially calculate the "lodestar" amount which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. This lodestar amount carries a strong presumption of reasonableness. *Payan*, *supra*, 310 P.3d at 217. "A trial court should award attorney fees based on the prevailing market rate by private lawyers in the community." *Id*. (*citing Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 588–89 (Colo. App. 2000); *Spensieri*, 804 P.2d at 270. Additionally, the

Court has considered potential duplication of attorney services. "For example, [if] three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (*citing Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). "The burden is on the requesting party to provide sufficient information and supporting documentation to allow the court to make a reasoned decision for each cost item presented." *See Valentine v. Mountain States Mut. Ins. Cas, Co.*, 252 P.3d 1182, 1187 (Colo. App. 2011); *Moore Western Forge Corp.*, 192 P.2d 427, 439 (Colo. App. 2007). A party seeking costs must provide the court with sufficient information and supporting documentation to allow a judge to make a reasoned decision for each cost item presented. *City of Aurora ex rel. Util. Enter. v. Colo State Eng'r*, 105 P.3d 595, 627 (Colo. 2005).

### **Findings Regarding Reasonableness and Necessity and Relatedness**:

The Court has reviewed the September 10, 2021 and November 12, 2021 Affidavits of Charles J. Cain and all exhibits attached thereto. In addition, the Court has considered the September 24, 2021 *Response in Opposition to Plaintiff's Fee and Cost Bills and Request for Fees and Costs* filed by the Oltmann Defendants and the December 3, 2021 *Response in Opposition to Plaintiff's Fee and Cost Bills and Amount of Sanction Sought* filed by Defendant Oltmann and all exhibits attached thereto.

Attorneys Fees:

Charles Cain has averred that, in conjunction and consultation with co-counsel Trey Rogers, it is his opinion that, when considering all factors enumerated in Rule of Professional Conduct 1.5, an hourly rate of $500 per hour "is on the low end of a reasonable range given skill and experience of the lawyers involved, the time limitations imposed by the circumstances, the intense preparation required for the key witness in this case, the fact that the fee agreement in this case is based on a contingent fee agreement, and the novelty of the questions involved. However, because the work performed included both associate lawyers and paralegals, I conclude those factors, when assessed as a whole, suggest that no deviation from the lodestar amounts is ultimately necessary or appropriate in this instance."

4

Conversely, the Oltmann Defendants look to the Colorado Bar Association's 2017 Economics of Law Practice Survey as an indicator of reasonable hourly rates to be charged in this matter. Specifically, the Oltmann Defendants note that the mean hourly rate for all civil litigators that responded to the survey was $248 per hour.

The Court FINDS that given the breadth and complexity of this case and the intensity of the time demands on all counsel, the experience of the lawyers involved, and the novelty of the legal and factual issues involved, the following hourly rates are reasonable for the following professionals:

| Professional | Rate |
|---|---|
| Charles Cain, Partner | $500, per Cain Affidavit |
| Steve Skarnulis, Partner | $500, per Cain Affidavit |
| Bradley Kloewer, Associate Attorney | $275, per CBA survey |
| Scotti Beam, Paralegal | $137.50 (50% of associate rate per CBA survey) |
| Arlana Prentice, Paralegal | $137.50 (50% of associate rate per CBA survey) |

The Court FINDS that the following hours to be reasonably related to the deposition misconduct that occurred in this case:

**Oltmann Failure to Appear at August 11, 2021 Deposition**

| Date/Person | Task | Hours | Rate | Total |
|---|---|---|---|---|
| 8/4/21: Cain | Work on depo exhibits | 3.9 | $500 | $1,950.00 |
| 8/9/21: Prentice | Clips of CD podcast | 1.1 | $137.50 | $151.25 |
| 8/9/21: Kloewer | Collecting Evidence | 2.5 | $275 | $687.50 |
| 8/10/21: Prentice | Pull & Prepare Video Clips | 5.5 | $137.50 | $756.25 |
| 8/10/21: Beam | Conference with Ct. Reporter | 1.0 | $137.50 | $137.50 |
| 8/10/21: Cain | Deposition Prep & Travel | 7.5 | $500 | $3,750.00 |

| Date/Attorney | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 8/10/21: Kloewer | Deposition Prep | 4.0 | $275 | $1,100.00 |
| 8/11/21: Prentice | Document Oltmann's attendance at Symposium instead of deposition | 1.1 | $137.50 | $151.25 |
| 8/11/21: Skarnulis | Travel & attend scheduled Depo. | 2.0 | $500 | $1,000.00 |
| 8/11/21: Cain | Deposition Prep; travel; attend scheduled deposition | 3.8 | $500 | $1,900.00 |
| 8/11/21: Kloewer | Attend scheduled depo; conferences with partners and client | 3.0 | $275 | $825.00 |
| | | | | **$12,408.75** |

### 30(b)(6) Depositions

| Date/Attorney | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 8/4/21: Beam | Coordinate Depo Exhibits | .5 | $137.50 | $68.75 |
| 8/7/21: Skarnulis | Documents & Depo Prep | 4.3 | $500 | $2,150.00 |
| 8/9/21: Skarnulis | Travel & Depo Prep | 4.0 | $500 | $2,000.00 |
| 8/10/21: Skarnulis | Depo Prep | 2.4 | $500 | $1,250.00 |
| 8/11/21: Skarnulis | Depo Prep; Attend Depositions | 5.5 | $500 | $2,750.00 |
| 8/11/21: Cain | Attend Depositions | 2.0 | $500 | $1,000.00 |
| 8/11/21: Kloewer | Attend scheduled depositions; conferences with partners and client | 2.0 | $275 | $550.00 |
| | | | | **$9,368.75** |

### Oltmann Refusal to Answer at September 8, 2021 Deposition

| Date/Attorney | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 9/8/21: Cain | Portion of Deposition Related to Refusal to Answer | .5 | $500 | $250.00 |
| 9/20/21: Kloewer | Draft 2nd Mtn for Sanctions against Def. Oltmann | 5.0 | $275 | $1,375.00 |

6

| | | | | |
|---|---|---|---|---|
| 9/20/21: Beam | Work on 2nd Mtn for Sanctions | .5 | $137.50 | $68.75 |
| 9/22/21: Kloewer | Work on 2nd Mtn for Sanctions | 4.5 | $275 | $1,237.50 |
| 9/22/21: Cain | Revise 2nd Mtn for Sanctions | 2.0 | $500 | $1,000.00 |
| 9/24/21: Kloewer | Review Oltmann Objection to Fees | 1.0 | $275 | $275.00 |
| 9/24/21: Cain | Review Oltmann Objection to Fees | 1.0 | $500 | $500.00 |
| 9/30/21: Beam | Work on Reply to Objection to 2nd Mtn for Sanctions | .5 | $137.50 | $68.75 |
| 10/1/21: Kloewer | Draft Reply | 4.0 | $275 | $1,100.00 |
| 10/4/21: Beam | Work on Reply and Exhibits | 4.0 | $137.50 | $550.00 |
| 10/4/21: Kloewer | Final revisions to Reply | 2.0 | $275 | $550.00 |
| | | | | **$6,975.00** |

Costs:

The Court has also examined Plaintiff's requests for costs associated with the three instances of deposition misconduct. Having reviewed the documentation provided by Plaintiff to support his requested costs, the Court finds the following costs are reasonable and necessary and reasonably related to the three instances of deposition misconduct.

### Oltmann Failure to Appear at August 11, 2021 Deposition

| | | |
|---|---|---|
| Kloewer Travel: Salida to Denver | 283 miles at $.56 per mile | $158.48 |
| Cain: Hotel | | $339.15 |
| Kloewer: Hotel | | $339.15 |
| One Hr. Veritext Video Services[1] | | $100.00 |
| | | **$936.78** |

---

[1] The remaining charges imposed by Veritext are outrageous.

7

## 30(b)(6) Depositions

| | |
|---|---|
| Skarnulis Airfare | $138.98 |
| Skarnulis Hotel | $390.08 |
| Veritext Video Services for FEC[2] | $190.00 |
| Veritext Transcript for FEC[3] | $370.60 |
| Veritext Video Services for SMM[4] | $95.00 |
| Veritext Transcript for SMM[5] | $392.40 |
| | **$1,577.06** |

## Oltmann Refusal to Answer at September 8, 2021 Deposition

| | |
|---|---|
| Veritext Video Services for Oltmann[6] | $665.00 |
| Veritext Transcript for Oltmann[7] | $1,057.30 |
| | **$1,722.30** |

---

[2] The remaining charges imposed by Veritext are outrageous.
[3] The remaining charges imposed by Veritext are outrageous.
[4] The remaining charges imposed by Veritext are outrageous.
[5] The remaining charges imposed by Veritext are outrageous.
[6] The remaining charges imposed by Veritext are outrageous.
[7] The remaining charges imposed by Veritext are outrageous.

8

## ORDER FOR SANCTIONS

The Court incorporates herein the prior Order dated August 29, 2021 and October 12, 2021. Further, based on the foregoing lodestar analysis and overall evaluation of the reasonableness and necessity and relatedness of the attorneys fees and costs associated with the Oltmann Defendants' three instances of deposition misconduct, the Court enters the following C.R.C.P. Rule 37 sanctions.

1. Defendant Oltmann shall pay the following amounts to Plaintiff within 35 days of this Order:

   Attorneys Fees:   **$12,408.75**
   Costs:            **$936.78**

2. The Defendant Oltmann, jointly with Attorneys Hall and DeFranco shall pay the following amounts to Plaintiff within 35 days of this Order:

   Attorneys Fees:   **$9,368.75**
   Costs:            **$1,577.06**

3. Defendant Oltmann shall pay the following amounts to Plaintiff with 35 days of this Order:

   Attorneys Fees:   **$6,975.00**
   Costs:            **$1,722.30**

Dated this 22nd day of March, 2022.

*/s/ Marie A. Moses*

_____
MARIE AVERY MOSES
District Court Judge

9