**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

**EXHIBIT 11**

PUBLISH

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**June 18, 2025**

**FOR THE TENTH CIRCUIT**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ERIC COOMER, Ph.D.,

    Plaintiff - Appellee,

v.

MAKE YOUR LIFE EPIC, LLC, d/b/a Thrive Time Show; REOPEN AMERICA, LLC, d/b/a ReAwaken America Tour; CLAYTON THOMAS CLARK, individually,

    Defendants.

------------------------------

JOSEPH OLTMANN,

    Deponent - Appellant.

No. 24-1390

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:21-CV-03440-WJM-KAS)**

_____

Submitted on the briefs:[*]

Randy B. Corporon, Greenwood Village, Colorado, for Nonparty Deponent-Appellant.

___

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Charles J. Cain and Bradley A. Kloewer, of Cain & Skarnulis, Salida, Colorado, for the Plaintiff-Appellee.

_____

Before **HOLMES**, Chief Judge, **KELLY**, and **FEDERICO**, Circuit Judges.

_____

**PER CURIAM.**

_____

Joseph Oltmann was properly served with a subpoena and ordered by the district court to appear and testify at a deposition. Oltmann was not a party to the underlying civil lawsuit but a material witness. Oltmann initially complied and appeared for his deposition, which was held in the jury room at a federal courthouse in Denver. However, after a few hours, Oltmann departed the courthouse without being released from the subpoena or court authorization and thereafter failed to appear for the remainder of the deposition. Instead, he returned to his home and began broadcasting an online podcast boasting about fleeing the deposition and commenting disparagingly about the magistrate judge presiding over the deposition.

Following a hearing and briefing, the district court held Oltmann to be in civil contempt of court (Contempt Order). As part of the Contempt Order, the district court levied a $1,000 per day fine against Oltmann until he complied with court orders, and also ordered that he pay attorney's fees and costs.

Oltmann filed a timely appeal with this court challenging the Contempt Order. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

This appeal arises as an interlocutory matter – that is, from a not-yet resolved civil lawsuit for defamation. Plaintiff Eric Coomer, Ph.D., is the former Director of Product Strategy and Safety at Dominion Voting Systems, Inc., an electronic voting systems company. Beginning in November 2020, Oltmann used his podcast and other forums to accuse Coomer of fraudulently using his position at Dominion to rig the 2020 presidential election in favor of President Biden over President Trump.

In short summary, Oltmann claimed to have infiltrated an "Antifa" conference call prior to the election where "Eric . . . the Dominion guy" said "[d]on't worry about the election, Trump is not gonna [sic] win. I made f-ing sure of that. Hahahaha." Aplt. App. I at 132. Oltmann later identified Coomer by name and position and described on his podcast several Facebook posts made by Coomer. Coomer claims to have suffered death threats and other harms because of Oltmann's words and conduct.

Coomer has filed several defamation lawsuits stemming from these allegations. These suits have been filed against multiple defendants (including Oltmann) in multiple forums. Oltmann is not a party to this lawsuit; rather, he is a nonparty who was ordered to appear and testify at a deposition.

II

A

Oltmann was served with a subpoena to testify and produce documents on February 1, 2024. Through counsel, he objected to the subpoena and moved to quash it. The magistrate judge held a hearing on the objection on April 8, 2024, and thereafter

3

denied his objection and ordered Oltmann to comply with the subpoena. The magistrate judge also scheduled his deposition to be held in a jury room at the federal courthouse on June 6, 2024.

Oltmann appeared with counsel for his deposition. However, he refused to answer questions about the source or conduit who enabled him to join the purported Antifa call. Oltmann also refused to answer questions about how he gained access to Coomer's private Facebook account. Following a consultation between Oltmann and his counsel, but not reaching a breakthrough regarding his refusal to answer certain questions, all counsel met with the magistrate judge in her chambers. Shortly thereafter, Oltmann left the courthouse. He had not been released from the subpoena, and the deposition had not been completed.

The day after the deposition, on June 7, Coomer's counsel filed with the district court a supplemental filing that described Oltmann's conduct and activities after he departed the courthouse. Less than three hours after his premature departure, Oltmann appeared on his podcast to boast about his actions. He acknowledged the court order regarding his deposition, stated that he refused to comply, disparaged the magistrate judge and Coomer's counsel, and then suggested violence against anyone who may "come for" him. *Id.* at 139.

**B**

The magistrate judge held a contempt hearing on June 6 – the day Oltmann abruptly left the courthouse. On June 14, she made written findings of certified facts and recommended that Oltmann be ordered to appear before the district judge to show

4

cause why he should not be held in contempt. The magistrate judge also recommended imposing a fine of $300 per day, plus related fees and costs to the parties, until Oltmann came into full compliance with court orders. Additionally, the report took judicial notice of other court proceedings and calculated that, as of March 5, 2024, Oltmann "has purportedly paid—or been ordered to pay—$53,671.14 in sanctions[.]" *Id.* at 140.

Counsel for Oltmann filed objections to the magistrate judge's findings and recommendations. He objected to a few of the certified facts and the magistrate judge's characterizations of those facts,[1] but he made no objection to the finding that Oltmann departed the courthouse without authorization to do so, nor did he make any legal arguments to justify Oltmann's departure and refusal to answer certain questions.

On September 4, 2024, the district court issued the Contempt Order, wherein it overruled Oltmann's objections and adopted as modified the magistrate judge's recommendations. It found Oltmann to be in civil contempt of court and did so without a show cause hearing because the contempt finding was based on undisputed, material facts. The district court also found that "a daily fine in the amount of $300 will not likely get Oltmann's full and complete attention." *Id.* at 162. It then set the daily fine as $1,000 per day from the date of service of the Contempt Order until Oltmann fully and in good faith complies with the court's orders. It also ordered that Oltmann pay

---

[1] The objections were that Oltmann had already disclosed all required documents to opposing counsel, that Oltmann and his attorney did not confer before Oltmann left the courthouse, and that Oltmann's podcast comments should not be characterized as suggesting violence.

5

the attorney's fees and costs the parties directly incurred as a result of his noncompliance with the magistrate judge's rulings and orders.

## C

Following the entry of the Contempt Order, Coomer filed a motion for attorney fees and costs on September 17, 2024. Nine days later, on September 26, Coomer moved for an order to show cause as to why Oltmann had failed to comply with the court's order imposing sanctions. Oltmann filed a response to this motion and, thereafter, the district court set an evidentiary hearing for October 9.

Before this hearing could be held, Oltmann filed a notice of appeal on October 4, 2024. Upon the notice being filed, the district court ordered briefing from the parties and thereafter considered whether the docketed appeal divested the district court of jurisdiction until this court could decide the appeal. The district court concluded that "it lacks jurisdiction over issues pertaining to Oltmann pending his appeal." Aple. App. VI at 117. It also granted Oltmann's request to stay the enforcement of the Contempt Order pending the resolution of this appeal.

## III

We have an obligation to examine our jurisdiction over this appeal, even if it is not raised by the parties. *Hill v. Vanderbilt Cap. Advisors, LLC,* 702 F.3d 1220, 1223 (10th Cir. 2012). We only have subject matter jurisdiction over appeals from the "final decisions of the district courts[.]" 28 U.S.C. § 1291; *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). Generally, nonparties like Oltmann "need not await entry of final judgment to appeal a civil contempt order." *Fed. Trade Comm'n v. Zurixx*, 26 F.4th

1172, 1177 (10th Cir. 2022) (*Zurixx I*); *see also U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("the order finding a nonparty witness in contempt is appealable notwithstanding the absence of a final judgment in the underlying action."). That is because a nonparty "has no right to appeal from the entry of final judgment" in the underlying action, so the contempt order may entitle "him or her to perfect an appeal before a final judgment has been entered." *Zurixx I*, 26 F.4th at 1177 (quoting *In re Woosley*, 855 F.2d 687, 688 (10th Cir. 1988)). However, nonparties "must establish the finality of a contempt order by showing that the district court (1) made a finding of contempt and (2) imposed specific, unavoidable sanctions." *Id.* (citation and internal quotation marks omitted).

In *Zurixx I*, this court dismissed the appeal of a contempt order for lack of jurisdiction because, although that order found the nonparty to be in contempt of an injunction, it also "provided a window of time to purge the contempt" before imposing any sanction. *Id.* at 1178. Thus, the contempt order in *Zurixx I* did not impose "specific, unavoidable sanctions" at the time the appeal was filed and docketed. Upon dismissal of the appeal, the case returned to the district court, where the nonparty continued to engage in contemptuous conduct that led to additional orders and litigation. After remand, the district court in *Zurixx* issued a second contempt order against the nonparty that awarded "reasonable attorney's fees and costs incurred in this contempt litigation[.]" *Fed. Trade Comm'n v. Zurixx*, No. 21-4141, 2022 WL 2346726 at *2 (10th Cir. June 29, 2022) (unpublished) (*Zurixx II*). That order was again appealed by the nonparty before the district court entered a fee award. In an unpublished decision,

7

this court again dismissed for lack of jurisdiction "because the second contempt order did not impose a specific, unavoidable sanction" so "it was not a final decision." *Id*.

The *Zurixx* cases are both recent and instructive to our jurisdictional analysis in this case. Of course, as a published decision of this court, *Zurixx I* is binding upon us as the controlling law of the circuit, *Bates v. Dep't of Corr. Of State of Kan.*, 81 F.3d, 1008, 1011 (10th Cir. 1996), whereas *Zurixx II* is instructive for its persuasive value. *In re Bear Creek Trail, LLC*, 35 F.4th 1277, 1282 n.8 (10th Cir. 2022); 10th Cir. R. 32.1. Taken together, we find the *Zurixx* cases to be useful as a point of comparison that leads us to a holding in this case.

As in *Zurixx I*, Oltmann is a nonparty who does not have to wait to appeal the contempt order imposed against him until the final judgment is entered in the underlying civil case. Further, the district court made clear findings of contempt against Oltmann, so the only issue before us is whether this order "imposed specific, unavoidable sanctions." *Zurixx I*, 26 F.4th at 1177.

We hold that the Contempt Order against Oltmann is final and that we have jurisdiction over this appeal. Unlike *Zurixx II*, where the dollar amount for the sole sanction of fees and costs had not been determined when the appeal was filed, there is a specific unavoidable sanction here. Oltmann was ordered to pay Coomer $1,000 per day until he fully and in good faith complied with the magistrate judge's orders. The sum certain of a $1,000 per day sanction was effective upon the date the district court issued the Contempt Order.

8

The Contempt Order also required Oltmann to pay the parties' attorney's fees and costs incurred because of his noncompliance, but the currently undetermined amount for the award of fees and costs does not defeat finality. Generally, "an unresolved issue of attorney's fees for the litigation in question doesn't prevent a district court judgment from being final and appealable; rather, the district court retains jurisdiction over the fee issue while the court of appeals has jurisdiction over the appeal." *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988)); *see also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 179 (2014) ("[A] decision on the merits is a 'final decision' under § 1291 even if the award or amount of attorney's fees for the litigation remains to be determined."); *Bell v. Bd. Of Cnty. Comm'rs Of Jefferson Cnty.*, 451 F.3d 1097, 1101 n.2 (10th Cir. 2006) ("If fees are sought in the district court on the basis of a judgment that has been appealed, the court of appeals and district court each have jurisdiction over the distinct matters before them."). We apply this same principle here to a nonparty contempt order.

In this context, and consistent with the *Zurixx* cases, the sum-certain sanction imposed for noncompliance is sufficiently final to grant our jurisdiction over this appeal, notwithstanding the fact that the award of attorney's fees and costs has not yet been reduced to a specific dollar figure. *Catholic Conf.*, 487 U.S. at 75 (1988) (holding that a $50,000 per day contempt fine against a nonparty was sufficiently final to grant

appellate jurisdiction.) To hold otherwise would be inconsistent with the long line of cases holding that the determination of attorney's fees is a collateral matter.

Satisfied that we have jurisdiction over this appeal, we proceed to examine the arguments raised by Oltmann challenging the imposition of the Contempt Order.

## IV

We review the district court's Contempt Order for an abuse of discretion. *F.T.C. v. Kyukendall*, 371 F.3d 745, 756 (10th Cir. 2004). "Abuse of discretion is established if the district court's adjudication of the contempt proceedings is based upon an error of law or a clearly erroneous finding of fact." *Id*. (quoting *John Zink Co. v. Zink,* 241 F.3d 1256, 1259 (10th Cir. 2001)). This standard of review is deferential to the district court, though "a district court must provide findings of facts on which it bases its judgment sufficient to make possible meaningful appellate review." *Id*.; *see also* Fed. R. Civ. P. 52(a).

Oltmann makes several arguments as to why the Contempt Order should be reversed. As best we can discern, his arguments can be distilled to the following two points: (1) Oltmann properly invoked the newsperson's privilege, and the burden was improperly shifted to him to re-raise the privilege in his objections to the magistrate judge's contempt findings and recommendations; and (2) the district court denied him due process by not holding a hearing before the entry of the Contempt Order. The problem for Oltmann is that these arguments have been waived.

This court has "adopted a firm waiver rule" regarding objections to a magistrate judge's recommendations. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059

10

(10th Cir. 1996) (internal quotation marks omitted). To avoid waiving appellate review of factual and legal questions, "a party's objections to [a] magistrate judge's report and recommendation must be both timely *and specific*[.]" *Id.* at 1060 (emphasis added). This means the objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute[.]" *Id.*

Although Oltmann filed a timely objection to the magistrate judge's recommendations, he did not make any mention of the newsperson's privilege, let alone a specific objection to any certified facts or legal analysis that would have alerted the district court that the invocation of the privilege absolved him of being held in contempt of court. By not making this objection to the magistrate judge's recommendations, he has waived appellate review of the argument he now asserts before this court.

Although his arguments are challenging to pin down, Oltmann appears to claim that he did preserve his argument concerning his invocation of the newsperson's privilege because it was raised and litigated in other cases. He cites a statement made by a Colorado state judge who said in a hearing, in a different case, "I'm going to assume for purposes of this analysis that Mr. Oltmann is a journalist." Op. Br. at 20. Oltmann then argues that the magistrate judge here "certified no finding that disturbed the newsperson privilege." *Id*.

There is no authority in our case law that permits a party to avoid the firm waiver rule by claiming an objection was made and litigated in another court proceeding (in another jurisdiction), which thereby preserved the objection in this proceeding without

11

it being brought to the attention of the district court. Indeed, this switcheroo logic is exactly what the firm waiver rule prevents.

As Oltmann points out, there are only two exceptions to the firm waiver rule. It may not apply "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (italics and internal quotation marks omitted). Neither exception applies here.

Even though he was represented by counsel during his deposition and the ensuing contempt proceedings, Oltmann argues that he was really operating under a "diminished capacity" akin to pro se status.[2] Op. Br. at 23. This argument lacks merit, and Oltmann cannot credibly claim to have been pro se when his then-counsel has acknowledged that he continued to represent Oltmann throughout the deposition, during the contempt proceedings, and after the Contempt Order was issued. *See* Decl. Mark Sares 1-2 (Doc. 61-2).

As to the interests of justice exception to the firm waiver rule, Oltmann expends some minimal effort to argue the district court committed plain error by the "inconsistent application requiring strict procedural adherence." Op. Br. at 26. But

---

[2] Oltmann acknowledges there is an "absence of a case on point that encompasses diminished legal capacity," leaving him "left to make good faith arguments" for this unrecognized legal status. Reply Br. at 22. The propriety of this argument was put at issue in Coomer's Motion for Sanctions, addressed more fully below.

12

while acknowledging he has the burden to demonstrate plain error, Oltmann does not argue with any specificity or clarity as to how the district court committed plain error.

This leads to another point about waiver. This court has consistently "declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Brown v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *see also United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) (same); *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (same); *Kitchen v. Herbert*, 755 F.3d 1193, 1208 (10th Cir. 2014) (same). In his opening brief, Oltmann makes no specific arguments about the findings or legal analysis of the district court, nor does he even address the sanctions awarded against him for being held in contempt. By failing to make cogent arguments in his opening brief that might alert this court to any factual or legal errors in the district court's Contempt Order, Oltmann has waived appellate review as to the merits of that order.

Given a generous reading of his brief, we can construe that Oltmann argues his due process rights were violated because the district court denied him a hearing on contempt and his privilege claim. But this argument ignores that there was a contempt hearing before the magistrate judge on June 6 – one where Oltmann participated through counsel. Thereafter, he did not raise significant objections to the magistrate judge's findings and recommendation, nor did he request a second hearing before the district court. Given this posture, "[t]here is no need for a court to hold an evidentiary hearing in a matter when there are no material facts in dispute." *Wyoming v. Livingston*, 443 F.3d 1211, 1224 (10th Cir. 2006).

13

## V

After this appeal was docketed and Oltmann filed his opening brief, Coomer filed a motion for sanctions against Oltmann and his counsel. (Doc. 32). Coomer argues that (1) Oltmann's opening brief contains false representations, false assertions of material fact, and frivolous legal arguments; (2) Oltmann's opening brief does not comply with the rules of this court; and (3) Oltmann's counsel on appeal engaged in bad faith when seeking additional time to file briefs with this court. These are serious accusations. In response, Oltmann's counsel argues that his conduct was a good faith effort to represent his client within the bounds of the law.

"To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). Our Rule 46.5, invoked by Coomer in his motion,[3] requires that an attorney signing a brief certifies, to the best of her/his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the brief filed is not presented for an improper purpose, presents issues warranted under existing law, and the factual assertions are supported by the record. 10th Cir. R. 46.5(B)(1)–(3). If this rule is violated, upon a motion of the party or on our own, we can impose sanctions

---

[3] Coomer does not move for damages and costs under Federal Rule of Appellate Procedure 38, which requires a finding that the appeal is frivolous. Fed. R. App. P. 38.

14

upon the counsel who signed the brief, a represented party (such as Oltmann), or both. *Id*. at § 46.5(C).

Coomer seeks several sanctions: dismissal of this appeal as frivolous, fees and costs incurred from this appeal, an order that the $1,000 per day sanction should not have been stayed and has run since the day the Contempt Order was filed (September 4, 2024), and consideration to initiate disciplinary proceedings against Oltmann's counsel.

There is sometimes a fine line between zealous advocacy and frivolity or attorney misconduct. But that line must always be, as required by Rule 46.5, that arguments are grounded in existing law and based upon facts supported by the record. Oltmann's presentation on appeal crossed this line.

By one example,[4] Oltmann constructs an argument that during the contempt proceedings before the district court, he was "effectively pro se" or "akin to pro se." Op. Br. at 23; Reply Br. at 22. This argument was attractive to Oltmann because he could attempt to use it to wiggle around the firm waiver rule. But as he also admits in his reply brief, there is no "case on point that encompasses diminished legal capacity" in this context. Reply Br. at 22. This admission is both accurate and damaging to his position. There is simply no basis in law or fact to support Oltmann's argument that he was "effectively pro se" before the district court. His lawyer was present at the

---

[4] By citing this one example, we are neither making findings nor absolving Oltmann or his counsel of several other deficiencies raised by Coomer's motion for sanctions.

courthouse on June 6, appeared and spoke on his behalf before the court (even after Oltmann fled the courthouse), and thereafter signed and filed legal pleadings with the district court on the contempt issue after those proceedings commenced. Indeed, Oltmann's previous counsel says as much in his declaration. Given these facts, Oltmann's presentation on appeal does not conform to the requirements of our Rule 46.5.

That said, we decline to grant all of Coomer's requested relief. Rather, as a sanction, we order that Oltmann pay Coomer's reasonable expenses, including reasonable attorney's fees, and costs associated with this appeal. This remedy aligns with the Contempt Order below and is sufficient to account for the violation here. Because the determination of fees and costs from the district court proceeding remains outstanding, we remand to the district court to make factual findings on fees and costs in the first instance, to include those previously incurred during the contempt proceedings and those incurred as part of this appeal. Moreover, although we find a Rule 45.6 violation occurred, we decline to initiate or order any disciplinary proceedings against Oltmann's appellate counsel.

## VI

We **AFFIRM** the district court's Contempt Order and **REMAND** with instructions for the district court to conduct further proceedings consistent with this order.[5]

---

[5] We also deny as moot Coomer's motion to expedite this appeal (Doc. 73) and grant Coomer's motion to file under seal (Doc. 29).