# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC COOMER,

Plaintiff,  CASE NO: 8:24-cv-00008-TPB-SPF

vs.

PATRICK BYRNE, STEVEN LUCESCU, and THE AMERICA PROJECT, INC.,

Defendants.
_____/

### AFFIDAVIT OF MICHELLE LAGOA, CER, COURT REPORTER

STATE OF FLORIDA
COUNTY OF PINELLAS

I, MICHELLE LAGOA, a Court Reporter for Universal Court Reporting In Pinellas County, Florida, MAKE AN OATH AND SAY THAT:

1. I was the Court Reporter for the above-referenced case for the deposition of Dr. Eric Coomer, that was noticed to take place at 9:00 a.m. at the Courtyard by Marriott, 102 East Cass Street, Tampa, Florida 33602.

2. Before going on the record, there was an initial dispute over a miscommunication between Mr. Peter Ticktin and Mr. Charlie Cain about one of the experts, Mr. Joseph Oltmann, being present during the deposition.

3. I, the Court Reporter, upon Mr. Cain's request, went on record at 09:28 a.m. for the statement on the record regarding the dispute about the presence of Mr. Joseph Oltmann. Both Mr. Cain and Mr. Ticktin made their statements.

1 | Page

4. After we went off the record, Mr. Cain stated he was not going to start the deposition until the Judge on the case called back and ruled on the matter of the dispute. He left for the hotel lobby and joined his client, Dr. Coomer.

5. Mr. Ticktin left the conference room looking for Mr. Cain to start the deposition. From where I, the Court Reporter, was sitting in the conference room, I had a limited view of the lobby where both attorneys were having a conversation. I heard voices getting louder between Mr. Cain and Mr. Ticktin, and I saw Mr. Ticktin shove Mr. Cain.

6. When walking back to the conference room, Mr. Ticktin mentioned he was provoked by Mr. Cain, and he pushed back in self-defense. However, I did not personally observe the initiation of the physical contact and cannot attest to who initiated the altercation in the lobby.

7. Shortly after, Mr. Cain joined us in the conference room. Mr. Ticktin said to him, "You cannot talk to the Judge without me, you know better". Mr. Cain replied that he only called the Chambers to get the judicial assistant to contact the Judge and for him to call them back.

8. I, the Court Reporter, stayed next to my equipment at all times and avoided eye contact during the argument.

9. The defendant, Mr. Byrne, stood up and placed himself between Mr. Ticktin and Mr. Cain, telling Mr. Cain not to touch his attorney, Mr. Ticktin. From what I, the Court Reporter, was able to see, Mr. Byrne was shoving himself onto Mr. Cain.

10. I, the Court Reporter, did not see who initiated the second physical altercation because I was working on my equipment, but I did hear arguing coming from Mr. Byrne, Mr.

Ticktin, and Mr. Cain. In an instance, between the yelling and arguing, Mr. Byrne slapped Mr. Cain on the neck with the back of his hand and said to him, "Stop poking me, you are provoking me." However, I did not personally observe the initiation of the physical contact and cannot attest to who initiated the altercation in the conference room.

11. Mr. Coomer came into the conference room with his cellphone and recorded the end of the argument. He pulled away his attorney, Mr. Cain, and they both left the conference room. Mr. Ticktin and the rest of the people present stayed in the conference room where I was.

12. Mr. Cain walked back into the room because the JA called and was about to pass the call to the Judge. Thereupon, a hearing was held.

13. After the hearing concluded, the deposition started.

Under penalties of perjury, I declare that I have read the foregoing Affidavit and that the facts stated in it are true.

STATE OF FLORIDA

COUNTY OF PINELLAS

_Michelle Lagoa_
MICHELLE LAGOA

SWORN TO AND SUBSCRIBED before me this 3rd day of February, 2026 by _Michelle Lagoa_ who is (personally known) to me or who has produced _____ as identification.



Notary Public, STATE OF Florida
Print Name: Jennifer V. Gonzalez
My Commission Expires: 12/08/28



JENNIFER V. GONZALEZ
Commission # HH 594947
Expires December 8, 2028

4 | Page