**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**EXHIBIT 22**

---

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GLOBAL GLASS TECHNOLOGIES, INC.**,

    Plaintiff,

v.                                               Case No: 8:20-cv-02517-MSS-AEP

**RESEARCH FRONTIERS, INC. and GAUZY LTD.**,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' Motion for Attorney's Fees. (Dkt. 172) United States Magistrate Judge Anthony E. Porcelli issued a Report and Recommendation, (Dkt. 198), which recommended as follows: (i) Defendants' Motion for Attorney's Fees be granted in part and denied in part; (ii) Defendants be awarded a Rule 11 sanction in the amount of $150,000.00; (iii) Peter Ticktin and the Ticktin Law Group, P.A. (collectively "Ticktin") be jointly and severally liable for the $150,000.00 sanction award; and (iv) the sanction award be paid within 45 days of the Court's final order. (Id.) Defendants filed an Objection, (Dkt. 203), and Ticktin filed an Objection. (Dkt. 204) Thereafter, Ticktin filed a response to Defendants' Objection, (Dkt. 205), and Defendants filed a response in opposition thereto. (Dkt. 206) Upon consideration of all relevant filings, case law, and being

otherwise fully advised, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Defendants' Objection, (Dkt. 203), **OVERRULES** Ticktin's Objections, (Dkt. 204), and **CONFIRMS IN PART** and **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation, (Dkt. 198), **as set forth in this Order**. Specifically, the Court adopts the Magistrate Judge's recommendation of a 50.2-hour reduction for Defendants' time spent before March 22, 2021, and a 40 percent reduction to account for work associated solely with defending against the patent infringement claims. However, the Court finds Attorney Woodrow Pollack's reasonable hourly rate to be $700.00. Accordingly, Defendants are entitled to a sanctions award in the amount of $320,819.88. The Court further finds that the lodestar amount should not be reduced based on Mr. Ticktin's claimed financial condition.

## I. BACKGROUND

Judge Porcelli issued a Report and Recommendation, (Dkt. 198), recommending that Defendants' Motion for Attorney's Fees be granted in part and denied in part. (Dkt. 172) Judge Porcelli recommends that sanctions be awarded only for work associated with defending against the patent infringement claims—based on Mr. Ticktin's failure to properly investigate these claims—for the period beginning March 22, 2021, through January 31, 2024. (Dkt. 198 at 5–7). Judge Porcelli also determines that the hourly rates requested by Defendants exceed those typically awarded in the Middle District of Florida. (Id. at 13) Accordingly, he recommends that reasonable hourly rates be set at $550 for Woodrow Pollack, Esq., $375 for Brian

2

Paul, Esq., and $160 for paralegal Katie Chambers. (Id. at 9–13) Applying these rates, Judge Porcelli calculates a lodestar amount of $285,000.00, accounting for a 50.2-hour reduction for time expended prior to March 22, 2021, and a 40 percent reduction for work attributable solely to the patent infringement claims. (Id. at 15–16) In so finding, Judge Porcelli rejects Ticktin's argument that Defendants failed to mitigate their fees after becoming aware of the Rule 11 violation and declined to further reduce the award on that basis. (Id. at 16–18) Finally, in light of Mr. Ticktin's claimed financial condition, Judge Porcelli recommends reducing the lodestar amount to a final sanctions award of $150,000.00, finding that this reduced amount is sufficient to deter similar sanctionable conduct in the future. (Id. at 19–22)

Defendants object to the Report and Recommendation on five grounds. First, they argue that the Report and Recommendation improperly limits the sanctions award to work related solely to the patent infringement claims, even though all of Plaintiff's claims were frivolous. (Dkt. 203 at 2–4) Second, Defendants contend that the sanctions period should include the entirety of the litigation, rather than being limited to the period beginning on March 22, 2021. (Id. at 4–5) Third, they argue that the Report and Recommendation improperly confines its analysis to Rule 11, despite the Court's prior Order, (Dkt. 174), which contemplated sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority. (Dkt. 203 at 5–6) Fourth, Defendants object to the reduction in counsel's hourly rates, arguing that the Report and Recommendation disregards key evidence and relies primarily on a single trial court decision involving a trademark dispute. (Id. at 6–8) Fifth, Defendants object to

the reduction of the sanctions award based on Mr. Ticktin's financial condition, arguing that the record does not support such a reduction. (Id. at 9–10)

Ticktin also filed an Objection to the Report and Recommendation. (Dkt. 204) First, Ticktin argues that sanctions are unnecessary because Mr. Ticktin "has learned his lesson," and therefore additional deterrence is unwarranted. (Id. at 2–4) Second, Ticktin contends that the Report and Recommendation fails to consider Defendants' duty to mitigate, as well as their delay in seeking sanctions—both of which, according to Ticktin, contributed to increased costs associated with defending against the patent infringement claims. (Id. at 5–9) Third, Ticktin requests that the Court reduce the sanctions award to $25,000, asserting that any greater amount would impose a "great hardship." (Id. at 9)

Ticktin subsequently filed a response to Defendant's Objection to the Report and Recommendation. (Dkt. 205) In its response, Ticktin asserts that the Report and Recommendation should be adopted, except to the extent otherwise addressed in its Objection. (Id. at 4–7) Ticktin further argues that sanctions are not warranted under either 28 U.S.C. § 1927 or the Court's inherent power. (Id. at 7–8) Lastly, Ticktin reiterates that Mr. Ticktin's financial condition supports a further reduction in the sanctions award. (Id. at 8–10) In response, Defendants object to the filing as procedurally improper and state that they will not submit additional briefing unless directed by the Court. (Dkt. 206)

## II. STANDARD OF REVIEW

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

## III. DISCUSSION

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file and applicable case law, the Court **ADOPTS** the Report and Recommendation to the extent it limits the sanctions award to conduct and work specifically related to the patent infringement claims. However, the Court

**DECLINES to adopt** the Report and Recommendation with respect to the determination of Mr. Pollack's reasonable hourly rate and the total sanctions award.

The Court agrees with the Magistrate Judge's determination that at this point in the litigation the sanctions award should be limited to work related to the patent infringement claims from March 22, 2021, through January 31, 2024. The Court previously found, among other things, that Mr. Ticktin directed pursuit of those claims without conducting any reasonable pre-suit investigation or diligence. (See Dkt. 174 at 7) This finding is consistent with the record developed during the hearing on the Motion for Summary Judgment and Sanctions. The Court further agrees that March 22, 2021—the date Mr. Ticktin signed a stipulation agreeing to abandon the frivolous patent infringement claims—appropriately marks the beginning of the sanctions period. Although the Court found the contract claims lacked merit and were unsupported by law or fact, those claims were not subject to the Rule 11 sanctions, and Ticktin was not provided notice and an opportunity withdraw those claims. Thus, the Court declines to award sanctions under its inherent authority with respect to those claims.

Judge Porcelli determined that the reasonable hourly rates should be $550 for Woodrow Pollack, Esq., $375 for Brian Paul, Esq., and $160 for paralegal Katie Chambers. (Dkt. 198 at 13) Defendants object to these reduced rates, arguing that the Report and Recommendation failed to consider the findings of competing fee experts, counsel's experience and pre-suit diligence, and the absence of Middle District authority addressing market rates in patent infringement cases. (Dkt. 203 at 6–8)

Defendants instead request hourly rates of $721 for Mr. Pollack, $412 for Mr. Paul, and $288 for Ms. Chambers. (Dkt. 175 at 1)

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1999). The movant must provide satisfactory evidence that the requested rate comports with the prevailing market rate. Id. Satisfactory evidence "necessarily must speak to rates actually billed and paid in similar lawsuits." Id. However, "'[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).[1]

In support of their request, Defendants filed a declaration of fee expert Jim Matulis, Esq., a registered patent attorney with more than twenty-five years of experience litigating complex patent cases in Florida. (Dkt. 172-5) Mr. Matulis asserts that Mr. Pollack is a registered pattern attorney and is Board Certified as an expert in Intellectual Property Law by the Florida Bar. (Id. at ¶ 24) According to the declaration, Mr. Pollack has practiced exclusively in the field of intellectual property at Shutts & Bowen since 2006 and has served as lead counsel in over 100 patent, copyright, and trademark cases. (Id.) Mr. Matulis further asserts that Mr. Pollack's billing rate ranged

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

from $600 per hour at the outset of this case to $750 per hour by the end of 2023, with a current rate of $840 per hour. (Id. at ¶ 25) Mr. Matulis calculates Mr. Pollack's average hourly rate for work performed in this matter to be just over $721. (Id.)

As to Mr. Paul, Mr. Matulis states that he is an associate and registered pattern attorney with nearly five years of experience in intellectual property litigation. (Id. at ¶ 26) Mr. Matulis calculates Mr. Paul's average hourly rate in this matter to be just over $412. (Id.) With respect to Ms. Chambers, Mr. Matulis asserts that she has more than fourteen years of experience as a litigation paralegal and has worked alongside Mr. Pollack in over 100 intellectual property matters. (Id. at ¶ 27) Her average hourly rate in this case is calculated to be just over $288. (Id.)

Mr. Matulis acknowledges that the requested rates "are on the high end of the market in this District," but maintains they are justified. (Id. at ¶ 31) He asserts that many partners at large firms in the District with comparable experience charge between $600 and $950 per hour for intellectual property litigation. (Id.) He further notes that professional rates have generally increased—sometimes substantially—over the two years preceding this demand for fees; that Mr. Pollack controlled costs by delegating work to lower-level professionals; and that Mr. Pollack's requested rate of $721 per hour is only 17% higher than Mr. Ticktin's $650 hourly rate, despite Mr. Ticktin's lack of experience and qualifications in patent litigation. (Id. at ¶¶ 32–34)

In support of its response in opposition to Defendants' Motion for Attorneys' Fees, Plaintiff submitted the declaration of fee expert Richard Fee. (Dkt. 183-7) Mr. Fee opines that the reasonable hourly rates in this case are $525 for Mr. Pollack, $375

8

for Mr. Paul, and $150 for Ms. Chambers. (Dkt. 183-7 at ¶ 45) In support, Mr. Fee provides a summary of hourly rates awarded in intellectual property cases in the Middle District from 2020 to the present. (Id. at 34–38) Notably, the summary includes no cases from 2024, and most cited cases do not involve patent infringement claims.

Although the Court has not identified any recent patent infringement cases from this division addressing reasonable hourly rates, it recognizes that patent litigation is a specialized area of law that often commands higher rates due to the expertise required. In the absence of other evidence specific to prevailing market rates in patent cases, the Court relies on the declaration of Mr. Matulis, as well as the Court's own knowledge and experience to fill the gap. See Campbell, 112 F.2d at 144. The Court takes into consideration that as of the date of Mr. Matulis's certification, there were only 132 members of the Florida Bar (out of more than 80,000 Florida lawyers) who were Board Certified in Intellectual Property Law. Mr. Pollack has served in a lead counsel role for more than 100 patent, copyright, and trademark litigations, and taken numerous intellectual property cases through final verdict at jury trials. A Martindale-Hubbell AV rated attorney, Mr. Pollack has been recognized by Chambers and Partners, Best Lawyers in America, Florida Super Lawyers, and Florida Trend's Legal Elite. Best Lawyer in America awards an accolade to the individual lawyer who has received the highest peer feedback for a particular practice area and considering the complexity of the case, counsel's experience and qualifications, prevailing rates in the Tampa market for similarly experienced attorneys, and all other relevant factors, the Court finds that

Case 8:24-cv-00008-TPB-SPF   Document 281-22   Filed 02/06/26   Page 11 of 15
PageID 3369
Case 8:20-cv-02517-MSS-AEP   Document 207   Filed 07/25/25   Page 10 of 14 PageID
4949

a reasonable hourly rate for Mr. Pollack is $700. This rate adequately accounts for Mr. Pollack's subject-matter expertise and credentials.

In reaching this determination, the Court also considers that Mr. Ticktin appears to have charged an hourly rate of $650, despite lacking the requisite skills or litigation experience in patent matters. The Court considers that Mr. Pollack's requested rate—approximately 17% higher than Mr. Ticktin's—is not wholly unreasonable. However, as stated above, the Court concludes that the rate of $700 is more in line with prevailing rates at the time. Accordingly, the Court finds that an hourly rate of $700 for Mr. Pollack is reasonable in light of Mr. Pollack's expertise and experience. As to the hourly rates for Mr. Paul and Ms. Chambers, the Court finds Judge Porcelli's recommended rates—$375 Mr. Paul and $160 for Ms. Chambers—are reasonable based on their experience and the record developed in this case.

Neither party objects to the lodestar calculation methodology used by Judge Porcelli in reviewing the time entries submitted by Defendants. (Dkt. 175-2) Accordingly, the Court applies the adjusted hourly rate for Mr. Pollack to Judge Porcelli's recommended adjustments—a 50.2-hour reduction for time expended before March 22, 2021, and a 40 percent reduction to account for work attributable solely to the patent infringement claims—as follows:

| Timekeeper | Title | Average Rate Billed | Total Hours Billed | Total Billed |
|---|---|---|---|---|
| Woodrow Pollack, Esq. | Shareholder | $700 | 397.40 | $278,180.00 |
| Joseph Bain, Esq. | Shareholder | $825 | 0.80 | $660.00 |
| Jordan Lee, Esq. | Shareholder | $525 | 0.00 | $0.00 |
| Ryan Reinert, Esq. | Shareholder | $440 | 0.00 | $0.00 |
| Brian Paul, Esq. | Associate | $375 | 578.00 | $216,750.00 |

| | | | | |
|---|---|---|---|---|
| Melodie Khosrovani, Esq. | Associate | $275 | 3.20 | $880.00 |
| Samuel Moore, Esq. | Associate | $320 | 6.20 | $1,984.00 |
| Katie Chambers | Paralegal | $160 | 159.70 | $25,552.00 |
| Ada R. Richey | Paralegal | $337 | 4.60 | $1,550.20 |
| Melanie Senosiain, Esq. | Associate | $312 | 23.80 | $7,425.60 |
| Alexander Schneider, Esq. | Associate | $409 | 2.00 | $818.00 |
| Brian Doney, Esq. | Associate | $375 | 2.40 | $900.00 |
| | | | | |
| 50.2 hours reduced before March 22, 2021 | | | 1178.10 | $ 534,699.80 |
| 40% Reduction for Patent Infringement only | | | | $ 213,879.92 |
| **Total** | | | | $ 320,819.88 |

The Court also adopts Judge Porcelli's recommendation that Defendants' fee award should not be reduced based on Ticktin's duty to mitigate argument. A party has the duty to mitigate its legal fees and expenses when defending against a frivolous issue. See, e.g., Ro-Ro Enterprises, Inc. v. State Farm Fire and Casualty, 1996 WL 556928, *5 (S.D. Fla. Sept. 5, 1996) ("A party defending against a frivolous paper has a duty under Rule 11 to mitigate its legal fees and expenses by resolving frivolous issues quickly and efficiently") (internal citations omitted). The Court finds that Defendants made reasonable efforts to do so. Although Defendants recognized as early as April 2021 that Plaintiff's patent infringement claims lacked merit, they did not file their Motion for Sanctions until September 2023. (See Dkt. 129 at 15) In the interim, however, Defendants sought dismissal of the case on three separate occasions. (See Dkts. 30, 34, 41); See also In re Gen. Plastics Corp., 184 B.R. 1008, 1017 (Bankr. S.D. Fla. 1995). Moreover, any effort to defend the patent infringement claims necessarily implicated the merits of the case and thus required expenditure of time and resources.

Judge Porcelli recommended reducing the lodestar amount of $285,053.88 to a final sanctions award of $150,000.00 as sufficient to deter future sanctionable conduct in light of Mr. Ticktin's financial condition. (Dkt. 198 at 19–22) Defendants object, arguing that Mr. Ticktin's representations about his financial condition are inconsistent with his law firm's financial records. (Dkt. 203 at 9–10) Mr. Ticktin, by contrast, seeks a further reduction of the sanctions award to $25,000, arguing that any greater amount would impose a "great hardship." (Dkt. 204 at 9)

The Court finds that further reduction is not warranted. To determine the appropriate amount of sanctions, the district court should consider the sanctioned party's financial ability to pay the sanctions. Baker v. Alderman, 158 F.3d 516, 528-29 (11th Cir. 1998) ("The law in this circuit is clear that ability to pay should be considered in the award of attorney's fees under § 1988" and extending the principle to sanctions award). A party arguing that it is unable to pay has the burden to present evidence of inability to pay. Id. at 528. Upon *de novo* review of the record and Mr. Ticktin's financial statements, (Dkt. 183), the Court is satisfied that the evidence of record demonstrates that Ticktin and his firm have the ability to pay the full lodestar total of $320,819.88. Profit and loss statements filed by Ticktin reflect that Ticktin Law Group, P.A. generated a gross profit of nearly $6,000,000 between 2023 and 2024. (Dkt. 183-6 at 4, 10) Moreover, the Court concludes that a lesser rate would not serve to deter this flagrant conduct. Despite significant opportunities to stand down from the challenged claims, Mr. Ticktin and the Ticktin Law Firm persisted in pursuing the claims. The Court has considered the claims of financial hardship raised by Mr. Ticktin

and finds the claims unpersuasive and unsupported by the evidence. Consequently, the Court finds that the lodestar amount adequately serves the deterrent purpose of Rule 11 sanctions, and a lesser sanction would not suffice.

Certainly, reducing the sanctions to the nominal sum of $25,000, as Mr. Ticktin requests, would fail to achieve the necessary deterrent effect demanded by the abhorrent conduct reflected in this record. In fact, the Court finds that this request itself illustrates a lack of appreciation for the significance and severity of the firm's misconduct. If the Court were to accept this proposal, it would effectively greenlight this conduct in the future for firms, like the Ticktin Law group, which could simply build a nominal sanction cost into the cost of doing business in this fashion. To impose such a minimal sanction would risk trivializing the seriousness of the violations and undermine the Courts responsibility to safeguard the integrity of the judicial process.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 198), is **CONFIRMED IN PART** and **ADOPTED IN PART as stated herein**.

2. Defendants' Motion for Attorney Fees, (Dkt. 172), is **GRANTED IN PART** and **DENIED IN PART as stated herein**.

3. Defendants are awarded a Rule 11 sanction in the amount of $320,819.88.

4. Mr. Ticktin and the Ticktin Law Group, P.A. are jointly and severally liable for the $320,819.88 sanction award.

5. Mr. Ticktin and Ticktin Law Group, P.A. shall have up to and including **thirty (30) days** from the date of this Order to pay the sanction award.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of July 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person