IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

    Defendant,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

    Defendants.

_____/

## MOTION TO EXPEDITE DESIGNATION OR ALTERNATIVELY STRIKE CONFIDENTIAL DESIGNATION OF JANUARY27 DEPOSITION TRANSCRIPT OF ERIC COOMER

The Defendant, Patrick Byrne, by and through his undersigned counsel, files this, his Motion to Expedite Designation or Alternatively Strike the Plaintiff's Confidential Designation of Eric Coomer's January 27 Deposition Transcript, and in support thereof states:

### Introduction

This Motion seeks to strike Dr. Coomer's improper blanket confidentiality designation of his entire deposition transcript taken on January 27, 2026, and prevent undue delay in designation of the transcript.. The Stipulated Protective Order entered in this case requires that confidentiality designations be made in good faith and only where the information qualifies for such designation. [DE

163]. Nonetheless, Dr. Coomer's testimony does not contain any information that qualifies as confidential under the Protective Order's specific definitions.

## Background

On January 27, 2026, the Plaintiff, Dr. Coomer was deposed. Dr. Coomer's testimony comprised statements of fact either publicly known, or statements entirely contrary to previous his prior sworn testimony in other court proceedings.[1] Notably, irreconcilable differences exist between the January 27 deposition testimony of Dr. Coomer and previous testimony provided by Dr. Coomer to the same grand jury that indicted President Donald J. Trump and many others in Fulton County, Georgia. A true and correct copy of the unsealed June 14, 2022 Grand Jury Proceeding Transcript of Dr. Coomer in the Superior Court of Fulton County, Georgia is attached hereto and marked as Exhibit "A."

Nonetheless, the conclusion of the deposition, the Plaintiff's counsel, Charles Cain, stated on the record that he intended to designate the entire deposition transcript as confidential under the Protective Order. Specifically, Mr. Cain stated:

> Given the protective order in the case and our ability to designate all or part of the deposition is confidential under that order. That this deposition is not to be disclosed publicly. I have 30 days to designate the portions of the testimony that we're going to contend are

---

[1] *See also* Dr. Coomer's Time Sensitive Motion for Protective Order which states, "Indeed, Dr. Coomer has testified in deposition or at trial on at least six occasions in other cases that challenge similar defamatory statements." [DE 274, Page ID 12].

2

subject to the protective order, it may not be all the transcript, but it may.

Moreover, on January 29, 2026, Dr. Coomer's counsel, Charles Cain served a letter to Dr. Byrne that stated in part,". . .we intend to designate Dr. Coomer's deposition, in whole or in part, as confidential under the Order entered in this matter on October 24, 2024 (Doc. 163). . ." A true and correct copy of the letter that Mr. Cain served on Dr. Byrne is attached hereto and marked as Exhibit "B."

Dr. Coomer's January 27 deposition, his testimony did not contain any information that would arguably qualify "Confidential Information" under the Protective Order's definition. See Declaration of Andrea M. Hall.

The deposition transcript, which spans nearly 300 pages, contains extensive testimony about Dr. Coomer's general professional background, general technical knowledge about voting systems, and other non-confidential matters.

Nonetheless, Dr. Coomer's counsel, Mr. Cain ethically knew that none of the testimony from his client meets any of the nine enumerated categories set forth in the Protective Order. [DE 163]. Moreover, Mr. Cain also knew that a motion to quash was pending on a subpoena issued to Dominion n/k/a Liberty Vote, Mr. Coomer's former employer, seeking information concerning his client, Eric Coomer, and that the information testified under oath was relevant to *Dominion et al., v. Byrne*, and *Coomer v. Oltmann*, among other cases. See Declaration of Andrea M. Hall.

The Protective Order that Mr. Cain refers to specifically defines

"Confidential Information" in Section 1(a) and states:

> **Confidential Information**: As used herein, "Confidential Information" means any Discovery Material that has been specifically marked or designated as "CONFIDENTIAL" by any Designating Party, and that contains: private health or medical records of any person; (ii) personally identifying information of any person, including identification numbers, addresses, and telephone numbers for any person, and the name of any minor child; (iii) confidential personal correspondence, notes, or communications; (iv) policies, protocols, sources, or methods that are in fact confidential; (v) personnel or employment records of any person or party; (vi) confidential financial records or statements; (vii) competitively or commercially sensitive information; (viii) confidential and sensitive political records; or (ix) any personal information that is not generally available to the public. [DE 163].

Section 2(c) of the Protective Order explicitly states that "The designation of Confidential Information must be made in good faith and only where the information qualifies for such designation." [DE 163].

Moreover, Section 6(b) of the Protective Order provides that:

> [t]he burden of proving the confidentiality of confidential information remains with the party asserting such confidentiality. [DE 163].

Dr. Coomer cannot meet this burden proving confidentiality of confidential information described in Section 6(b) of the Protective Order. Moreover, the context of Mr. Cain's statements must be considered in light of discovery deadlines in other cases, *Eric Coomer, Ph.D. v. Donald J. Trump for President, Inc., et al*, Case No. 2020-cv-03419, in the Denver District Court and *Dominion et al., v.*

4

*Patrick Byrne,* Case No. 1:21-cv-02131-CJN-MAU, in the District of Columbia, in which the proposed delay would prevent the discovery of new and highly relevant evidence elsewhere.[2]

As a result of Dr. Coomer's involvement and public statements in numerous lawsuits, Dr. Coomer cannot in good faith, claim confidentiality of perjured statements for the dual purposes of obfuscating the public's interest in U.S. elections and election systems, and strategically undermining the availability of relevant information to defendants in other cases.

## **Legal Standard**

F.R.Civ.P. 26(c) permits protective orders only upon a showing of "good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." That standard requires a particularized showing that specific information warrants protection, not blanket assertions of confidentiality. The good cause standard demands that the moving party demonstrate with specificity why particular discovery material requires confidential treatment.

Material filed in connection with substantive pretrial motions is subject to the common law right of access. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007). There is a presumptive right of public access to pretrial motions

---

[2] Dr. Coomer Eric Coomer has entered into a continuing "common interest agreement" with Dominion Voting Systems, Inc./Dominion Voting Systems Corporation. See Declaration of Ingrid J. DeFranco [DE 277-4] and Declaration of Andrea M. Hall [DE 277-5].

5

of a non-discovery nature and material filed in connection therewith. *Id.* at 1246. The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. *Id.*

"Whether good cause exists . . . is . . . decided by the nature and character of the information in question." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001). In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir. 2007).

## Argument

**Perjured Testimony Does Not Qualify as Confidential**

On June 14, 2022 Dr. Coomer provided testimony to a grand jury in Fulton County, Georgia, which ultimately led to the indictment of President Donald J. Trump any many others. Notably, when asked whether he rigged the election campaign, Dr. Coomer stated:

> ***I don't have the access***.  I don't have the ability to explain any of these vulnerabilities.  And its not me – I mean, counties, states run elections.  Dominion just builds the hardware and provide the software.  We do not run elections.  So ***I don't have – and nor do I have even the technical capability*** to be able to, you know, compromise all of the security and processes that are in place that would be needed to affect an election. (Emphasis added.)  See Exhibit A, June 14, 2022 Fulton County Grand Jury Transcript Pg 43:5:17.

That grand jury testimony, which related to the manner and means by which Dr. Coomer and/or Dominion, could influence a general election was not truthful. Similarly, the former Dominion CEO, John Poulos, committed perjury on that very issue before the Michigan Senate.

Courts have held that the designation of information as confidential does not automatically satisfy the "good cause" requirement, particularly when the information is of public concern. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001).  Here, the public interest in transparency of critical infrastructure, namely voting systems used in U.S. elections, outweighs any interest of Dr. Coomer in confidentiality, particularly, when his testimony contradicts his prior statements which were used to influence a grand jury in the indictment of a now sitting president.

**The Deposition Transcript Does Not Contain Information That Qualifies as "Confidential" Under the Protective Order**

The Protective Order provides a specific definition of "Confidential Information" that limits confidentiality designations to certain categories of

7

sensitive information.

A review of Dr. Coomer's deposition transcript reveals that Dr. Coomer's testimony does not fall within any of the enumerated categories defined as "Confidential Information," set forth in the Protective Order. [DE 163].

The overwhelming majority of Dr. Coomer's testimony concerns his professional background, technical knowledge about voting systems, employment history, and other matters that are either publicly available or do not fall within the Order's confidential categories. That includes extensive testimony about Dr. Coomer's educational background and professional qualifications, general descriptions of voting system functionality and certification processes, his past roles and responsibilities at various companies, and general technical discussions about election systems that do not reveal confidential methods. The Order expressly prohibits designating publicly available information as confidential. [DE 163].

The transcript does not contain private health or medical records of any person, with the exception of brief mentions of past substance abuse that are already publicly known.

The transcript does not contain personally identifying information such as identification numbers, addresses, or telephone numbers, as Dr. Coomer's counsel, Mr. Cain, advised Dr. Coomer to not disclose the country, banks, or identifying information.

The transcript does not contain confidential personal correspondence, notes, or communications.

The transcript does not reveal confidential policies, protocols, sources, or methods. Dr. Coomer repeatedly testified that he lacked knowledge about specific engineering and software design features.

The transcript does not contain personnel or employment records beyond basic information about Dr. Coomer's employment history that is already publicly available.

The transcript does not contain confidential financial records or statements. The transcript also does not contain competitively or commercially sensitive information or any "know how" which would not otherwise be readily ascertainable to a person having knowledge of software or voting systems generally. Nor does the transcript contain any confidential and sensitive political records.

Finally, the transcript does not contain personal information that is not generally available to the public.

Dr. Coomer, cannot in good faith claim that the deposition transcript contains such information that would be deemed "Confidential" subject to the Protective Order.

**Misuse of the 30-Day Provision**

On February 9, 2026, counsel for Dr. Byrne provided Dr. Coomer's counsel, Mr. Cain, with a draft of the deposition transcript. Despite receiving a copy of the

9

draft transcript, Dr. Coomer has demanded that designation of the transcript as "confidential," be delayed 30-days post receipt of an official transcript of his January 27 Deposition.

Nonetheless, Dr. Coomer is well aware of deadlines in cases such as *Eric Coomer, Ph.D. v. Donald J. Trump for President, Inc., et al*, Case No. 2020-cv-03419, in the Denver District Court and *Dominion et al., v. Patrick Byrne*, Case No. 1:21-cv-02131-CJN-MAU, in the District of Columbia, where the strategic delay of the release of Dr. Coomer's deposition transcript serves an improper purpose to suppress the inclusion of newly discovered evidence and/or hinder attempts to reopen discovery.

The 30-day designation period in Section 2(e) is not a license for temporary blanket confidentiality. [DE 163]. Rather, Section 2(e) provides time to identify specific "portions" that qualify for protection. Dr. Coomer's approach treats the provision as creating automatic transcript-wide confidentiality, which contradicts the Order's text and purpose.

## Conclusion

In light of the foregoing, the Defendant, Patrick Byrne respectfully requests that this Court strike Dr. Coomer's blanket confidentiality designation of his entire deposition transcript, and permit Dr. Byrne to submit a sealed copy of the deposition transcript to this Court for review in determining designation of confidentiality.

WHEREFORE the Defendant, Dr. Byrne, respectfully requests that this Court grant this Motion and strike Dr. Coomer's blanket confidentiality designation of Dr. Coomer's January 27 deposition transcript, permit Dr. Byrne to file a sealed copy of Dr. Coomer's January 27 deposition transcript for this Court to review, and grant such further and other relief as this Honorable Court may deem just and proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has attempted to confer in good faith with the Plaintiff's counsel via email on February 9, 2026 and February 10, 2026. Counsel for the Plaintiff did not respond substantively to the undersigned counsel's attempt to confer as to the issues presented in the instant motion.

*/s/ Peter Ticktin*
Peter Ticktin

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

>*/s/ Peter Ticktin*
>Peter Ticktin, Esquire
>Florida Bar No. 887935
>David L. Perry II, Esquire
>Florida Bar No. 1045902
>Serv512@LegalBrains.com
>Serv514@LegalBrains.com
>Serv600@LegalBrains.com
>**THE TICKTIN LAW GROUP**
>270 SW Natura Avenue
>Deerfield Beach, Florida 33441
>Telephone: (561) 232-2222
>*Attorneys for Patrick Byrne*