IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
Defendants

## DECLARATION OF ANDREA M. HALL

I, Andrea M. Hall, being over the age of twenty-one, and of sound mind, a resident and citizen of Colorado and the United States of America, hereby state the following, of my own personal knowledge, under oath and penalty of perjury of the laws of the United States and the State of Colorado:

1. I am a licensed attorney, in good standing, presently representing defendants in a Colorado Case brought by Eric Coomer, *Eric Coomer, Ph.D. v. Donald J. Trump for President, Inc., et al,* Denver District Court Case Number 2020CV03419.

2. I attended Eric Coomer's deposition on January 27, 2026 via Zoom™.

3. I was advised by Plaintiff's counsel, Charlie Cain, that before I could attend the deposition, I must sign the protective order issued by the Court dated October 24, 2024.

4. I did sign that protective order.

5. I requested a copy of the transcript at the end of the deposition.

6. After the deposition concluded Mr. Cain advised that he would need 30 days to review said transcript in order to determine if any or all of the transcript was to be labeled as confidential.

7. Mr. Cain ethically knew that none of the testimony from his client meets the nine enumerated class of information which may properly be labeled, "confidential,". This is a stall tactic by counsel.

8. Mr. Cain knew that a motion to quash was pending on a subpoena issued to Dominion n/k/a Liberty Vote, Mr. Coomer's former employer, seeking information concerning his client, Eric Coomer, and that the information testified under oath was relevant to Mr. Oltmann's pending case.

9. Prior to the discovery dispute/subpoena hearing, I filed a supplemental briefing with the special master assigned to discovery issues and with the Court. I used my notes to make reference to statements made by Mr. Coomer in his deposition, in order to demonstrate that the materials sought from Dominion are critical evidence without which my clients cannot present their defense.

10. At no time did I violate the terms referenced in paragraph 1(a) of the Court's protective order.

11. None of the statements I attributed to Eric Coomer fits into any of the nine enumerated categories, nor does he contend that they, or any of them, did. He provides no example of an alleged violation, no analysis of why any statement attributed to him in the supplemental brief meets an enumerated class of information which may properly be labeled, "confidential," nor any specific claims which would have violated the order.

12. Mr. Cain knew that a motion to compel on a Verizon subpoena regarding his client's cell phone records was also pending. During Mr. Coomer's deposition he disclosed for the first time that his attorneys had made a full forensic download of his phone. This information was never disclosed and Mr. Cain is now attempting to claim that this information is "confidential" under the protective order.

13. Mr. Cain immediately filed a motion to stop the special master from moving forward and to block his client's perjurious testimony from being presented at the hearing,

14. The fact of the perjury is believed to be established in the materials disclosed by Dominion Voting, n/k/a Liberty Vote in the D.C. Circuit Case, *Dominion Voting, Inc. v. Patric Byrne*. Which the Oltmann defendants are currently precluded from accessing due to a protective order.

15. Ms. Lambert has also been subpoenaed to turn over that information and at this time the D.C. Circuit has stopped briefing on that issue further precluding Mr. Oltmann access to very important information regarding his "truth" defense.

16. Eric Coomer's other counsel David Beller, filed a motion seeking to strike the supplemental brief, or, alternatively, to seal the document, as he contends that I violated the protective order.

17. I have attached all relevant documents to demonstrate that I disclosed no information which meets any enumerated term in the protective order.

18. Eric Coomer's counsel is attempting to block the truth about his client's actions in the 2020 election and his directly-contradictory testimony under oath in two cases, and attempting to perpetrate a fraud on the Court in Denver, Colorado by signaling a non-existent emergency, over my alleged violation of a protective order, and a one-thirty a.m. "emergency" filing advising the Denver Court that the sky is falling.

19. Mr. Coomer is well aware of the pending deadlines and outstanding issues that must be resolved before discovery closes. This is yet another attempt to stop the proceedings from moving forward and to use the judicial system as a sword against Mr. Oltmann and his entities.

Executed on the 22nd day of January, 2026

At Eaton, Weld County, Colorado

*Andrea M. Hall*

Andrea M. Hall