IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

       Plaintiff,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

       Defendants.

_____/

**ADDENDUM IN SUPPORT OF DEFENDANT PATRICK BYRNE'S
MOTION TO EXPEDITE DESIGNATION OR ALTERNATIVELY
STRIKE CONFIDENTIAL DESIGNATION OF JANUARY 27
DEPOSITION TRANSCRIPT OF ERIC COOMER**

The Defendant, Patrick Byrne, by and through his undersigned counsel, hereby files this his Addendum to provide additional context supporting the Declaration of Andrea M. Hall that was filed in support of his Motion to Expedite Designation or Alternatively Strike Confidential Designation of the January 27 Deposition Transcript of the Plaintiff Eric Coomer (the "Motion") [DE 283-3], and states:

This Addendum attaches two state-court filings from *Coomer v. Donald J. Trump for President, Inc.*, 2024 COA 35, 552 P.3d 562, et al. , Denver District Court Case No. 2020CV034319, which directly bear on (i) Ms. Hall's role and

conduct referenced in her Declaration; (ii) the nature of the allegations made against Ms. Hall in Colorado concerning purported disclosure of "confidential" deposition testimony; and (iii) why the parties' dispute regarding confidentiality designations and protective-order restrictions in this case has concrete, immediate consequences beyond this action.

## Background

Ms. Hall is counsel for the defendants Joseph Oltmann, FEC United, and Shuffling Madness Media, Inc. d/b/a Conservative Daily (the Oltmann defendants) in the Denver District Court case filed by Eric Coomer, Case No. 2020CV034319.

On January 27, 2026, Ms. Hall attended Dr. Coomer's deposition via Zoom in the case *sub judice* case, and she states she was required by the Dr. Coomer's counsel to sign the protective order entered on October 24, 2024 before she could attend.  The Protective Order defined Confidential Information as:

> **Confidential Information**: As used herein, "Confidential Information" means any Discovery Material that has been specifically marked or designated as "CONFIDENTIAL" by any Designating Party, and that contains: private health or medical records of any person; (ii) personally identifying information of any person, including identification numbers, addresses, and telephone numbers for any person, and the name of any minor child; (iii) confidential personal correspondence, notes, or communications; (iv) policies, protocols, sources, or methods that are in fact confidential; (v) personnel or employment records of any person or party; (vi) confidential financial records or statements; (vii) competitively or commercially sensitive information; (viii) confidential and sensitive political records; or (ix)

2

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

any personal information that is not generally available to the public.

It was apparent to Ms. Hall, Dr. Byrne, and undoubtedly Dr. Coomer's counsel, Charles Cain, that Dr. Coomer's testimony did not include any information that would fall within the Protective Order's definition of Confidential Information. Nonetheless, after the deposition concluded, Mr. Cain, advised that he would need 30 days to review the transcript to determine whether any or all of it would be labeled confidential.

Nonetheless, Dr. Coomer's counsel, Mr. Cain ethically knew that none of the testimony from his client meets any of the nine enumerated categories set forth in the Protective Order.

Ms. Hall later filed supplemental briefing with the special master and with the Denver District Court, using her notes to reference statements made by Dr. Coomer Coomer during his January 27, 2026 deposition, in order to demonstrate the significance of materials sought in a subpoena to produce materials from Dr. Coomer's former employer, Dominion (n/k/a Liberty Vote) to her clients' defense.

Dr. Coomer's counsel in Colorado subsequently moved to strike and/or seal Ms. Hall's supplemental pleading and asserted that Ms. Hall's references to Dr. Coomer's deposition testimony violated the protective order in this case.

### Real-World Dispute Over "Confidentiality" Assertions

On February 16, 2026, Ms. Hall filed in the Denver District Court

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Defendants Joseph Oltmann, FEC United, Shuffling Madness Media, Inc. d/b/a Conservative Daily's Supplement Regarding the Dominion Voting Subpoena. That Supplement has since stricken by the Denver Court.

In that filing, Ms. Hall represented (among other things) that on January 16, 2026, Dr. Coomer filed a motion for protective order in this federal action seeking to limit deposition topics, including election interference and related issues. Ms. Hall further stated that during depositions occurring January 26-27, 2026, Dr. Coomer allegedly made a series of admissions concerning, *inter alia*, access to vote tallies, remote access by contractors, access to source code repositories, and remote access via VPN, among other topics. Ms. Hall expressly noted in the Colorado filing that the Oltmann Defendants were unable to provide the special master a copy of the deposition transcript "due to the protective order in the case," but asserted that Dr. Coomer "can readily do so, under seal."

On February 17, 2026, Dr. Coomer filed in the Denver District Court a supplement to Dr. Coomer's emergency motion to strike pleading as violation of court protective order seeking to strike Ms. Hall's February 16 filing and requesting that the Denver District Court seal it. A true and correct copy of Dr. Coomer's Supplement to Emergency Motion to Pleading in the Oltmann case is attached hereto and marked as Exhibit "A."

Dr. Coomer asserted in his Denver filing that Ms. Hall publicly filed the pleading and emailed it to the neutral and the parties, and that the information

4

disclosed was subject to the protective order in the instant action.  Dr. Coomer also asserted that Mr. Oltmann publicly posted on X screenshots of Ms. Hall's pleading discussing Dr. Coomer's deposition testimony in case before this Court and provided a public link to related materials.

The Colorado filings confirm the existence of a live dispute in other litigation concerning whether references to Dr. Coomer's January 27 deposition testimony (and/or related matters) are properly treated as confidential and whether protective-order provisions are being invoked to restrict dissemination of testimony that both Dr. Byrne and the Oltmann Defendants contend is not legitimately confidential, and merely being withheld for the improper purpose of delaying, disrupting, and suppressing discovery in cases related to both Dominion and Dr. Coomer.

### **<u>Relevance to Defendant's Motion and Ms. Hall's Declaration</u>**

Dr. Byrne's Motion seeks relief from Dr. Coomer's asserted blanket confidentiality designation of the entire January 27, 2026, deposition transcript and further seeks to prevent undue delay in the designation process.

Ms. Hall's Declaration includes statements that she requested the transcript, that Dr. Coomer's counsel asserted a 30-day confidentiality-review period, and that Dr. Coomer's counsel knew the testimony did not meet the nine enumerated categories of confidential information in the protective order referenced in the Motion.

5

Dr. Coomer's Colorado filing is attached as Exhibit "A" to this Addendum are submitted to provide the Court with context for (i) why Ms. Hall referenced the January 27 deposition testimony in state-court proceedings; (ii) the nature of the allegations made against her regarding confidentiality/protective-order compliance; and (iii) why prompt, particularized designation-rather than a transcript-wide confidentiality approach-matters in practice.

## Conclusion

The Defendant, Patrick Byrne, respectfully requests that the Court consider this supplement in ruling on Dr. Byrne's Motion to Expedite Designation or Alternatively Strike Confidential Designation of the January 27 Deposition Transcript of the Plaintiff Eric Coomer.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 23, 2026, the foregoing document,

was electronically filed with the Clerk of the Court using CM/ECF to serve on all

counsel of record.

/s/ David L. Perry II
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*

7

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222