IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE DESIGNATION OR ALTERNATIVELY STRIKE CONFIDENTIAL DESIGNATION OF JANUARY 27 DEPOSITION TRANSCRIPT OF ERIC COOMER**

---

Plaintiff Eric Coomer, Ph.D. (Plaintiff or Dr. Coomer) files this Response to Defendant Patrick Byrne's Motion to Expedite Designation or Alternatively Strike the Plaintiff's Confidential Designation of Eric Coomer's January 27 Deposition Transcript (the Motion) (Doc. 283), and in support hereof shows the Court as follows.

### I. INTRODUCTION

1. Defendant Patrick Byrne (Byrne) seeks to expedite Plaintiff's review of his deposition transcript pursuant to the long-standing terms of the Protective Order that Byrne requested and filed. That deadline is currently just eight days from now, on March 12, 2026. The Motion is conspicuously devoid of any direct explanation as to *why* the relief requested is necessary, or how any harm could

1

flow from simply adhering to the terms of the Protective Order that Byrne drafted and insisted upon. Byrne's reluctance to state his motive is predictable but history shows that at least a part of the impatience is the desire for new content for his and his counsel's busy podcast interview schedule in order to once again rile up Byrne's social media followers. Whatever his motivation may be, Bryne has failed to establish good cause to truncate the orderly process established by the Court.

## II.  RELEVANT BACKGROUND

2. Byrne's counsel first insisted on entry of a Protective Order in this case and then spent months delaying compliance with their own discovery obligations until Plaintiff agreed to its entry.[1] Byrne's counsel drafted the provisions of the Protective Order that Byrne now complains of, namely allowance for a 30-day review period for deposition designations.

3. In relevant part, the Protective Order expressly states the following:

> Portions of any deposition shall be deemed confidential only if they are designated as such when the deposition is taken or within 30 calendar days after receipt of the transcript.

Doc. 163, 162-1 Sec. 2(e).

4. Byrne does not dispute that during his deposition on January 27, Dr. Coomer's counsel repeatedly made clear that he was availing himself of the Protective Order's confidentiality and 30-day review provision.

---

[1] **Exhibit 1**, emails between Carry and Kloewer.

5.     Almost immediately following the deposition, and before Plaintiff's counsel received a transcript, Byrne's counsel began demanding that a confidentiality review be completed immediately.[2]  He refused to respond to Plaintiff's inquiry as to why he was seeking this expedited review,[3] and instead elected to file this Motion without ever clarifying his intent.

6.     Plaintiff received an official transcript of the deposition on February 10, 2026, making his deadline to identify confidentiality designations March 12, 2026.

7.     Since that time, Plaintiff has been working to identify applicable designations, but this is a more complicated process than Byrne acknowledges. This is because Plaintiff entered into a Confidential Separation Agreement and Release with his former employer, Dominion Voting Systems, on May 14, 2021. That Agreement obligates Dr. Coomer to keep certain information confidential and specifically holds that he will make every effort to ensure Dominion's confidential information stays confidential.  Byrne is or should be aware of this obligation because Dr. Coomer disclosed his Confidential Separation Agreement to all Defendants on November 13, 2024.[4]

---

[2] **Exhibit 2**, emails between Perry and Cain, pp. 1-3 (indicating requests for expedited review on February 8, February 9 (x2), and February 10.

[3] *Id.* p. 1. (Cain: "What is your reason for expediting the agreed process?  The last discovery responses we produced ended up on the internet almost immediately and only could have come from your office (as I doubt Mr. Dempsey was the source.").

[4] Disclosed as EC 007786-007795.

8. Byrne acknowledges that a variety of questions addressed topics such as Plaintiff's "technical knowledge of voting systems," and "general description of voting system functionality and certification processes." In reality, these technical discussions consumed a substantial portion of the deposition, and information discussed may warrant a confidential designation under multiple provisions of the Protective Order, including, but not limited to, "policies, protocols, sources, or methods that are in fact confidential," "personnel or employment records of any person or party," "competitively or commercially sensitive information," or "any personal information that is not generally available to the public." *See* Doc. 163, 162-1 Sec. 1(a)(iv), (v), (vii), and (ix).

9. Plaintiff is working to complete that review while consulting with stakeholders and intends to abide by the 30-day deadline to complete his designations by March 12.

### III.  ARGUMENT AND AUTHORITIES

**A.  Dr. Coomer did not commit perjury.**

10. Dr. Coomer did not commit perjury and his January 27, 2026 deposition transcript does not contradict his testimony before the Fulton County Grand Jury. On the contrary, Dr. Coomer repeatedly reaffirmed that he did not have the access sufficient to manipulate or alter election results (nor, of course, would he do so). In fact, he explained how such access would be impossible given the number of safeguards against election manipulation, including paper ballots

4

and third-party certification bodies. This line of argument is utterly without merit and these objective falsehoods will be revisited, if necessary, at a later date.

**B.     There is no reason to expedite the deposition review.**

11.     Byrne's Motion does state a few general bases for his request for expedited review, but none of these withstand scrutiny.

12.     Byrne first contends that "the public interest in transparency of critical infrastructure, namely voting systems used in U.S. elections, outweighs any interest of Dr. Coomer in confidentiality." Dr. Coomer agrees that the public interest in our voting systems is significant, which is precisely why a thorough and thoughtful review of his testimony is necessary to avoid any unintentional disclosure of information which may jeopardize the security of those systems. In any case, at no point does Byrne indicate why or how the 30-day review period somehow undermines that public interest. Nor could he.

13.     Byrne next suggests expedited review is necessary because:

> . . . Dr. Coomer is well aware of deadlines in such cases as *Eric Coomer, Ph.D. v. Donald J. Trump for President, Inc., et al*, Case No. 2020-cv- 03419, in the Denver District Court and *Dominion et al., v. Patrick Byrne*, Case No. 1:21-cv-02131-CJN-MAU, in the District of Columbia, where the strategic delay of the release of Dr. Coomer's deposition transcript serves an improper purpose to suppress the inclusion of newly discovered evidence and/or hinder attempts to reopen discovery.

*See* Response, Doc. 283, p. 10.

14.     Plaintiff has no idea what Byrne is arguing or attempting to insinuate. The discovery cutoff in *Coomer v. Donald J. Trump for President, Inc.* is May 26,

2026.[5] Dr. Coomer has been offering dates for his deposition in that case for many months now,[6] and the Defendants have all inexplicably declined to schedule his deposition. Dr. Coomer was scheduled to sit for a deposition for two days in January 2026, but Defendant *Donald J. Trump for President, Inc.* (the Trump Campaign) vacated that deposition at the last minute due to a personal family issue and has not made any effort to reset it.[7] If the information from his deposition in this case were critical, any Defendant in that case could simply set Dr. Coomer's deposition and ask him questions themselves. They refused to do so after Dr. Coomer insisted the Defendants complete his deposition during the two consecutive days previously allocated for it to be conducted. As a result, there is simply no basis for this argument.

15. As for *Dominion v. Byrne*, Plaintiff is not, in fact, "well aware" of any relevant deadlines in that case, but *Dr. Coomer was already deposed in that case* on August 26, 2024. That transcript was produced to Byrne in this case on September 30, 2024.[8]

---

[5] **Exhibit 3**, *Coomer v. Donald J. Trump for President, Inc. et. al.*, (Proposed) Amended Case Management Order (Mar. 2, 2026), p. 11 (indicating a discovery cutoff deadline of May 26, 2026). These dates were agreed to by all counsel at an in person status conference in Denver on February 20, 2026.

[6] Dr. Coomer has been offering deposition dates for more than five months now. *See* **Exhibit 4**, email from Kloewer to all counsel in *Coomer v. Donald J. Trump for President, Inc. et. al.* (Oct. 6, 2025).

[7] **Exhibit 5**, *Coomer v. Donald J. Trump for President, Inc.*, Defendant Donald J. Trump for President, Inc.'s Notice of Cancellation of Two-Day Videotaped Deposition of Plaintiff, Eric Coomer, Ph.D. (Jan. 14, 2026).

[8] Disclosed as EC 004627-004730.

16. The fact that Byrne apparently has no idea what has transpired in this and related cases is unsurprising, given that on the eve of Dr. Coomer's deposition, Byrne's counsel admitted that they had never even reviewed any of the nearly 9,000 pages of documents produced by Dr. Coomer in this case,[9] including transcripts of at least *six* other depositions of Dr. Coomer in related proceedings.

17. In light of the foregoing, the Court may rightly infer that Byrne's Motion was not brought with sufficient cause to modify the terms of a protective order they agreed to. Rather, Byrne's intent seems geared toward matters wholly unrelated to trial preparation. Indeed, just last week, third-party Oltmann indicated that he and Byrne are working together to raise $2 mm to "get the whistle blowers over the finish line."[10] This is the same old nonsense, and both Oltmann and Byrne have been promising their audiences that "whistle blowers" would be coming forward any day now for more than five years.

18. For his part, Byrne's counsel seems to have retreated from his promise that Dr. Coomer would soon be indicted for crimes *that did not occur* as a result of supposed Venezuelan interference with the 2020 election. Instead, public

---

[9] **Exhibit 6**, Email from Perry to Kloewer (Jan. 23, 2026) (requesting link to all 8,844 pages of prior disclosures from Plaintiff and conceding that they had never requested or received these documents at any point prior).

[10] *See* Joe Oltmann, *The Peoples Sacrifice for Nothing*, UNTAMED PODCAST, at 1:23:10 (Feb. 23, 2026) (Oltmann: "We're going to be doing a huge push. We're gonna call it the Patrick Byrne push. We've got to raise two million dollars . . . I'll be talking to Peter Ticktin about what that looks like, but we need to be sure we get these whistle blowers safely across the finish line, over the next couple months.") https://theuntamedtruth.com/joe-oltmann-untamed-nation-mon-23-feb-2026-livestream-50758-8342257/

reporting suggests that Mr. Ticktin is now working to convince the President that it was actually China who rigged the election, and that he must declare a national emergency in order to exert control over the upcoming 2026 midterms.[11]

19. Dr. Coomer does not wish to be a prop for these disparate efforts, and the Court should not be misled by Byrne's protestations of good faith, especially when he persists in publicly defaming Dr. Coomer with false allegations that he rigged the 2020 presidential election.[12] Byrne's posts are always followed by numerous commenters calling for Dr. Coomer's arrest, and some, inevitably, calling for his execution.[13] Byrne knows this, but it does not deter him. As described at length in Dr. Coomer's pending Motion for Sanctions (Doc. 281), Byrne's litigation strategy strongly features elements of witness intimidation.

20. In sum, there is no plausible basis or good cause shown necessary to amend the deadline which is now just eight days away, and the Court should deny the Motion accordingly.

---

[11] *See* Isaac Arnsdorf, *Trump, seeking executive power over elections, is urged to declare emergency*, WASHINGTON POST (Feb. 26, 2026), https://www.washingtonpost.com/politics/2026/02/26/trump-elections-executive-order-activists/ ("Pro-Trump activists who say they are in coordination with the White House are circulating a 17-page draft executive order that claims China interfered in the 2020 election as a basis to declare a national emergency"). The article goes on to repeatedly quote Peter Ticktin and describe him as "a Florida lawyer who is advocating for the draft executive order."

[12] **Exhibit 7**, @PatrickByrne, X (Mar. 2, 2026) (falsely accusing Dr. Coomer of perjury and involvement with election rigging), available at https://x.com/patrickbyrne/status/2028607172968423491?s=12

[13] *See, e.g.*, @DRMF91, X (Mar. 2, 2026), responding the Byrne post above with an image of a noose, a quotation of the treason statute, 18USC 2381, and an image reading "If Trump fails in hanging traitors, rednecks won't."), available at https://x.com/DRMF91/status/2028609877350994377

## IV. PRAYER

For all of the reasons stated herein, Eric Coomer, Ph.D. requests the Court deny Defendant Patrick Byrne's Motion to Expedite Designation or Alternatively Strike the Plaintiff's Confidential Designation of Eric Coomer's January 27 Deposition Transcript and allow Eric Coomer, Ph.D. to proceed with the proper designations of confidential information pursuant to this Court's Stipulated Protective Order. Eric Coomer, Ph.D. requests such other and further relit to which he may be entitled and this Court deems equitable and just.

Respectfully submitted this 4th day of March 2026.

Respectfully submitted,

　　　/s/ Charles J. Cain
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)
*Appearing via Special Admission

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission
**ATTORNEYS FOR PLAINTIFF**