IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**PLAINTIFF'S MOTION TO SEAL UNDER LOCAL RULE 1.11
PURSUANT TO COURT'S STIPULATED PROTECTIVE ORDER**

---

Plaintiff Eric Coomer, Ph.D. (Plaintiff or Dr. Coomer), through undersigned counsel, files this Motion to Seal Under Local Rule 1.11 Pursuant to Court's Stipulated Protective Order (Doc. 163), and in support hereof shows as follows:

**I.  SUMMARY OF MOTION AND RELIEF SOUGHT**

1. Plaintiff seeks leave to file multiple exhibits to his Motion for Order to Show Cause, filed simultaneously herewith, under seal. As described in the Motion, the following exhibits contain information relating to documents that were served or filed in the Denver District Court in related proceeding No. 2020cv034319, *Coomer v. Donald J. Trump for President, Inc.* or that were otherwise publicly posted:

    a.    Exhibit 10, Defendants Oltmann, FEC United, Shuffling Madness Media Inc. dba Conservative Daily's Supplement

1

          Regarding the Dominion Voting Subpoena containing no file-mark;

b.    Exhibit 13, Defendants Oltmann, FEC United, Shuffling Madness Media Inc. dba Conservative Daily's Supplement Regarding the Dominion Voting Subpoena containing the Clerk's file-mark and collectively with subparagraph a, identified herein and in Plaintiff's Motion for Order to Show Cause, the Supplement;

c.    Exhibit 15, Joe Oltmann, X (Feb. 17, 2026) (falsely stating that Mr. Cain "assaulted Peter Ticktin, then lied about the assault,") and containing screenshots of every page of the Supplement;

d.    Exhibit 16, Joe Oltmann, Facebook (Feb. 17, 2026) (posting the same and similarly including images of every page of the Supplement);

e.    Exhibit 17, excerpt from Guest Rich Guggenheim, Confronting Evil, UNTAMED WITH JOE OLTMANN (Feb. 17, 2026) (submitted via jump drive); and

f.    Exhibit 20, Defendants Oltmann, FEC United, Shuffling Madness Media Inc. Motion to Reconsider the February 17, 2026 Order Striking the Supplement Regarding the Dominion Voting Subpoena.

2.    The Supplement, as well as the social media postings of its content, along with the Motion to Reconsider constitute a portion of the basis for the underlying Motion for Order to Show Cause, and are examples of unauthorized disclosures under the Protective Order in this case. As described in the Motion for Order to Show Cause, the Supplement has already been stricken from the Denver District Court proceedings.

## II.  LEGAL STANDARD

3. Section 5(a) of the Stipulated Protective Order in this case (Doc. 163, 162-1) holds that "If any Confidential Information subject to this Order (or any pleading, motion, or memorandum disclosing such material) is proposed to be filed or is filed with the Court, those materials or any portion thereof shall be filed under seal by the filing party with the Clerk of the Court, along with a simultaneous Motion to Seal Under Order pursuant to Local Rule 1.11."

4. Pursuant to Local Rule 1.11, a Motion to Seal must establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory. Rule 1.11(b)(3)(A-C). Such a Motion must also include a legal memorandum and propose a duration for the seal. *Id.* at (b)(4-5).

5. A Motion to Seal must also "certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party." *Id.* at (b)(7). Finally, the Motion "must include the item, which is sealed pending an order resolving the motion." *Id.* at (b)(8).

## III.  ARGUMENT

6. Filing the Supplement, as well as the social media postings containing portions thereof, along with the Motion to Reconsider, is necessary to allow the Court to understand the basis for the Motion to Show Cause and to assess the

3

substance of the material complained of. Sealing the Supplement, as well as the social media postings containing portions thereof, along with the Motion to Reconsider, is necessary because Plaintiff maintains the information contained therein is subject to the Protective Order, that they contain misleading representations of Confidential Information, and because bad faith third-parties seek to exploit the information contained therein to cause harm to Plaintiff. Means other than sealing are unsatisfactory for this purpose because Plaintiff argues the information contained therein improperly harms him, and further public access to information will exacerbate that harm.

7. Plaintiff proposes that the Supplement, as well as the social media postings containing portions thereof, along with the Motion to Reconsider, remain under seal indefinitely for the reasons stated above. As noted in the corresponding Motion to Show Cause, the Denver District Court has already stricken the Supplement and portions of it contained in social media postings, from the record in related proceeding No. 2020cv034319, *Coomer v. Donald J. Trump for President, Inc.*, and a portion of the relief requested in the Motion is that third-parties Hall and Oltmann be ordered to destroy public copies of the document.

8. At this time, Plaintiff has an interest in establishing and maintaining a seal on the information filed herewith because Defendants and others are using it to falsely and publicly impugn him. Upon information and belief, Plaintiff's former employer, Dominion Voting Systems, which has since been acquired by

4

Liberty Vote, may also have an interest in establishing and maintaining a seal on the information requested to be sealed herein. A copy of this pleading will be provided to their counsel of record via email to the following recipients:

> Liberty Vote USA
> c/o Stanley L. Garnett
> stan.garnett@garnettlegalgroup.com
> David S. Chipman
> david.chipman@garnettlegalgroup.com
> Leah M. Regan-Smith
> leah.regansmith@garnettlaegalgroup.com
> **GARNETT POWELL MAXIMON BARLOW & FARBES**
> 1125 17th Street, Suite 2200
> Denver, CO 80202
> 303-991-3344

9. The exhibits identified herein are filed herewith.

## PRAYER

Eric Coomer, Ph.D. requests an Order establishing and maintaining the exhibits identified herein to Plaintiff's Motion for Order to Show Cause, filed simultaneously herewith, under seal.

Eric Coomer, Ph.D. requests such other and further relief as the Court deems equitable and just.

5

Respectfully submitted this 10th day of March 2026.

Respectfully submitted,

    */s/ Bradley A. Kloewer*
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)
*Appearing via Special Admission

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission

**ATTORNEYS FOR PLAINTIFF**

**LOCAL RULE 3.01(G) CERTIFICATION REGARDING CONFERRAL**

Movant certifies:

    (A)    that he conferred with Defendants via telephone regarding the relief requested;

    (B)    that Defendant Patrick Byrne is opposed to the relief requested; and

    (C)    that Defendants Steven Lucescu and The America Project, Inc. take no position with respect to the relief requested.