IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
 Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
 Defendants

---

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION DATES AND TO AMEND CASE MANAGEMENT ORDER**

---

Plaintiff Eric Coomer, Ph.D. (Dr. Coomer or Plaintiff), by and through his undersigned counsel, files this Motion to Compel Deposition Dates and to Amend Case Management Order, and states as follows:

## I. INTRODUCTION

1. Defendant Patrick Byrne (Byrne) is refusing to cooperate on setting any depositions until the Court rules on Plaintiff's pending Motion for Sanctions (Doc. 281). Byrne has provided no authority for his position, and the window for conducting discovery will soon be closed. Plaintiff requests the Court issue an order compelling Byrne to cooperate with the setting of remaining depositions and confirm dates accordingly.

2. In the interim, Plaintiff requests an expansion of the discovery period to account for this obstruction and to allow necessary depositions to be conducted.

1

## II. RELEVANT BACKGROUND

3. On July 30, 2025, the Court issued an Endorsed Order Amending Case Management Scheduling Order establishing a discovery deadline of March 2, 2026. (Doc. 225).

4. Defendants took the deposition of Plaintiff Dr. Coomer on January 27, 2026.

5. On February 3, counsel for Byrne sent an email indicating he intended to take fifteen different depositions between February 10 and March 2.[1] He had not issued any subpoenas to any of the proposed deponents at that point, and Plaintiff is not aware of any subsequent efforts to actually serve subpoenas on any of these individuals.

6. Plaintiff requested a conferral call to discuss this proposal, and the parties spoke by telephone on February 6. During the call, Plaintiff raised concerns about the impracticality of conducting so many depositions in such a short time-frame, and indicated his intent to take the depositions of Defendants' expert witnesses,[2] as well as third-party Joe Oltmann, a key fact witness. Byrne's counsel indicated they would check dates for their experts' availability and provide them to Plaintiff thereafter.

---

[1] **Exhibit 1**, pp. 3-4, Email from David Perry (Feb. 3, 2026).

[2] On December 17, 2025, the Court held a status conference to address Byrne's Motion to Extend Deadlines to Make Expert Disclosures. The Court ruled from the bench that Byrne could have additional time for the designation of one retained expert, Erich Speckin. Nonetheless, on January 15, 2026, Byrne disclosed nine expert witnesses. *See* **Exhibit 2**, Defendant Patrick Byrne's Expert Disclosures (Jan. 15, 2026).

2

7. That afternoon, Plaintiff filed a Motion for Sanctions and for Order to Show Cause. (Doc. 281). That Motion seeks relief for a variety of misconduct surrounding the deposition of Dr. Coomer held on January 27.

8. Three days later, on February 9, the parties filed a Joint Stipulation Regarding Discovery Deadline, wherein they agreed to extend the deadline by which to conduct discovery from March 2 to April 1, primarily to accommodate depositions. (Doc. 282).

9. On February 26, undersigned counsel reached out to Byrne to again request deposition dates for their experts, and to offer proposed dates that would work on Plaintiff's calendar.[3]

10. On February 27, Byrne's counsel David Perry responded, stating, "After a review of Peter [Ticktin]'s calendar, he has availability on March 30 and 31."[4] Upon receipt of this email, Plaintiff drafted and served deposition notices for Byrne's retained experts, Benjamin Cotton and Erich Speckin, each for half-day

---

[3] **Exhibit 3**, p. 1, Email from Kloewer (Feb. 26, 2026).

[4] *Id.*

3

deposition on March 31.[5]  He also served a subpoena for the deposition of third-party Joe Oltmann[6] to be set on March 30.[7]

11.  The next day, however, Mr. Ticktin responded, indicating he would not cooperate on any discovery until the Court ruled on Plaintiff's Motion for Sanctions and for Order to Show Cause. In relevant part, Mr. Ticktin stated:

> You may not be aware of it, but while a motion to disqualify a judge or counsel is pending, it is the next thing which is required to be considered. It puts a stop to all other work. There cannot be discovery or motion practice with a judge or an attorney who may be found to be worthy of recusal. As Mr. Cain has asked that my firm and I should be disqualified, and as Cain and his firm, including you, may well be disqualified, we are going to need to wait until the determination of Cain's motion before we proceed with any depositions. Are you in agreement with this or do we need to move for a protective order?[8]

12.  Plaintiff's counsel responded on March 1, and indicated his disagreement and requested that Mr. Ticktin provide authority for his position. In relevant part, Mr. Cain stated:

> I know of no legal authority, and you cite to none, that holds all discovery must be abated or that protection is necessary under these circumstances. Since we are obliged to confer in good faith, please provide us with legal authority you believe supports the position you

---

[5] **Exhibit 4**, Subpoena to Testify at a Deposition in a Civil Action, Joseph Oltmann (Feb. 27, 2026).

[6] Oltmann terminated his counsel in related proceeding *Coomer v. Donald J. Trump for President, Inc., et. al.* on February 10, 2026, and the Denver District Court allowed them to withdraw on February 26. Since that time, Oltmann has represented in emails with undersigned counsel that he is now represented by Mr. Ticktin and Mr. Perry. Neither have filed entries of appearance in *Coomer v. Donald J. Trump for President, Inc., et. al.*, however, and Plaintiff will oppose any effort by either to seek pro hac vice admission. Oltmann has not responded to multiple emails asking if he will waive service of the subpoena, or what a convenient time and place to accept service would be. As a result, it is possible that Ticktin may have a role in Plaintiff's inability to serve Oltmann the subpoena.

[7] **Exhibit 5**, Plaintiff Notice of Intent to Oral and Video Deposition of Benjamin Cotton (Feb. 27, 2026); **Exhibit 6**, Plaintiff Notice of Intent to Oral and Video Deposition of Erich Speckin (Feb. 27, 2026).

[8] **Exhibit 7**, pp. 1-2, Email from Ticktin (Feb. 28, 2026).

are taking. Otherwise, we don't presume to know how the Court will rule on a discretionary request.[9]

13. Mr. Ticktin never responded with any authority for his position. Nor has he moved for a protective order or issued any subpoenas or provided any deposition dates for Byrne's expert witnesses. Mr. Ticktin has, however, maintained a busy media and public speaking schedule, and has given numerous interviews on a variety of different podcasts since that time.[10]

### III. LEGAL STANDARD

14. Federal Rule of Civil Procedure 6(b)(1)(A) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion if the court acts, or if a request is made, before the original time or its extension expires." To establish good cause, the party seeking the extension must establish that the schedule could not be met despite

---

[9] *Id.*, p. 1.

[10] *See, e.g.*, PETER TICKTIN: THREE REASONS TINA PETERS IN PRISON: TO SHUT HER UP, USE HER AS A SCAPEGOAT, EXAMPLE TO WARN OTHER CLERKS, BANNON'S WAR ROOM, (Feb. 20, 2026), https://rumble.com/v75r4ka-peter-ticktin-three-reasons-tina-peters-in-prison.html?e9s=src_v1_cbl%2Csrc_v1_ucp_a; Peter Ticktin, Peter Ticktin Speaking at Trump International in Palm Beach, Monday March 2, X (Feb. 27, 20226), https://x.com/PeterTicktin/status/2027484317778067891; America's Top 10 for 2/28/26 – Segment 3 – Interview with Peter Ticktin, REAL AMERICA'S VOICE (Feb. 28, 2026), https://rumble.com/v76dsmg-americas-top-10-for-22826-segment-3-interview-with-peter-ticktin.html?e9s=src_v1_s%2Csrc_v1_s_0&sci=5556f17a-de2c-4ef4-b5ac-f1c139c3db53; Tina Peters Appeal Update – There are Multiple Opportunities Still Ahead, Bill Quinn Interview with Peter Ticktin, The Georgia Record (Mar. 3, 2026), https://rumble.com/v768frk-tina-peters-appeal-update-there-are-multiple-opportunities-still-ahead.html?e9s=src_v1_s%2Csrc_v1_s_0&sci=5cedf591-d644-4dc1-9a01-b683eac7c0b9; Peter Ticktin With The Latest Developments On Tina Peters: We Are So Close To Getting Her Free, BANNON'S WAR ROOM (Mar. 5, 2026), https://rumble.com/v76p24y-peter-ticktin-with-the-latest-developments-on-tina-peters-we-are-so-close-t.html?e9s=src_v1_s%2Csrc_v1_s_0&sci=5556f17a-de2c-4ef4-b5ac-f1c139c3db53; Will Polis Do the Right Thing? Jerome Corsi and Peter Ticktin, THE TRUTH MATTERS (Mar. 6, 2026), https://rumble.com/v76qfsy-will-polis-do-the-right-thing-jerome-corsi-and-peter-ticktin-6-march-2026.html?e9s=src_v1_s%2Csrc_v1_s_0&sci=5556f17a-de2c-4ef4-b5ac-f1c139c3db53; Peter Ticktin, @PeterTicktin, X (Mar. 12, 2026) ("I'll be joining @RealAlexJones on InfoWars LIVE today at 2:00 PM ET."), https://x.com/PeterTicktin/status/2032105248592916589.

the party's diligence. *Ashmore v. Sec'y Dept. of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013) (*citing Oravec v. Sunny Isles Luxury Ventures*, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008)).

15. Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard requires the parties to show attempts to comply with the Court's deadlines and "that despite the party's diligence the deadline could not be met." *Nautilus Ins. Co. v. Naples Water Sports, Inc.*, 2011 WL 13295060, *1 (M.D. Fla. 2011); *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

16. Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The proponent of a motion to compel discovery bears the initial burden of proving that information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No, 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (*quoting Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

## IV. ARGUMENT

### A. *The Case Management Order should be amended.*

17. As a preliminary matter, Plaintiff requests the Court amend the Case Management Order to extend the discovery cutoff deadline to at least April 30, 2026, in order to address the pending Motions and to allow necessary depositions to proceed. Plaintiff further requests the Amended Case Management Order similarly extend other related subsequent deadline by an additional thirty days as well. The new proposed dates would be as follows:

|  | **Current Deadline** | **Proposed Amended Deadline** |
| --- | --- | --- |
| Discovery Cutoff | April 1, 2026 (pursuant to joint stipulation) | May 1, 2026 |
| Dispositive Motions | April 1, 2026 | June 1, 2026 |
| Mediation | May 1, 2026 | July 1, 2026 |

18. Good cause exists for this amendment because Byrne is refusing to cooperate or proceed with discovery unless and until the Court issues orders on separate matters. Plaintiff should not be prejudiced by this conduct, especially when Defendants' conduct gave rise to the Motion for Sanctions in the first place.

19. The depositions of Defendants' retained experts are undeniably relevant, as is the deposition of third-party Joe Oltmann, who is the origin of the false claims at issue in this dispute.

20. Plaintiff notes, however, that this additional time may be insufficient, especially if Byrne persists in non-cooperation while the Court considers Plaintiff's pending Motion for Sanctions. Plaintiff, therefore, requests an order at least

7

compelling Byrne to comply with his current discovery obligations in the interim so that the case is not further delayed.

### B.  *Byrne should continue with discovery.*

21.  Staying discovery at this time is inefficient, and will result in additional delays regardless of how the Court rules on Plaintiff's Motion for Sanctions.  Even if the Court were to grant Plaintiff's Motion with respect to disqualifying his current counsel, as Plaintiff has requested, Byrne would still be better positioned to proceed thereafter if more discovery has been completed by the time any Court order has issued.  At the same time, if the Court were to deny that portion of the relief requested, then the parties would still be better positioned to move forward.

22.  As things stand, Byrne has taken the position that he is entitled to stop all progress because Plaintiff filed a Motion for Sanctions arising from Byrne's and his counsel's conduct.  This is both highly prejudicial to Plaintiff and highly beneficial to Byrne, who stands to benefit from any and all delay, all while he simultaneously persists in his public defamation campaign against Plaintiff.[11]

### C.  *Plaintiff has been diligent.*

23.  Plaintiff has been attempting to conduct discovery in this case for years now, despite numerous setbacks and delays.  This Motion follows various last-minute disclosures by Byrne that were unforeseeable, namely his late

---

[11] *See, e.g.*, **Exhibit 8**, Patrick Byrne, @PatrickByrne, X (Mar. 2, 2026) (falsely stating that, "Trump was indicted because this guy went to a grand jury in Georgia and told them one thing, but under oath in his own deposition in front of experts he can't bluff, he told something else.").

8

designation of nine different experts, and Byrne's apparent intent to take an additional fifteen depositions of a wide variety of individuals residing in multiple different countries. Despite these surprises, and despite the variety of serious concerns addressed in Plaintiff's pending Motion for Sanctions, Plaintiff has attempted to proceed and has provided potential deposition dates accordingly. He should not be prejudiced by further delay that is not of his making.

## CONCLUSION

For the reasons stated herein, Plaintiff Eric Coomer, Ph.D. requests the Court issue an Order Amending the Case Management Order and extending existing deadlines. Plaintiff Eric Coomer, Ph.D. similarly requests an order compelling Defendants to proceed with discovery, including depositions, while the Court considers Plaintiff's pending Motion for Sanctions, as well as any other relief the Court deems fit.

Respectfully submitted this 12th day of March 2026.

       */s/ Bradley A. Kloewer*
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)
*Appearing via Special Admission

9

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission

**ATTORNEYS FOR PLAINTIFF**

**LOCAL RULE 3.01(G) CERTIFICATION REGARDING CONFERRAL**

Movant certifies:

(A)     that he conferred with Defendants via email regarding the relief requested;

(B)     that Defendant Patrick Byrne is opposed to the relief requested; and

(C)     that Defendants Steven Lucescu and The America Project, Inc. do not oppose the relief requested with respect to the proposed amendments to the Case Management Order.  They take no position as to the Motion to Compel deposition dates while the Court considers the Motion for Sanctions.