IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

    Plaintiff,

v.

PATRICK BYRNE, STEVE LUCESCU, and THE AMERICA PROJECT INC.,

    Defendants.

_____/

**MOTION FOR PROTECTIVE ORDER
PENDING RESOLUTION OF MOTION FOR SANCTIONS**

    The Defendant, Patrick Byrne, by and through his undersigned counsel, files this, his Motion for Protective Order, staying all discovery proceedings in this matter pending the Court's resolution of the Dr. Coomer's pending Motion for Sanctions seeking disqualification of Dr. Byrne's counsel, and in support thereof states:

## Introduction

    On February 6, 2026, the Plaintiff, Dr. Coomer filed a Motion for Sanctions seeking the disqualification of the Defendant's counsel, Peter Ticktin, and his law firm, The Ticktin Law Group, from representing Dr. Byrne in this defamation action. [DE 281]. When his motion was initially brought orally at the date of the deposition, this Court made it clear that sanctions would be imposed on the

attorney who was the aggressor.

Following that date, Dr. Coomer filed his Motion for Sanctions and the Patrick Byrne filed his Response which asked that Charles Cain and his law firm be disqualified as the evidence showed that he was the actual aggressor and because his Motion to Disqualify was on false premises upon which Mr. Cain was aware. Mr. Coomer's motion remains pending before this Court and has not been resolved.

Despite the pendency of Dr. Coomer's motion seeking to disqualify Dr. Byrne's counsel, Dr. Coomer now seeks to proceed with depositions of the Defendant's expert witnesses and third-party Joseph Oltmann.

Dr. Byrne seeks a protective order, staying all discovery proceedings, including the noticed depositions, until the Court resolves the pending Motion for Sanctions.

## Background

The above styled lawsuit is is a defamation action brought by the Plaintiff, Dr. Coomer, against the Defendant, Dr. Byrne, regarding alleged statements concerning Dr. Coomer's involvement in rigging the 2020 Presidential Election.

On February 6, 2026, Dr. Coomer filed a Motion for Sanctions alleging that Mr. Ticktin, an 80-year-old man, assaulted the much younger and stronger Charles Cain prior to Dr. Coomer's deposition. [DE 281]. Dr. Coomer's Motion for Sanctions requests that Mr. Ticktin and The Ticktin Law Group be removed from

2

representing Dr. Byrne in this litigation. On February 20, 2026, Dr. Byrne filed his Response in Opposition to Dr. Coomer's Motion for Sanctions. [DE 284]. The Motion for Sanctions remains pending and unresolved. It is anticipated that this Court will disqualify the aggressor of the physical confrontation.

Meanwhile, Dr. Coomer has noticed depositions of Dr. Byrne's expert witnesses and third party Joseph Oltmann on March 30 and March 31 respectively. Dr. Coomer seeks to proceed with these depositions while the Motion for Sanctions seeking disqualification of Dr. Byrne's counsel remains pending.

However, as Charles Cain was the actual aggressor who pursued, confronted, threatened, and touched Mr. Ticktin, it is anticipated that Mr. Cain and his law firm should be removed.

## **Legal Standard**

Federal Rule of Civil Procedure 26(c) authorizes a party to move for a protective order and requires the motion to include a certification that the movant conferred or attempted to confer in good faith to resolve the dispute without court action. Upon a showing of good cause, the Court may issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding discovery or specifying terms for discovery. *Tillman v. C.R. Bard, Inc.*, 297 F.R.D. 660, 663 (M.D. Fla. 2014). The party seeking the protective order bears the burden to show good cause. *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).

Rule 30 provides that objections during a deposition are noted on the record and the examination generally proceeds. Where a defendant seeks to postpone depositions (as opposed to merely preserve objections), the proper vehicle is to obtain a court-ordered limitation/protective relief. F.R.Civ.P. 30.

A failure to act in discovery is not excused merely because discovery was "objectionable," unless the non-acting party has a pending Rule 26(c) motion for protective order. Accordingly, where Defendant contends the depositions should not proceed at this time, promptly seeking a protective order is the rule-sanctioned mechanism for raising that dispute. F.R.Civ.P. 26.

## Argument

### "Good Cause" Exists to Postpone the Noticed Depositions Until the Threshold Disqualification/Sanctions Motion Is Resolved

Dr. Coomer seeks to take the depositions of Dr. Byrne's expert witnesses and third party witness, Joseph Oltmann, while simultaneously pursuing a motion aimed at removing Mr. Ticktin and his law firm, The Ticktin Law Group, as counsel for Dr. Byrne.

That procedural posture supports good cause for a limited, time-bound order postponing the depositions until the Court decides whether current defense counsel may continue representing Dr. Byrne, because the identity of counsel directly affects deposition preparation, defense strategy, and the ability to efficiently conduct and complete depositions without duplication. Where a deposition is taken while counsel's status is uncertain, there is a concrete risk of

4

inefficiency and added expense-e. g. , re-preparation, re-opening deposition issues, or the practical need to revisit testimony-burdens that fall squarely within Rule 26(c)'s "undue burden or expense" rubric. F.R.Civ.P. 26(c).

Proceeding with discovery while a motion to disqualify counsel remains pending would create substantial inefficiency and potential unfair prejudice. If Dr. Byrne's current counsel is disqualified, new counsel would need time to familiarize themselves with the case, review all prior discovery, and prepare for depositions.

Requiring Dr. Byrne's expert witnesses to sit for depositions while the disqualification motion is pending could necessitate re-deposing those same witnesses if new counsel is substituted. Such duplicative discovery would impose undue burden and expense on both the parties and the witnesses.

The Court has authority to limit or suspend depositions to prevent undue burden. F.R.Civ.P. 30. Conversely, if the Motion for Sanctions is denied and current counsel remains, no prejudice results from a brief stay of discovery pending that determination.

The pendency of the disqualification motion creates uncertainty regarding who will represent Dr. Byrne going forward, making it impossible for counsel to adequately prepare for and defend depositions. Allowing discovery to proceed under these circumstances would be fundamentally unfair and would undermine the orderly administration of justice.

Dr. Coomer, through his counsel, Mr. Cain initiated the disqualification

5

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

proceedings by filing the Motion for Sanctions and should not be permitted to gain tactical advantage by simultaneously pressing forward with discovery while that motion remains pending.  The potential for unfair prejudice to Dr. Byrne far outweighs any minimal inconvenience to Dr. Coomer from a brief stay of discovery pending resolution of Dr. Coomer's own motion

Dr. Byrne is not seeking an indefinite halt; the requested stay is expressly tied to the resolution of Dr. Coomer's own pending motion seeking disqualification/removal of counsel.

## Conclusion

In light of the foregoing, the Defendant, Patrick Byrne respectfully requests that this Court enter a protective order staying all noticed depositions of Dr. Byrne's expert witnesses and third party Joseph Oltmann, pending the Court's resolution of Dr. Coomer's Motion for Sanctions seeking disqualification of Dr. Byrne's counsel; and provide that no discovery deadlines shall run during the pendency of the stay, and that the stay shall be lifted upon the Court's resolution of the Motion for Sanctions.

WHEREFORE the Defendant, Dr. Byrne, respectfully requests that this Court grant this Motion for Entry of a Protective Order, and grant such further and other relief as this Honorable Court may deem just and proper.

## **Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has attempted to confer in good faith with the Plaintiff's counsel via email on February 28, 2026. Counsel for the Plaintiff did not respond substantively to the undersigned counsel's attempt to confer as to the issues presented in the instant motion.

*/s/ Peter Ticktin*
Peter Ticktin

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ Peter Ticktin*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*
