IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

      Plaintiff,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

      Defendants.

_____/

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

The Defendant, Patrick Byrne, by and through his undersigned counsel, files this, his Response in Opposition to the Plaintiff's Motion for Order to Show Cause, and in support thereof states:

Dr. Coomer is now moving for an order to show cause and for sanctions (including civil or criminal contempt, compelled takedowns of speech, and broad injunctive and discovery relief) against non-parties Andrea Hall and Joseph Oltmann for alleged violations of this Court's Stipulated Protective Order.

Once again, Dr. Coomer's attorneys are pointing to a molehill, calling it a mountain and seeking momentous penalties for innocent transgressions which on examination are not transgressions, at all.

All that the Plaintiff is doing is causing an inordinate amount of wasted time

and effort, worthy of sanctions against Coomer's attorneys.

## Background

The Stipulated Protective Order entered in this case established specific procedures for designating confidential discovery materials.  The Protective Order defines "Confidential Information" as:

> **Confidential Information**: As used herein, "Confidential Information" means any Discovery Material that has been specifically marked or designated as "CONFIDENTIAL" by any Designating Party, and that contains: private health or medical records of any person; (ii) personally identifying information of any person, including identification numbers, addresses, and telephone numbers for any person, and the name of any minor child; (iii) confidential personal correspondence, notes, or communications; (iv) policies, protocols, sources, or methods that are in fact confidential; (v) personnel or employment records of any person or party; (vi) confidential financial records or statements; (vii) competitively or commercially sensitive information; (viii) confidential and sensitive political records; or (ix) any personal information that is not generally available to the public. [DE 163].

The Protective Order also establishes clear procedures governing the designation of deposition testimony as confidential.  Specifically, the Order provides that "[p]ortions of any deposition shall be deemed confidential only if they are designated as such when the deposition is taken or within thirty (30) calendar days after receipt of the transcript." [DE 163].  The Order further requires that any confidentiality designation be made in good faith and expressly cautions that parties "shall not routinely designate material as Confidential Information,"

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

and that "information that is publicly available shall not be designated as Confidential Information." [DE 163].

The Protective Order also permits disclosure of Confidential Information to certain defined categories of persons. Among those permitted recipients are "[c]ounsel representing a Party in connection with any civil action that the Court or a Party designates as related to this action," including counsel involved in cases identified in Dr. Coomer's notice of related cases.

**The January 27, 2026 Deposition**

Dr. Coomer was deposed on January 27, 2026, in Tampa, Florida. During the deposition, Dr. Coomer testified regarding his knowledge of Dominion Voting Systems' engineering and software design features. Dr. Coomer claimed lack of knowledge about specific features critical to understanding how foreign actors could remotely access Dominion servers to modify code.

Andrea Hall and Joseph Oltmann attended the deposition remotely and executed undertakings acknowledging their obligations under the Protective Order and submitting to this Court's jurisdiction for enforcement purposes.

At the conclusion of the deposition, Dr. Coomer's counsel stated that the testimony would be designated confidential for 30 days, pending transcript review and designated the entire deposition transcript as Confidential.

On February 16, 2026, Andrea Hall filed her Supplement in support of her motion to compel production from Dominion in a different case. Also, Joseph

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Oltmann stated the same information on a podcast.

**Public Information and Related Proceedings**

On March 12, 2026, Dr. Coomer served his confidential designations as to the Deposition Transcript. The portions of the January 27, 2026 deposition that the Plaintiff designated as confidential relate to locations, names, job titles, and other information which overlaps substantially with the publicly available grand jury transcript. Almost all of the information that Dr. Coomer seeks to protect as confidential is already in the public domain. For example, a New York Times article published prior to the deposition confirmed that Dr. Coomer worked at a temporary office in naming a particular city in a particular County in a particular state, during the 2020 General Election.[1]

Additionally, grand jury testimony related to these matters was previously unsealed and made publicly available. [DE 283-1].

**The Related Colorado Case**

Andrea Hall served as counsel, alongside Ingrid Defranco, for Joseph Oltmann in a related case, *Coomer v. Donald J. Trump for President, Inc.*, pending in the District Court of Denver, Colorado. On February 16, 2026, Hall filed a supplement in that case. The Denver District Court struck the supplement on February 17, 2026, noting concerns about potential conflicts with the Florida

---

[1] Susan Dominus, He Was the "Perfect Villain" for Voting Conspiracists, N.Y. Times Mag., Aug. 24, 2021, https://www.nytimes.com/2021/08/24/magazine/eric-coomer-dominion-voting.html (reporting that Coomer had a temporary office at Daley Plaza in Chicago during the 2020 election).

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Protective Order.

Dr. Coomer filed a Notice of Related Case in this action indicating that the Colorado case is a related proceeding. [DE 129].  The Protective Order expressly permits disclosure of Confidential Information to counsel in related actions designated by the Court or the parties. [DE 163].

**Metadata Disclosure Issues**

During the course of discovery, electronically stored information containing metadata was transmitted between counsel.  Florida Bar Rule 4-4.4(b) requires a lawyer who receives electronically stored information, including metadata, and knows or reasonably should know it was inadvertently sent, to promptly notify the sender.  Hence, by counsel for Coomer reviewing the metadata, which was obviously sent without realizing that it was included, the attorneys for Coomer acted contrary to the Florida Rules of Professional Conduct.

As evidenced by Dr. Coomer's Motion, his counsel was aware of the metadata disclosure.  Andrea Hall did not have knowledge of the metadata issue at the time of the transmissions.

**The Information Which Was Provided
Was Not Included In the Designations By
Coomer, Except for 1 Item Which Should
Have Never Been Included In the Designations.**

The Plaintiff is complaining about the Ms. Hall and Mr. Oltmann for what they perceive as violations of the Protective Order because, for the most part, they released information which would have been wrongful to have included in the

Plaintiff's designations.  This is obvious in that all but one item, which was naming the city and county as a place where Coomer worked during the 2020 election.

So, for all of the non-designated items, it is simply Coomer's lawyers claiming that Ms. Hall and Mr. Oltmann had the audacity to disclose information which the Plaintiff could have, but did not, designate as confidential.  However, none of those tidbits of information could have been appropriately listed by the Plaintiff any more than the 1 item which they did designate.

The Confidentiality Order provides:

i)     private health or medical records of any person;

Naming the city and county in which Coomer worked during the 2020 Presidential Election is not a health record.

ii)     personally identifying information of any person, including identification numbers, addresses, and telephone numbers for any person, and the name of any minor child;

Indicating the city and county in which Coomer worked during the 2020 Presidential Election did not indicate identifying information.

iii)     confidential personal correspondence, notes, or communications;

The information that Coomer had been in the city and county in which Coomer worked during the 2020 Presidential Election is not confidential personal communications.

iv)     policies, protocols, sources, or methods that are in fact confidential;

6

The location of the city and county in which Coomer worked during the 2020 Presidential Election is none of these.

v)   personnel or employment records of any person or party;

These are not employment records.

vi)   confidential financial records or statements;

This information is not a financial record or statement.

vii)   competitively or commercially sensitive information;

This information has nothing to do with competitive information.

viii)   confidential and sensitive political records;

The fact the city and county in which Coomer worked during the 2020 Presidential Election was not confidential or a sensitive political record.

ix)   any personal information that is not generally available to the public;

The New York Times article, which is attached hereto and marked as Exhibit ("A") reveals that Coomer was in Chicago, which is in Cook County, during the 2020 Election.

Moreover, both the Designations of Coomer and Ms. Hall Supplement are provide by the Plaintiff in their Motion for Sanctions.

## **Legal Standard**

A finding of civil contempt "must be supported by clear and convincing evidence," establishing: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

to comply with the order." *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

In determining contempt, "the order is subject to reasonable interpretation," and "may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard." *Ga. Power Co. v. NLRB*, 484 F.3d 1288, 1291 (11th Cir. 2007). Ambiguities or uncertainties in a court order are construed "in a light favorable to the person charged with contempt." *Id.*

Civil contempt sanctions may be coercive and compensatory, and the court should consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).

<u>**Argument**</u>

**Whether Disclosure of Publicly Available Information of Non-Designated Materials Prior to Designation Breaches the Protective Order**

Absent the location of Dr. Coomer's work. All other facets of Andrea Hall's supplemental in the Denver case were publicly available or not otherwise designated as confidential. [DE 281-1 and DE 283-1]. Dr. Coomer's allegations against Mr. Oltmann stem from his coverage of his attorneys' supplemental filing on his podcast.

Therefore, the sole argument for the alleged breach of the Protective Order is that Mr. Oltmann and Andrea Hall disclosed information that could not and was

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

not ultimately designated as confidential in good faith.[2]

## The Protective Order's Related Case Provision Creates Ambiguity That Defeats a Finding of Willful Contempt

The Protective Order expressly permits disclosure of Confidential Information to counsel in related actions designated by the Court or the parties. Plaintiff filed a Notice of Related Case indicating that the Colorado case, *Coomer v. Donald J. Trump for President, Inc.*, is a related proceeding. Andrea Hall and Ingrid Defranco serve as counsel in that related case.

That provision creates a reasonable interpretation that disclosure of deposition materials to counsel in the related Colorado action is permissible under the Protective Order. The existence of this plausible interpretation undermines any finding that Andrea Hall willfully violated a clear and unambiguous order.

The Protective Order does not specify the precise procedures or limitations for sharing information with counsel in related cases. This ambiguity must be construed in favor of Andrea Hall and Joseph Oltmann, the parties charged with contempt.

## The Protective Order Does Not Mandate Automatic Blanket Confidentiality During the Thirty-Day Designation Period

The Protective Order states that portions of any deposition shall be deemed confidential only if designated at the deposition or within thirty days after receipt

---

[2] This argument gives rise to Dr. Coomer's bad faith blanket application of the Protective Order to weaponize against parties in related cases.

9

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

of the transcript.  The phrase "only if" and the focus on "portions" support the interpretation that confidentiality attaches through specific designation, not as an automatic blanket rule for the entire transcript during the thirty-day window.

Dr. Coomer's position presupposes that the entire deposition transcript is automatically confidential for thirty days absent any specific designation.  That interpretation is inconsistent with the Order's text, which requires designation of "portions" and prohibits routine blanket designations.

The Protective Order requires that designations be made in good faith and forbids routine designation of all materials as confidential.  Dr. Coomer's blanket designation of the entire deposition transcript contradicts these requirements and creates ambiguity about which specific portions are genuinely confidential.

That textual ambiguity is susceptible to reasonable dispute and undermines the clear-and-unambiguous requirement for contempt.  Andrea Hall and Joseph Oltmann could reasonably interpret the Order to require specific designation of confidential portions rather than automatic blanket confidentiality.

**Plaintiff Has Not Established That the Designated Information Is Properly Confidential**

The Protective Order permits designation of specific categories of information as confidential, including private health data, personally identifiable information, confidential communications, personnel records, financial information, and sensitive political information.  The Order prohibits designation of publicly available information as confidential.

10

Substantial portions of the information that Dr. Coomer seeks to protect are already in the public domain. The New York Times article confirms Dr. Coomer's work location in Chicago, Cook County, Illinois. The grand jury transcript containing related testimony was unsealed and made publicly available. The portions of the January 27, 2026 deposition that Dr. Coomer claims are confidential overlap substantially with this publicly available information.

Dr. Coomer has not demonstrated that the designated portions contain genuinely confidential information that falls within the categories specified in the Protective Order and is not already publicly available. Without such a showing, Dr. Coomer cannot establish that Andrea Hall and Joseph Oltmann violated the Protective Order by discussing or referencing information that is already in the public domain.

**The Denver Court's Order Does Not Constitute a Finding of Violation**

The Denver District Court struck Andrea Hall's supplement and noted that the filing appeared to run contrary to the Florida Protective Order. This cautionary statement does not constitute a finding that Andrea Hall violated the Florida Protective Order or that she acted in contempt of this Court's orders.

The Denver court's ruling was a procedural determination in a separate proceeding and cannot substitute for the clear and convincing evidence required to establish contempt in this Court. The striking of the supplement demonstrates that the Colorado court took appropriate action to address potential conflicts with

11

the Florida Protective Order, but it does not establish that Andrea Hall willfully violated a clear and unambiguous order.

## The Undertakings Do Not Eliminate the Clear and Convincing Evidence Burden

Andrea Hall and Joseph Oltmann signed Undertakings acknowledging their obligations under the Protective Order and submitting to this Court's jurisdiction for enforcement purposes.   While the Undertakings establish this Court's jurisdiction to enforce the Protective Order against non-parties, they do not eliminate Plaintiff's burden to prove a violation by clear and convincing evidence.

The Undertakings acknowledge the existence of obligations under the Protective Order, but they do not resolve ambiguities in the Order's terms or establish that Andrea Hall and Joseph Oltmann had clear notice of the specific conduct that Dr. Coomer now alleges violates the Order.

## Metadata Disclosure Issues Do Not Support Contempt Sanctions

Florida Bar Rule 4-4.4(b) requires a lawyer who receives electronically stored information and knows or reasonably should know it was inadvertently sent to promptly notify the sender.  The rule creates an obligation only if the receiving lawyer knows or reasonably should know the metadata was inadvertently sent.

Andrea Hall did not have knowledge of the metadata issue at the time of the transmissions.  Dr. Coomer's counsel was aware of the metadata disclosure and had an ethical obligation to notify opposing counsel.  The failure to provide such notice cannot be attributed to Andrea Hall or used as a basis for contempt

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

sanctions against her.

Moreover, metadata disclosure issues are distinct from alleged violations of the Protective Order's confidentiality provisions.   Even if metadata was inadvertently disclosed, this does not establish that Andrea Hall willfully violated the Protective Order's restrictions on use and disclosure of confidential deposition testimony.

**"Mischaracterization" Versus Direct Quotation: Plaintiff's Theory Further Highlights the Need for Clarity in What the Order Prohibits**

Dr. Coomer's motion repeatedly characterizes the alleged misconduct as disclosure and mischaracterization of deposition testimony.

Because contempt requires a clear and unambiguous order, the Court should be cautious about imposing contempt where the alleged violation turns on characterizations or summaries rather than a clearly identified disclosure of specifically designated confidential information under the Order's designation mechanism.

That is particularly so where the Order's confidentiality status for deposition testimony depends on designation of portions at the deposition or within 30 days after receipt of the transcript.

**Public Information**

Dr. Coomer's grand jury testimony transcript has been unsealed.  Therefore, discussions as to inconsistencies, or similar statements in Dr. Coomer's Jan 27 deposition transcript which relate to statements made in Dr. Coomer's grand jury

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

transcript would inherently also be publicly available information. *In arguendo,* the Plaintiff's claims of Oltmann and Hall's "mischaracterizations," of statements made in either transcript would mean that the statements themselves, were not made by Dr. Coomer, and therefore not subject to the protective order.

**Wherefore,** Dr. Coomer's Motion for Order to Show Cause should be denied because Dr. Coomer has not shown-by clear and convincing evidence that Hall or Oltmann violated a clear and unambiguous Protective Order obligation, particularly in light of the "related case" disclosure provision and the deposition-designation mechanism in Section 2(e).

Alternatively, any relief should be limited to narrowly tailored, prospective compliance measures and any compensatory relief authorized under the Protective Order's challenge procedures and Federal Rule of Civil Procedure 37, rather than contempt findings, criminal sanctions, compelled takedowns, or sweeping injunctions and discovery restrictions.

Moreover, the Respondent to this Rule 37 Motion asks that this Honorable Court order that the Plaintiff, Movant, be sanctioned to pay all of the reasonable attorneys' fees incurred for the work which was needed to respond to the Plaintiff's Motion for Sanctions.

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*

15