IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

       Plaintiff,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

       Defendants.

_____/

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

The Defendant, Patrick Byrne, by and through undersigned counsel, and hereby respectfully opposes the Plaintiff Eric Coomer's Motion to Seal Under Local Rule 1.11 Pursuant to Court's Stipulated Protective Order, and in support thereof states:

## Introduction

Dr. Coomer asks this Court to seal documents that consist primarily of publicly filed pleadings, social media commentary discussing those pleadings, and information already available in public reporting and unsealed transcripts. The Plaintiff does not seek to protect confidential information; he seeks to suppress public discussion of materials that he finds embarrassing or unfavorable. That is not a valid basis for sealing judicial records.

The Eleventh Circuit has repeatedly held that judicial filings are subject to a strong presumption of public access, particularly where they relate to substantive issues before the Court. *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62-63 (11th Cir. 2013). Dr. Coomer's motion ignores that controlling law and instead attempts to transform the Court's Protective Order into a sweeping censorship device-one that would allow him to label publicly known facts as confidential and then remove them from public scrutiny. The Protective Order does not permit that result. It expressly forbids designating publicly available information as confidential. Yet, that is precisely what Dr. Coomer is attempting to do here.

Much of the information Dr. Coomer seeks to seal, including Dr. Coomer's work location during the 2020 election-has already been reported by national media and appears in publicly released transcripts.[1][2][3]  Dr. Coomer's own motion acknowledges that the materials he seeks to seal have already been posted publicly on social media and discussed widely.

That is why Dr. Coomer 's motion is not to protect confidential information, but rather about reputation management. Federal courts are not public relations

---

[1] Details as to Dr. Coomer's location of work during the 2020 Election are publicly available. [DE 300-1].

[2] Details as to Dominion's Serbian contractors and their ability to remotely access U.S. Dominion servers are also publicly available. [DE 278].

[3] Details as to foreign nationals being recruited by Sequoia (which was later acquired by Dominion) are publicly available. U.S. Nat'l Inst. of Standards & Tech., Sequoia Voting Systems / Smartmatic Ownership Report (June 12, 2008), https://www.nist.gov/system/files/documents/itl/vote/SequoiaSmartmaticReport6120 8.pdf

2

firms, and the sealing power is not a mechanism for suppressing lawful speech or shielding litigants from criticism.

The Plaintiff, Dr. Coomer has failed to meet the stringent standards required to seal judicial records.  Therefore, his motion should be denied.

## Background

**The Underlying Litigation and Protective Order**

This is a defamation action arising from statements regarding the 2020 election and Dr. Coomer's alleged involvement.  The parties entered into a Stipulated Protective Order governing the designation and handling of confidential information produced in discovery. [DE 163]. The Protective Order defines confidential information narrowly and includes specific categories of protected material.  *Id.*  The Protective Order expressly provides that information that is publicly available shall not be designated as confidential information.  *Id.*  The Protective Order cautions that parties shall not routinely designate material as confidential.  *Id.*  The Protective Order provides that portions of any deposition shall be deemed confidential only if they are designated as such when the deposition is taken or within thirty calendar days after receipt of the transcript.  *Id.*  Section 5(a) of the Protective Order states that if Confidential Information or a filing disclosing it is proposed to be filed with the Court, it shall be filed under seal with a simultaneous motion under Local Rule 1.11.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**The January 27 Deposition and Confidentiality Designation**

On January 27, 2026, Dr. Coomer's deposition was taken in this matter. Following deposition and then the receipt of the deposition transcript, Dr. Coomer counsel, Charles Cain, attempted to designate the entire January 27 deposition transcript as confidential. The Protective Order states that portions of deposition testimony may be designated confidential, not entire transcripts. In fact, it defies the imagination as to how it would be possible for Dr. Coomer to designate the entire transcript as falling within the bounds of the Protective Order which expressly prohibits routine blanket designations.

With this said, it is conceded that the parts of the transcript which could conceivably fall into the protected types of evidence, such as employment records, should not be disclosed until after the 30 days, as those records could have possibly been included in a designation of parts of the transcript which are needing protection.

**The Supplement and Public Dissemination**

A supplement was filed or served in a related proceeding pending in the Denver District Court. The supplement contained references to information from the January 27, 2026 deposition. Social media posts on X (formerly Twitter) and Facebook were published that included screenshots of every page of the supplement. A podcast excerpt discussing the supplement and related matters was created and disseminated. A Motion to Reconsider was filed in the Denver

4

proceeding.  The Denver District Court subsequently struck the supplement from the record in that proceeding.

**Public Reporting of Information Plaintiff Seeks to Seal**

The New York Times published an article reporting that Dr. Coomer worked at a temporary office at Daley Plaza in Chicago, Cook County, Illinois during the 2020 election.  Grand jury transcript testimony related to these matters was unsealed and made publicly available.  The portions of the January 27, 2026 deposition that Dr. Coomer claims are confidential overlap substantially with information already disclosed in the New York Times article and the unsealed grand jury transcript.

**The Plaintiff's Motion for Order to Show Cause and Motion to Seal**

Dr. Coomer filed a Motion for Order to Show Cause seeking contempt and sanctions.  Dr. Coomer simultaneously filed the instant Motion to Seal Under Local Rule 1.11.  Dr. Coomer seeks to file under seal multiple exhibits to the Motion for Order to Show Cause, including the supplement, social media posts containing screenshots of the supplement, the podcast excerpt, and the Motion to Reconsider. Dr. Coomer asserts the exhibits are necessary for the Court to evaluate the Motion for Order to Show Cause.

Dr. Coomer asserts sealing is necessary because the exhibits contain information he maintains is subject to the Protective Order, contain misleading representations of confidential information, and bad faith third parties seek to

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

exploit the information to cause him harm. Dr. Coomer asserts that the Defendants and others are using the information to falsely and publicly impugn him. Dr. Coomer requests the exhibits remain under seal indefinitely. Dr. Coomer represents that Dominion Voting Systems, now acquired by Liberty Vote, may also have an interest in maintaining a seal.

### **Legal Standard**

The Eleventh Circuit recognizes a strong common law presumption of public access to judicial proceedings and records. *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985). Documents filed in connection with motions requiring judicial resolution of the merits are presumptively open to the public. To overcome that presumption, a party seeking to seal records must demonstrate good cause, and courts must balance the asserted privacy interests against the public's right of access. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

Local Rule 1.11 imposes additional requirements. A motion to seal must demonstrate that filing the item is necessary, that sealing the item is necessary, and that alternatives such as redaction are inadequate. L.R. 1.11. The movant must also show that the requested seal is narrowly tailored and justified by specific facts. *Id.* Conclusory allegations of harm are insufficient. Dr. Coomer's motion fails each of these requirements.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## <u>Argument</u>

**The Plaintiff Seeks to Seal Information That Is Already Public**

The fundamental defect in Dr. Coomer motion is that the information he seeks to seal is already public.  The exhibits at issue discuss matters that have already been disclosed through independent sources, including publicly available transcripts and national news reporting.  For example, a New York Times article reported that Dr. Coomer worked at a temporary office at Daley Plaza in Chicago during the 2020 election. [4]  Additionally, testimony related to these matters has been made public through previously unsealed grand jury transcripts.  Once information enters the public domain, courts consistently hold that sealing is inappropriate.  *Gawker Media, LLC v. FBI*, 145 F. Supp. 3d 1100, 1107 (M.D. Fla. 2015).  A litigant cannot retroactively cloak public information with confidentiality simply by invoking a protective order.

The Eleventh Circuit has made this principle clear: confidentiality designations alone cannot overcome the presumption of public access.  *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *See also Fannie Mae v. Prowant*, 269 F. Supp. 3d 1290, 1293 (N.D. Ga. 2015).  The Plaintiff's request therefore fails at the threshold.

---

[4] Susan Dominus, He Was the "Perfect Villain" for Voting Conspiracists, N.Y. Times Mag., Aug. 24, 2021, https://www.nytimes.com/2021/08/24/magazine/eric-coomer-dominion-voting.html (reporting that Coomer had a temporary office at Daley Plaza in Chicago during the 2020 election).

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**The Plaintiff Is Attempting to Weaponize the Protective Order**

Dr. Coomer's motion relies heavily on the existence of the Stipulated Protective Order in this case.  But the Protective Order does not authorize the sweeping secrecy Dr. Coomer seeks.  The Order defines Confidential Information narrowly and explicitly prohibits designating information that is publicly available.  [DE 163].  Yet the materials Dr. Coomer seeks to seal include publicly reported facts, publicly filed documents, and commentary regarding those materials.  Dr. Coomer's motion effectively attempts to transform the Protective Order into a blanket gag rule-one that would allow him to declare entire subjects off limits for public discussion.  That is not how protective orders should function.

Protective orders are designed to facilitate discovery by protecting legitimate confidential information such as trade secrets, private medical records, or proprietary business data.  They are not tools for suppressing inconvenient facts or insulating litigants from criticism.

**The Plaintiff's Blanket Confidentiality Theory Contradicts the Protective Order**

"Calling a document confidential does not make it so in the eyes of the court; these consensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'" *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002).

8

Dr. Coomer's sealing request rests on the assumption that the entire January 27 deposition transcript was confidential during the thirty-day designation period. However, the Protective Order states that portions of deposition testimony may be designated confidential, not entire transcripts. [DE 163]. The Order also expressly prohibits routine blanket designations. Dr. Coomer's counsel nevertheless attempted to designate the entire deposition transcript as confidential. That approach directly contradicts the language and purpose of the Protective Order. It also creates the very ambiguity that defeats Dr. Coomer's attempt to enforce secrecy through sanctions and sealing.

Logic and common sense dictate that the whole transcript must be protected for the 30 days in which Dr. Coomer had to designate the parts which are confidential. However, the Confidentiality Order is very specific as to the categories of information which may fit in the definition of "confidential," and information which is already public is not included. Hence, for those disclosures which cannot be protected, such as the information which is already in the public, there was no need for the Defendant, or for others, including Ms. Hall, and Mr. Oltmann, to keep the non-confidential information protected.

**The Plaintiff's Allegations of Harm Are Legally Insufficient**

Dr. Coomer asserts that sealing is necessary because third parties may use the information to impugn him publicly. But reputational concerns are not a valid basis for sealing judicial records. Courts routinely reject attempts to seal

9

documents merely because they may be embarrassing or damaging to a litigant's reputation. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1364-65 (11th Cir. 2021). If such concerns were sufficient, the presumption of public access would be meaningless. When "a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Here, the public has a particularly strong interest in transparency where litigation involves allegations of misconduct relating to elections and public discourse. Dr. Coomer's argument therefore fails both legally and factually.

**The Exhibits Are Central to Issues Before the Court**

Dr. Coomer concedes that the exhibits he seeks to seal are necessary for the Court to evaluate his Motion for Order to Show Cause. That admission defeats his sealing request. Where documents form the basis of judicial decision making, the presumption of public access reaches its apex. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *See also Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362-63 (11th Cir. 2021). Courts cannot adjudicate disputes based on secret evidence unless truly compelling circumstances exist. Dr. Coomer identifies no such exception.

**The Plaintiff Seeks an Extraordinary and Indefinite Seal**

Dr. Coomer asks the Court to seal the materials indefinitely. Such a request is extraordinary and inconsistent with Local Rule 1.11, which requires that sealing

10

be narrowly tailored and limited in duration. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010). An indefinite seal is especially inappropriate where, as here, the information at issue has already been widely disseminated. Granting Dr. Coomer's request would accomplish nothing other than creating the illusion of secrecy around information that is already public.

**The Public Domain Doctrine Independently Bars Sealing**

Dr. Coomer 's motion also fails for a separate and independent reason: the information he seeks to seal is already in the public domain. Courts across the country have consistently held that once information has been publicly disclosed, the court's sealing power cannot be used to restore secrecy. *See Broward Bulldog, Inc. v. United States DOJ*, 939 F.3d 1164, 1185 (11th Cir. 2019); *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022); *DePuy Synthes Prods. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1368 (Fed. Cir. 2021); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

As the Eleventh Circuit has explained, the right of access to judicial records cannot be overcome simply because a party labels material as confidential. *Fannie Mae v. Prowant*, 269 F. Supp. 3d 1290, 1292 (N.D. Ga. 2015). Judicial records are presumptively available to the public because "[j]udges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-*

11

*Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)).

Where information has already entered the public record or has been widely disseminated through independent sources, sealing serves no legitimate purpose. Numerous courts therefore refuse to seal documents containing information that is already publicly available. For example, courts have held that sealing is inappropriate where the information has been publicly reported in news media. *Perez-Guerrero v. United States AG*, 717 F.3d 1224, 1235 (11th Cir. 2013). Courts routinely deny sealing requests where the same information appears in publicly available transcripts or court filings. *OJ Commerce, LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1240-41 (11th Cir. 2022). Courts have emphasized that sealing orders cannot function as retroactive censorship mechanisms once information has entered the public sphere. *Broward Bulldog, Inc. v. United States DOJ*, 939 F.3d 1164, 1185 (11th Cir. 2019). That principle squarely applies here.

The materials Dr. Coomer seeks to seal refer to information which has already been disclosed through multiple independent sources, including publicly released transcripts and national media reporting. Once information has entered the public domain, it cannot plausibly be characterized as confidential. Nor can the Court meaningfully seal information that has already been publicly disseminated through third party publications and widely circulated online. Attempting to do so would merely create the fiction of secrecy around facts that are

12

already known.  Dr. Coomer 's motion therefore attempts to accomplish something federal courts consistently refuse to do: use sealing authority to erase public knowledge.  The Court should reject that attempt.

**The Plaintiff's Motion Reflects an Improper Attempt to Weaponize the Protective Order and Suppress Public Speech**

Dr. Coomer's motion reflects a troubling effort to transform the Court's Protective Order into a mechanism for suppressing public discussion of matters related to this litigation.  Protective orders are designed to facilitate discovery by protecting legitimate confidential information, such as trade secrets, private medical records, or proprietary business data.  They are not tools for controlling public discourse or shielding litigants from criticism.  Yet Dr. Coomer s motion repeatedly frames the requested sealing as necessary because third parties have used the information to impugn him publicly.  That rationale reveals the true purpose of the motion: reputational management.

Federal courts have repeatedly warned that litigants may not invoke confidentiality designations or protective orders to suppress speech or remove information from public scrutiny.  *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001).  Allowing such tactics would encourage parties to over-designate discovery materials as confidential and then invoke sealing procedures to silence critics.  The Court's Protective Order itself guards against precisely this abuse.  It explicitly requires that confidentiality designations be made in good faith and requires that parties shall not routinely designate

13

material as confidential.  The Order also prohibits designating information that is publicly available.    Dr. Coomer's conduct runs directly contrary to those requirements.  By attempting to seal documents that largely consist of publicly available information and commentary about publicly filed materials, Dr. Coomer is effectively asking the Court to enforce secrecy where none exists.  Courts have repeatedly recognized that such attempts to weaponize confidentiality procedures undermine the integrity of judicial proceedings.

The federal judiciary operates under a strong presumption of transparency, particularly where litigation concerns matters of public importance.  Granting Dr. Coomer's motion would set a dangerous precedent: it would allow litigants to designate public facts as confidential and then invoke sealing procedures to silence discussion of those facts.  The Court should decline that invitation.

**The Plaintiff Has Not Demonstrated That the Designated Information Is Properly Confidential**

The Protective Order permits designation of specific categories of information as confidential, including private health data, personally identifiable information, confidential communications, personnel records, financial information, and sensitive political information.  The Order prohibits designation of publicly available information as confidential.  Substantial portions of the information that Dr. Coomer seeks to protect are already in the public domain.  The New York Times article confirms Dr. Coomer's work location in Chicago, Cook County, Illinois.  The grand jury transcript containing related testimony was

14

unsealed and made publicly available.  The portions of the January 27, 2026 deposition that Dr. Coomer claims are confidential overlap substantially with this publicly available information.  Whereas, the remaining portions of the January 27, 2026 Deposition do not fall within any of the enumerated categories of the Protective Order. [DE 163].

Dr. Coomer has not demonstrated that the designated portions contain genuinely confidential information that falls within the categories specified in the Protective Order and is not already publicly available.  Without such a showing, Dr. Coomer cannot establish that the information he seeks to seal is properly subject to the Protective Order.

**The Plaintiff's Motion Fails to Satisfy Local Rule 1.11 Requirements**

Local Rule 1.11 requires a party seeking to seal documents to demonstrate that filing the item is necessary, that sealing the item is necessary, and that alternatives such as redaction are inadequate.  While Dr. Coomer asserts that filing the exhibits is necessary for the Court to evaluate his Motion for Order to Show Cause, he has failed to demonstrate that sealing is necessary.  Dr. Coomer's sole justification for sealing is that third parties are using the information to impugn him publicly.  This reputational concern does not constitute the good cause required to overcome the strong presumption of public access.  Moreover, Dr. Coomer has not addressed whether redaction or other alternatives to complete sealing would be adequate.  Dr. Coomer seeks an indefinite seal of the entire

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

exhibits without any analysis of whether narrower, time limited sealing would suffice.  This failure to consider alternatives independently defeats the motion under Local Rule 1.11.

## Conclusion

Dr. Coomer's Motion to Seal is a transparent attempt to use the Court's Protective Order as a tool to suppress public discussion of information he finds damaging.  The law does not permit that result.  Because the materials Dr. Coomer seeks to seal consist largely of publicly available information, and because Dr. Coomer has failed to demonstrate the narrow and compelling justification required under Eleventh Circuit precedent and Local Rule 1.11, the Motion to Seal should be denied.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Court deny Plaintiff's Motion to Seal Under Local Rule 1.11 Pursuant to Court's Stipulated Protective Order in its entirety, and grant such other and further relief as this Honorable Court may deem just and proper.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ *David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222