**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
     Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
     Defendants

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
PATRICK BYRNE'S MOTION FOR PROTECTIVE ORDER
PENDING RESOLUTION OF MOTION FOR SANCTIONS**

---

Plaintiff Eric Coomer, Ph.D. (Plaintiff or Dr. Coomer), through undersigned counsel, files this Response in Opposition to Defendant Patrick Byrne's Motion for Protective Order Pending Resolution of Motion for Sanctions (Doc. 298) (the Motion), and in support hereof shows as follows:

## I.    INTRODUCTION

1.    Defendant Patrick Byrne (Byrne) requests a protective order staying all discovery proceedings, including noticed depositions, until the Court resolves the pending Motion for Sanctions filed by Plaintiff. The Court should deny the Motion for three reasons.

2.    First, Byrne has not carried his burden to show good cause and reasonableness for the requested stay of discovery. Plaintiff's Motion for Sanctions

does not seek dispositive relief.  Were the Court to grant Plaintiff's Motion for Sanctions, it would have no impact on the parties' selection of witnesses that need to be deposed prior to trial.

3.      Second, Byrne did not adhere to the generally accepted discovery practice for the Middle District.  Byrne did not seek the relief in the Motion immediately upon receipt of the deposition notices and Byrne has treated the mere filing of a motion for protective order as excusing him from complying with the scheduled discovery.[1]  As a practical matter, Byrne's counsel is already refusing to participate in *any* discovery and have implemented their own "stay."

4.      Third, Byrne and his counsel should not be rewarded for their conduct through further delays in this case.  If discovery is stayed, the case is unlikely to be ready for trial in November 2026.  This case has been pending for nearly four years. This is Byrne's third motion for stay.[2]

## II.    BACKGROUND

5.      The jury trial in this matter is set for the Court's November 2026 term. (Doc. 225).   Pursuant to the Endorsed Order Amending Case Management Scheduling Order, the discovery deadline in this case was March 2, 2026. (Doc. 225).

---

[1] *See* Middle District Discovery (2021) at § VII.A.

[2] *See* Defendants' Joint Motion to Stay Discovery filed on March 14, 2024 (Doc. 127).  *See also* Defendant Byrne's Motion for Stay Pending Review of Petition for Writ of Mandamus Relief (Doc. 233) filed on September 26, 2025.

6.    On February 6, 2026, Plaintiff filed a Motion for Sanctions and for Order to Show Cause (Doc. 281) relating to the misconduct by Byrne and his counsel at Plaintiff's deposition held on January 27, 2026.

7.    By agreement, on February 9, 2026, the parties extended the discovery period to April 1, 2026, primarily to accommodate depositions. (Doc. 282).

8.    After conferring with counsel for Byrne regarding their availability, on February 27, 2026, Plaintiff noticed the following depositions to be taken remotely by video conference:

    a.    Joseph Oltmann (March 30, 2026 at 9:00 a.m. mst);

    b.    Benjamin R. Cotton (March 31, 2026 at 9:00 a.m. mst); and

    c.    Eric Speckin (March 31, 2026 at 1:00 p.m. mst).

9.    The following day, Peter Ticktin responded, indicating he would not cooperate on any discovery until the Court ruled on Plaintiff's Motion for Sanctions and for Order to Show Cause.[3]

10.    After unsuccessfully attempting to confer to resolve the matter without court intervention, on March 12, 2026, Plaintiff filed a Motion to Compel Deposition Dates and to Amend Case Management Order.  (Doc. 297).

11.    Later in the same day, Byrne filed the present Motion.

---

[3] *See* Exhibit 7 to Plaintiff's Motion to Compel Deposition Dates and to Amend Case Management Order.  (Doc. 297).

3

### III.   LEGAL STANDARD

12.   District courts have discretion in managing their cases, including discovery and scheduling.  *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Panola Land Buyers Ass'n v.* Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985) (acknowledging that court had broad discretion to stay discovery pending decision on a dispositive motion, but finding abuse of discretion in curtailment of discovery which plaintiff was denied discovery relating to the pending dispositive motion).

13.   Although motions to stay discovery may be granted pursuant to Federal Rule of Civil Procedure 26(c), "the moving party bears the burden of showing good cause and reasonableness."  *McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla. 2006) (good cause shown where defendants requested stay of discovery due to a "clear possibility" resolution of pending motions to dismiss would dispose of the case in their entirety).

14.   "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*'."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 F. Appx. 713 (11th Cir. 2003)

4

(emphasis added) (quoting *Ass'n Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)).

15.    When evaluating whether the moving party has met its burden, a court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  *Rubio v. Algo Capital, LLC*, No. 23-24476-CIV, 2024 WL 3454961, at *2 (S.D. Fla. June 7, 2024) (denying motion to stay discovery because court "cannot find that the pending motion would undoubtedly dispose of the entire case.  Far from it.").

## IV.    ARGUMENT

### A.    Byrne has not demonstrated reasonableness and good cause for a stay of discovery.

16.    Byrne's central argument is that it would be unfair to him for depositions to proceed while Plaintiff's Motion for Sanctions is pending because "the identity of counsel directly affects deposition preparation, defense strategy, and the ability to efficiently conduct and complete depositions without duplication." *See* the Motion, at p. 4.  He also argues witnesses may need to be re-deposed if Byrne's changes attorneys. *Id*. at p. 5.

17.    These arguments are unavailing and insufficient to demonstrate good cause.  A "request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Lugo v. Alvarado*,

819 F.2d 5 (1st Cir. 1987). *See also* Middle District Discovery (2021) at § I.E.4 ("motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.").

18.    Plaintiff's Motion for Sanctions is not dispositive of the case. The resolution of Plaintiff's Motion for Sanctions does not change the discovery needed to prepare this case for trial. *See Nankivil*, 216 F.R.D. at 692 (staying discovery to the extent the discovery would be potentially obviated by pending motion to dismiss based on statute of limitations).

19.    Byrne does not argue—and could not credibly argue—that if Byrne's current counsel is disqualified and he hires different counsel, the depositions of Oltmann and Byrne's retained expert witnesses would be made unnecessary. *See Feldman*, 176 F.R.D. at 653 (denying request to stay discovery based on pending dispositive motion, reasoning "many of the issues which will be the subject of discovery will be litigated eventually . . . [t]hus the main reasons for staying discovery – the elimination of unnecessary expenditures of time, money and other resources – is less compelling here.").

20.    Plaintiff noticed the depositions at issue, not Byrne. The makeup of Byrne's defense team does not have an impact on which witnesses *Plaintiff* decides to depose or even whether key fact witnesses and the parties' experts will need to be deposed to prepare the case for trial, more generally.

6

21.     Byrne's hypotheticals about the potential for inefficient, costly deposition preparation and scenarios where his new counsel seeks to re-depose witnesses previously deposed by his prior counsel do not suffice to satisfy his high burden in seeking a stay of discovery.  *See Davis v. Coast Dental Servs., LLC*, No. 8:22-CV-941-KKM-TGW, 2022 WL 4554229, at *1 (M.D. Fla. June 28, 2022) ("In short, the argument that a stay of discovery is warranted because it will 'avoid potentially needless and costly discovery' is insufficient to grant the extraordinary relief of staying discovery.").  *See also Kapila v. MTV Networks Co.*, No. 6:10-CV-181-ORL-28, 2010 WL 11483204, at *3 (M.D. Fla. May 6, 2010) (denying Bad Boy Films' motion to stay discovery pending its motion to dismiss even though Bad Boy Films had joined the case somewhat late and contends it did not receive the documents other parties had produced in discovery, finding it had enough time to participate in discovery especially in light of Court order that it be immediately provided with discovery previously produced in the case).

**B.     Byrne has not adhered to the District's discovery practices.**

22.     In Middle District Discovery: A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, it provides the following guidance regarding motions for a protective order:

> The mere filing of a motion for protective order does not, absent an order of the Court granting the motion, excuse the moving party from complying with the requested or scheduled discovery.  Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due.  Upon receipt of a motion for protective order, the Court may issue a temporary stay of discovery pending resolution of the motion.

However, a party's diligence in seeking relief is a principal factor in the decision whether to grant a stay.

Middle District Discovery (2021) at § VII.A.

23.    Byrne did not seek immediate relief from the deposition notices and waited nearly two weeks and until after Plaintiff filed a Motion to Compel before Byrne filed the Motion.  Plaintiff served the deposition notices on February 27, 2026.  Byrne did not file the Motion until March 12, 2026.  (Doc. 298).

24.    Byrne apparently takes the position that the mere filing of the Motion excuses him from participating in discovery: "A failure to act in discovery is not excused merely because discovery was 'objectionable,' unless the non-acting party has a pending Rule 26(c) motion for protective order."  *See* the Motion, at p. 4.  Byrne cites no authority in support of his position, which runs contrary to the District's discovery practices.  *See* Middle District Discovery (2021) at § VII.A.

**C.    The harm of further delays outweighs any burden to Byrne in proceeding with discovery.**

25.    The Court must weigh the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  *Feldman*, 176 F.R.D. at 653.  The balance here tips in favor of allowing discovery to proceed because there is no possibility that the Court granting the Motion will eliminate the need for the discovery.

26.    This is a case where the old legal maxim, "justice delayed is justice denied" applies with full force.  This lawsuit has been pending since 2022.  (Doc. 1).  Dr. Coomer is seeking relief, including permanent injunctive relief, due to the

8

constant barrage of defamatory statements which have and continue to subject him to significant emotional distress.  Byrne enjoys a large following on social media, and Byrne's public defamation campaign against Dr. Coomer has caused Dr. Coomer to receive countless threats and calls for his death.  While this case has been pending, Byrne has frequently spread defamatory statements about Dr. Coomer on social media and right-wing media outlets.  His counsel is doing the same.[4]

27.    Dr. Coomer would be prejudiced by a delay in the trial of this case because in the meantime Byrne and his team are trying their case in the court of public opinion and continuing to harm Dr. Coomer.  In effect, Byrne is benefitting by delay of his own making.  Plaintiff's counsel was forced to deal with Oltmann at Dr. Coomer's deposition, unprofessionalism from counsel, and two separate incidents of assault.  Nonetheless, the progress of discovery and the completion of the case overrides the valid concerns over the Ticktin Law Group's past and future conduct.  Using unprofessional conduct as a cudgel for delay is the antithesis of "good cause."

28.    Moreover, the delay of discovery will "create case management problems which impede the Court's responsibility to expedite discovery." *Feldman*, 176 F.R.D. at 652 (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).  The delay of discovery in this matter will likely upend the current trial setting as well as other deadlines in the Case

---

[4] *See* Plaintiff's Motion to Compel Discovery and to Amend Case Management Order, at fn. 10.

9

Management Order. *See Lugo*, 819 F.2d at 7 (considerations of efficient calendar management by the trial court are "considerations which obviously are not to be slighted").

29.    Discovery must continue to enable the parties to be ready for trial in November 2026, as scheduled.

### CONCLUSION

For all of the reasons stated herein, Plaintiff Eric Coomer, Ph.D. requests this Court deny Defendant Patrick Byrne's Motion for Protective Order Pending Resolution of Motion for Sanctions and allow discovery to continue.  Further, Plaintiff Eric Coomer, Ph.D. requests the Court grant his Motion to Compel Discovery and to Amend Case Management Order (Doc. 297).  Finally, Plaintiff Eric Coomer, Ph.D. requests such other and further relief as the Court deems equitable and just.

Respectfully submitted this 26th day of March 2026.

Respectfully submitted,

_____/s/ Ashley N. Morgan_____
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)
*Appearing via Special Admission

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission

**ATTORNEYS FOR PLAINTIFF**