IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

      Plaintiff,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

      Defendants.

_____/

**RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DEPOSITIONS**

The Defendant, Patrick Byrne, by and through his undersigned counsel, files this, his Response in Opposition to the Plaintiff's Motion to Compel Deposition Dates and to Amend Case Management Order, and in support thereof states:

**Prefatory Statement**

Dr. Coomer's Motion seeks two separate requests for relief, 1) to amend the Case Management Order, and 2) to Compel Depositions of the Defendant's experts and Joseph Oltmann. While the Defendant, Dr. Byrne, does not oppose and joins Dr. Coomer's request to amend the Case Management Order to extend discovery and related deadlines, Dr. Byrne does oppose the request to compel depositions until Dr. Coomer's Motion for Sanctions and Disqualification of Counsel is resolved.

## Introduction

Dr. Coomer seeks to compel Dr. Byrne to proceed with depositions of expert witnesses and third-party witness Joseph Oltmann while his Motion for Sanctions seeking disqualification of Dr. Byrne's counsel remains pending before this Court. [DE 281]. In this regard, Dr. Byrne already filed a Motion for Protective Order seeking to stay the depositions pending resolution of the disqualification motion. [DE 298]. Dr. Coomer's Motion to Compel should be denied because this is simply a repeat of the same issues which are already before this Court.

Nevertheless, in an abundance of caution, the argument in Dr. Byrne's Motion for Protective Order are reasserted, below.

## Background

On January 27, 2026, the Defendants took the deposition of Dr. Coomer. Immediately prior to the deposition, counsel for Dr. Coomer, Charles Cain, infringed upon and engaged in an unwanted touching of Mr. Ticktin, the 80-year old counsel for Dr. Byrne, leading to Mr. Ticktin pushing Mr. Cain away. Mr. Cain then pursued Mr. Ticktin as the latter moved towards the deposition room, whilst taunting Mr. Ticktin along the way. Mr. Cain then engaged in two additional unwanted infringements upon the body and personal space of Mr. Ticktin.

On February 6, 2026, notwithstanding that Dr. Coomer was fully cognizant of what he did, he filed a Motion for Sanctions, seeking, among other things, to disqualify Mr. Ticktin and The Ticktin Law Group from representing Dr. Byrne in

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

the case *sub judice*. On February 20, 2026, Dr. Byrne filed his Response in Opposition to Dr. Coomer's Motion for Sanctions, demonstrating with video footage that Mr. Cain was the actual aggressor who pursued, confronted, threatened, and touched the significantly more senior Mr. Ticktin. Dr. Coomer's Motion for Sanctions remains pending before this Court and the Defendant's Response is also pending as it seeks Mr. Cain's disqualification, relying on the inherent jurisdiction of this Court and the Magistrate Judge's admonition that one of the attorneys is going to be sanctioned.

Dr. Coomer's counsel served deposition notices for Dr. Byrne's retained experts Benjamin Cotton and Erich Speckin for March 31, 2026, and a subpoena for third-party Joseph Oltmann for March 30, 2026. On February 28, 2026, Dr. Byrne's counsel informed Dr. Coomer's counsel that depositions should be postponed until the Court resolves the pending Motion for Sanctions seeking disqualification of counsel.

On March 12, 2026, Dr. Coomer filed the instant Motion to Compel Deposition Dates, whereas Dr. Byrne filed a Motion for Protective Order seeking to stay all depositions pending resolution of the Motion for Sanctions.

## Legal Standard

Federal Rule of Civil Procedure 26(c) authorizes the Court, "for good cause," to issue an order protecting a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding discovery or

3

specifying terms for discovery.

In the Eleventh Circuit, a protective order may issue only upon a finding of good cause, and the party seeking the order bears the burden of establishing good cause. *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 766 (11th Cir. 2024). "Good cause" requires a particular and specific demonstration of fact, not conclusory assertions. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

Moreover, F.R.Civ.P. 37 provides that a failure to act is not excused on the ground that the discovery sought was objectionable unless the party failing to act has a pending motion for a protective order under Rule 26(c).

The Eleventh Circuit has consistently held that district courts have broad discretion to manage discovery and may stay it to avoid unnecessary burdens. For example, in *Chudasama v. Mazda Motor Corp.*, the court emphasized that resolving dispositive motions before discovery begins can prevent unnecessary costs and burdens. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997).[1]

In *Sprint Solutions, Inc. v. Cell Xchange, Inc.*, the court noted that under Rule 26, courts may grant motions to stay discovery if the movant demonstrates good cause and reasonableness. *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp.

---

[1] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997). While *Chudasama* primarily addresses motions to dismiss, its reasoning applies to motions to disqualify counsel, as both types of motions can significantly impact the scope and necessity of discovery.

4

3d 1074, 1077-78 (M.D. Fla. 2014). The court further explained that staying discovery is appropriate when it prevents unnecessary costs and burdens, particularly if the resolution of a pending motion could significantly impact the case. *Id.* That principle applies to motions to disqualify counsel, as such motions often raise fundamental issues that could affect the course of litigation.

Similarly, in *Allstate Ins. Co. v. Titusville Total Health Care*, the court highlighted the importance of resolving disqualification issues before proceeding with the merits of the case. *Allstate Ins. Co. v. Titusville Total Health Care*, 848 So. 2d 1166, 1167 (Fla.5th DCA 2003). The court reasoned that addressing the disqualification of counsel first avoids wasting judicial resources and ensures that the proceedings are not tainted by potential conflicts of interest. *Id.* The court granted certiorari and quashed the lower court's order, emphasizing that resolving the disqualification issue was critical before moving forward with the case. *Id.*

## Argument

**Defendant Does Not Oppose Amendment of the Case Management Order**

Dr. Byrne does not oppose Dr. Coomer's request to amend the Case Management Order to extend the discovery cutoff deadline and related deadlines as proposed in Dr. Coomer's motion. Such an extension will provide adequate time for depositions to proceed after this Court resolves the pending Motion for Sanctions, and reduce any risk of unfair prejudice to the Plaintiff's ability to obtain discovery.

5

**Good Cause Exists to Stay Depositions Pending Resolution of the
Disqualification Motion**

Good cause exists under Rule 26(c) to temporarily stay the noticed depositions until this Court resolves the pending Motion for Sanctions seeking disqualification of Dr. Byrne's counsel.

Meanwhile, the identity of counsel directly affects deposition preparation, defense strategy, and the ability to efficiently conduct and complete depositions without duplication. If Dr. Byrne's current counsel is disqualified after depositions proceed, new counsel would need time to familiarize themselves with the case, review all prior discovery, and prepare for depositions. That would likely necessitate re-deposing the same witnesses, imposing undue burden and expense on both the parties and the witnesses.

Federal Rule of Civil Procedure 26(c) authorizes the Court to issue protective orders to protect parties from undue burden or expense, including by forbidding discovery or specifying terms for discovery. The Court has authority to limit discovery when it would be unreasonably burdensome or when good cause exists for protective relief.

Proceeding with depositions while counsel's status remains uncertain creates substantial inefficiency and potential unfair prejudice. Conversely, if the Motion for Sanctions is denied and current counsel remains, no prejudice results from a brief stay of discovery pending that determination.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**Plaintiff Should Not Benefit from the Uncertainty Created by His Own Motion for Sanctions**

Dr. Coomer initiated the disqualification proceedings by filing the Motion for Sanctions and should not be permitted to gain tactical advantage by simultaneously pressing forward with discovery while that motion remains pending. The potential for unfair prejudice to Dr. Byrne far outweighs any minimal inconvenience to Dr. Coomer from a brief stay of discovery pending resolution of Dr. Coomer's own motion.

Dr. Coomer argues that staying discovery is inefficient and will result in delays. However, Dr. Coomer created this situation by filing a Motion for Sanctions seeking to disqualify Dr. Byrne's counsel. Having created the uncertainty about who will represent Dr. Byrne, Dr. Coomer cannot now complain about the natural consequences of that uncertainty.

The requested stay is not indefinite. It is expressly tied to the resolution of Dr. Coomer's pending Motion for Sanctions. Once this Court rules on that motion, the parties will know who represents Dr. Byrne and can proceed efficiently with depositions without risk of duplication or wasted resources.

**Plaintiff's Motion to Compel Is Premature Because Defendant's Motion for Protective Order Remains Pending**

Dr. Coomer's Motion to Compel seeks to force Dr. Byrne to proceed with depositions while both Dr. Coomer's Motion for Sanctions and Disqualification of Dr. Byrne's Counsel and Dr. Byrne's Motion for Protective Order, which seeks the

7

opposite relief, remains pending before this Court.

Dr. Byrne has invoked the Court's authority under Federal Rule of Civil Procedure 26(c) to seek a protective order staying depositions pending resolution of the disqualification motion. That motion presents a threshold question about whether good cause exists to temporarily postpone the noticed depositions until the Court determines who will represent Dr. Byrne going forward.

Dr. Coomer's Motion to Compel asks this Court to deny Dr. Byrne's Motion for Protective Order without waiting for briefing to be completed or for the Court to consider the merits of that motion. That puts the procedural cart before the horse. The Court should resolve both Dr. Coomer's Motion for Sanctions and Dr. Byrne's pending Motion for Protective Order on their merits before determining whether to compel the depositions.

## Conclusion

For the foregoing reasons, Dr. Byrne respectfully requests that this Court deny Dr. Coomer's Motion to Compel Deposition Dates, or in the alternative, defer ruling on the Motion to Compel until after the Court has resolved Dr. Byrne's pending Motion for Protective Order. Dr. Byrne does not oppose Dr. Coomer's request to amend the Case Management Order to extend discovery and related deadlines.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Court deny Dr. Coomer's Motion to Compel Deposition Dates, grant Dr. Coomer's

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

request to amend the Case Management Order, grant Dr. Byrne's pending Motion for Protective Order, and grant such other and further relief as this Honorable Court may deem just and proper.

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ Peter Ticktin
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*