**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
     Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
     Defendants

---

**PLAINTIFF'S EMERGENCY *UNOPPOSED* MOTION TO MODIFY
CASE MANAGEMENT AND SCHEDULING ORDER**

---

Pursuant to Rules 6 and 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiff Eric Coomer, Ph.D. (Plaintiff or Dr. Coomer) moves this Court to modify the Endorsed Order entered on July 30, 2025. (Doc. 225).

In support of this Motion, Dr. Coomer states as follows:

## I.    INTRODUCTION

1.    This Emergency *Unopposed* Motion follows multiple pending Motions seeking similar relief. Pursuant to the operative Case Management Order (Doc. 225), today is the parties' deadline to file dispositive and Daubert motions. But as noted in Plaintiff's pending Motion to Compel Deposition Dates and Amend Case Management Order (Doc. 297) and Response in Opposition to Defendant Byrne's pending Motion for Protective Order (Doc. 302), Defendant Patrick Byrne (Byrne) is not participating in discovery unless and until the Court rules on

1

Plaintiff's pending Motion for Sanctions. (Doc. 281). This has precluded Plaintiff from conducting the discovery necessary to meet these deadlines. Plaintiff, therefore, files this Emergency Motion requesting that the Court grant the pending Motion to Amend the Case Management Order.[1] Defendants are not opposed to the *relief* requested herein.

## II.    BACKGROUND FACTS

2.    The means by which Defendant Byrne has been obstructing discovery for the last two months are described in detail in Plaintiff's pending Motion to Compel Deposition Dates and Amend Case Management Order (Doc. 297) and Response in Opposition to Defendant Byrne's Motion for Protective Order (Doc. 302). Plaintiff incorporates that background herein by reference.

3.    Subsequent to the filing of Plaintiff's Response in Opposition to Defendant Byrne's Motion for Protective Order, and despite the absence of an order from the Court granting that relief, Byrne has persisted with his obstruction of scheduled depositions. Specifically, on March 30, Byrne's counsel indicated they would not be proceeding with the previously scheduled March 31 depositions of Byrne's retained expert witnesses, Erich Speckin and Tom Cotton.[2] Plaintiff,

---

[1] Defendant Byrne opposes the Motion to Compel, but does not oppose the Motion to Amend the Case Management Order.

[2] **Exhibit 1**, p. 1 (responding "Not to our knowledge will they be appearing" in response to Plaintiff's repeated queries about whether the scheduled depositions would be proceeding or not.).

therefore, issued a cancellation notice to the court reporter(s) late in the afternoon of March 30.

4.      In general, Byrne's counsel has done little to move this case forward since the taking of Dr. Coomer's deposition on January 27.  Peter Ticktin (Ticktin) has, however, appeared on numerous podcasts where he persists in spreading falsehoods about the 2020 election.  Both he and David Perry (Perry) have also attempted to enter appearances pro hac vice on behalf of third-party Joseph Oltmann (Oltmann)[3] in related proceeding *Coomer v. Donald J. Trump for President, Inc.*, both of whose pro hac vice admission Dr. Coomer opposes.[4]  This follows Oltmann's termination of his own counsel in that proceeding.[5]  Oltmann's prior counsel therein indicated that Oltmann insisted on their violation of Court orders which had given rise to an "irreconcilable conflict of interest."[6]

5.      As of this writing, Defendant Byrne's counsel has not provided any alternative dates for depositions, and is adhering to their refusal to cooperate with discovery until the Court issues an ruling on Plaintiff's pending Motion for Sanctions.  (Doc. 281).

---

[3] As the Court may recall, Oltmann appeared at Plaintiff's unannounced and was subsequently excluded.

[4] **Exhibit 2**, *Coomer v. Donald J. Trump for President, Inc.*, 2020CV34319, Out of State Counsel [David Perry's] Verified Motion Requesting Pro Hac Vice Admission (Denver Dist. Ct. Mar. 23, 2026); **Exhibit 3**, Out of State Counsel [Peter Ticktin's] Verified Motion Requesting Pro Hac Vice Admission (Denver Dist. Ct. Mar. 23, 2026)

[5] **Exhibit 4**, *Coomer v. Donald J. Trump for President, Inc.*, Notice of Termination (Feb. 10, 2026).

[6] *Id.*, p. 2.

### III.   LEGAL STANDARD

6.      Federal Rule of Civil Procedure 6(b)(1)(A) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion if the court acts, or if a request is made, before the original time or its extension expires."  To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence.  *Ashmore v. Sec'y Dept. of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013) (*citing Oravec v. Sunny Isles Luxury Ventures*, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008)).

7.      Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."  The good cause standard requires the parties to show attempts to comply with the Court's deadlines and "that despite the party's diligence the deadline could not be met." *Nautilus Ins. Co. v. Naples Water Sports, Inc.*, 2011 WL 13295060, *1 (M.D. Fla. 2011); *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

### III.   ARGUMENT

8.      Defendant Byrne's refusal to proceed with depositions, solely on the basis of a pending motion for sanctions that arises from his own and his counsel's sanctionable conduct, is extremely prejudicial to Plaintiff.  Plaintiff anticipated filing Daubert motions and potentially a motion for summary judgment following the depositions of Defendant Byrne's expert witnesses, but Defendant Byrne has

4

refused to cooperate or otherwise make those witnesses available to testify. This conduct has hamstrung Plaintiff's ability to prepare for trial, or to take the steps necessary to meet these deadlines.

9.     Nonetheless, Plaintiff has done everything he can to meet his own obligations, including flagging these concerns for the Court in prior motions. To impose the existing deadlines against Plaintiff in these circumstances would be highly prejudicial, and would serve to reward the broad spectrum of conduct that Defendant Byrne and his counsel have engaged in.

10.    For the reasons stated, good cause exists for modifying the Case Management and Scheduling Order to at least conform to the proposed dates reflected in the unopposed Motion to Amend the Case Management Order. (Doc. 297). However, and as expressly noted in that Motion, "this additional time may be insufficient, especially if Byrne persists in non-cooperation while the Court considers Plaintiff's pending Motion for Sanctions." Doc. 297, p. 7. At this point, it is unlikely that the dates proposed in that Motion will be sufficient. Plaintiff, therefore, requests that the Court issue an order allowing for new proposed deadlines at such a time as the Court rules on the pending Motions so that the new schedule can incorporate any changed circumstances that may be reflected in those orders.

11.    Dr. Coomer submits that modifying the Case Management and Scheduling Order will not prejudice Defendants. He also asserts that this request for an extension is made in good faith and not for the purpose of causing

5

unreasonable delay.  On the contrary, Dr. Coomer wishes for this case to proceed to trial as expeditiously as possible.

For the foregoing reasons, Eric Coomer, Ph.D. respectfully moves this Court to modify the current Case Management and Scheduling Order by extending all remaining pretrial deadlines by ninety days, and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of April 2026.

*/s/ Bradley A. Kloewer*

Charles J. Cain*
ccain@cstrial.com
Bradley A. Kloewer*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011 / 512-477-5011 (Fax)
*Appearing via Special Admission

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000 / 512-477-5011 (Fax)
*Appearing via Special Admission

**ATTORNEYS FOR PLAINTIFF**

## **Local Rule 3.01(g) Certification**

Counsel for Movant certifies:

a.  Plaintiff has conferred with Defendants regarding the relief requested herein;

b.  Counsel for Defendant Byrne is not opposed to the relief requested in this Motion; and

c.  Counsel for Defendants The America Project and Lucescu are not opposed to the relief requested in this Motion; and

d.  Conferral regarding the relief requested herein was via email correspondence.

*/s/ Bradley A. Kloewer*
Bradley A. Kloewer