**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**EXHIBIT 3**

---

DISTRICT COURT, DENVER COUNTY,
COLORADO
Court Address:
1437 Bannock Street
Denver, CO 80202

DATE FILED
March 23, 2026 4:21 PM
FILING ID: 5F66C3848E73A  ▲ COURT USE ONLY  ▲
CASE NUMBER: 2020CV34319

Plaintiff(s): ERIC COOMER, Ph.D.,

v.

Defendant(s): DONALD J. TRUMP FOR
PRESIDENT, INC., et al.,

Case Number:
2020cv034319

Division Courtroom: 409

Applicant Attorney: Peter Ticktin
Address: 270 SW Natura Ave. Deerfield Beach,
Florida 33441
Phone Number: (561) 232-2222
FAX Number: (954) 418-7120
E-mail: Serv512@LegalBrains.com
Atty. Reg. #: 887935 (Florida Bar No.)
*Colorado PPA#: Pending*

Sponsoring Attorney: David Willson
Address: P.O. Box 1351
Monument, CO 80132
Phone Number: (719) 648-4176
E-mail: dwlaw1990@outlook.com
Atty. Reg. #: 43369

**OUT OF STATE COUNSEL'S VERIFIED MOTION REQUESTING
PRO HAC VICE ADMISSION**

Pursuant to C.R.C.P. 121 § 1-2, and Rule 205.3, Peter Ticktin of the Law Firm of The Ticktin Law Group, PLLC, in Deerfield Beach, Florida moves for pro hac vice admission to practice before this Court in the above-captioned matter.

AS GROUNDS FOR THIS MOTION, Peter Ticktin states and shows the Court the following:

1. Under Rule 205.3, an attorney and counselor at law in good standing from any other jurisdiction in the United States may, in the discretion of a Colorado court of record, be permitted to participate before the Court in a trial, argument and other proceeding in the particular case in which the attorney is employed, provided that a

member in good standing of the Bar of the State of Colorado is associated in such cause at all stages of the case.

2. Peter Ticktin of the Law Firm of The Ticktin Law Group, PLLC, is a member in good standing of the Bar in the State of Florida. Peter Ticktin is assigned attorney registration or bar admission number 887935 in the State of Florida.

3. Peter Ticktin has also been licensed in the following jurisdiction(s): the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, the United States District Court for the Northern District of Florida, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Western District of Michigan, the United States District Court for the District of Columbia, the United States Court of Appeals for the Eleventh Circuit, the United States Court of Appeals for the Sixth Circuit, and the Supreme Court of the United States, under the following admission number(s) 887935.

4. Peter Ticktin is in good standing in all Bars wherever admitted, but he has been publicly disciplined in the following jurisdiction: Please see attached the letter explaining the situation.

5. Peter Ticktin has previously been admitted pro hac vice in the State of Colorado in the matter styled *People of the State of Colorado v. Tina Peters*, Case No. 2024CA1951.

6. Peter Ticktin acknowledges that he is subject to all applicable provisions of the Colorado Rules of Professional Conduct, the Colorado Rules of Civil Procedure and other court rules, and that they have read such rules and will follow such rules.

7. David Willson with Reg. No. 43369, is a member in good standing of the Bar of the State of Colorado.

8. David Willson will be present and participate in a meaningful and substantial manner throughout the proceedings and trial of this matter.

9. The following are parties to the proceeding and have been notified of this Verified Motion requesting pro hac vice admission: ERIC COOMER, Ph.D., v. DONALD J. TRUMP FOR PRESIDENT, INC., et al.

10. Peter Ticktin has filed a copy of this motion with the Clerk of the Colorado Supreme Court at the Office of Attorney Registration, 1300

Broadway, Suite 510, Denver, Colorado 80203 and paid the required fee.

11. An affidavit setting forth Peter Ticktin's qualifications and compliance is attached.

12. By execution of the attached verifications, the Colorado licensed Sponsoring Attorney and Applicant Attorney verify their association on this matter.

WHEREFORE, Out of State Counsel respectfully requests that the Court admit Peter Ticktin pro hac vice, to practice before the Court in this case.

Respectfully submitted on March 20, 2026.

/s/ Peter Ticktin
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

and

/s/ David Willson
David Willson, Sponsoring Attorney
Colorado Bar No. 43369
P.O. Box 1351
Monument, CO 80132
Phone (719) 648-4176
dwlaw1990@outlook.com

VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission is true and correct, signed by David Willson with Reg. No. 43369 on March 20, 2026.

_____(signature)
Sponsoring Attorney

VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission is true and correct, signed by Peter Ticktin with Reg. No. 887935 on March 20, 2026.

_____(signature)
Applicant Attorney

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO COUNTY, COLORADO Court Address: 1437 Bannock Street Denver, CO 80202 | DATE FILED March 23, 2026 4:21 PM FILING ID: 5F66C3818E73A CASE NUMBER: 2020CV34319 ▲ COURT USE ONLY ▲ |
| Plaintiff(s): ERIC COOMER, Ph.D., v. Defendant(s): DONALD J. TRUMP FOR PRESIDENT, INC., et al., | Case Number: 2020cv034319 Division Courtroom: 409 |
| Applicant Attorney: Peter Ticktin Address: 270 SW Natura Ave. Deerfield Beach, Florida 33441 Phone Number: (561) 232-2222 FAX Number: (954) 418-7120 E-mail: Serv512@LegalBrains.com Atty. Reg. #: 887935 (Florida Bar No.) *Colorado PPA#: Pending* Sponsoring Attorney: David Willson Address: P.O. Box 1351 Monument, CO 80132 Phone Number: (719) 648-4176 E-mail: dwlaw1990@outlook.com Atty. Reg. #: 43369 | |

### AFFIDAVIT OF PETER TICKTIN

1. My name is Peter Ticktin. I am an attorney with the Law Firm of The Ticktin Law Group, PLLC, at 270 SW Natura Avenue, Deerfield Beach, FL 33441; (561) 232-2222 and counsel to the Defendants Joseph Oltmann and Shuffling Madness Media in the action referenced above.

2. I received a JD degree from the University of Miami School of Law. I was admitted to the State Bar and Courts of Florida in 1991 and to the United States District Court for the Southern District of Florida in 1991, for the Middle District of Florida in 2005 *and* for the Northern District of Florida in 2023.

3. Peter Ticktin is in good standing in all Bars wherever admitted, but he has been publicly disciplined in the following jurisdiction: Please see attached the letter explaining the situation.

4. I have not established domicile in the State of Colorado.

5. I have not established a place in Colorado from which I hold myself out to the public as practicing Colorado law, nor am I soliciting or accepting Colorado clients.

6. I have previously been admitted pro hac vice in the State of Colorado in the matter styled *People of the State of Colorado v. Tina Peters*, Case No. 2024CA1951.

7. The party represented is the Defendant, Joseph Oltmann and Shuffling Madness Media, in this matter. I have notified them of the Motion requesting permission for me to appear in this matter in this Colorado Court.

8. I acknowledge that I am subject to all applicable provisions of the Colorado Rules of Professional Conduct, the Colorado Rules of Civil Procedure and other court rules; that I have read and will follow these rules throughout the pro hac vice admission; and that the Verified Motion complies with those rules.

9. The Colorado licensed attorney who will associate with me is: David Willson with Reg. No. 43369; P.O. Box 1351, Monument, Colorado 80132; (719) 648-4176.

10. I have paid the fee to the Clerk of the Colorado Supreme Court and separately provided a copy of the Verified Motion and this Affidavit to the Office of Attorney Registration, 1300 Broadway, Suite 510, Denver, Colorado 80203. Signed on March 20, 2026.

I declare under penalty of perjury under the law of Colorado that the foregoing Affidavit is true and correct, signed by Peter Ticktin on March 20, 2026.

_____

Peter Ticktin, Esquire

## *Explanation of Bar Suspensions*

Mr. Ticktin practiced law since 1972, and in all that time, he had never been disciplined except for two suspensions which occurred in 2009 and 2010.

The first suspension stemmed from a venture, in which Mr. Ticktin had a client, Paul Johnson, who had been running a package delivery business in a company called "The Pony Express," which he had purchased out of bankruptcy. Mr. Ticktin represented Mr. Johnson in an SEC action and did some collection defense work for him. The Pony Express was a publicly traded company on the OTC market.

Unfortunately, Mr. Johnson had previously defrauded investors, involving a different company, out of approximately $20 Million. Eventually, he was found guilty, and he was sentenced to 20 years in a federal facility.

When it became apparent that Mr. Johnson was going to be charged for his fraudulent conduct by the U.S. Attorney, Mr. Johnson could not find anyone who would take over The Pony Express. He asked Mr. Ticktin, who saw the offer as an opportunity. It was a chance to save about 100 jobs for its employees; to help the investors who had been defrauded who had been given shares in The Pony Express; and to make a good investment for himself. On January 7, 2002, Mr. Ticktin took over The Pony Express with Mr. Johnson's blessings.

Shortly thereafter, Mr. Johnson was arrested. As Mr. Ticktin was aware that Mr. Johnson had voluntarily returned from Canada after he knew that he would be arrested, he testified at a bail hearing before a federal Magistrate Judge that Mr. Johnson was not a flight risk. While Mr. Johnson was awaiting trial, Mr. Ticktin took the reins of the company, only to find that there were no records, no bank accounts, no accountants, and everything had been run on cash. There

was a need for funding, and no investors would invest so long as Paul Johnson was involved, so Mr. Ticktin had meetings with Mr. Johnson at the detention center in which he was held without bail.

On one occasion, Mr. Johnson told Mr. Ticktin that he had just learned that if he was convicted, he would be going to a medium-security or a maximum-security facility because he was a foreign national. From what Mr. Johnson said, and the way he said it, Mr. Ticktin became convinced that if Mr. Johnson's feet ever hit the ground outside, they would be running to avoid further incarceration.

Shortly thereafter, on a call from the Assistant U.S. Attorney who was handling the case, Mr. Ticktin was advised that the Federal Court Judge, The Honorable Wilke Ferguson, was about to review the bail hearing and that he was going to read the transcripts. This put Mr. Ticktin into a difficult predicament, in that he was personal friends with Judge Ferguson, who knew that Mr. Ticktin would never give false evidence. The problem was that Mr. Ticktin had come to a conclusion that his prior testimony untrue.

To deal with the matter, Mr. Ticktin wrote a letter to the court, simply withdrawing all of his testimony. Of course, he knew that Mr. Johnson would see the letter, and that Mr. Johnson would feel betrayed. Mr. Ticktin dreaded the idea of writing the letter, but he knew that there was no choice. It was not an action taken lightly. Mr. Ticktin made one more trip to the detention center, and Mr. Johnson refused to meet with Mr. Ticktin.

On Mr. Ticktin's return to his office, he gathered the Board members of The Pony Express and he advised that he could no longer have any involvement with Mr. Johnson, as Mr. Johnson was still a client on a minor collection issue, but he was a client, nevertheless. Therefore, he made sure that any actions to have Mr. Johnson removed from the company were

done by hiring outside counsel, and Mr. Ticktin was screened off from anything to do with Mr. Johnson.

Ultimately, the lawyers hired by the other officers of The Pony Express, had Mr. Johnson's shares nullified, and Mr. Ticktin was advised only of the end result. That was when he made a major mistake. Mr. Ticktin wrote a letter to all the shareholders, and to specific investors, and advised that Mr. Johnson was no longer a part of The Pony Express. He wrote that Mr. Johnson was "as gone as gone could be."

Almost 6 years later, Mr. Johnson made a bar complaint, and The Florida Bar proceeded on two counts against Mr. Ticktin, alleging that by providing the letter to Judge Ferguson, he violated attorney-client confidentiality, and that he had a conflict of interest for advising the shareholders and investors of The Pony Express that Mr. Johnson was no longer a part of company.

After a 2-day trial before a circuit court judge sitting as a Referee, Mr. Ticktin was found to be not guilty of sending the letter, as it was, in fact, his duty to do so. However, he was found guilty of a conflict of interest, for advising the investors that Mr. Johnson was "as gone as gone could be," and the Referee recommended the lightest punishment, an admonition.

It should be noted that in his Report, the Referee found that Mr. Ticktin was "of high moral character and reputation." In fact, Mr. Ticktin's honesty surrounding the circumstances of the events in 2002, and his honesty in the proceedings were mitigating factors.

The Florida Bar appealed, and the Florida Supreme Court found that the conflict of interest was "egregious." The Court agreed with the conclusions of the Referee as to guilt and innocence, but increased the penalty "as an example" to the bar, to a 91-day suspension. (Any

3

suspension greater than 90 days required a Petition for Reinstatement for a suspended lawyer to resume practice.)

During the period while all this had been investigated by bar counsel of The Florida Bar, it came to his attention that in his dealings with a New York attorney, Mr. Ticktin had paid the attorney a referral fee. The law was unclear as to referral fees in Florida,[1] paid to out of state attorneys, and Mr. Ticktin was offered a 15-day suspension to run immediately following the 91 day suspension, while the reinstatement procedure was ongoing. As the process of reinstatement takes many months, the 15-day suspension ran concurrently with the post 91 day suspension. Mr. Ticktin accepted the punishment.

After his suspension, Mr. Ticktin petitioned the Florida Supreme Court for reinstatement, and that began a whole new process. It was another full investigation, and another full day hearing before another Circuit Court judge sitting as a Referee. After a period of more than 10 months, Mr. Ticktin was reinstated as an attorney with The Florida Bar.

Then, another full inquiry was made in the Southern District of Florida for Mr. Ticktin to be reinstated to the federal court in the that district in 2010. Since then, Mr. Ticktin has resumed his full practice of law, without being disciplined again. On several occasions, Mr. Ticktin was admitted, since as *pro hac vice*, where his suspensions were considered. He has never been denied admission.

---

[1] Although there were no cases which dealt with referral fees to out of state attorneys, at all, in regard to the New York attorney to whom Mr. Ticktin had paid a referral fee the referred cases were of Florida clients found by the New York attorney while he was in Florida.

4

## SANCTIONS BY ANY COURT

U.S. District Court for the Middle District of Florida

February 21, 2024, Order Granting Defendant's Motion for Summary Judgment and Sanctions

*Global Glass Technologies, Inc., v. Research Frontiers, Inc. et al.*, Civil Case No, 8:20-cv-02517-MSS-AEP, Middle District of Florida.

The Court issued Rule 11 sanctions against Mr. Ticktin, finding that he had failed to adequately perform a proper pre-suit patent infringement claims analysis.

Mr. Ticktin has appealed the District Court's Order Granting Summary Judgment and Rule 11 Sanctions in *Global Glass Technologies, Inc., v. Research Frontiers, Inc. et al.*, Case No. 26-1023, Court of Appeals Federal Circuit, which is currently on appeal.

U.S. District Court for the Southern District of Florida

November 10, 2022, Order Granting Motion for Sanctions

*Donald J Trump v. Hillary R. Clinton et al.*, Civil Case No. 2:22-cv-14102-DMM

The Court issued Rule 11 sanctions against the Plaintiff's counsel, including Mr. Ticktin, finding that the Complaint was filed for improper purposes and described the litigation as "political grievances masquerading as legal claims" and "performative litigation for purposes of fundraising and political statements.'"

Mr. Ticktin appealed the District Court's Order Granting Rule 11 Sanctions in *Donald J Trump v. Hillary R. Clinton et al.*, Case No. 22-13410, 11th Circuit Court of Appeals, which currently pending.

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO COUNTY, COLORADO Court Address: 1437 Bannock Street Denver, CO 80202 | DATE FILED March 23, 2026 4:21 PM FILING ID: 5F66C3818E73A CASE NUMBER: 2020CV34319 ▲ COURT USE ONLY ▲ |

| | |
|---|---|
| Plaintiff(s): ERIC COOMER, Ph.D., v. Defendant(s): DONALD J. TRUMP FOR PRESIDENT, INC., et al., | Case Number: 2020cv034319 Division Courtroom: 409 |
| Applicant Attorney: Peter Ticktin Address: 270 SW Natura Ave. Deerfield Beach, Florida 33441 Phone Number: (561) 232-2222 FAX Number: (954) 418-7120 E-mail: Serv512@LegalBrains.com Atty. Reg. #: 887935 (Florida Bar No.) *Colorado PPA#: Pending* Sponsoring Attorney: David Willson Address: P.O. Box 1351 Monument, CO 80132 Phone Number: (719) 648-4176 E-mail: dwlaw1990@outlook.com Atty. Reg. #: 43369 | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on March 20, 2026, sent by United States Mail, first class postage prepaid, true and complete copies of Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission of Peter Ticktin, to: (All counsels on records and to the clients to be represented)

Charles J. Cain, No. 51020
ccain@cstrial.com
Bradley A. Kloewer, No. 50565
bkloewer@cstrial.com
Ashley N. Morgan, No. 61713
amorgan@cstrial.com
CAIN & SKARNULIS PLLC
P. O. Box 1064
Salida, Colorado 81201

Thomas M. Rogers III, No. 28809
trey@rklawpc.com
David M. Beller, No. 35767
david@rklawpc.com
RechtKornfeld PC
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
*Attorneys for the Plaintiff*

John Zakhem, No. 30089
jzakhem@ckbrlaw.com
Andrew C. Nickel, No. 45235
anickel@ckbrlaw.com
CAMPBELL KILLIN BRITTAN & RAY, LLC
270 Saint Paul Street, Suite 200
Denver, CO 80206
303-322-3400
303-322-5800-Fax
Attorneys for Defendant
Donald J. Trump for President, Inc.



# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL 32399-2300**

DATE FILED
March 23, 2026 4:21 PM
FILING ID: 5F66C3818E73A
CASE NUMBER: 2020CV34319

**Joshua E. Doyle**
**Executive Director**

**850/561-5600**
**www.FLORIDABAR.org**

State of Florida           )

County of Leon         )             In Re:  0887935
Peter David Ticktin
The Ticktin Law Group, PLLC
270 SW Natura Ave
Deerfield Beach, FL 33441-3026

I CERTIFY THE FOLLOWING:

I am the custodian of membership records of The Florida Bar.

Membership records of The Florida Bar indicate that The Florida Bar member listed above was admitted to practice law in the state of Florida on **July 14, 1991**.

The Florida Bar member above is an active member in good standing of The Florida Bar who is eligible to practice law in the state of Florida.

Dated this  12th  day of **March, 2026**.

Cynthia B. Jackson, CFO
Administration Division
The Florida Bar

PG:R10
CTM-399447

