UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC COOMER, Ph.D.,

      Plaintiff,

v.                                                                    Case No. 8:24-cv-8-TPB-SPF

PATRICK BYRNE, STEVEN LUCESCU,
and THE AMERICA PROJECT, INC.,

      Defendants.

_____/

## ORDER

Before the Court are Plaintiff Dr. Coomer's Motion to Compel Deposition Dates and to Amend Case Management Order ("Motion to Compel") (Doc. 297) and Defendant Patrick Byrne's response in opposition (Doc. 303)[1]; Defendant Byrne's Motion for Protective Order Pending Resolution of Motion for Sanctions ("Motion for Protective Order") (Doc. 298) and Dr. Coomer's response in opposition (Doc. 302)[2]; and Dr. Coomer's Emergency Unopposed Motion to Modify Case Management and Scheduling Order ("Motion to Amend CMSO") (Doc. 304)[3]. Upon consideration, the Court finds that Dr. Coomer's Motion to Compel is granted, Defendant Byrne's Motion for Protective Order is denied, and Dr. Coomer's Emergency Motion is denied without prejudice.

---

[1] Dr. Coomer's Motion to Compel was filed March 12, 2026, and Defendant Byrne responded on March 26, 2026. (Docs. 297, 303).

[2] Defendant Byrne's Motion for a Protective Order was filed March 12, 2026, and Dr. Coomer responded on March 26, 2026. (Docs. 298, 302).

[3] The Motion to Amend CMSO was filed at 4:56PM on April 1, 2026. (Doc. 304). The next day, the Court entered an Order taking the Motion to Amend CMSO under advisement and finding that the "emergency" designation was unnecessary. (Doc. 305).

### I.    Background

This is one of many cases arising from the aftermath of the 2020 presidential election, and specifically from allegations regarding voting services provided by Dominion Voting Systems ("Dominion").  Dr. Coomer is the former director of product strategy and security for Dominion (Doc. 1, ¶ 1).  Defendant Patrick Byrne is a founder and board member of Defendant The America Project, Inc. and is credited as a producer of a film about the 2020 election entitled "The Deep Rig"[4] (*Id.*, ¶¶ 10, 12).

Dr. Coomer filed this action in June 2022 alleging that this film mentions him by name and accuses him of helping to rig the 2020 election against President Donald Trump.  (*Id.*, ¶ 31).  Dr. Coomer claims that these allegations about him and Dominion have been debunked and are provably false and, because of these false claims, Dr. Coomer received countless credible death threats, suffered from severe emotional distress, and suffered harm to his reputation, privacy, safety, and earnings.  (*Id.*, ¶¶ 122–03).

Discovery in this case ended on March 2, 2026, dispositive motions were due by April 1, 2026, the parties are to conduct a mediation hearing by May 1, 2026, and the case is set for the November 2026 trial term.  (Doc. 225).  To say that this case has been heavily litigated and contested by the parties would be an understatement, so the Court will only provide the necessary background.

On January 27, 2026, Defendant Byrne deposed Dr. Coomer, and, during the deposition, certain events transpired that later formed the basis of Dr. Coomer's pending request for sanctions against Defendant Byrne and his counsel, Peter Ticktin, and for removal

---

[4] "The Deep Rig" is styled as a documentary and purports to expose a number of ways that the 2020 election was fraudulently influenced to ensure the election of President Joseph Biden, though each theory features some element casting doubt on the reliability of voting machines manufactured by Dominion (Doc. 1, ¶ 3).

of Mr. Ticktin and his law firm from the case ("Sanctions Motion").  (Doc. 281).  Dr. Coomer's Sanctions Motion was filed February 6, 2026. (*Id.*).  And, on February 9, 2026, the parties filed a Joint Stipulation Regarding Discovery Deadline in which they attest to agreeing to a new deadline of April 1, 2026, to accommodate depositions.  (Doc. 282).  Though the Court never adopted this new deadline.

Then, on February 26, 2026, Dr. Coomer's counsel requested deposition dates for Defendant Byrnes's experts.  (Doc. 297 at 3).  Another of Mr. Byrnes's attorneys responded the next day that Mr. Ticktin would be available March 30, 2026, and March 31, 2026, so Dr. Coomer served deposition notices on Defendant Byrne's experts for those dates.  (*Id.*).  He also served a subpoena on a third party, Joe Oltmann, who Dr. Coomer's attorney believes is also represented by Mr. Ticktin and his law firm.  (*Id.*).

However, Mr. Ticktin responded on February 28, 2026, that "while a motion to disqualify a judge or counsel is pending, it is the next thing which is required to be considered."  (*Id.* at 4).  Because of Dr. Coomer's motion of sanctions, Mr. Ticktin reasoned that discovery should not proceed under that motion was resolved.  (*Id.*).  Dr. Coomer's counsel asked for case authority to support Mr. Ticktin's position, but Mr. Ticktin never responded.  (*Id.* at 4-5).  Dr. Coomer was also never provided deposition dates for Defendant Byrne's experts but Defendant Byrne had not yet moved for a protective order.  (*Id.* at 5).  Dr. Coomer then filed the instant Motion to Compel on March 12, 2026, in which he asks the Court to compel Defendant Byrne to participate in discovery, including expert depositions, and to extend case deadlines to accommodate the remaining depositions and other discovery matters.  (Doc. 297).

On the same day, Defendant Byrne filed the instant Motion for Protective Order. (Doc. 298).  In it, he asks that all discovery proceedings be stayed until Dr. Coomer's motion for sanctions is resolved.  (*Id.*).  And then, on April 1, 2026, Dr. Coomer filed the Motion to Extend CMSO asking for a ninety-day extension of all case deadlines to permit the parties to complete discovery and for the Court to decide the remaining pending motions.  (Doc. 304). Because the central issue among these motions is whether Defendant Byrne is obligated to continue to participate in discovery, the Court begins with his motion.

## II.     Discussion

### A.     Motion for Protective Order

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed R. Civ. P. 26(c)(1).  The party seeking a protective order bears the burden of demonstrating good cause.  Although hard to define, good cause typically signifies a sound basis or legitimate need for judicial action. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Under the good cause standard, the court must balance the competing interests of the parties. *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989).  Additionally, courts have broad discretion in dealing with discovery matters. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

Discovery may also be stayed where there is a pending dispositive motion, but the Court must balance the harm produced by a delay in discovery against the possibility that the motions will be granted and entirely eliminate the need for such discovery.  *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).  The Court, therefore, takes a "preliminary peek" at the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive."

*Id.* (citation and internal quotation marks omitted).  The motion should be so clear on its face that there is "an immediate and clear possibility that it will be granted." *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997) (citation and internal quotation omitted).

Having balanced the competing interests of the parties, the Court finds that Defendant Byrne has not demonstrated good cause for a protective order from participation in discovery, including the scheduling of his expert depositions.  Defendant Byrne is responsible participating in the litigation of this action regardless of who his attorney is or whether he is represented at all.  Moreover, the parties and attorneys who come before this Court are required to act professionally and amicably, especially during discovery.  *See* MIDDLE DISTRICT DISCOVERY § A.1 (2021) ("Discovery in this district should be practiced with a spirit of cooperation and civility.").  Therefore, Defendant Byrne has not established good cause for a protective order.  Nor is a stay of discovery appropriate because the Sanctions Motion, even if fully granted, is not dispositive of the case and will not alleviate the need for completed discovery.  For the foregoing reasons, Defendant Byrne's Motion for Protective Order is denied.

### B.    Motion to Compel

Dr. Coomer also asks the Court to compel Defendant Bryne to participate in discovery, including coordinate with Dr. Coomer to schedule deposition dates of Defendant Byrne's experts and other witnesses, and to extend the case deadlines. (Doc. 297).  Defendant Byrne does not oppose the merits of Dr. Coomer's request, but responded by asking the Court to decide his Motion for Protective Order and Dr. Coomer's Motion for Sanctions before deciding Dr. Coomer's Motion to Compel.  (Doc. 303).  After due consideration, Dr. Coomer's Motion to Compel is granted.

The Court is contemporaneously denying Defendant Byrne's Motion for Protective Order and, for the reasons stated above, the Court declines to defer ruling on the instant motion until Dr. Coomer's Motion for Sanctions is resolved.  There is therefore no reason to further delay the completion of discovery beyond what the Court herein decides.

Because Defendant Byrne does not oppose Dr. Coomer's request for an extension of the case deadlines and discovery remains outstanding, Dr. Coomer's request is granted.  The Court's Amended Case Management and Scheduling Order (Docs. 136, 225) is further amended as follows:

- Discovery Deadline: June 1, 2026;

- Dispositive Motions Deadline: July 1, 2026; and

- Mediation Deadline: August 1, 2026.

All other portions of the Court's Amended Case Management and Scheduling Order (Docs. 136, 225) remains in full force and effect.  Any further requests from the parties to extend case deadlines will be highly disfavored, especially if such requests are born of the parties' incivility.

Defendant Byrne is also reminded "that a failure to provide deposition dates before the end of discovery can be grounds to exclude an expert at trial." *Eldridge v. Pet Supermarket, Inc.*, 2019 WL 3406926, at *3 (S.D. Fla. July 25, 2019). (citing *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 2019 WL 2008665, at *2 (S.D. Fla. Mar. 11, 2019)).  "[A] party cannot disclose its experts and then claim that they are unavailable to be deposed until after the discovery deadline. If parties had that privilege, there would be no use for a Scheduling Order because parties could simply disregard it at their convenience." *St. Louis Condo. Ass'n, Inc. v.*

*Rockhill Ins. Co.*, 2019 WL 2008665, at *2 (S.D. Fla. Mar. 11, 2019), *aff'd*, 5 F.4th 1235 (11th Cir. 2021).  Dr. Coomer's Motion to Compel is therefore granted.

### C.    Motion to Amend CMSO

Dr. Coomer filed a second motion to extend the case deadlines because of Defendant Byrne's continued reticence to participate in discovery.  Because the Court is denying Defendant Byrne's Motion for a Protective Order and granting Plaintiff's Motion to Compel which includes an extension of case deadlines, Plaintiff's Motion to Amend CMSO is denied as moot.

### III.    Conclusion

In light of the foregoing, the Court ORDERS:

(1) Dr. Coomer's Motion to Compel Deposition Dates and to Amend Case Management Order (Doc. 297) is granted;

(2) Defendant Byrne's Motion for Protective Order Pending Resolution of Motion for Sanctions (Doc. 298) is denied; and

(3) Dr. Coomer's Emergency Unopposed Motion to Modify Case Management and Scheduling Order (Doc. 304) is denied as moot.

**ORDERED** in Tampa, Florida, on April 7, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

7