IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

       Plaintiff,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

       Defendants.

_____/

**RESPONSE IN OPPOSITION TO DR. COOMER'S
MOTION TO STRIKE EXPERT WITNESSES**

The Defendant, Patrick Byrne, by and through his undersigned counsel, files this, his Response in Opposition to the Dr. Coomer's Motion to Strike Expert Witnesses, and states:

## Introduction

The Defendant, Patrick Byrne, opposes the Plaintiff Eric Coomer's Motion to Strike Expert Witnesses. [DE 310]. The factual basis for the Plaintiff's motion has been fundamentally undermined by events occurring after the motion was filed. On May 7, 2026, counsel for the Defendant, Byrne provided availability for depositions of the retained expert witnesses Benjamin Cotton and Erich Speckin. The provision of deposition dates cures the alleged discovery violation and eliminates the unfair prejudice the Plaintiff claimed.

With approximately twenty-four days remaining before the June 1, 2026 discovery deadline, the Plaintiff retains ample time to schedule and conduct depositions, review expert testimony, and prepare rebuttal opinions if necessary. The circumstances here are fundamentally distinguishable from cases where experts remained unavailable before the discovery deadline expired. Striking all six expert witnesses is a grossly disproportionate sanction when the Defendant, Byrne has now complied with the Court's April 7, 2026 Order and lesser remedies can address any remaining concerns. The Motion to Strike should be denied because it seeks a disproportionate and premature sanction.

## **Background**

The case *sub judice* involves allegations that Dr. Byrne made false statements regarding Eric Coomer, Ph.D., the former director of product strategy and security for Dominion Voting Systems. Dr. Coomer alleged that Dr. Byrne, a founder and board member of the Defendant, The America Project, Inc. which produced a film entitled "The Deep Rig," made statements accusing Dr. Coomer of helping to rig the 2020 Presidential Election against President Donald Trump. Dr. Coomer contends that these allegations are provably false and that he suffered credible death threats, severe emotional distress, and harm to his reputation, privacy, safety, and earnings as a result.

Expert Disclosure

On January 15, 2026, the Defendant, Dr. Byrne, served his expert reports

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

comprising Benjamin Cotton, Erich Speckin, and seven non-retained experts: James Penrose, Jeffrey Lenberg, Mark Cook, Doug Gould, Walter Daugherty, Jeff O'Donnell, and Russ Ramsland. The expert disclosures included detailed reports and affidavits totaling 672 pages.

Erich Speckin is an expert witness designated as a forensic document examiner who produced a report examining ballot printing.

Benjamin Cotton produced affidavits dated April 8, 2021, June 8, 2021, and January 15, 2026, describing his examination of election management server images, compact flash cards, voting machines, and Dominion components from multiple counties.

The seven non-retained experts produced historical reports from 2021-2022 addressing alleged vulnerabilities in voting systems and election irregularities in various counties.

Each of these experts is expected to testify at trial as to vulnerabilities in Dominion Voting Systems machines and/or the manner, method, and means by which the Plaintiff, Eric Coomer, manipulated election results in coordination with others at Dominion Voting Systems, Inc.

Discovery Disputes

Following the expert disclosures, disputes arose regarding deposition scheduling. On February 6, 2026, the parties held a conferral call during which the Defendant, Byrne's counsel stated they would provide deposition dates. On

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

February 9, 2026, the parties filed a Joint Stipulation extending the discovery deadline to April 1, 2026, primarily to conduct additional witness depositions.

On February 26, 2026, the Plaintiff's counsel requested deposition dates. On February 27, 2026, counsel for the Defendant, Byrne provided March 30 and March 31 as available dates. However, on February 28, 2026, the Defendant Byrne's counsel cancelled the depositions, asserting that discovery should be stayed pending resolution of the Plaintiff's Motion for Sanctions and Order to Show Cause filed on February 6, 2026. Counsel took the position that a motion to disqualify counsel must be resolved before discovery proceeds.

On April 24, 2026, the Plaintiff filed the Motion to Strike Expert Witnesses, seeking to strike all six experts and requesting an award of expenses and attorney's fees.

On May 7, 2026, counsel for the Defendant, Byrne provided availability for depositions of retained experts Cotton and Speckin on May 21st and May 28th. Meanwhile, counsel for Dr. Byrne does not oppose deposing the non-retained experts at a mutually agreeable time. This provision of dates occurred before the June 1, 2026, discovery deadline, leaving approximately twenty-five days for the Plaintiff to schedule and conduct depositions.

### Argument

**Defendant Byrne Has Provided Deposition Availability and the Alleged Violation Has Been Cured**

The Plaintiff's motion is premised on the Defendant, Byrne's alleged ongoing

4

refusal to provide deposition dates for expert witnesses. However, on May 7, 2026, the Defendant, Byrne's counsel provided availability for depositions of Cotton and Speckin, the two retained experts. The provision of deposition dates directly addresses the core complaint underlying the Plaintiff's motion and demonstrates compliance with the discovery obligations emphasized by the Court's April 7 Order.

The timing is critical. When the Plaintiff filed the motion on April 24, Defendant Byrne had not yet provided deposition dates. By May 7, this deficiency was cured. The motion to strike is therefore based on a factual premise that no longer holds true. The Court's April 7 Order extended the discovery deadline to June 1, 2026, to allow the parties additional time to complete discovery obligations. As of May 8, approximately twenty-four days remained before the discovery deadline-sufficient time for the Plaintiff to schedule and complete depositions of Cotton, Speckin, and the non-retained experts.

The Circumstances Are Distinguishable from Cases Where Experts Were Unavailable Before the Discovery Deadline

The Court's April 7 Order cited *Eldridge v. Pet Supermarket, Inc.* and *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.* for the proposition that failure to provide deposition dates before the end of discovery can support exclusion of an expert. *Eldridge v. Pet Supermarket, Inc.*, No. 18-22531-Civ, 2019 U.S. Dist. LEXIS 124145 (S.D. Fla. July 25, 2019). However, those cases are factually distinguishable and do not compel exclusion here.

In *St. Louis Condo. Ass'n v. Rockhill Ins. Co.,* the Eleventh Circuit affirmed

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

exclusion of an expert where the defendant could not provide any date when the expert was available for deposition before the expert discovery deadline. *St. Louis Condo. Ass'n v. Rockhill Ins. Co.*, 5 F.4th 1235, 1243 (11th Cir. 2021). The expert remained unavailable throughout the discovery period, and the party seeking to exclude the expert had no opportunity to depose before the deadline passed. Similarly, *Eldridge* involved situations where experts were never made available before the discovery deadline expired. *Eldridge v. Pet Supermarket, Inc.*, No. 18-22531-Civ, 2019 U.S. Dist. LEXIS 124145, at *5 (S.D. Fla. July 25, 2019).

Here, by contrast, the Defendant, Byrne has provided deposition availability before the discovery deadline has expired. The experts are now available for deposition. The Plaintiff has not been deprived of the opportunity to depose; rather, the Plaintiff now has the opportunity to schedule and conduct depositions within the remaining discovery period. The factual predicate for exclusion-unavailability of the expert for deposition before the deadline-does not exist.

Exclusion Is Discretionary and Unnecessary Where Compliance Is Occurring

When evaluating whether to exclude testimony of a late-disclosed witness, courts consider three factors: (1) the importance of the testimony; (2) the explanation for the failure to disclose the witness; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Scott v. Carnival Corp.*, No. 24-11131, 2025 U.S. App. LEXIS 21160, at *7-8 (11th Cir. Aug. 19, 2025). The second and third factors, together, can outweigh the first. *Id.*

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Importance of the Testimony

The six expert witnesses at issue-Cotton, Speckin, Cook, Penrose, Lenberg, and Ramsland-are important to Dr. Byrne's defense. These experts address alleged vulnerabilities in voting systems and election administration, which relates to the core allegations in the film "The Deep Rig" that Dr. Coomer claims are false.

Moreover, Dr. Coomer does not dispute the materiality of their testimony; rather, Dr. Coomer seeks to exclude them based solely on the timing of deposition date provision. The importance factor weighs against exclusion.

Explanation for the Delay in Providing Deposition Dates

Dr. Byrne's counsel took the position after the April 7 Order that depositions should await resolution of Dr. Coomer's pending sanctions motion seeking disqualification of counsel. While the Court rejected this position in its April 7 Order, the Court's Order did not impose a specific deadline by which deposition dates must be provided, separate from the June 1, 2026 discovery deadline. The operative requirement under the discovery rules is completing discovery within the discovery period.

Dr. Byrne acknowledges the Court's concerns about cooperation and the warning regarding potential exclusion. Dr. Byrne is now prepared to provide multiple deposition dates immediately and to cooperate fully to complete all depositions before the June 1 deadline. The delay in providing dates does not constitute the type of willful defiance or bad faith that would justify the extreme

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

sanction of exclusion where the discovery period remains open and compliance is imminent.

Prejudice to the Opposing Party

Dr. Coomer has suffered no meaningful prejudice.   Dr. Coomer has possessed the expert materials since January 15, 2026, more than three months before the April 7 Order and over two months before filing the Motion to Strike. That extended period has afforded Dr. Coomer ample opportunity to review the expert reports, identify areas for cross-examination, and prepare for depositions.

Moreover, depositions can be completed efficiently through remote half-day settings, as Dr. Coomer has indicated willingness to do.  With the June 1 discovery deadline still in effect, there is sufficient time to schedule and complete all six expert depositions before the deadline.  Dr. Coomer will not be deprived of a meaningful opportunity to conduct discovery and depositions related to these witnesses.

Under Rule 37(c)(1), exclusion is not warranted if the failure to disclose was substantially justified or is harmless.  F.R.Civ.P. 37.  The Plaintiff cannot demonstrate the prejudice necessary to warrant the severe sanction of expert exclusion.  Therefore, the prejudice factor weighs strongly against exclusion.

This Case Does Not Present Egregious Circumstances Warranting Exclusion

Courts have excluded expert testimony in cases involving far more serious disclosure violations.  In cases where exclusion was affirmed, experts were

8

disclosed only days before the close of discovery with no reports provided, or disclosed weeks or months after the discovery deadline had passed. *Durden v. Citicorp Tr. Bank, FSB,* No. 3:07-cv-974-J-34JRK, 2008 U.S. Dist. LEXIS 128157, at *16-23 (M.D. Fla. Nov. 25, 2008). By contrast, the Defendant, Byrne's experts were disclosed on January 15 with complete reports; the only issue is the timing of deposition availability, which has now been cured as of May 7.

The distinction is critical. The Defendant, Byrne did not fail to disclose the experts or withhold their reports. The Defendant, Byrne did not attempt to surprise the Plaintiff with expert testimony at trial. Rather, the Defendant, Byrne delayed in providing specific deposition dates-a scheduling matter that the Plaintiff itself has now addressed through its proposal for remote half-day depositions and that the extended discovery deadline has accommodated.

**Expert Disclosures Comply with Rule 26(a)(2) or Any Deficiencies Are Readily Curable**

For retained experts, F.R.Civ.P. 26(a)(2)(B) requires disclosure of the expert's identity accompanied by a written report prepared and signed by the witness, containing a complete statement of all opinions and the basis and reasons thereof. For non-retained experts, Rule 26(a)(2)(C) requires disclosure of the expert's identity, the subject matter on which the witness is expected to present evidence, and a summary of the facts and opinions to which the witness is expected to testify.

Rule 26(e) imposes a duty to supplement expert disclosures in a timely

9

manner if a party learns that in some material respect the disclosure is incomplete or incorrect.  For expert witnesses, any additions or changes must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Speckin's Report Contains Opinions and Bases

Dr. Coomer criticizes Speckin's report as undated and containing preliminary opinions.  However, the report contains Speckin's opinions regarding ballot printing characteristics and the basis and reasons for those opinions.  An undated report does not render the disclosure deficient in substance; the date of the report is a technical matter that can be addressed through supplementation if necessary.

The fact that some opinions are framed as preliminary or subject to further review does not violate Rule 26(a)(2)(B).  Dr. Coomer will have full opportunity to explore the scope, finality, and methodology of Speckin's opinions through deposition and cross-examination at trial.

Cotton's Affidavits Constitute Adequate Written Reports

Dr. Coomer asserts that Cotton's affidavit disclosures do not constitute adequate Rule 26(a)(2)(B) reports.  However, affidavits prepared and signed by the expert witness can serve as written reports.  The affidavits contain Cotton's opinions regarding vulnerabilities in voting systems and the factual and analytical bases for those opinions.

If Dr. Coomer contends that the affidavits do not enumerate opinions with

10

sufficient clarity, that is a curable deficiency.  Dr. Byrne can promptly supplement Cotton's disclosures with a supplemental statement that explicitly enumerates each opinion Cotton will offer at trial, cross-referenced to the affidavits and supporting materials.

Non-Retained Experts Cook, Penrose, Lenberg, and Ramsland

Dr. Coomer characterizes the disclosures of non-retained experts as lacking Rule 26(a)(2)(C) summaries.  However, the historical reports themselves contain the facts and opinions on which these experts will rely.  The provision of the underlying reports and materials satisfies the substance of Rule 26(a)(2)(C).  Dr. Coomer has had access to these materials for months and has had ample opportunity to review them, identify the relevant facts and opinions, and prepare for deposition.

If the Court determines that Rule 26(a)(2)(C) requires an explicit summary statement for non-retained experts separate from the underlying reports, any such deficiency is readily curable.  Dr. Byrne can serve supplemental disclosures that provide, for each non-retained expert, a clear statement of the subject matter on which the expert will testify and a summary of the facts and opinions the expert will present in this case.

Absence of Prejudice and Availability of Cure

Dr. Coomer cannot credibly claim surprise.   Dr. Byrne served comprehensive expert disclosures on January 15, 2026, consisting of 672 pages of

11

materials.  Dr. Coomer has possessed these materials for over three months before filing the Motion to Strike.  Dr. Coomer has had ample time to review the materials, identify the experts' opinions, and prepare for deposition.

Any deposition of these experts can proceed on the basis of the materials already provided.  If the Court finds any technical deficiencies in Dr. Byrne's expert disclosures, the appropriate remedy is not exclusion but rather an order compelling supplementation.

Dr. Byrne is prepared to serve supplemental expert disclosures within seven days of the Court's order that will: 1) Identify the specific opinions each retained expert (Speckin and Cotton) will offer at trial, with cross-references to the bases and reasoning in their reports or affidavits; 2) Identify the specific opinions each non-retained expert (Cook, Penrose, Lenberg, and Ramsland) will offer at trial, with cross-references to the underlying materials; 3) Provide any missing elements of Rule 26(a)(2)(B) for retained experts; and 4) Provide explicit Rule 26(a)(2)(C) summaries for non-retained experts, setting forth the subject matter and a summary of the facts and opinions each expert will present in this case.

Such supplementation would cure any remaining deficiencies without prejudice to Dr. Coomer, who has already received the underlying materials and has had months to prepare.

<u>Relevance Is Properly Addressed Through Evidentiary Mechanisms, Not Expert Exclusion</u>

Dr. Coomer's assertion that the experts' opinions lack relevance because

12

they do not extensively discuss the film or Dr. Coomer is not a Rule 26(a)(2) issue. Whether the opinions are ultimately relevant or admissible is properly addressed through motions in limine, Daubert challenges, and cross-examination at trial, not through wholesale exclusion of the witnesses under Rule 26(a)(2).

**Striking Experts is an Extreme, Disproportionate Remedy When Lesser Remedies Can Address Any Concerns**

The purposes of sanctions under Rule 37 are to compensate the court and other parties for added expense, to compel discovery, to deter similar conduct, and to penalize the offending party. *Wouters v. Martin Cnty.*, 9 F.3d 924, 933-34 (11th Cir. 1993). However, while district courts have broad powers to impose sanctions for failure to abide by court orders, exclusion is justified only in extreme circumstances and as a last resort. *Id.* See also F.R.Civ.P. 37.

The reason for this restraint is fundamental: exclusion of expert testimony that could be dispositive of a case effectively denies a party the right to trial.

The Court Should Order Tailored, Alternative Remedies Rather Than Striking

The Court has several proportionate alternatives to striking that can adequately protect the Plaintiff's interests.

First, the Court can order that depositions of the Defendant, Byrne's experts occur by a specific date-for example, by May 28, 2026, or within fourteen days of the date of this Order. This ensures the Plaintiff has adequate time to conduct discovery while preserving the experts' testimony.

Secondly, the Plaintiff has raised concerns about Rule 26 compliance. The

13

Defendant Byrne can cure any disclosure deficiencies by providing supplemental expert reports or disclosures by a date certain.  F.R.Civ.P. 26(e) permits parties to supplement disclosures in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.  *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 592 (11th Cir. 2019).  The Court can order the Defendant, Byrne to provide any necessary supplemental disclosures by a date certain, giving the Plaintiff ample time to review and prepare before depositions.

Thirdly, if the Court finds that certain opinions were not adequately disclosed in initial expert reports, it can limit expert testimony at trial to those opinions that were fairly disclosed in writing.  This remedy protects the Plaintiff from surprise while allowing the expert to testify on matters that were properly disclosed.

Finally, if the Court determines that the Plaintiff incurred reasonable expenses in connection with motion practice necessitated by any delay in disclosure, the Court may award those specific, limited expenses.  However, such an award should be confined to costs directly caused by the delay, not the entire cost of the Plaintiff's motion practice.

Defendant Byrne Commits to Timely Compliance and Cooperation

The Defendant, Dr. Byrne, recognizes the Court's April 7 Order and its clear directive regarding the importance of providing deposition dates and complying with discovery obligations.  The Defendant, Byrne has responded by providing

14

expert availability and stands ready to supplement any expert disclosures as required by Rule 26(e).  The Defendant Byrne will comply with any scheduling order the Court imposes and will ensure that depositions occur within the timeframe set by the Court.

The appropriate course is not to strike experts whose testimony may be critical to the merits, but rather to enforce compliance through targeted, proportionate remedies that preserve both the integrity of the discovery process and the parties' right to a fair trial on the merits.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Court deny Dr. Coomer's Motion to Strike Expert Witnesses; direct the parties to promptly schedule and complete depositions of Benjamin Cotton and Erich Speckin within the June 1, 2026 discovery deadline; order that the Defendant Byrne provide any supplemental expert disclosures required under Federal Rule of Civil Procedure 26(e) by a date certain to permit the Plaintiff adequate time for review and preparation; deny the Plaintiff's request for an award of reasonable attorney's fees and costs; and grant such other and further relief as this Honorable Court may deem just and proper.

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ Peter Ticktin
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
THE TICKTIN LAW GROUP
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
Attorneys for Patrick Byrne

16