**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF
MOTION TO STRIKE EXPERT WITNESSES**

---

Pursuant to Middle District of Florida Local Rule 3.01(e), Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) files this Motion for Leave to File Reply in Support of Motion to Strike Expert Witnesses, and in support states:

## I.   INTRODUCTION

1.   Dr. Coomer filed his Motion to Strike Expert Witnesses (Doc. 310) on April 24, 2026 (the Motion).

2.   Byrne filed his response thereto (Doc. 312) on May 8, 2025 (the Response).

3.   Plaintiff seeks leave to file a brief reply to the Response.

1

## II.   LEGAL STANDARD

4.     Pursuant to Middle District of Florida Local Rule 3.01(e), a party may not file a reply as a matter of right.  Instead, a Motion for leave to reply must specify the need for, and the proposed length of, the proposed reply.

## III.   STATEMENT OF THE BASIS FOR RELIEF

5.     The Byrne Response to Plaintiff's Motion to Strike Expert Witnesses asserts that the relief requested is moot by virtue of Byrne providing potential dates for two experts on May 7, the day before he filed his Response and more than two months after he refused to continue participating in discovery.

6.     A reply is warranted for two reasons.  First, the Response's assertion that the multiple forms of prejudice to Plaintiff described in the Motion are all cured by the last-minute provision of deposition dates for two experts is false. Plaintiff requests an opportunity to briefly address this argument.

7.     Second, as this Court has now repeatedly ordered in this case, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Order, p. 8 (Doc. 213, awarding sanctions against Defendant The America Project) (*citing* F.R.C.P. 37(a)(5)(A)); *see also* Order pp. 7-8 (Doc. 243, awarding sanctions against Defendant Byrne) ("Plaintiff is entitled to an award of attorney's fees incurred in preparing the portions of the

instant motion related to these areas unless Defendant Byrne can establish that Plaintiff filed his motion before attempting in good faith to obtain the disclosure without court intervention.").   Plaintiff seeks leave to file a reply requesting sanctions accordingly.

8.      Pursuant to Middle District of Florida Local Rule 3.01(e), "a reply must not exceed seven pages."  Therefore, Plaintiff requests leave to file a reply to Byrne's Response not to exceed seven pages.

### CONCLUSION

9.      For all of the reasons stated herein, Plaintiff Eric Coomer, Ph.D. requests an order granting leave to file a 7-page reply to Defendant Byrne's Response in Opposition to Plaintiff's Motion to Strike Expert Witnesses and in support of his Motion.   Plaintiff Eric Coomer, Ph.D. requests such other and further relief to which he may be entitled to receive.

Respectfully submitted this 15th day of May 2026.

Respectfully submitted,

_____*/s/ Charles J. Cain*_____
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission
**ATTORNEYS FOR PLAINTIFF**

### Local Rule 3.01(g) Certification

Counsel for Movant certifies:

a.  Plaintiff has conferred with Defendant Byrne regarding the relief requested herein;

b.  Byrne opposes the relief requested; and

c.  Conferral regarding the relief requested herein was via email correspondence.