**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
    Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
    Defendants

---

**REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT WITNESSES**

---

Plaintiff Eric Coomer, Ph.D. (Plaintiff or Dr. Coomer) files this Reply in Support of Motion to Strike Expert Witnesses (Doc. 310) (the Motion), and states as follows:

*"So, judge I will say on Mike Lindell's good Christian channel, what I really think of you pukes. But, I'm ignoring your orders on national TV and I don't care."* – Patrick Byrne, May 19, 2026, *Dominion v. Bryne*.[1]

1. In keeping with Byrne's overtly contemptuous conduct, the Motion detailed Plaintiff's months of efforts to get deposition dates for at least six of Byrne's identified experts and numerous deficiencies in Byrne's expert disclosures themselves. On the eve of his response deadline, and weeks after expressly refusing to abide by the Court's April 7 Order, Byrne's counsel provided potential deposition dates for two of those experts, both within days of the close of

---

[1] **Exhibit 4**, Patrick Byrne, *The Dominion/Sequoia/Smartmatic/Liberty Vote Nexus*, LINDELL TV (May 19, 2026), available at https://caincloud.egnyte.com/dl/Q49qyjvjXWFq, 1:05-9.27.

1

discovery.[2]  Byrne also argued that he could supplement the disclosures, but only if ordered to do so by the Court.  These last minute, half-hearted concessions do virtually nothing to cure the substantial prejudice to Plaintiff.  Plaintiff files this Reply to explain the relief requested in light of the current record.

### I.  RELEVANT FACTUAL DEVELOPMENTS

2.  Byrne provided deposition dates for two of his six "experts" the day before his response deadline to the Motion.  Byrne proposed either May 22 or May 28.[3]  Byrne did not acknowledge the requests for deposition dates for experts Cook, Penrose, Lenberg, or Ramsland, nor was cooperation offered in setting those dates.  Plaintiff subsequently sent deposition notices for both experts Speckin and Cotton, who are scheduled to be deposed on May 28.[4]

3.  Six days after Byrne filed his Response (Doc. 312), on May 14, just eighteen days before the close of discovery, Byrne served his Third Supplemental Disclosures in this case, wherein he identified 40,402 pages of additional documents.[5]  Like his expert disclosures, this "newly discovered evidence," all of which is dated at least five years ago, has nothing to do with the facts of this case.  For example, these disclosures include 32,486 pages of "Official Detroit election records from the November 3, 2020 election."  It is unclear what relevance, if any,

---

[2] *See* **Exhibit 1**, email from Perry to Cain (May 7, 2026).

[3] *Id.*

[4] *Id.*

[5] **Exhibit 2**, Defendant Patrick Byrne's Third Rule 26(e) Supplemental Disclosures Newly Discovered Evidence (May 14, 2026).

2

these documents may have to potential expert testimony, but Plaintiff cannot possibly review this body of information prior to the scheduled depositions.

4.    Meanwhile, Byrne persists in publicly impugning the judicial process as a whole and proudly flaunting his open and deliberate contempt for the rule of law.  For example, during a May 12, 2026 television appearance, Byrne shared images of Magistrate Judge Upadhyaya[6] of the District Court for the District Court of Columbia.  He indicated he was working to get her indicted for her discovery orders in the related proceeding, *Dominon v. Byrne*.  While pointing angrily at the camera, Byrne stated, "You belong in prison, Judge Upadhyaya.  Lawyer the fuck up, Judge.  Lawyer up."[7]

5.    On May 15, Defendant Lucescu issued Dr. Coomer a public apology, stating in relevant part, "The Film featured claims that neither I nor anyone to my knowledge vetted for truth or accuracy . . . I apologize to Dr. Coomer and his family for any harm caused by *The Deep Rig*."[8]

6.    On May 18, Dr. Coomer and Lucescu filed a Joint Stipulated Notice of Resolution (Doc. 315), and on the same day Chris Dempsey filed an unopposed Motion to Withdraw as counsel for Defendant The America Project (Doc. 316). The Court granted Dempsey's Motion the following day (Doc. 317).

---

[6] This case is pending before the Honorable Carl J. Nichols, United States District Judge.

[7] **Exhibit 3**, Patrick Byrne, *TRUMP CONFIRMS VENEZUELAN WHISTLE BLOWERS*, LINDELL TV (May 12, 2026), available at https://caincloud.egnyte.com/dl/3WYcpbGCp4CP, 19:30-21:15. In the same interview, Byrne claimed to be working "with intelligence agencies" to reveal various crimes relating to the 2020 election.  Byrne has previously claimed to be a "CIA operative".  Like his claims of election fraud more generally, there is no evidence for any of these claims. Upon information and belief, Mr. Byrne is deeply unwell.

[8] **Exhibit 5**, Lucescu Apology Letter (May 15, 2026).

3

## II.   ARGUMENT AND AUTHORITIES

### A.   Byrne's last-minute provision of deposition dates for two experts does little to cure any prejudice to Plaintiff.

7.      Byrne argues that the entirety of the prejudice arising from his deficient expert disclosures and refusal to engage in discovery or comply with this Court's multiple orders for several months is all cured by the last-minute offer of deposition dates for two of the six experts requested.  This is false.

8.      Byrne's Response makes no effort to meaningfully account for the various deficiencies with his expert disclosures themselves, nor does he make any effort to argue or explain how anything he has disclosed has anything at all to do with this case.  Instead, he states that he "stands ready" to comply with his Rule 26 obligations on a later date *if ordered to do so by the Court*.  Response, p. 15.  But there is no time left for that.  The Court has repeatedly amended the Case Management Order for this case, which was filed nearly four years ago, and the discovery deadline is now set for June 1, 2026.  The impossibility of Byrne's proposal is self-evident.

9.      With respect to the dates Byrne provided for his two retained experts, they preclude Plaintiff's ability to identify any potential rebuttal experts before the discovery cutoff.  Immediately upon realizing that Plaintiff intended to still proceed with those depositions, Byrne then made a data dump of more than *forty thousand pages* of additional disclosures, again with the implied instruction for Plaintiff to "figure it out."

4

10.     As for the remaining depositions of non-retained experts, Byrne informs the Court that he "is now prepared to provide multiple deposition dates immediately and to cooperate fully to complete all depositions before the June 1 deadline." Response, p. 7. As of this writing, he has not done so. Instead, he has placed the onus on Plaintiff to schedule and prepare for six depositions in the space of two weeks while publishing a vast swath of new and confusing disclosures.

11.     Byrne has done all of this while his counsel is well-aware that Plaintiff's counsel has a variety of existing obligations in a related proceeding, *Coomer v. Donald J. Trump for President, Inc.*, currently pending in the Denver District Court, and set for a 3-week jury trial from July 20 through August 7, 2026, with many pre-trial obligations during the week preceding the beginning of trial.[9] Byrne's counsel knows this because they spent a substantial amount of time having their motions for pro hac vice admission on behalf of Joseph Oltmann[10] in that case rejected by multiple divisions of the Denver District Court and the Colorado Supreme Court.[11]

---

[9] Plaintiff has only two active cases remaining of those filed after the 2020 election. Several apologies and retractions have been previously published from the resolved cases. Plaintiff's jury verdict against Mike Lindell (founder of My Pillow) has been appealed.

[10] Oltmann is a key witness in this case as well. As discussed in Plaintiff's pending Motion for Sanctions (Doc. 281), Magistrate Judge Flynn ordered Oltmann to leave Dr. Coomer's deposition on January 27, 2026.

[11] **Exhibit 6**, *Coomer v. Donald J. Trump for President, Inc. et. al.*, Order Re: Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission, 2020CV34319 (Denver Dist. Ct., Apr. 3, 2026); **Exhibit 7**, *Coomer et. al. v. Oltmann, Order Regarding Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission Submitted by Attorneys Peter Ticktin and David Perry*, 26W258 (Denver County Ct., Apr. 22, 2026); **Exhibit 8**, *Coomer v. Donald J. Trump, Inc. et. al., Order Re: Motion to Reconsider Order Denying Pro Hac Vice Admission of Peter Ticktin and David Perry* (Denver Dist. Ct. Apr. 24, 2026); **Exhibit 9**, *Coomer v. Donald J. Trump for President, Inc. et. al.*, Order of Court, 2026SA164 (Colorado Supreme Court, May 6,

5

### B.    Multiple sanctions are warranted.

12.    As noted in Plaintiff's request for leave to file this Reply, the Court has repeatedly awarded sanctions in this case when a motion to compel was necessary to achieve compliance.  But those sanctions have not deterred Byrne's conduct.

13.    "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Order, p. 8 (Doc. 213, awarding sanctions against Defendant The America Project) (*citing* F.R.C.P. 37(a)(5)(A)); *see also* Order, pp. 7-8 (Doc. 243, awarding sanctions against Byrne) ("Plaintiff is entitled to an award of attorney's fees incurred in preparing the portions of the instant motion related to these areas unless Byrne can establish that Plaintiff filed his motion before attempting in good faith to obtain the disclosure without court intervention.").  This instance is no different.  Plaintiff had to file the Motion to secure a small fraction of the relief requested.  The Court should issue an order awarding Plaintiff his fees and costs arising from the filing of the Motion.

14.    More broadly, sanctions are appropriate in addition to Plaintiff's fees and costs, including, but not limited to, striking of Byrne's expert witnesses, prohibiting Bryne from introducing any of the 40,000 pages of new document production at trial, and prohibiting Byrne from offering testimony based on information derived from this document production.    *See* FED. R. CIV.

---

2026).

P. 37(c)(1)(C).  The facts described in the Motion and this Reply are merely the latest in a yearslong pattern of outrageous conduct by Byrne and his counsel.  *See generally*, Doc. 281.  This pattern cannot stand, and the Court is respectfully urged to impose substantial remedial measures as authorized by Rule 37.

## CONCLUSION

For these reasons, Plaintiff Eric Coomer, Ph.D. respectfully requests the Court enter an order striking the following expert witnesses designated by Defendant Patrick Byrne: Benjamin Cotton, Eric Speckin, Mark Cook, James Penrose, Jeffrey Lenberg, and Russ Ramsland.  Plaintiff further requests an order prohibiting Defendants Patrick Bryne from introducing any of the approximately 40,000 pages of new document production (Bates numbered PBYRNE002025-PBYRNE042427) at trial and prohibiting Defendant Patrick Byrne from offering testimony based on information derived from this document production.  Plaintiff Eric Coomer, Ph.D. further requests an award of his reasonable attorney's fees and costs, as well and any further just and equitable relief.

7

Respectfully submitted this 26th day of May 2026.

                                     */s/ Charles J. Cain*

Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)
*Appearing via Special Admission

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission
**ATTORNEYS FOR PLAINTIFF**

8