IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,

       Defendant,

v.

PATRICK BYRNE, STEVE
LUCESCU, and THE
AMERICA PROJECT INC.,

       Defendants.

_____/

## DEFENDANT PATRICK BYRNE'S MOTION TO CONSOLIDATE DEPOSITION OF NON-PARTY JOSEPH OLTMANN

The Defendant, Patrick Byrne, by through his undersigned counsel, files his Motion to Consolidate the deposition of non-party Joseph Oltmann with the related deposition in the Colorado state court case *Eric Coomer, Ph.D. v. Donald J. Trump for President, Inc., et al.*, Denver District Court Case No. 2020CV03419, and in support thereof state:

## Introduction

The central issue in this defamation action concerns allegedly defamatory statements made by non-party Joseph Oltmann in a film entitled *The Deep Rig*. These identical statements are at issue in the related Colorado state court proceeding involving the same plaintiff, Eric Coomer.  Requiring Mr. Oltmann to submit to two

separate depositions on the same subject matter, one in this Court and one in Colorado state court, would impose substantial and unnecessary burden and expense on a non-party witness while duplicating discovery efforts and wasting judicial resources.

Mr. Oltmann is currently unavailable on June 1, 2026, due to travel obligations to the District of Columbia. This unavailability creates a practical necessity for consolidation or coordination of the depositions. Consolidation would preserve all parties' ability to obtain Mr. Oltmann's testimony regarding his statements in "The Deep Rig" while significantly reducing costs, burden on the witness, and duplicative discovery efforts. The Court should exercise its broad discretion to manage discovery in a manner that promotes judicial economy, efficiency, and fairness to all parties and the non-party witness.

## Background

This defamation action arises from allegedly defamatory statements made by non-party Joseph Oltmann in a film entitled *The Deep Rig*. The Plaintiff Eric Coomer has sued the Defendant Patrick Byrne in this Court, alleging that Dr. Byrne is responsible for or liable in connection with Mr. Oltmann's statements in the film.

The identical statements at issue in this case are also the subject of a related proceeding in Colorado state court. In that case, *Eric Coomer, Ph.D. v. Donald J. Trump for President, Inc., et al.*, filed in Denver District Court as Case No.

2

2020CV03419, the Plaintiff Eric Coomer has brought claims arising from the same allegedly defamatory statements made by Mr. Oltmann in *The Deep Rig*. Thus, both this federal action and the Colorado state court action involve the same plaintiff, the same non-party witness, and the same underlying statements that form the basis of the defamation claims.

Discovery in both proceedings necessarily requires the deposition of Mr. Oltmann to establish the nature and content of his statements in *The Deep Rig*, the context in which those statements were made, and Mr. Oltmann's knowledge and intent regarding the statements. Mr. Oltmann's testimony is equally material and important to both the federal and state court proceedings.

Mr. Oltmann had planned a business trip to the District of Columbia prior to being served by the Plaintiff with a Subpoena for Deposition in the case at bar. Moreover, Mr. Oltmann manages three separate businesses which require travel and preexisting work obligations; therefore, coordination with non-party Joseph Oltmann for purposes of scheduling deposition is difficult. Without consolidation or coordination, Mr. Oltmann would be required to appear for two separate depositions in two different jurisdictions on the identical subject matter, despite preplanned travel arrangements and business obligations.

Mr. Oltmann is currently unavailable on June 1, 2026, as he will be traveling to the District of Columbia for work and other obligations. This travel commitment

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

creates a scheduling conflict that makes it impractical or impossible for him to appear for separate depositions in both the Middle District of Florida and Colorado on or around that date or during overlapping time periods. The unavailability is not merely a matter of inconvenience; it reflects genuine work obligations and travel commitments that cannot be easily rescheduled.

Requiring Mr. Oltmann to submit to two separate depositions would impose substantial burden and expense on him, including travel to multiple jurisdictions, time away from work, duplication of preparation and testimony on the same subject matter, and associated costs for lodging, transportation, and other travel-related expenses. The burden is particularly acute given that both depositions would address identical subject matter, Mr. Oltmann's statements in *The Deep Rig*, and would require him to provide substantially the same testimony in two separate proceedings.

Consolidating or coordinating the depositions would eliminate this unnecessary burden and expense while preserving all parties' ability to obtain Mr. Oltmann's testimony. A single consolidated deposition, conducted in a manner that permits counsel from both the federal and state court proceedings to participate, would satisfy the discovery needs of both cases. The deposition transcript could be made available to both proceedings, and each party would have the opportunity to examine Mr. Oltmann regarding his statements in *The Deep Rig*.

Consolidation would also serve the interests of judicial economy and

4

efficiency.    Conducting two separate depositions on the same subject matter represents a duplication of discovery efforts and an unnecessary expenditure of judicial resources.    A single consolidated deposition would achieve the same discovery objectives at a fraction of the cost and with significantly less burden on the non-party witness and the parties.

<u>Argument</u>

**Rule 26(b)(1) Vests the Court With Broad Authority to Manage Discovery Based on Proportionality Principles**

Federal Rule of Civil Procedure 26(b)(1) establishes that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.    The proportionality analysis requires consideration of the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This proportionality mandate reflects a fundamental principle that discovery should be tailored to the needs of the case and should not impose unnecessary burdens on the parties or non-parties involved.    The Court's authority under Rule 26(b)(1) extends to fashioning discovery procedures that eliminate redundancy

5

while preserving the legitimate discovery interests of all parties.

In the present matter, the coordination of Mr. Oltmann's deposition across the related federal and state proceedings directly implicates proportionality concerns. Requiring Mr. Oltmann to submit to separate depositions in the Middle District of Florida and Colorado regarding identical subject matter, his statements in "The Deep Rig" and their alleged defamatory character, would impose duplicative burden and expense on a non-party witness. The burden and expense of conducting two separate depositions of the same non-party witness substantially outweighs the likely benefit when the testimony will substantially overlap. A single coordinated deposition will provide the necessary discovery without the duplicative burden and expense of two separate proceedings.

The proportionality analysis is particularly compelling here. Mr. Oltmann must prepare for deposition testimony only once, rather than twice. Counsel from both cases can participate in a single deposition, ensuring that all relevant questions are posed and all discovery needs are satisfied. The time, expense, and logistical burden of scheduling, preparing for, and conducting two separate depositions is disproportionate to the marginal benefit, if any, of separate proceedings.

**Rule 29 Expressly Authorizes Stipulations to Modify Discovery Procedures Including Deposition Coordination**

Federal Rule of Civil Procedure 29 provides that unless the court orders

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

otherwise, the parties may stipulate that a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified, and that other procedures governing or limiting discovery be modified.  A stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial.

This rule reflects the Federal Rules' commitment to party autonomy in managing discovery procedures while preserving judicial oversight where necessary.  The parties in this action may stipulate to coordinate Mr. Oltmann's deposition such that a single deposition session conducted at a mutually convenient time and location can serve the discovery needs of both the federal action and the related Colorado state court proceeding.  Such a stipulation would not alter any discovery deadline; rather, it would consolidate discovery procedures to promote efficiency.

The Court may approve such a stipulation, and the approval would constitute an order governing discovery in this federal action.  This approach respects the autonomy of the parties to manage their own discovery while ensuring that the Court retains supervisory authority over the process.

**Rule 45 Reflects Strong Policy Protection for Non-Parties and Justifies Coordination to Avoid Undue Burden**

Federal Rule of Civil Procedure 45 establishes protections designed to shield

non-parties from undue burden and expense.  The rule provides authority for courts to quash or modify subpoenas that impose undue burden or expense on non-party witnesses.  These provisions reflect Congress's and the Federal Rules' strong policy commitment to protecting non-parties from excessive discovery burdens.

Mr. Oltmann, as a non-party witness, is entitled to this protection.  By coordinating his deposition across the related proceedings, the Court can minimize the burden imposed on him, requiring him to travel and testify once rather than twice regarding the same subject matter.  This approach is entirely consistent with the protective purposes of Rule 45 and represents a judicious exercise of the Court's authority to tailor discovery procedures to prevent undue burden on non-parties.

Mr. Oltmann faces substantial burden from duplicative deposition preparation and testimony.  As a non-party, Mr. Oltmann has no direct interest in either case and should not be subjected to unnecessary duplication of effort.  The scheduling constraint, Mr. Oltmann's unavailability on June 1, 2026, due to travel to the District of Columbia, makes separate scheduling impractical and increases the risk of delay in both proceedings.  Coordinating the deposition into a single session eliminates the need to schedule around Mr. Oltmann's travel and reduces the likelihood of further scheduling conflicts.

8

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

**The Identical Statements and Overlapping Factual Inquiries Make Separate Depositions Duplicative**

The core issue in both the federal case before this Court and the Colorado state court proceeding is identical: the allegedly defamatory statements made by Mr. Oltmann in *The Deep Rig*. The same plaintiff appears in both cases, and the factual inquiries are substantially overlapping. Both cases require discovery regarding what Mr. Oltmann stated, the basis for those statements, Mr. Oltmann's knowledge and intent, the sources he relied upon, and the context in which the statements were made. Because the subject matter of the depositions is essentially identical, separate depositions would necessarily elicit substantially duplicative testimony.

This identity of subject matter distinguishes the present situation from cases involving different claims, different parties, or different factual issues. Here, the discovery sought is not merely similar, it is identical. Any question that counsel in the federal action would pose to Mr. Oltmann regarding his statements in "The Deep Rig" would be equally relevant and material to the Colorado state court action, and vice versa. There is no legitimate discovery interest that would be served by conducting separate depositions.

**Coordination Serves Judicial Economy and Efficiency in Both Courts**

Coordination serves the interests of both courts and all parties. The federal court and the Colorado state court both benefit from efficient use of judicial

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

resources and the avoidance of duplicative discovery proceedings. A single coordinated deposition achieves this balance by eliminating duplication while preserving full discovery rights.

As recognized in the principles underlying discovery rules, courts should restrict discovery to protect parties and non-parties from undue burden and expense while ensuring that the parties obtain the discovery necessary for determination of the action. A single coordinated deposition achieves this balance by eliminating duplication while preserving substantive discovery rights.

It is important to clarify the precise nature of the relief sought. Dr. Byrne does not request that this Court command or direct the Colorado state court to accept a deposition taken in this federal action or to modify its own discovery procedures. Rather, the Defendant seeks an order from this Court governing discovery in the federal action and facilitating a single deposition of Mr. Oltmann that, by agreement of the parties and through principles of comity, can serve the discovery needs of both proceedings.

**Accommodation of Mr. Oltmann's June 1, 2026 Unavailability**

Given that non-party Mr. Oltmann is unavailable on June 1, 2026, due to travel to the District of Columbia, Dr. Byrne requests that this Court authorize the parties to set a mutually available date that accommodates Mr. Oltmann's travel obligations. The deposition may be conducted in a remote or hybrid format to eliminate the need

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

for Mr. Oltmann to travel to multiple jurisdictions, reduce the burden and expense on the non-party witness and all counsel, permit all counsel to participate fully in real-time examination, and preserve the integrity of the deposition through video recording and certified transcription.

## **Conclusion**

For the foregoing reasons the Defendant, Patrick Byrne respectfully requests that this Court enter an Order granting this Motion and authorizing the consolidation or coordination of the deposition of non-party Joseph Oltmann, and grant such other and further relief as this Honorable Court may deem just and proper.

11

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has attempted to confer in good faith with the Plaintiff's counsel via email on May 29, 2026. Counsel for the Plaintiff did not respond substantively to the undersigned counsel's attempt to confer as to the issues presented in the instant motion.

*/s/ David L. Perry II*
David L. Perry II

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2026, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv514@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*

12