**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERIC COOMER,

      Plaintiff,

v.                                                                    Case No. 8:24-cv-8-TPB-SPF

PATRICK BYRNE, STEVEN
LUCESCU, and THE AMERICA
PROJECT, INC.,

      Defendants.

                             /

## ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE

This matter is before the Court on "Defendant Patrick Byrne's Motion to Extend Discovery Deadline" (Doc. 325), filed on June 1, 2026.  Byrne's motion represents that Plaintiff Jeffrey Coomer opposes the motion, but Coomer has not yet filed a response, and no response is necessary.  Based on the motion, the court file, and the record, the Court finds as follows.

### Background

This is a defamation case.  Plaintiff contends that Defendants created and promoted a documentary film falsely asserting that Plaintiff used his position with Dominion Voting Systems to tamper with the results of the 2020 presidential election.  Plaintiff filed this case in Colorado in June 2022 – four years ago – and it was transferred here in 2024.  The case has been heavily litigated with extensive motion practice and discovery and procedural disputes occupying an inordinate amount of the Court's time (especially that of United States Magistrate Judge Sean Flynn).  The Court originally

scheduled the close of discovery in this case for February 2025 with trial set for August 2025. The dates for the close of discovery and follow-on dates for dispositive motions and trial have already been extended on multiple occasions.

The most recent case management and scheduling order, entered almost a year ago, set the pretrial conference in October and trial in November 2026, which would be more than four years after Plaintiff filed the case. In April 2026, the Court extended the discovery deadline to June 1, 2026, and extended the dispositive motion deadline to July 1, 2026. The Court warned the parties, however, that any further requests to extend case deadlines would be highly disfavored.

On June 1, 2026, the day discovery closed, Byrne filed the instant motion seeking to extend the discovery period by an additional 45 days. He argues that he intends to defend the case on the ground that the alleged defamatory statements were true. In other words, Byrne apparently will seek to prove that Plaintiff did, in fact, state that he would tamper with the voting or vote counting process in the 2020 election and that Plaintiff then did so. Byrne argues in the motion that new evidence has emerged relevant to this defense and that additional discovery must be taken to "investigate, authenticate, and develop this evidence, through depositions, subpoenas, and expert analysis." The allegedly emergent new evidence relates to voting machine technology and its vulnerability to tamping. Byrne's motion describes the new evidence as follows:

> (1) a May 29, 2026, public statement under oath by the Michigan Director of Elections that Dominion voting machines in Michigan were connected to the internet during the November 2020 election via a VPN;

> (2) "new witnesses" who have "voluntarily emerged" and have stated that they observed "data loss" with Dominion voting equipment during the counting of the November 2020 vote,

but no further specifics are given as to the identities, roles, or specific information these "new witnesses" possess;

(3) a National Intelligence Council memorandum, declassified on March 16, 2026, that evaluates cyber threats to U.S. election infrastructure for the 2020 election and concludes that foreign countries had the capability to access or manipulate election-related systems in the U.S.;

(4) correspondence and emails "identified" by Byrne between Georgia Tech researchers and government agencies "that document  third-party discussions of election-related network security, vulnerabilities, and threat activity" and include references to Dominion systems and their "security posture," but Byrne offers no indication of when he identified the emails;

(5) Detroit election records from the 2020 election obtained by Byrne via FOIA request that demonstrate election fraud and inaccurate vote data inconsistent with reported election results, but once again, Byrne offers no indication of when he obtained the information;

(6) "new evidence" and "changed testimony" on the technical ability of Dominion to access Dominion voting machines remotely and in real-time.  However, this evidence is only vaguely described, and it is not clear to the Court whether this last item is a separate category of evidence or merely purports to describe the other categories listed above.

## Legal Standard

Courts enjoy broad discretion in deciding how to manage the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).  In exercising this discretion, a scheduling order may be modified or extended only upon a showing of good cause with the consent of the court.  Fed. R. Civ. P. 16(b)(4).  The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee note).

Demonstrating good cause requires specific facts; conclusory assertions are insufficient. *See, e.g., Peterka v. Sec'y, Fla. Dep't of Corr.*, No. 24-13503, 2025 WL 2251853, at *3 (11th Cir. Aug. 7, 2025) ("[T]o show good cause, the party seeking amendment of the scheduling order must present non-conclusory facts showing that the unamended 'schedule cannot be met despite the diligence of the party seeking the extension.'" (quoting *Sosa*, 133 F.3d at 1418); *Hamrick v. City of Melbourne*, No. 6:22-cv-2321-CEM-DCI, 2023 WL 6809622, at *2 (M.D. Fla. Oct. 16, 2023) ("Diligence is the touchstone of Rule 16(b)(4), and Defendants' conclusory statement that it exists . . . is an insufficient basis for relief.").

## Analysis

Byrne has failed to show good cause to modify the existing case schedule. Byrne's assertions that he exercised reasonable diligence but was nevertheless unable obtain the information he would seek during an extended discovery period are conclusory and unpersuasive. The fact that the evidence cited by Byrne recently "emerged" or "developed" in the form of statements by officials or other witnesses does not mean that this evidence, or similar evidence, could not have been uncovered and developed by Byrne earlier in the case. Byrne offers no specifics to support his assertions of diligence.

Contrary to Byrne's argument, the requested extension of discovery, in the Court's opinion, would likely disrupt the remaining pretrial deadlines and delay trial, even if it were limited to 45 days. The Court also doubts that 45 days would be sufficient. Based on the Court's considerable experience with the parties and counsel in this case, allowing additional discovery would likely lead to additional discovery disputes, further delaying the completion of discovery and final resolution of the case. In the unlikely event the

additional discovery proceeded smoothly, it nevertheless likely would lead to the "emergence" or "development" of additional supposedly "new" evidence and to requests for further extensions of discovery, supported by the same arguments presented in Byrne's current motion.

This case was filed by Plaintiff in Colorado in 2022, four years ago, and has been heavily litigated. The interests of finality and conservation of judicial resources weigh in favor of maintaining the current court-ordered deadlines. Defendants can present evidence on the feasibility of vote tampering or other technical issues through expert testimony and whatever factual evidence they have been able to gather in the four years since the suit was filed. Byrne has not demonstrated good cause to further amend the Court's case management deadlines, and his motion to extend discovery is therefore denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Patrick Byrne's Motion to Extend Discovery Deadline" (Doc. 325) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of June, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE