IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER, PhD.,

        Plaintiff,

v.

PATRICK BYRNE, STEVE LUCESCU,
and THE AMERICA PROJECT, INC.,

        Defendants.

_____/

### DEFENDANT PATRICK BYRNE'S AND PETER TICKTIN'S OBJECTION TO THE MAGISTRATE JUDGE'S JUNE 29, 2026 ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS (DOC. 332)

The Defendant, Patrick Byrne, and his counsel Peter Ticktin, in his individual capacity (hereinafter collectively "Ticktin"), file their Objection to the Magistrate Judge's June 29, 2026 Order on the Plaintiff's Motion for Sanctions, and state:

### Standard of Review

This Court is being asked to aside the magistrate judge's order on a nondispositive matter that is "clearly erroneous." This is permitted pursuant to F.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

The referral of Mr. Ticktin for attorney discipline threatens his license and reputation and warrants heightened process. To the extent the referral is treated

as dispositive of a distinct disciplinary matter, *de novo* review applies.  28 U.S.C. §636(b)(1)(B).

## **Introduction**

On January 27, 2026, the deposition of the Plaintiff, Eric Coomer was scheduled to take place in a hotel conference room, and prior to the deposition, there was a physical encounter between Peter Ticktin, the attorney for Patrick Byrne and Charles Cain, the attorney for Eric Coomer.

Mr. Cain filed a Motion for Sanctions against Peter Ticktin and Patrick Byrne, and Peter Ticktin and his client responded to the motion seeking sanctions against Mr. Cain.  Mr. Cain provided a video link which was provided at normal speed.  Watching at normal speed, it was difficult, if not impossible to see what actually occurred.  In fact, it looked like Mr. Ticktin was the aggressor.  However, Mr. Ticktin also provided links to videos which were in slow motion and which showed what was not discernable in the original video.

The photographs in the Response show that the space between Ticktin and the pillar became filled with Cain's mid-drift.  An even more compelling telltale, however, is Cain's right foot which Cain advanced to be toe to toe with Ticktin 's left foot.

These photos do not lie, and they show Cain's face coming toward Ticktin's face and his torso emerging onto Ticktin.  This photo proves that Ticktin was telling the truth as to Cain pushing his body at Ticktin while Ticktin was standing there.

2

 

Although the unwanted touching was minimal, Ticktin had every right to push the imposing larger man away.  In fact, at that point, with Cain imposing moving toward Ticktin, even if he did not make contact, Mr. Ticktin had the right to use reasonable force to prevent a further intrusion.

The magistrate judge found that Mr. Ticktin stepped in front of Mr. Cain while Mr. Cain was heading toward the deposition room.  The following link shows that Mr. Cain was heading toward Mr. Ticktin who walked out of the way and stood to the side, not blocking Mr. Cain, who approached Mr. Ticktin.

Please hold control and click:

on:https://www.dropbox.com/scl/fi/ine6mhxcxcfsirsu0ujd7/Slowed-Video-Made-with-Clipchamp-1.mp4?rlkey=teb4dmidxcjknm1swnpismyda&st=wegdb6xt&dl=0

**Ticktin's Second Push**

After the first push, Ticktin retreated and moved 12 to 15 feet away while

3

Cain was saying (which could be heard in Cain's video: " "Hey Old Man, - - - Let's do it!"

The general master found that Mr. Ticktin moved a few feet away and stopped short.  The video contradicts that finding, as Ticktin went all the way to the next pillar before he stopped. Leaving plenty of room for Cain to pass.

Instead, the video, below irrefutably shows that Cain approached Ticktin and circled around him blocking Ticktin's path.  There is no question on watching the videos provided by Mr. Ticktin that Cain is the aggressor.

Then when Ticktin turned and started to head to the Deposition Room, Cain stuck his chest out onto Ticktin, again.  As this is so quick, it is difficult to see in the video.

The following video showing Cain after the first assault and through the second assault, as the aggressor.  Please hold Control and click here: Slowed Video Second push - Made with Clipchamp (1).mp4

Ultimately, the Magistrate Judge decided the issue of which of the 2 parties was telling the truth based on his observation of a video, which was played at normal speed.  His Honor made not mention of the slow-motion videos and may have thought that they were mere copies of the video provided by Mr. Cain.

This is why it is so important to provide an in-person hearing so that each side would have an opportunity to present his case and know that he was heard. As it is, though, the slow-motion videos tell the whole story of who was the

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

aggressor, and it was Mr. Cain.

As there is a major conflict between what the above videos prove and the findings of the magistrate judge, this Court is being asked to compare the videos in this Objection with the findings of the magistrate judge which will give this Court "a definite and firm conviction" that a mistake has occurred.  In other words, the findings of the magistrate judge, who probably did not review the slow-motion video, is "clearly erroneous."

The problem is not that the Objectors disagree with the magistrate judge.  It is that the Order does not discuss the Response or the slow-motion videos therein. Also, it is that any observer of the slow-motion videos can see who the aggressor was, and it was not Peter Ticktin.

An analysis of the magistrate judge's Order never cites the Response, and never engages the facts that would have defeated each sanction it imposed.  Doc. 332 at 17-20.

Moreover, the mere size difference of 200 pounds verses 160 pounds, a 4 to 6 inch difference and the age differences of 57 *vis a vis* 80 should put this whole issue in a different light.

Also, note the postures of the 2 men.  Mr. Cain is upright and laughing in comparison to Mr. Ticktin whose posture is more reflective of someone who was intimidated.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

The magistrate judge did correctly note that Mr. Ticktin admonished Mr. Cain, as this was apparent from Mr. Cain's video, but his Honor completely missed the reason for Mr. Ticktin admonishing Mr. Cain who made an *ex parte* phone call to the magistrate judge while Mr. Ticktin and the court reporter were waiting for Mr. Cain in the deposition room.

Immediately after that admonishment, Mr. Cain started toward Mr. Ticktin, who walked away beside a pillar; Mr. Cain pursued him, and the pillar hid his approach.  Doc. 284 at 6-7.

After the first encounter, Mr. Ticktin walked away to avoid Mr. Cain who was walking toward Mr. Ticktin. pursued him again, saying, "Hey Old Man, - - - Let's do it!" Doc. 284 at 10.  Mr. Cain headed straight at him, circled him, and stuck his chest out, cornering him against a pillar; only then did Mr. Ticktin push him away a second time, and Mr. Cain laughed.  Doc. 284 at 10-11.

**The Magistrate Judge's Order Is Erroneous Because It Never Addressed the Material Facts Raised in the Response**

The Order does not mention that Mr. Cain's belly made the first contact, that he circled and hovered over Mr. Ticktin, or that he twice entered his personal space.  Doc. 284 at 3, 7-10.  It never mentions that Mr. Ticktin twice walked away and tried to evade him, or Mr. Cain's taunt, "Hey Old Man, - - - Let's do it!"  Doc. 284 at 6, 10.  It never mentions that Mr. Cain followed him behind the defense tables, backed him against a wall, and jabbed Dr. Byrne.  Doc. 284 at 11-12.

These facts are directly contrary to the findings that Mr. Ticktin "started the

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

confrontations" and that Dr. Byrne "escalated them." Doc. 332 at 20.

The Order engaged the defense account only *arguendo* ("[e]ven if the Court were to entertain Mr. Ticktin's insistence that Mr. Cain intentionally bumped into him first") and concedes that "it looks like Mr. Cain stepped into Mr. Ticktin's space." Doc. 332 at 18. It never resolved what the stills in the Response show or why the defense account was rejected. An order that resolves a sanctions dispute without engaging the accused's material evidence leaves precisely the "definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573.

The Order's own recitations contradict its findings. It finds "no evidence of Mr. Cain laying hands on either Defendant Byrne or Mr. Ticktin," yet it recites that Dr. Byrne was recorded telling Mr. Cain, "[s]top poking me, you are provoking me." Doc. 332 at 9, 19. It faults Mr. Ticktin because he "could and should have simply walked away," yet Mr. Ticktin did walk away, twice, and the Order's own recitation confirms that Mr. Cain "followed" him both times. Doc. 332 at 8, 18; Doc. 284 at 6, 10.

The Order's finding that the Objectors "fully intended to disrupt the deposition" and "apparently planned for a confrontation" is also without any basis. Doc. 332 at 19.

**The Order Is Contrary to Law Because It Made Credibility Determinations Without an Evidentiary Hearing and Because Its Fee Award Must Fail**

Each finding above rests on a credibility determination: who moved into

whose space, who evaded, and who intended what.  The Order rejected the defense account as one that "strains credulity" and resolved each question on a paper record it describes as "incomplete," choosing between conflicting sworn accounts and competing video interpretations, and crediting affidavits Mr. Cain himself prepared for witnesses to sign.  Doc. 332 at 9, 17; Doc. 284 at 2.

The process due before sanctions rises with the severity of the sanction and the need to resolve credibility.  *Donaldson v. Clark*, 819 F.2d 1551, 1560-61 (11th Cir. 1987) (*en banc*).  Where a sanctions motion and the response raise conflicting factual accounts, a hearing is necessary for an informed and reasoned decision. *Didie v. Howes*, 988 F.2d 1097, 1099 (11th Cir. 1993).  In *In re Mroz*, the Eleventh Circuit remanded for an evidentiary hearing because bad faith was disputed on the existing record.  65 F.3d 1567, 1576 (11th Cir. 1995).  The Order cites *Mroz* for the notice it gave yet skipped the step *Mroz* enforced.  Doc. 332 at 15 n.5.

The fee award is contrary to law for independent reasons.  The Order holds Dr. Byrne, a party, liable although the only fee statute it invokes "does not apply to parties," as the Order concedes.  Doc. 332 at 14; 28 U.S.C. § 1927.  An inherent-power award requires an individualized finding of subjective bad faith; the Order makes none.  *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224-25 (11th Cir. 2017).  A court may award only the fees the misconduct caused, yet the Order awards all fees "associated with bringing this motion," although the motion was granted only in part, and it names the obligor three different ways.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

*Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017); Doc. 332 at 20-22.

### Contrary to the Order, the Stills, Slow-Motion Video, and Links Show Mr. Cain's Approach, Circling, and First Contact, and Mr. Ticktin's Attempts to Evade

The sequence matters. A person initiating a push ordinarily sets his body and drives force before contact. Mr. Ticktin did the opposite: Mr. Cain's body contacted him first while his feet stayed planted, and only then did Mr. Ticktin pivot, brace, and push away. Doc. 284 at 8-9. That is the movement of a person reacting to contact, not creating it. The Order treated the pivot and push as aggression without acknowledging the contact that preceded them, entered without viewing the evidence or holding a hearing. Doc. 332 at 7-8, 18.

### The Disciplinary Referral Must Be Vacated

The referral is the gravest part of the Order and inherits every defect above: findings made without a hearing, on an "incomplete" record, through an analysis that never engaged the Response. Doc. 332 at 9, 17-20. The referral transmits adjudicated findings that Mr. Ticktin "started the confrontations" and helped create a "powder keg," not neutral allegations, without the process such consequences require. Doc. 332 at 19-20; *In re Ruffalo*, 390 U.S. 544, 550-51 (1968) (attorney discipline is "quasi-criminal"). The Court should vacate the referral to the Tampa Division Grievance Committee and any referral to The Florida Bar. At a minimum, no referral should be transmitted until the disputed

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

facts are tested at a hearing.

## Conclusion

The Order sanctioned two men without engaging their evidence, resolved credibility on an incomplete paper record without a hearing, and referred a senior member of this Court's bar for discipline on untested findings, without weighing the provocation or Mr. Ticktin's age and frailty. The Order should not stand.

WHEREFORE, the Defendant, Patrick Byrne, and Peter Ticktin respectfully request that this Honorable Court sustain this Objection; reverse the Magistrate Judge's June 29, 2026 Order (Doc. 332) to the extent it grants any sanction; vacate the award of attorneys' fees and costs against Dr. Byrne and Mr. Ticktin; vacate the referral of Mr. Ticktin to the Tampa Division Grievance Committee of the Middle District of Florida and any referral to The Florida Bar; in the alternative, remand with instructions that an evidentiary hearing be held before any sanction, adverse credibility finding, or disciplinary referral may stand; and grant such other and further relief as this Honorable Court may deem just and proper.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Counsel for Defendant Patrick Byrne, and*
*Peter Ticktin on his own behalf*

11