**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. 8:24-cv-00008-TPB-SPF

ERIC COOMER, Ph.D.,
     Plaintiff

v.

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC., a Florida non-profit corporation,
     Defendants

---

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS**

---

Pursuant to Middle District of Florida Local Rule 3.01(e), Plaintiff Eric Coomer, Ph.D. (Dr. Coomer) files this Motion for Leave to Exceed Page Limits, and in support states:

## I.    INTRODUCTION

1.    Defendant Byrne filed his Motion for Summary Judgment (Doc. 334) on July 1, 2026 (the Motion). The Motion is twenty-five pages, excluding exhibits.

2.    Pursuant to Local Rule 3.01(d), Plaintiff's response to the Motion is due on July 22, 2026. Plaintiff seeks leave to file up to thirty-five pages in response to the Motion for the reasons set forth below. *See* Local Rule 3.01(c).

## II.    LEGAL STANDARD

3.    Pursuant to Middle District of Florida Local Rule 3.01(c), a party responding to a motion may file a legal memorandum no longer than twenty pages.

A motion for leave to file a response exceeding the page limit must specify the need for, and the proposed length of, the proposed response.

### III.   STATEMENT OF THE BASIS FOR RELIEF

4.      The wide-ranging Motion addresses four elements of Plaintiff's defamation claim: (1) publication; (2) of and concerning the Plaintiff; (3) actual malice; and (4) material falsity.  The Motion also seeks dismissal of Plaintiff's intentional infliction of emotional distress cause of action, his claim for exemplary damages, and his request for permanent injunctive relief.

5.      The Motion's focus on four fact-intensive issues cannot be fairly and adequately addressed in twenty pages.  For example, Plaintiff will need to provide evidentiary support to address the actual malice standard, which necessarily involves the presentation of significant circumstantial evidence.  Similarly, the Motion takes a narrow view of liability arising out of the "publication" of defamatory material that is at odds with established precedent and this Court's own exhaustive analysis.  *See* [Doc. 175].  Plaintiff will nonetheless be required to present evidence, which is extensive, of Byrne's active participation in creating and producing content for the film.

6.      At the dismissal stage, the Court's order denying Defendants' motion to dismiss was twenty-four pages in length. [Doc. 175].  Plaintiff must tread some of the same legal ground that the Court did but also use the discovery conducted in the past five years to lay a robust summary judgment record.

2

7.    Finally, as the Court is aware, Plaintiff has filed a motion to voluntarily dismiss Defendant The America Project, Inc. in part to streamline this case for trial. The dismissal of this Defendant will obviate the need to review an additional summary judgment response and reduces additional burdens on the Court.

8.    Therefore, Plaintiff seeks leave to file a response to the Motion not to exceed thirty-five pages.

### CONCLUSION

9.    For the reasons stated herein, Plaintiff Eric Coomer, Ph.D. requests an order granting leave to file a 35-page response to Defendant Byrne's Motion for Summary Judgment. Plaintiff Eric Coomer, Ph.D. requests such other and further relief to which he may be entitled to receive.

Respectfully submitted this 17th day of July 2026.

Respectfully submitted,

_____/s/ Charles J. Cain_____
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission
**ATTORNEYS FOR PLAINTIFF**

## Local Rule 3.01(g) Certification

Counsel for Movant certifies:

a.    Plaintiff has made a reasonable effort to confer with Defendant Byrne regarding the relief requested herein;

b.    Byrne did not respond and indicate whether he is opposed or unopposed to the relief requested; and

c.    Conferral regarding the relief requested herein was via email correspondence sent on July 15, 2026.