ERIC COOMER, Ph.D.,
     Plaintiff

v.                          Case No. 8:24-cv-00008-TPB-SPF

PATRICK BYRNE, STEVEN LUCESCU, and
THE AMERICA PROJECT, INC.,
     Defendants

## PLAINTIFF'S REPLY IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Eric Coomer, Ph.D. (Plaintiff or Dr. Coomer) files this Reply in Support of his Motion for Partial Summary Judgment (the Motion) (Doc. 333) and in response to Patrick Byrne's Response in Opposition to the Plaintiff's Motion for Partial Summary Judgment (the Response) (Doc. 349), and states as follow:

### I.     INTRODUCTION

1.     Byrne dedicates inordinate time to an element that is not the subject of the Motion: publication.  While Byrne can be held liable for publication, that is irrelevant to the Motion.  Dr. Coomer seeks summary judgment on two issues: (1) the statements of and concerning Dr. Coomer in the documentary film *The Deep Rig* (the Film) constitute defamation *per se* as a matter of law; and (2) Defendant Patrick Byrne (Byrne) cannot establish a genuine issue of material fact to support his affirmative defense of substantial truth.  Turning to those material

matters, the Response presents four arguments, none of which defeat summary judgment.

2. First, Byrne argues it is not proper for Dr. Coomer to seek a legal determination that the statements are defamatory per se. Contrary to Byrne's assertion, the requested relief is proper under Federal Rule of Civil Procedure 56, and a decision from the Court would streamline matters for trial.

3. Second, Byrne argues the defamatory meaning of the statements is not apparent on the face of the publication. No innuendo is required. In the Film, Dr. Coomer is accused of both admitting to and affecting the results of the 2020 presidential election.

4. Third, Byrne argues Dr. Coomer has the burden of proof on the element of material falsity. That is true. However, Byrne pled the affirmative defense of substantial truth, on which he has the burden. The requested judgment would streamline the jury instructions.

5. Fourth, Byrne contests the admissibility of certain summary judgment evidence. These objections should be overruled, but even if sustained, there is sufficient evidence to support summary judgment.

## II. ARGUMENT AND AUTHORITY

### A. The publication element is irrelevant to the Motion.

6. Byrne attempts to distract from the elements at issue and instead argue about publication. As this Court explained at the dismissal stage, a person can be held liable for publishing the defamatory statements made by another.

*See* Order Granting in Party and Denying in Part Defendants' Motions to Dismiss (Doc. 175, at pp. 11-12).

7. The Court need not address the publication element to grant the requested summary judgment. Byrne cites no authority for the proposition that an assessment of liability for publication must precede determinations of whether a statement is defamatory per se and whether the gist of a statement is false.

**B. Plaintiff's request for relief is proper under FRCP 56.**

8. A party may move for summary judgment, identifying a part of a claim on which summary judgment is sought. FED. R. CIV. P. 56(a). To prevail on a claim of defamation, one of the elements the plaintiff must prove is "a defamatory statement concerning the plaintiff." *See Coomer v. Donald J. Trump for President, Inc. (Coomer I)*, 552 P.3d 562, 581 (Colo. App. 2024). Whether the statements are defamatory per se is part of Dr. Coomer's defamation claim, and it is a question of law appropriate for summary judgment. *See Examination Bd. of Prof'l Home Inspectors v. Int'l Ass'n of Certified Home Inspectors*, 519 F.Supp.3d 893, 913 (D. Colo. 2021) (at summary judgment phase, holding statement was defamatory per se where defendant stated that the National Home Inspectors Examination was not psychometrically valid), *aff'd sub nom. Am. Soc'y of Home Inspectors, Inc. v. Int'l Ass'n of Certified Home Inspectors,* 36 F.4th 1238 (10th Cir. 2022); *Miles v. Nat'l Enquirer, Inc.*, 38 F.Supp.2d 1226, 1228 (D. Colo. 1999) (statement was defamatory per se as a matter of law at summary judgment phase).

9.	The distinction between defamation per se and per quod is one with a difference.  A plaintiff asserting a defamation claim regarding a matter of public concern must prove 'actual damages' when the publication is libel per se, and special damages when the statement is libel per quod.  *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, at fn. 32 (10th Cir. 2017); *Loomer v. Maher*, No. 5:24-CV-625-JSM-PRL, 2026 WL 1098163, at *6-8 (M.D. Fla. Apr. 22, 2026); *Shriteh v. NYP Holdings, Inc.*, No. 2:25-CV-704-SPC-DNF, 2026 WL 386705 (M.D. Fla. Feb. 11, 2026).  Additionally, the jury instructions and verdict form will be streamlined if the Court determines the statements are defamatory per se.  If the statements are defamatory per quod, the jury will need additional instructions, and the jury will decide if the statements are defamatory.  *See* Colo. Jury Instr., Civil 22:1, 22:2 (2026); Fla. Jury Instr., Civil 405.5, 405.8 cmt. 1 (July 6, 2026).

**C.	The statements concerning Dr. Coomer are defamatory per se.**

10.	Byrne argues the statements are defamatory per quod.  Oltmann states that Dr. Coomer was on an Antifa conference call where he bragged about making sure Trump would not win the election and goes on to state, in no uncertain terms, that there is a high probability Dr. Coomer affected the election results.  *See* **Motion Ex. 2**, at 56:47–57:50.  On the face of the statements, Oltmann is accusing Dr. Coomer of election fraud.  No innuendo is needed.  The statements fit two categories of defamation per se.  Dr. Coomer is both accused of a crime and activity that is incompatible with his position as the Director of Product Strategy

and Security for Dominion Voting Systems, Inc. *See Doe v. Finkleman*, 429 So.3d 456, 466 (Fla. 4th DCA 2025), *reh'g denied* (Feb. 9, 2026); *Gordon v. Boyles*, 99 P.3d 75, 79 (Colo. App. 2004).

11. In the Response, Byrne misrepresents the verdict in *Coomer v. Lindell*. The jury did not decide the statements made by Oltmann were not defamatory; that issue was not submitted to the jury because the Court determined as a matter of law that the statements were defamatory per se. *See* **Opp. Ex. G**.

**D. The gist of each statement is materially false.**

12. Byrne suggests the identification of the gist should be a jury question. *See* Doc. 349, at p. 18. That is incorrect. It is the Court's job to determine the gist or sting of the statements. *See Levan v. Capital Cities/ABC, Inc.*, 190 F.3d 1230, 1240 (11th Cir 1999). "[A]scertaining the gist does not depend on resolving credibility issues, which are better left to the factfinder." *Id*. at fn. 29.

13. Analyzing the statements concerning Dr. Coomer in the context in which they were made, the gist of the statements is Dr. Coomer is a criminal who rigged the 2020 presidential election in coordination with Antifa. Other courts have reached a comparable conclusion as to the gist of similar statements. *See Coomer I*, 552 P.3d at 582; *Coomer v. Make Your Life Epic LLC*, 780 F.Supp.3d 1129, 1146 (D. Colo. 2025). Byrne complains the decisions from other courts in similar cases are not evidence, but such rulings are undoubtedly persuasive.

14. The gist is not substantially true. Byrne does not cite to any summary judgment evidence demonstrating that Dr. Coomer affected the results of the 2020

presidential election. Nor has Byrne identified any such evidence in response to Plaintiff's discovery requests. *See* **Motion Ex. 10**. "It is the obligation of the non-moving party . . . not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment. *Lawrence v. Wal-Mart Stores, Inc.*, 236 F.Supp.2d 1314, 1322 (M.D. Fla. 2002). Byrne intimates that there may be anonymous Venezuelans who could corroborate his theories and he generally references his "experts." Doc. 349, at p. 20. That is not evidence.

15.	Byrne actually provided more evidence to support the Motion. *See* **Opp. Ex. D and H**. Dr. Coomer testified that he did not interfere with the 2020 presidential election, and he denies having ties to Antifa. *See* **Opp. Ex. H**. Dr. J. Alex Halderman explains the existence of weaknesses in the system "certainly does not vindicate the baseless allegations promoted by Defendants that Dr. Coomer 'rigged' the 2020 presidential election." *See* **Opp. Ex. D**, ¶ 77.

**E.	The Court should overrule Byrne's objections.**

16.	Byrne's objection that Dr. Coomer's declaration does not comply with 28 U.S.C. section 1746(1) should be overruled. Dr. Coomer made his declaration "under penalty of perjury," and thus, it is "substantially" in the form provided by the statute. *See Smith v. Psychiatric Sols., Inc.*, No. 3:08CV3/MCR/EMT, 2009 WL 903624, at *5 (N.D. Fla. Mar. 31, 2009), *aff'd,* 358 Fed. Appx. 76 (11th Cir. 2009). The cases Byrne cites are distinguishable. In *Roy*, the statements were devoid of "any language declaring the statements were true or that they were made under penalty of perjury." *Roy v. Ivy,* 53 F.4th 1338, 1348 (11th Cir. 2022). In *Kline*, the

declarant "never declared her statement to be true and correct." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

17. Dr. Coomer's declaration is not his only testimony in the summary judgment record that supports the Motion. *See* **Opp. Ex. A**, 36:13-36:15, 198:6-198:12, 199:5-199:8; **Opp. Ex. H**, 71:8-71:23.

18. Next, Byrne asserts that Dr. Coomer's declaration ought not be considered because he is an interested witness. The Court may rely on the testimony of an interested witness in granting summary judgment. *See Sabatier v. SunTrust Bank*, 301 Fed.Appx. 913, 915 (11th Cir. 2008).

19. General Michael Flynn's deposition testimony and Steven Lucescu's statements merely highlight the absence of evidence. Gen. Flynn's testimony is not inadmissible hearsay because it is an opposing party's statement. FED. R. EVID. 802(d)(2). Although Plaintiff has since moved for the voluntary dismissal of The America Project (TAP), TAP was still a party when Plaintiff filed the Motion, and General Flynn was a board member of TAP. *See* **Motion Ex. 1**, ¶ 19, fn. 19, ¶ 25.

### III.    CONCLUSION AND PRAYER

For the reasons set forth in the Motion and this Reply, Plaintiff Eric Coomer, Ph.D. respectfully requests that the Court grant his Motion for Summary Judgment. Plaintiff further requests such other and further relief, both general and special, to which he may be justly entitled.

Respectfully submitted this 4th day of August 2026.

*/s/ Charles J. Cain*

Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011/512-477-5011 (Fax)
*Appearing via Special Admission

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission
**ATTORNEYS FOR PLAINTIFF
ERIC COOMER, Ph.D.**