IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER, PhD.,

     Plaintiff,

v.

PATRICK BYRNE, STEVE LUCESCU,
and THE AMERICA PROJECT, INC.,

     Defendants.

_____/

**PATRICK BYRNE'S AND PETER TICKTIN'S REQUEST FOR AN
EVIDENTIARY HEARING PURSUANT TO LOCAL RULE 3.01(i)**

The Defendant, Patrick Byrne, and his counsel, Peter Ticktin, in his individual capacity, by and through their undersigned counsel, hereby file this their Request for an Evidentiary Hearing Pursuant to Local Rule 3.01(i), and state:

The movants request an evidentiary hearing on their Motion for Reconsideration Based on Newly Obtained Evidence, filed contemporaneously with this Request, to determine whether Peter Ticktin acted in self defense under § 776.012(1), Fla. Stat.

The Motion asks this Court to reconsider findings of fact that were made on a paper record, including the finding that Mr. Ticktin "took a step toward Mr. Cain, dropped his left shoulder, and shoved Mr. Cain again," and the finding that

the distance between the two attorneys "contradicts Mr. Ticktin's claim that Mr. Cain crowded him and prevented him from walking away." Doc. 332 at 18.

The Motion is supported by a measurement of the hotel lobby taken on July 31, 2026, and by photographs of that measurement. Exs. A through E to the Motion. The measurement bears on the distances the Order found, and it was not before the Court when the Order issued or when this Court ruled on the movants' objection. The movants will prove the measurement through the live testimony of the witness who took it, subject to cross-examination.

An evidentiary hearing would permit the Court to receive the measurement, to hear from the witness who took it, to view the surveillance recording with a known dimension in the frame, and to hear from the participants in the encounter. The hearing also bears on the disciplinary referral. The Motion contends that Mr. Ticktin acted in self defense under § 776.012(1), Fla. Stat., and that the referral cannot stand unless this Court first finds that Mr. Ticktin was not defending himself. That finding turns on disputed facts that should be tested through testimony, not resolved on a paper record.

The movants estimate that three hours will be required for the hearing.

The movants ask that the hearing be set at the Court's earliest convenience. If the Court prefers, and as the Motion states in the alternative, the hearing may be set after the trial of this cause, provided that transmission of the referral and enforcement of the award of attorneys' fees and costs are held until the hearing is

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

held and decided.

WHEREFORE, the Defendant, Patrick Byrne, and Peter Ticktin respectfully request that this Honorable Court set an evidentiary hearing on the Motion for Reconsideration Based on Newly Obtained Evidence, and grant such other and further relief as this Honorable Court may deem just and proper.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 12, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No.: 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*

4