IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER, PhD.,

Plaintiff,

v.

PATRICK BYRNE, STEVE LUCESCU,
and THE AMERICA PROJECT, INC.,

Defendants.
_______________________________/

**DEFENDANT PATRICK BYRNE'S OBJECTION TO THE MAGISTRATE JUDGE'S AUGUST 27, 2026 REPORT AND RECOMMENDATION (DOC. 362)**

The Defendant, Patrick Byrne ("Dr. Byrne"), files his Objection to the Magistrate Judge's August 27, 2026 Report and Recommendation on the Plaintiff's Motion to Strike Expert Witnesses (Doc. 362), and states:

## Introduction

This Court has already passed on the events the Report treats as sanctionable. At the May 27, 2026 case management conference, Judge Barber found good cause to reschedule the two depositions at issue. He also ruled that the expert depositions were not on hold while the motion to disqualify Dr. Byrne's counsel remained pending, and he referred that motion to the Magistrate Judge. See May 27, 2026 Case Management Conference; Doc. 321. The Plaintiff then cancelled the two depositions and never sought another date. Doc. 360-1 at 3; Doc. 360 ¶¶ 2-4.

Benjamin Cotton and Erich Speckin are the only two experts Dr. Byrne retained for this case. Doc. 362 at 2; Doc. 312 at 3. Striking them removes his retained expert proof entirely. Dr. Byrne asks instead that he be ordered to produce both for deposition within a court-ordered period and to supplement their disclosures. He seeks no continuance.

The Report reaches opposite results by two routes. For the seven non-retained experts it weighs the F.R.Civ.P. 37(c)(1) harmlessness factors and recommends supplementation. Doc. 362 at 9-10. For the two retained experts it weighs no factors, finds no prejudice, identifies no governing rule, and strikes them both on a comparison to a case decided under deferential review. Doc. 362 at 5-6, 10-11.

## **Background**

On January 15, 2026, Dr. Byrne served expert disclosures identifying Benjamin Cotton and Erich Speckin as his retained experts and seven others as non-retained, totaling 672 pages. Doc. 362 at 2; Doc. 312 at 3.

On February 28 and again on April 21, 2026, Dr. Byrne's counsel took the position that the Plaintiff's pending sanctions and removal motion had to be decided first. Doc. 297-7 at 3; Doc. 310-6 at 2; Doc. 362 at 2-3. On April 7, 2026, the Court rejected that position, compelled the scheduling of the depositions, set June 1 as the close of discovery, and warned "that a failure to provide deposition



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

dates before the end of discovery can be grounds to exclude an expert at trial." Doc. 307 at 5-6.

On May 7, 2026, twenty-five days before the discovery cutoff, Dr. Byrne's counsel provided two dates for the retained experts, May 21 and May 28. Doc. 312 at 4. The Plaintiff noticed both depositions for the later date, May 28, and did not use May 21. Doc. 360-1 at 3.

On May 27, 2026, both experts developed conflicts. Mr. Cotton had a critically ill family member in the hospital. Mr. Speckin was testifying in another matter. Mr. Ticktin told Judge Barber and the Plaintiff's counsel in person that the two witnesses could not appear. Doc. 362 at 4; Doc. 360-1 at 3. Judge Barber found good cause to reschedule the two depositions. Judge Barber also took up whether the expert depositions were on hold in light of the pending motion to disqualify Dr. Byrne's counsel. He ruled that they were not, and he referred that motion to the Magistrate Judge. See May 27, 2026 Case Management Conference; Doc. 321. The Plaintiff's counsel, Charles Cain, wrote that evening that his office had "notified the court reporting firm of the cancellations," and that how the Plaintiff would proceed "will depend on when and if we receive alternative proposed deposition dates from you for these witnesses." Doc. 360-1 at 3. The complete thread between counsel is attached as Exhibit A. The Plaintiff's own account of what followed recites no new notice, no subpoena, and no request to the Court for a date. Doc. 360 ¶¶ 2-4.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

Discovery closed on June 1, 2026, with neither side having proposed a new date. On June 22, Dr. Byrne's counsel wrote to Mr. Cain to schedule the depositions: "Please provide a few dates of availability so that I can confer with Mr. Speckin and Mr. Cotton as to their availability for depositions." Doc. 360-1 at 2; Exhibit A. Mr. Cain refused within three hours: "Our position is these witnesses should be struck given the record relating to scheduling their depositions prior to the discovery cut-off of June 1. Also, our attorneys now have a full schedule ahead of the three-week trial beginning on July 15 in Denver." Doc. 360-1 at 2; Exhibit A. The Plaintiff's Supplement recites the request but not this refusal. Doc. 360 ¶¶ 3-4.

So the record ends with Dr. Byrne offering both witnesses and the Plaintiff declining to depose them. The only refusal in this record after May 7 is the Plaintiff's. Neither retained expert has been deposed, and trial remains set for the November 2026 term. Doc. 362 at 2, 5.

**Standard of Review and Objections Presented**

The District Judge determines *de novo* any part of a magistrate judge's recommended disposition to which a party properly objects, and may accept, reject, or modify it. F.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1); Doc. 362 at 12.

Dr. Byrne objects to the recommendation that Mr. Cotton and Mr. Speckin be stricken, Doc. 362 at 6, 10, and to the statements that he "admitted to stonewalling Dr. Coomer's counsel," that this Court's warning "was unavailing,"



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

and that he "refused to provide new dates within the discovery period." Doc. 362 at 4, 5, 6. The Report cites Doc. 312 at 1, 4, and 7; those pages contain no such admission. He does not object to the substance of the Report's remaining recommendations.

**The Report Weighed Factors for the Non-Retained Experts and None for the Two It Struck**

The Report divides the motion into "two bases." Doc. 362 at 5. The disclosure ground arises under F.R.Civ.P. 26(a)(2) and carries F.R.Civ.P. 37(c)(1)'s substantially-justified-or-harmless inquiry; the scheduling ground arises from this Court's April 7 Order. That difference explains the placement of the harmlessness factors, not the recommendation. Whether the strike rests on F.R.Civ.P. 16(f)(1)(C) or 37(b)(2)(A)(ii), each authorizes only a "just" order. F.R.Civ.P. 16(f)(1); 37(b)(2)(A). The Eleventh Circuit finds an abuse of discretion "if less drastic sanctions would suffice," *Wouters v. Martin Cnty.*, 9 F.3d 924, 933-34 (11th Cir. 1993), and reserves its severest sanctions "only as a last resort." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

The Report's finding that the Court's warning "was unavailing" cites only the April 21 email, Doc. 362 at 5, but the warning concerned "deposition dates before the end of discovery," Doc. 307 at 6, and those dates were provided on May 7. Doc. 312 at 4. The rescheduling the Report treats as defiance is the rescheduling Judge Barber found good cause to allow.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

When the Eleventh Circuit reviews the exclusion of a witness for a disclosure failure, it considers "the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party." *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008). The Report's Section II.A weighs neither the importance of the testimony nor prejudice to the Plaintiff. Doc. 362 at 5-6.

For the non-retained experts the Report weighed the five factors and found the balance favored supplementation. Doc. 362 at 9-10. Two of its findings do not turn on which witness is at issue: the parties have "ample time to prepare for the November 2026 trial," and the testimony "appears to have some importance to the case." Doc. 362 at 10. Both fit Mr. Cotton and Mr. Speckin. The offer the Report credited covers these two by its terms. Doc. 362 at 10; Doc. 312 at 12.

Therefore, Dr. Byrne should not lose these two witnesses under a standard the Report never applied to them, and a sanction imposed without identifying the governing rule or making its findings is contrary to law under any standard.

### ***St. Louis*** **Was Decided Under Deferential Review and Does Not Control** ***De Novo*** **Review**

The Report rests the strike on a comparison to *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 18-21365-CIV, 2019 WL 2008665 (S.D. Fla. Mar. 11, 2019), *aff'd*, 5 F.4th 1235 (11th Cir. 2021), and finds "nearly identical conduct." Doc. 362 at 5-6. But the Eleventh Circuit affirmed under the abuse-of-discretion standard, describing the challenge to that order as "a challenge to the District Court's power



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

to manage its docket." *St. Louis*, 5 F.4th at 1243. It made no finding of willfulness, weighed no lesser sanction, and applied no exclusion factors. That an order striking an expert survives deferential review does not make striking the correct disposition on *de novo* review. F.R.Civ.P. 72(b)(3).

The magistrate judge found, undisputed on appeal, that Rockhill "could not provide a single date" when its expert was available before the deadline. *St. Louis*, 5 F.4th at 1244. Dr. Byrne provided two, May 21 and May 28, and both depositions were noticed and set. Doc. 312 at 4; Doc. 360-1 at 3.

*St. Louis* also shows what the comparison omits. The magistrate judge there declined to strike two other Rockhill experts "who were deposed after the discovery deadline following an extension of the deadline." *St. Louis*, 5 F.4th at 1244. Post-deadline depositions were not, in the case the Report follows, a reason to strike, and the Report itself recommends post-deadline compliance here. Doc. 362 at 10-11.

Therefore, the "nearly identical" premise fails on this record.

**Striking the Only Two Retained Defense Experts Is Disproportionate When a Complete Cure Is Available**

The Report made no finding of prejudice to the Plaintiff from the absence of these depositions, on a record in which he has held both experts' materials since January 15, 2026. Doc. 362 at 5-6; Doc. 312 at 11-12.

Dr. Byrne does not ask this Court to modify the case management and scheduling order or any deadline in it. He asks it to modify a recommended

disposition on a motion filed April 24, 2026, inside the discovery period and still pending. F.R.Civ.P. 72(b)(3); Doc. 362 at 4. What the Court denied on June 8 was different: forty-five more days of investigation into six categories of newly asserted evidence. Doc. 328 at 2-3. What is sought is what the decision this Court quoted for its warning ordered: a deposition "within fourteen (14) days from the date of this Order" rather than a strike. *Eldridge v. Pet Supermarket, Inc.*, No. 18-22531-Civ, 2019 WL 3406926 (S.D. Fla. July 25, 2019).

In denying that forty-five-day request the Court observed that "Defendants can present evidence on the feasibility of vote tampering or other technical issues through expert testimony." Doc. 328 at 5. Mr. Cotton and Mr. Speckin are the only retained experts through whom that evidence can be offered. Doc. 312 at 3.

A complete cure is available, and the Court can make it self-executing. Dr. Byrne asks to be ordered to produce Mr. Cotton and Mr. Speckin for deposition within fourteen days of the Court's order. Both depositions would be remote and in half-day settings, the format the Plaintiff requested. Doc. 310-6 at 3-4; Doc. 312 at 9. Dr. Byrne will also serve, before the depositions, the F.R.Civ.P. 26(a)(2)(B) supplement for these two that he offered on May 8, 2026, which answers, without conceding any deficiency, the Plaintiff's disclosure challenge the Report did not reach. Doc. 312 at 12; Doc. 310 ¶¶ 47-49; Doc. 362 at 7-10.

Therefore, the strike would impose an incurable sanction where a complete cure is at hand.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

## Conclusion

Dr. Byrne asks that the recommendation to strike Mr. Cotton and Mr. Speckin be modified to an order compelling their depositions within a court-ordered period.

Dr. Byrne further states that he does not object to the timeliness of any motion under F.R.E. 702, or any motion *in limine*, directed to these witnesses and filed within fourteen days after the later deposition, notwithstanding any earlier deadline; and that, apart from these depositions and the supplementation of the expert disclosures under F.R.Civ.P. 26(a)(2)(B) and 26(a)(2)(C)(ii), he seeks nothing further from the expert-discovery period, serves no rebuttal disclosure, and will seek no continuance of the October 9, 2026 pretrial filings, the October 16 pretrial conference, or the November 2026 trial term. Doc. 136 ¶ 9; Doc. 225.

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Honorable Court sustain this Objection; reject so much of the Report and Recommendation as recommends striking Benjamin Cotton and Erich Speckin, identified in the Report as "Eric Speckin" (Doc. 362 at 6, 10); in place of that recommendation, order that Dr. Byrne produce them for deposition within fourteen days of the Court's order, or within such other period as the Court may set, each deposition remote and in a half-day setting, on the same day or on consecutive days at the Plaintiff's election, and that counsel for the parties confer on the deposition dates within three business days of the order; order that, if either



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

witness fails to appear for a deposition noticed for a date within the period ordered, the recommended strike may take effect as to that witness without further motion; adopt the recommended supplementation of the remaining expert disclosures (Doc. 362 at 10-11), with the seven days running from the Court's order on this Objection; order that Dr. Byrne supplement Mr. Cotton's and Mr. Speckin's disclosures under F.R.Civ.P. 26(a)(2)(B) within the same seven days and before the depositions (Doc. 312 at 12); and grant such other and further relief as this Honorable Court may deem just and proper.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Counsel for Defendant Patrick Byrne*