**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ERIC COOMER, Ph.D.,

Plaintiff

v. Case No. 8:24-cv-00008-TPB-SPF

PATRICK BYRNE, et al,

Defendants

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BYRNE'S OBJECTION TO THE MAGISTRATE JUDGE'S AUGUST 27, 2026 REPORT AND RECOMMENDATION**

Plaintiff Eric Coomer, Ph.D., through undersigned counsel, respectfully submits this Response in Opposition to Defendant Patrick Byrne's Objection (Doc. 365) (the Objection) to the Magistrate Judge's August 27, 2026 Report and Recommendation (Doc. 362) (the Report), and states as follows:

## I. INTRODUCTION

1. Defendant Patrick Byrne (Byrne) only objects to the Magistrate Judge's August 27, 2026 Report and Recommendations (Doc. 362) insofar as it pertains to the striking of Byrne's retained testifying experts, Benjamin Cotton and Erich Speckin.

2. Byrne does not object to the Report as it pertains to Byrne's non-retained experts.[1] Yet, Byrne has failed to adhere to the unobjected-to portions of the Report. Despite representing to the Court that he could complete supplementation of his expert

[1] Doc. 365, at 5 ("He does not object to the substance of the Report's remaining recommendations.").

disclosures in seven days (Doc. 312, at 12), Byrne did not supplement his disclosures by September 3, 2026, as required. (Doc. 362, at 11).

3. Byrne objects to the striking of his retained testifying experts Cotton and Speckin. He complains the Magistrate applied a legal standard that is inapplicable to Cotton and Speckin, the sanction was imposed without identifying the governing rule, and that the Magistrate's findings were "contrary to law under any standard." (Doc. 365, at 6). Byrne requests an additional fourteen days after this Court's order on the Objection to make the two experts available for deposition. (Doc. 365, at 8-9).

4. The Magistrate applied the correct legal standard. The sanction of exclusion of Cotton and Speckin was just and proportionate under the circumstances of this case. Were Byrne to be permitted additional time to produce his experts for deposition, it would further delay this four-year-old case.

5. The Report should be affirmed.

## II. STATEMENT OF FACTS

6. The relevant facts are set forth in detail in the Report and are incorporated here by reference. (Doc. 362, at 1-5).

## III. LEGAL STANDARD

7. A district court reviews a magistrate judge's order on a non-dispositive matter under the "clearly erroneous or contrary to law" standard. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous only if the reviewing court "is left with the definite and firm conviction that a mistake has been committed," and deference is at its apex for credibility-based findings. *Anderson*, 470 U.S. at 573-75. An order is

contrary to law when it applies the wrong legal standard or misinterprets controlling authority. *DeLauro v. Porto (In re Porto),* 645 F.3d 1294 (11th Cir. 2011).

8. "To put it another way, in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.'" *Dees v. Hyundai motor Mfg. Ala.,* LLC, 524 F.Supp.2d 1348, 1351 (M.D. Ala. 2007).[2] *C.f. Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017) ("An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact.").

## IV. ARGUMENT

### A. The Magistrate applied the correct legal standard.

9. Byrne appears to argue the Magistrate should have applied the same standard as to both retained and non-retained testifying experts and as to both issues presented: (1) the failure to produce experts for deposition; and (2) improper disclosures under Federal Rule of Civil Procedure 26(a)(2)(C).

10. The issue presented with respect to Byrne's retained experts, Cotton and Speckin, is distinct from the inadequacy of Byrne's disclosure of his non-retained experts. A different section of Federal Rule of Civil Procedure 37 applies.

[2] Byrne is incorrect as to the import of the different procedural postures with respect to the *St. Louis* case and this one. (Doc. 365, at 6-7). There is significant overlap between the "abuse of discretion" and "clearly erroneous or contrary to law" standards of review, and they are virtually indistinguishable where there is no legal error.

11. Byrne's failure to provide adequate disclosure of the opinions of his non-retained experts implicates Federal Rule of Civil Procedure 37(c)(1), whereas his failure to make his retained testifying experts within his control available for deposition within the discovery period was a violation of the Court's order on Plaintiff's Motion to Compel Discovery. (Doc. 307). Rule 37(b) applies to a party's failure to obey a discovery order. FED. R. CIV. P. 37(b)(2).

12. The Court compelled Byrne to participate in discovery and to coordinate with Plaintiff to schedule the deposition dates of Byrne's experts. (Doc. 307, at 5). In that order, the Court "reminded 'that a failure to provide deposition dates before the end of discovery can be grounds to exclude an expert at trial.'" (Doc. 307, at 6, quoting *Eldridge v. Pet. Supermarket, Inc.*, 2019 WL 3406926, at *3 (S.D. Fla. July 25, 2019)).

13. The Court's order compelling discovery was paired with an extension of the discovery deadline. (Doc. 307, at 6). That was the second extension of the discovery deadline made to facilitate depositions—the first being a stipulated extension by the parties. (Doc. 282). The Court warned that "[a]ny further requests from the parties to extend case deadlines [would] be highly disfavored, especially if such requests are born of the parties' incivility." (Doc. 307, at 6).

14. Despite two extensions of the discovery deadline and the Court's April 7, 2026 order compelling him to provide dates for his experts' depositions, as the Magistrate found in the Report: "Defendant Byrne neglected to provide his retained experts' availability until May 7, 2026, abruptly cancelled those depositions the day before they were to occur, and refused to provide new dates within the discovery period." (Doc. 362,

at 6). *See Solomon v. AIG Property Casualty Co.*, No. 8:24-CV-2650-VMC-NHA, 2025 WL 2829742, at *4 (M.D. Fla. Oct. 6, 2025) (striking expert where "Defendant ha[d] failed to make [the expert] available within the already-extended discovery deadline, despite its awareness that deadline would not be extended further.").

15. Federal Rule of Civil Procedure 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery" then the court "may issue further just orders," including but not limited to an order prohibiting a party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence. This is precisely the section of Rule 37 that Plaintiff invoked in the Motion to Strike. (Doc. 310, at ¶ 46).

16. The Magistrate need not have engaged in analysis of the "substantially justified or harmless" factors under Rule 37(c)(1) in deciding to strike Cotton and Specklin because that subpart of Rule 37 does not apply. Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." The "substantially justified or harmless" standard applied to Byrne's inadequate disclosure of the opinions of his non-retained experts, but not to his failure to comply with the Court's April 7, 2026 order.

17. The Report should be affirmed and adopted because the Magistrate applied the correct legal standard and reached a decision supported by the evidence before him.

**B. Under the present circumstances, the sanction of exclusion of Cotton and Speckin is just and proportionate.**

18. Byrne argues that striking his retained experts is a disproportionate sanction because a "complete cure is at hand." Doc. 365, at 7-8. Byrne's arguments about the proportionality of the sanction are puzzling and unavailing.

19. "Courts enjoy[] 'broad discretion to fashion appropriate sanctions for violation of discovery orders,'" but nonetheless should ensure that the sanctions fashioned are just and proportionate. *Deltona Transformer Corp. v. NOCO Co.*, No. 619CV308ORL41LRH, 2020 WL 11420584, at *4 (M.D. Fla. Dec. 17, 2020) (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Wallace v. Superclubs Props., Ltd.,* No. 08-61437-CIV, 209 WL 2461775, at *5 (S.D. Fla. Aug. 10, 2009)). In considering whether a sanction should be imposed and what sanction to impose, courts should consider certain factors, including:

1) the purposes to be served by the imposition of sanctions, including deterrence of future discovery violations, punishment of current violations, compensation of the offended party, and conservation of the court's time and resources;
2) the importance of the materials that were not produced—from the perspective of the offended party's ability to litigate the case—and what prejudice, if any, the offended party suffered;
3) if the offended party suffered prejudice, the monetary cost suffered, if any;
4) whether the discovery caused important events to be delayed (such as a trial) and, if so, the extent of the delay;
5) whether the offending party violated a specific order of the court instructing it to provide the offended party with an item or materials;
6) whether the discovery violation(s) placed a burden on the district court and, if so, the extent of the burden;

7) whether the offending party committed a single discovery violation or multiple violations;

8) the offending party's asserted justification for its conduct, if any, and its legitimacy;

9) whether the discovery violation was committed willfully, in bad faith, inadvertently, or due to a party's inability or excusable neglect;

10) whether the discovery violation(s) is attributable to the client, counsel, or both;

11) whether the offending party was warned that sanctions or a specific sanction might be imposed, but disregarded such warning;

12) whether any lesser sanction would substantially serve the same purposes as a more severe sanction; and

13) whether the requested sanction would be just in light of the particular circumstances of the case and whether it is proportional to the harm inflicted.

*DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 253-54 (N.D. Fla. Nov. 5, 2019).

20. It is evident from the Report that the Magistrate considered the foregoing factors. With respect to factor five (5), the Report references Byrne's violation of the April 7, 2026 order and his failure to provide dates for the depositions of Speckin and Cotton following Byrne's unilateral cancellation of the May 27 and 28 deposition dates. (Doc. 362, at 4). As to factor eight (8), the Report notes Byrne's admitted stonewalling of Plaintiff's counsel. (Doc. 362, at 4; Doc. 312, at 7). In consideration of factor eleven (11), the Magistrate considered Byrne's disregard of this Court's warning that the specific sanction of exclusion of Byrnes experts may result if Byrne failed to produce his experts for deposition before the end of the discovery period. (Doc. 362, at 5-6). As to factor twelve (12), the Magistrate declined to award fees and costs, finding that under the circumstances, the striking of two of Byrne's designated experts and required supplementation of his expert disclosures was a sufficient remedy. (Doc. 362, at 11).

21. Furthermore, the sanction of exclusion of Speckin and Cotton is further supported by factors one (1), three (3), four (4), and seven (7). As described in detail in Plaintiff's Motion to Strike and incorporated by reference, the refusal to cooperate in expert discovery is part of a pattern of litigation misconduct and delay by Byrne. (Doc. 310, at ¶¶ 43-47; Doc. 362, 2-4). Plaintiff is significantly prejudiced by Byrne's failure to produce his experts for deposition. Without having the opportunity to examine these witnesses before trial, Plaintiff is hampered in his ability to adequately prepare for trial, especially considering the inadequacy of their reports and Byrne's failure to explicate in his disclosures what opinions these experts have that relate to this case. (Doc. 310, at ¶¶ 47-49). Byrne's recalcitrant litigation conduct has burdened the Court and Plaintiff as his conduct has elongated the discovery period, delayed the trial, and precipitated additional briefing that would not have been necessary but-for his discovery misconduct.

22. In the Objection, Byrne claims he is not asking the Court to modify the case management and scheduling order or any deadline in it. (Doc. 365, at 7). But he is asking the Court to permit depositions within fourteen days from the date of a forthcoming order on his Objections. Accordingly, he is asking for more time to conduct the depositions of Cotton and Speckin, and as such, his request is for an extension of the deadline to conduct discovery. Byrne has not demonstrated good cause to support this request. *See* FED. R. CIV. P. 16(b)(14) (a scheduling order may be modified or extended only upon a showing of good cause with the consent of the court).

23. Confoundingly, to support his position that he is not requesting an extension of the discovery period, Byrne reasons that Plaintiff's Motion to Strike, the subject of the

Report, was filed within the discovery period on April 24, 2026. (Doc. 365, at 8). Byrne insists he complied with the Court by providing the May 27 and 28 dates for the depositions of Cotton and Speckin while glossing over the unilateral, last-minute cancellation of those very same depositions and his failure to make those experts available for depositions within the discovery period.

24. It seems that Byrne is working off the assumption that the Magistrate, issuing the Report in August, should have evaluated the underlying Motion to Strike as if it were still April, as if the discovery period had not expired, and without considering Byrne's cancellation of the May 27 and May 28 deposition dates. That assumption is supported by neither legal authority nor common sense.

25. The fact that the underlying motion was filed during the discovery period only further supports the sanction imposed—Byrne was warned by the Court that exclusion of the experts may result if he did not produce them for deposition in the discovery period (Doc. 307, at 6), and he knew that Plaintiff was seeking their exclusion (Doc. 310). Yet, Byrne still unilaterally cancelled Speckin and Cotton's depositions at the last moment and then failed to provide additional dates for their depositions within the discovery period.

**C. Byrne's proposed cure is no cure at all.**

26. Byrne offers too little, much too late. Byrne asks the Court to permit fourteen additional days to depose Speckin and Cotton. He stipulates that he would not object to the timeliness of a 702 motion or any motion in limine directed at Cotton or Speckin filed within fourteen days of their depositions and Byrne's supplementation of the expert disclosures. (Doc. 365, at 9).

27. Even if the Court ruled on the Objections on the same date as this Response, the fourteenth day therefrom (the proposed deadline for the depositions) would be October 8, 2026. The fourteenth day from that date (the deadline for a Rule 702 motion under Byrne's stipulation), would be Saturday, October 24, 2026. This would cause the deadline for any Rule 702 motion intends to file to fall after the scheduled Pretrial Conference, a mere nine days before the start of the November trial term.

28. Byrne's proposed cure would severely prejudice Plaintiff's ability to prepare for trial. It would force Plaintiff to add two depositions, a Rule 702 motion, and a separate motion in limine (geared toward Speckin and Cotton's testimony) to his pretrial preparation. It would be an imposition on the Court by requiring the expedited review and ruling on another Rule 702 motion and motion in limine.

29. Furthermore, Byrne's offer rings hollow in the context of his failure to supplement his disclosures with respect to his non-retained experts. The Court and Plaintiff should not be forced to accommodate Byrne for his failure to abide by Court orders and abuse of the discovery process.

## V. CONCLUSION AND PRAYER

30. The Magistrate Judge's Report and Recommendation is supported by substantial evidence, applies the correct legal standards, and should be affirmed. Defendant Byrne has shown neither clear error, nor legal error.

WHEREFORE, Plaintiff Eric Coomer, Ph.D. respectfully requests that this Court: (1) deny the Objection (Doc. 365) in its entirety; (2) affirm the Report and

Recommendation (Doc. 362) in all respects; and (3) grant such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Charles J. Cain*
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)

Ashley N. Morgan*
TX Atty No. 24091339
CO Atty No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011 (Fax)

David M. Beller*
CO Atty No. 35767
david@rklawpc.com
Recht Kornfeld, P.C.
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-573-1900
303-446-9400 (Fax)

*Appearing via Special Admission

**ATTORNEYS FOR PLAINTIFF**