IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER,

Plaintiff,

v.

PATRICK BYRNE,

Defendant.
_______________/

**PATRICK BYRNE'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

The Defendant, Patrick Byrne, by and through his undersigned counsel, hereby files this his Supplemental Motion for Summary Judgment, and in support thereof states:

In an action by the Plaintiff, Eric Coomer, Ph.D. ("Dr. Coomer"), against Joseph Oltmann for a restraining order, which was tried before a Colorado judge, the Honorable Marguerite Conboy, a final judgment was entered against Dr. Coomer, and the court found that Mr. Oltmann "sincerely holds" the belief at the center of this case: that Dr. Coomer "participated in efforts to influence the 2020 presidential election." *Coomer v. Oltmann*, No. 26W258, Ruling Regarding Permanent Protection Order Hearing ¶ 8 & at 15 (Denver Cnty. Ct. July 6, 2026) (the "Ruling") (Ex. A). Mr. Oltmann is the man who repeated that he heard Dr.

Coomer on an "Antifa" conference call stating that he had "made sure" of the outcome of the 2020 election. Mr. Oltmann relayed that series of events in the days after the November 2020 election. [DE 334 ¶ 3, at 5]; [DE 351 ¶ 3, at 4].

Mr. Oltmann told of the incident again on camera in *The Deep Rig* (the "Film"), a documentary that premiered on June 26, 2021, in which Mr. Oltmann said there was "a high probability" that Dr. Coomer "affected the election." [DE 334 at 3; *id.* ¶¶ 2-3, at 5; *id.* at 19]; [DE 351 ¶¶ 2-3, at 4; *id.* ¶ 80 & n.78, at 28]. The Defendant, Patrick Byrne ("Dr. Byrne"), wrote a check to help finance the Film. [DE 334 at 3]. Dr. Coomer concedes that he "is not proceeding on a theory that the statements from Byrne's mouth are actionable defamation." [DE 351 ¶ 78, at 27]. The actionable statements, Dr. Coomer says, are those of Mr. Oltmann. *Id.*

Mr. Oltmann never stopped talking. Judge Conboy has now catalogued what Mr. Oltmann said. From 2020 through 2026, on his podcast and on social media, Mr. Oltmann accused Dr. Coomer and his lawyers of election fraud, corruption, and treason. Ex. A ¶¶ 4, 14. Mr. Oltmann testified that his podcast reaches about 300,000 listeners a month. *Id.* ¶ 7.

Dr. Coomer went to court to silence Mr. Oltmann. Dr. Coomer, the law firm of his lawyers in this case, and others (the "Petitioners") asked the County Court for the City and County of Denver for a permanent civil protection order against Mr. Oltmann. *Id.* at 1. On May 8, 2026, the Denver court held a bench trial. Two of the three lawyers who appeared for the Petitioners, Charles Cain and Bradley



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

Kloewer, are Dr. Coomer's lawyers of record in the case at bar, and both took the stand. Mr. Oltmann took the stand too. *Id.*; [DE 351 at 32].

After hearing Mr. Oltmann testify, Judge Conboy found:

> Respondent testified that he became convinced, following a conference call in September 2020, that Petitioner Dr. Eric Coomer participated in efforts to influence the 2020 presidential election. The Court makes no findings regarding the truth or falsity of those allegations. Those issues are not before the Court. The Court does find, however, that Respondent sincerely holds those beliefs, and those beliefs provide the context in which the challenged communications were made.

Ex. A ¶ 8.

In other words, Judge Conboy watched Mr. Oltmann testify and found that Mr. Oltmann truly believes that Dr. Coomer took part in efforts to influence the 2020 election.

Judge Conboy framed the case as a choice: whether Mr. Oltmann's commentary "constitutes protected political speech under the First Amendment, or instead, unprotected true threats." *Id.* ¶ 4. Judge Conboy found that Mr. Oltmann framed the alleged wrongdoing "in terms of arrest, prosecution, trial, and punishment for treason," not threats. *Id.* ¶¶ 37, 99, 102. On the question Judge Conboy framed, Mr. Oltmann's commentary landed on the protected side.

Five days before the Ruling, Dr. Byrne had filed his Motion for Summary Judgment. [DE 334]. Dr. Coomer's response concedes that he must prove actual malice. [DE 351 ¶ 51, at 15]. One of Dr. Coomer's theories is that Dr. Byrne "relied



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

exclusively on Oltmann, and there were obvious reasons to doubt his account." *Id.* ¶ 64, at 21. Dr. Byrne testified at his deposition that he was "taking [Mr. Oltmann] at his word." Byrne Dep. 179:19-20 (Ex. B).

In conferring with the Plaintiff in the instant action, the undersigned learned of the Ruling from the Plaintiff's Motion in Limine. The undersigned has now investigated and found that the Ruling decided an issue central to this case: whether Mr. Oltmann honestly believes his accusation against Dr. Coomer. *See* [DE 351 ¶¶ 63-65, at 20-22]. That issue has already been tried, and this Court need not try it again. It is now an established fact that Mr. Oltmann sincerely holds the belief he expressed. Ex. A ¶ 8.

Dr. Coomer cannot ask a jury in this case to find that Mr. Oltmann does not believe his own accusation. Judge Conboy has decided that question. Judge Conboy did not weigh whether the accusation is true or false, because that question was not before her. Ex. A ¶ 8. Judge Conboy treated the accusation as what it is: Mr. Oltmann's sincerely held belief. *Id.*

Dr. Byrne therefore asks the Court, considering this Supplemental Motion with his pending Motion [DE 334], for summary judgment, or partial summary judgment on the emotional-distress claim, or, at a minimum, for an order under F.R.Civ.P. 56(g) treating Mr. Oltmann's sincere belief as established.

**<u>Supplemental Statement of Undisputed Material Facts</u>**

Pursuant to F.R.Civ.P. 56 and the Case Management and Scheduling Order,



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

[DE 136 ¶ 14(b)], Dr. Byrne submits the following additional material facts as to which there is no genuine issue to be tried.

1. The accusation underlying Dr. Coomer's claims, that Dr. Coomer joined a purported "Antifa" conference call and stated that he had "made sure" of the election outcome, is attributed to Joseph Oltmann, who first made it in the days after the November 2020 election. [DE 334 ¶ 3, at 5]; [DE 351 ¶ 3, at 4] (admitted).

2. Mr. Oltmann told his version of the facts again in the Film, which premiered on June 26, 2021. Dr. Byrne helped finance the Film. [DE 334 at 3; *id.* ¶ 2, at 5]; [DE 351 ¶¶ 2-3, at 4] (admitted); *id.* ¶ 46, at 13.

3. Dr. Coomer "is not proceeding on a theory that the statements from Byrne's mouth are actionable defamation." Dr. Coomer contends that Mr. Oltmann's statements are actionable and that Dr. Byrne published them. [DE 351 ¶¶ 46, 78, at 13, 27].

4. Dr. Coomer "does not contest that the actual malice standard applies," because the statements "involve a matter of public concern." [DE 351 ¶ 51, at 15].

5. Dr. Byrne testified that he was "taking [Mr. Oltmann] at his word," and that he is "highly confident that the gist of the story is true." Byrne Dep. 179:19-25 (Ex. B); [DE 334 ¶ 22, at 8]; [DE 351 ¶ 22, at 5] (admitted).

6. Dr. Coomer, his counsel Cain & Skarnulis, PLLC, and others petitioned the County Court for the City and County of Denver for a permanent civil protection order against Mr. Oltmann under Colo. Rev. Stat. § 13-14-106, and



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

obtained a temporary order barring contact, including through social media. Ex. A at 1; *id.* ¶¶ 1-2.

7. On May 8, 2026, the Denver court held an evidentiary hearing. The Petitioners appeared through counsel David Beller, Charles Cain, and Bradley Kloewer, and the court received testimony from Mr. Oltmann, Mr. Kloewer, Mr. Cain, James Allbee, and Patrick Hogarty. *Id.* at 1. Mr. Cain and Mr. Kloewer are Dr. Coomer's counsel of record in this action. [DE 351 at 32]. Mr. Oltmann appeared through counsel and testified, and the Petitioners had the opportunity to cross-examine him. Ex. A at 1.

8. The Petitioners introduced exhibits spanning 2020 through 2026 consisting of Mr. Oltmann's podcasts, social media posts, and other public communications. Ex. A ¶ 14; *see id.* ¶¶ 4, 7.

9. Dr. Coomer and the other Petitioners' exhibits included podcasts in which Mr. Oltmann discussed Dr. Coomer on December 14 and 16, 2020, and May 3, 2021, before the Film premiered. *Id.* ¶¶ 19-21.

10. Mr. Kloewer testified that, "as a result of Respondent's communications, Petitioners have implemented additional security measures, altered their security practices, and reported their concerns to law enforcement." *Id.* ¶ 59; *see id.* ¶¶ 61-62, 101.

11. On Mr. Oltmann's testimony that he became convinced, following a September 2020 conference call, that Dr. Coomer participated in efforts to



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

influence the 2020 election, the Denver court made "no findings regarding the truth or falsity of those allegations," but found "that Respondent sincerely holds those beliefs, and those beliefs provide the context in which the challenged communications were made." *Id.* ¶ 8.

12. The Denver court framed the case as whether Mr. Oltmann's commentary "constitutes protected political speech under the First Amendment, or instead, unprotected true threats," held that "severity of rhetoric alone will not remove speech from First Amendment protection," and found that the communications were not true threats. *Id.* ¶¶ 4, 96, 99, 102.

13. On July 6, 2026, the Denver court vacated the temporary protection order and dismissed the case. *Id.* at 15; *id.* ¶ 102. The Ruling does not mention the Film or Dr. Byrne. *See generally id.*

14. No appeal or post-judgment motion was filed.

**The Ruling Did Not Exist When Dr. Byrne Moved for Summary Judgment, and It Narrows the Trial**

The Court may grant leave to file more than one motion for summary judgment "if appropriate and if it appears possible to expedite resolution of the case." [DE 136 ¶ 14(a), at 5]. The Ruling was entered on July 6, 2026, five days *after* Dr. Byrne filed his Motion. Ex. A at 15; [DE 334]. Dr. Byrne was not a party to the Denver case. Ex. A at 1. The undersigned learned of the Ruling on October 15, 2026, while conferring with the Plaintiff about the Plaintiff's Motion in Limine. The issue the Ruling decides needs no discovery and removes a credibility question

from the trial. Therefore, the Court should grant Dr. Byrne leave to file this Supplemental Motion and should consider the two motions together.

**Dr. Coomer Is Bound by the Denver Court's Finding That Mr. Oltmann Sincerely Holds His Belief**

Dr. Coomer chose the Denver forum. The Petitioners brought three lawyers to the hearing, put six years of Mr. Oltmann's words in front of Judge Conboy, and asked Judge Conboy to restrain Mr. Oltmann. Ex. A at 1; *id.* ¶ 14. Dr. Coomer lost. Along the way, Judge Conboy made a finding that binds Dr. Coomer here.

This Court gives a Colorado judgment the preclusive effect a Colorado court would give it. 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Collateral estoppel, also known as issue preclusion, means that "a court's final decision on an issue actually litigated and decided precludes relitigation of that issue in subsequent actions." *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84 (Colo. 1999). The doctrine exists to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. at 94. Colorado bars re-litigation of an issue where the party against whom preclusion is asserted was a party to the prior proceeding, the prior proceeding ended in a final judgment on the merits, the issue is identical to one actually and necessarily adjudicated in that proceeding, and that party had a full and fair opportunity to litigate the issue. *Sunny Acres Villa, Inc. v. Cooper*,



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

25 P.3d 44, 47 (Colo. 2001). "[A]n issue is necessarily adjudicated when a determination on that issue was necessary to a judgment." *Bebo*, 990 P.2d at 84-86.

The issue is narrow: whether Mr. Oltmann, as of the May 8, 2026 hearing, sincerely held the belief that Dr. Coomer "participated in efforts to influence the 2020 presidential election." Ex. A ¶ 8. Each element is met.

First, Dr. Coomer was a Petitioner. *Id.* at 1. Colorado has "largely abandoned" any requirement that Dr. Byrne have been a party too. *People v. Allee*, 740 P.2d 1, 5 (Colo. 1987).

Secondly, the Ruling is a final judgment. Judge Conboy entered written findings after an evidentiary hearing and dismissed the case. Ex. A at 1, 15. Colorado treats a protection-order motion as "a discrete action" and the order resolving it as final and appealable. *See In re Marriage of Wiggs*, 2025 COA 10, ¶¶ 17, 24, 566 P.3d 1032. A judgment pending on appeal is not final for issue preclusion, *Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005), and no appeal from the Ruling is pending.

Thirdly, the issue is identical, and Judge Conboy actually and necessarily decided it. Judge Conboy had to sort Mr. Oltmann's words into one of three categories: "advocacy of lawful consequences within the judicial system," "rhetorical hyperbole," or "statements communicating a serious intent to engage in unlawful violence." Ex. A ¶ 78. That question turns on the totality of the



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

circumstances, including the "context" and the "speaker." *Id.* ¶ 77. Judge Conboy found that Mr. Oltmann sincerely holds his beliefs and that "those beliefs provide the context in which the challenged communications were made." *Id.* ¶ 8. Judge Conboy then found that Mr. Oltmann "repeatedly framed punishment in terms of prosecution, tribunals, arrest, and legal consequences," not as a serious expression of intent to commit violence. *Id.* ¶¶ 81-82, 99.

Dr. Coomer will answer that Judge Conboy also relied on the absence of directives, planning, or resulting violence, *id.* ¶¶ 83-85, 97-98, and that Judge Conboy did not reach mens rea, *id.* ¶ 100. Paragraph 100 concerns whether Mr. Oltmann was aware of the threatening nature of his words, a different question from whether he believes his accusation. Moreover, Judge Conboy evaluated each communication in light of its context, *id.* ¶¶ 16, 77, and the context Judge Conboy identified was Mr. Oltmann's sincere belief. *Id.* ¶ 8. Had Judge Conboy found that Mr. Oltmann did not believe his own accusation, Mr. Oltmann's calls for prosecution would have read very differently. The finding was therefore "necessary to a judgment." *Bebo*, 990 P.2d at 84-86.

Fourthly, Dr. Coomer had a full and fair opportunity to litigate the issue. The Petitioners brought the case, two of the Petitioners' three lawyers testified, and Judge Conboy heard five witnesses and ruled in 102 numbered paragraphs. Ex. A at 1; *id.* ¶¶ 14, 53-62, 67. Mr. Oltmann's belief was at the center of the defense. Mr. Oltmann testified that he believed Dr. Coomer and others had committed crimes



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

against the country and that his words called for their lawful prosecution, while the Petitioners said the same words were threats. *Id.* ¶¶ 5-6, 25, 34. Judge Conboy tested Mr. Oltmann, declined to credit part of his testimony, and still found his belief sincere. *Id.* ¶¶ 8, 18. The hearing had counsel and live testimony on both sides, and Dr. Coomer carried only a preponderance burden there, *id.* ¶¶ 68, 102, lighter than the clear and convincing burden he bears here. [DE 334 at 9-10]; *see Sunny Acres*, 25 P.3d at 47-48. Therefore, Dr. Coomer may not relitigate in this Court whether Mr. Oltmann sincerely holds that belief.

**Dr. Coomer Cannot Prove Actual Malice by Asking a Jury to Find That Mr. Oltmann Does Not Believe His Own Accusation**

Dr. Byrne's Motion explains that the Film is speech on political and public affairs, at the core of First Amendment protection. [DE 334 at 18-19]. Dr. Coomer concedes that the statements involve a matter of public concern and that he must prove actual malice. [DE 351 ¶ 51, at 15].

Dr. Byrne took Mr. Oltmann at his word. Byrne Dep. 179:19-20 (Ex. B). Dr. Coomer's answer is that Dr. Byrne "relied exclusively on Oltmann, and there were obvious reasons to doubt his account." [DE 351 ¶ 64, at 21]. Much of Dr. Coomer's case for actual malice is therefore about Mr. Oltmann himself. *Id.* ¶¶ 63-65, 68-69, at 20-24.

Actual malice requires clear and convincing proof that the defendant "in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Where the publisher relies on an informant,



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

recklessness may be found where "there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports." *Id.* at 732. A failure to investigate, without more, is not enough. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989).

Judge Conboy's finding goes to the first half of that test, the veracity of the informant. Dr. Coomer is precluded from relitigating Mr. Oltmann's sincerity. Ex. A ¶ 8. Dr. Coomer's theory asks the jury to find that Dr. Byrne, in 2021, had obvious reasons to doubt the veracity of a man whose belief a judge, watching him testify under oath, found sincerely held. A jury may not be invited to find that the source does not believe his own accusation when a court has found that he sincerely does.

Dr. Coomer points to Mr. Oltmann's early uncertainty about the voice on the call. [DE 351 ¶ 65, at 21-22]. Yet, Mr. Oltmann told Judge Conboy that he "became convinced" following that September 2020 call, Ex. A ¶ 8, and Mr. Oltmann kept accusing Dr. Coomer of election fraud from 2020 through 2026. *Id.* ¶¶ 4, 14. A man who starts unsure and becomes convinced is not, for that reason, a man who invented his story.

Dr. Coomer must prove by clear and convincing evidence that Dr. Byrne himself doubted Mr. Oltmann's account. [DE 334 at 16-17]. Dr. Coomer cannot meet that burden by attacking the sincerity of a source whose belief a court has found sincere.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

Therefore, Dr. Coomer may not ask the jury to find that Mr. Oltmann does not believe his own accusation, and Dr. Coomer's actual malice case must stand, if at all, on his other theories.

**Dr. Coomer Cannot Sue Over Mr. Oltmann's Opinion**

Dr. Coomer alleges that Mr. Oltmann said: "That's when I realized that there's a high probability he affected the election." [DE 334 ¶ 3, at 5]. In the Film, Mr. Oltmann framed his conclusion the same way, as a "high probability." [DE 334 at 19]; [DE 351 ¶ 80 & n.78, at 28].

The First Amendment protects a statement that cannot reasonably be interpreted as stating actual facts about a person, and a statement on a matter of public concern must be provable as false before there can be liability. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *see Keohane v. Stewart*, 882 P.2d 1293, 1299 (Colo. 1994). Dr. Coomer agrees that the test asks whether the statement is "sufficiently factual to be susceptible of being proved true or false" and whether "reasonable people would conclude that the assertion is one of fact." [DE 351 ¶ 79, at 28].

Mr. Oltmann's conclusion is opinion under that test. A "high probability" is Mr. Oltmann's own estimate, offered in the language of inference: "That's when I realized . . . ." [DE 334 ¶ 3, at 5]. The Film presents Mr. Oltmann as one voice among many, offering an interpretation of events in a work of advocacy. [DE 334 at 19]. And Judge Conboy has now found that the conclusion Mr. Oltmann



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

expressed is a belief he sincerely holds. Ex. A ¶ 8.

Therefore, Dr. Coomer may not recover from Dr. Byrne for Mr. Oltmann's opinion that there was "a high probability" that Dr. Coomer affected the election.

**The Emotional-Distress Claim Fails Because Dr. Coomer's Own Side Traced the Petitioners' Fear to Mr. Oltmann's Broadcasts**

Dr. Coomer's emotional-distress claim is that Dr. Byrne took part in publishing the accusation "even after a point in time when he reasonably should have known of the death threats that Dr. Coomer had received," and then re-released the Film after this suit was filed. [DE 351 ¶ 86, at 30-31]. Dr. Coomer says he will testify to mental anguish caused by Dr. Byrne's publication of the Film. *Id.* ¶ 83, at 29. Yet, when Dr. Coomer describes the death threats, Dr. Coomer attributes them to statements "being spread by Byrne *and others*." *Id.* ¶ 84, at 29-30 (emphasis added).

Mr. Oltmann's broadcasts about Dr. Coomer began months before the Film existed. The Petitioners' exhibits included Mr. Oltmann's podcasts about Dr. Coomer from December 2020 and May 2021. Ex. A ¶¶ 19-21. The Film premiered on June 26, 2021. [DE 334 ¶ 2, at 5].

The Petitioners then told Judge Conboy what Mr. Oltmann's communications did. Mr. Kloewer testified that, "as a result of Respondent's communications," the Petitioners added security, changed their security practices, and went to law enforcement. Ex. A ¶ 59; *see id.* ¶¶ 61-62, 101. The Ruling does not mention the Film or Dr. Byrne.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

In other words, when Dr. Coomer's own lawyer testified under oath about the source of the Petitioners' fear, Mr. Kloewer pointed to Mr. Oltmann's communications. Dr. Byrne's Motion showed that Dr. Coomer cannot isolate harm caused by one financier of one film. [DE 334 at 19-21]. Dr. Coomer's evidence does not separate distress caused by a 2021 film from six years of Mr. Oltmann's own broadcasts. [DE 351 ¶¶ 83-84, at 29-30]; Ex. A ¶¶ 14, 32. An emotional-distress plaintiff must prove that the defendant's conduct caused the distress. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994).

The claim also fails as a matter of law. A public figure may not recover for intentional infliction of emotional distress based on a publication without showing a false statement of fact made with actual malice. *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 56 (1988). Dr. Byrne's Motion shows that Dr. Coomer is a limited-purpose public figure. [DE 334 at 14-15]. And Dr. Coomer concedes that the statements "involve a matter of public concern." [DE 351 ¶ 51, at 15]. To the extent the claim rests on the outrageousness of that speech rather than its falsity, the claim fails for a further reason. Such speech receives "special protection" under the First Amendment, and "that protection cannot be overcome by a jury finding that the [speech] was outrageous." *See Snyder v. Phelps*, 562 U.S. 443, 458 (2011) (speech at a public place on a matter of public concern).

Therefore, Dr. Byrne is entitled to summary judgment on the emotional-distress claim, because Dr. Coomer cannot prove that Dr. Byrne caused the harm



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

he claims and cannot avoid the actual malice standard by relabeling his defamation claim.

**At a Minimum, the Court Should Treat Mr. Oltmann's Sincere Belief as Established**

If the Court does not grant summary judgment, the Court should still narrow the trial. F.R.Civ.P. 56(g) allows the Court to treat a material fact as established when it is not genuinely in dispute. Judge Conboy found Mr. Oltmann's sincere belief after an evidentiary hearing in a case Dr. Coomer brought, and Dr. Coomer is bound by that finding. Ex. A at 1; *id.* ¶ 8. The fact is material because Dr. Coomer's case for actual malice rests in part on the premise that Dr. Byrne had obvious reasons to doubt Mr. Oltmann's veracity. [DE 351 ¶¶ 63-64, at 20-21].

Therefore, at a minimum, the Court should enter an order under F.R.Civ.P. 56(g) treating as established that Mr. Oltmann sincerely held his belief as of May 8, 2026, and that Dr. Coomer is precluded from relitigating it.

## Conclusion

Dr. Coomer chose the Denver forum. Judge Conboy heard live testimony, reviewed six years of Mr. Oltmann's words, and found that Mr. Oltmann sincerely holds his belief. Ex. A at 1; *id.* ¶¶ 8, 14. And when the Petitioners testified about their fear, the Petitioners tied that fear to Mr. Oltmann's own communications. *Id.* ¶¶ 59, 101. Dr. Coomer cannot now ask a jury to find that Mr. Oltmann does not believe his own accusation, and Dr. Coomer has not separated his distress from Mr. Oltmann's broadcasts.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

WHEREFORE, the Defendant, Patrick Byrne, respectfully requests that this Honorable Court (1) grant him leave to file this Supplemental Motion; (2) grant this Supplemental Motion and, considering it together with his Motion for Summary Judgment [DE 334], enter summary judgment in his favor on all claims; (3) in the alternative, enter partial summary judgment in his favor on the intentional-infliction-of-emotional-distress claim; (4) at a minimum, enter an order under F.R.Civ.P. 56(g) treating as established that Joseph Oltmann sincerely held, as of May 8, 2026, the belief that the Plaintiff participated in efforts to influence the 2020 presidential election, and that the Plaintiff is precluded from relitigating it; and (5) grant such other and further relief as this Honorable Court may deem just and proper.

**Certificate of Service**

I HEREBY CERTIFY that on October 19, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ Peter Ticktin*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No.: 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for Patrick Byrne*