IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER, PhD.,

Plaintiff,

v.

PATRICK BYRNE,

Defendant.

_____________________/

**DEFENDANT PATRICK BYRNE'S**
**WITNESS LIST**

The Defendant, Patrick Byrne, by and through his undersigned counsel, and pursuant to F.R.Civ.P. 26(a)(3)(A)(i) and (ii), Local Rule 3.06, and paragraphs 2 and 8 of the Case Management and Scheduling Order (Doc. 136), files and exchanges his list of all witnesses who might be called at trial, and states:

The address and telephone number of each witness will be exchanged with the Plaintiff at the final pretrial meeting required by Local Rule 3.06(a)(5) and are not repeated here. Local Rule 3.06(b)(5). A witness identified as testifying by deposition is designated under F.R.Civ.P. 26(a)(3)(A)(ii); the designated pages will be filed with the color-coded transcripts required by paragraph 9 of the Case Management and Scheduling Order. The Defendant reserves the right to call any witness listed by the Plaintiff, to call true rebuttal and impeachment witnesses, and to amend this list to conform to the Court's rulings on the pending motions.

## A. Witnesses the Defendant Expects to Present

| Witness | Manner of testimony | Subject matter |
|---|---|---|
| Patrick Byrne | Live | The Defendant; his agreements concerning the film and his role in it; what he was told about Mr. Oltmann's account and by whom; what he knew and believed about that account when the film was released on June 26, 2021; the material he had reviewed before that date; his lack of any part in selecting or editing the segments at issue; the roles of Steven Lucescu and Roger R. Richards; when he first saw the completed film, what he asked to be changed, and the answer he received; his response to particular material he was shown before release and what that response shows about what he believed. |
| Eric Coomer, Ph.D. (adverse)<br><br>c/o Charles J. Cain, Ashley Morgan, Brad Kloewer, Cain & Skarnulis PLLC<br>P.O. Box 1064<br>Salida, CO 81201<br>(719) 530-3011<br>bkloewer@cstrial.com ccain@cstrial.com amorgan@cstrial.com<br>c/o Thomas M. Rogers III, David Beller, Andrew E. Ho, Mark G. Grueskin, Recht Kornfeld PC<br>1600 Stout Street, Suite 1400<br>Denver, CO 80202<br>(303) 573-1900<br>trey@rklawpc.com david@rklawpc.com andrew@rklawpc.com mark@rklawpc.com | Live, called adversely in the Defendant's case if not fully examined in the Plaintiff's case; and by designated excerpts of his January 27, 2026 deposition (F.R.Civ.P. 32(a)(3)) | The Plaintiff; the statements at issue; his employment, roles, and access at Sequoia Voting Systems and Dominion Voting Systems; his own publications and social-media posts; the November 2020 publications and his December 2020 lawsuit; his damages, their causes, and their timing; his prior sworn statements |
| Joseph Oltmann<br><br>Work address (Pidoxa): 6568 S. Racine Circle, Centennial, Colorado 80111<br>joe@pidoxa.com<br>303-667-5105<br>c/o David Willson, | Live if he appears voluntarily or by contemporaneous transmission if the Court permits (F.R.Civ.P. 43(a)), or by deposition if leave to take one is granted; otherwise by designated excerpts of his June 9, 2026 videotaped deposition (F.R.Civ.P. 32(a)(4)(B)) | His account of the claimed call; what he says was said on it; the basis for his identification of the speaker; when and where he first published the account and what he said about his certainty at that time; his communications with Steven Lucescu and Patrick Byrne; and what he told Dr. Byrne and when. Offered on the falsity element as to that account, and, as to what he told Dr. Byrne before June 26, 2021, under F.R.E. 105 for its effect on Dr. Byrne's state of mind |

| | | |
|---|---|---|
| Disabled Rights Advocates<br>PO Box 1351<br>Monument, CO 80132<br>(719) 648-4176<br>david@dradvocates.com | | |
| Benjamin R. Cotton<br><br>Work address: 3 Bears, LLC.<br>27427 Montana HWY 83<br>Bigfork, MT 59911<br>703.627.7933<br>ben.cotton@3-Bear.com | Live | Computer forensics; election systems. Listed to preserve the Defendant's objection to Doc. 362; the Defendant reserves the decision whether to call this witness for any opinion. In the alternative, and whatever the ruling, as a fact witness: the forensic work on election systems he personally performed and what he observed in it; and what he communicated to Dr. Byrne before June 26, 2021, offered under F.R.E. 105 for its effect on Dr. Byrne's state of mind and not for the truth of the matters communicated; no opinion within F.R.E. 702 will be elicited |
| Erich Speckin<br><br>Work address: Speckin Forensics, LLC<br>120 N. WASHINGTON SQUARE, SUITE 300<br>PMB 5068<br>LANSING, MICHIGAN 48823<br>517-349-3528 • FAX 517-349-5538 | Live | Forensic examination of ballots and election data. Listed to preserve the Defendant's objection to Doc. 362; the Defendant reserves the decision whether to call this witness for any opinion. In the alternative, and whatever the ruling, as a fact witness: the forensic examinations of ballots and election records he personally performed, including those concerning Detroit, Michigan (Def. 51s, 51t, and 52e through 52i), and what he observed in them; and what he communicated to Dr. Byrne before June 26, 2021, offered under F.R.E. 105 for its effect on Dr. Byrne's state of mind and not for the truth of the matters communicated; no opinion within F.R.E. 702 will be elicited |
| Chris York<br><br>1212 S. Marshall Ct.<br>Lakewood, Colorado 80232<br>chrisyork5280@pm.me<br>720-202-8541 | Live if he appears | His work at Sequoia Voting Systems; Sequoia's election-management software releases and server practices from 2005 through 2007; and the authenticity of Def. 27, 49a through 49z, 52d, and 85a through 85j |
| Leamsy Salazar | Live if he appears | Facts within his personal knowledge relevant to the claims and defenses in this action |

## B. Witnesses the Defendant May Call

| Witness | Manner of testimony | Subject matter |
|---|---|---|
| Carlito Johnson<br><br>Work address (last known): The America | Live (Sarasota, Florida; within F.R.Civ.P. 45(c)(1) reach) or by designated excerpts of his November 20, 2025 F.R.Civ.P. 30(b)(6) deposition | The America Project's role, or lack of one, in production; its later hosting of the film, only if the Court denies Part H of the Defendant's Second Motion in Limine |

| | | |
|---|---|---|
| Project, Inc., 8388 S. Tamiami Trail, Suite 293<br>Sarasota, FL 34238<br>chris@nave-law.com | | |
| Mark Cook<br><br>Work address: 12081 W. Alameda Pkwy, Suite 439<br>Lakewood, Colorado 80228<br>(303) 225-3277<br>303-990-2660<br>patriotmc@protonmail.com | Live | The forensic examination of the Mesa County, Colorado election management server; the portion of that examination he performed. Offered on the falsity element if the supplement stating his opinion is served. As a fact witness, whatever the ruling on Doc. 362 and whether or not that supplement is served: the portion of the Mesa County examination he performed, what he personally did and observed in it, and the records he made or examined in that work; no opinion within F.R.E. 702 will be elicited in that capacity. |
| James T. Penrose, IV<br><br>2550 S. Clark St.<br>Arlington, VA, 22202<br>cv@jimpenrose.org | Live | Documented categories of vulnerability in election management systems and their networks, including remote-access pathways, administrative privilege, and configuration error, and when an air-gapped system may be reachable; and, stated as conclusions and not as references to the reports, that the Michigan systems he assessed used wireless technology, the Dominion Antrim County proposal quotes an external wireless modem, ElectionSource deployed the Antrim County project files used in November 2020 with a weak countywide technician passcode, and abuse of Dominion's automated configuration and testing functions would make modification of election outcomes trivial. Offered on the falsity element. As a fact witness, whatever the ruling on Doc. 362: the assessments of Michigan voting systems he performed, what he personally did and observed in them, and the records he examined; no opinion within F.R.E. 702 will be elicited in that capacity |
| Jeffrey Lenberg<br><br>75 Edelweiss, Tijeras, NM 87059. | Live | Election management system project files, database structures, and tabulation and reporting data from the November 2020 general election; the analyses used as exhibits at the January 27, 2026 deposition of Dr. Coomer; and, stated as a conclusion and not as a reference to the reports, that the Antrim County Dominion Democracy Suite Results Tallying and Reporting application "has been found to be subverted"; that numerous error conditions identified by the tabulator are ignored by that application; and that votes shifted between contests, which the tabulator reported as a critical error, were reported by that application as blanks, or undervotes. Offered on the falsity element. As a fact witness, whatever the ruling on Doc. 362: the examinations of election management system project files, databases, and tabulation and reporting data he performed, what he personally did and observed in them, and the analyses he prepared; no opinion within F.R.E. 702 will be elicited in that capacity |
| Russell Ramsland<br><br>6339 Desco Drive, | Live | The order of the Michigan state court releasing the Antrim County examination to the public (Def. 59); what was publicly documented about voting-system security from that date through June 26, 2021; and the findings |

| | | |
|---|---|---|
| Dallas, Texas 75225 | | the examination states, that the tabulation log for the forensic examination of the Antrim County server from December 6, 2020 consists of 15,676 individual events, of which 10,667, or 68.05 percent, were recorded errors, that those errors resulted in overall tabulation errors or in ballots being sent to adjudication, and that the results of the Antrim County 2020 election as reported are not certifiable. Offered on the falsity element and, as to what the Defendant reviewed or was told before June 26, 2021, under F.R.E. 105 for its effect on his state of mind. As a fact witness, whatever the ruling on Doc. 362: the forensic examination in Antrim County, Michigan that his firm performed (Def. 3), his own part in it, and what he personally observed; and his communications with Dr. Byrne before June 26, 2021, offered under F.R.E. 105 for their effect on Dr. Byrne's state of mind; no opinion within F.R.E. 702 will be elicited in that capacity |
| Doug Gould<br><br>5125 Midyette Ave.,<br>Morehead City, NC 28557<br>Phone: 919-696-5007<br>Email: dgould_cto@protonmail.com | Live | The forensic examination of the Mesa County, Colorado election management server and the security condition of that server; Mesa County Forensic Report No. 2, the forensic examination and analysis report he authored; and, stated as a conclusion and in the terms in which Mesa County Forensic Report No. 3 states his findings, that there are "numerous flaws in the security of the server, many of which could provide an outside entity with direct access to the SQL Server Database or the Application itself." Mesa Cnty. Forensic Report No. 3, at 28. Offered on the falsity element. As a fact witness, whatever the ruling on Doc. 362: the forensic examination of the Mesa County server he performed, what he personally did and observed in it, and his preparation of Mesa County Forensic Report No. 2; no opinion within F.R.E. 702 will be elicited in that capacity |
| Walter C. Daugherity<br><br>10895 Lakefront Dr.,<br>College Station, TX 77845<br>Phone: (972) 439-5167; 979-845-1308 (Texas A&M office)<br>wdaugherity@protonmail.com | Live | Mesa County Forensic Report No. 3, dated March 19, 2022, which he signed as one of the persons who prepared it, and his conclusions stated in it on the tabulated vote databases: that new election databases were created on October 21, 2020 and 20,346 ballot records were digitally reloaded into them, that 5,567 ballots in 58 batches did not have their digital records copied to the new database although the votes were recorded in the main election database, and that the vote totals for that election cannot be verified from the server as it stands. Offered on the falsity element. As a fact witness, whatever the ruling on Doc. 362: his part in preparing Mesa County Forensic Report No. 3, the databases and records he examined, and what he personally did and observed; no opinion within F.R.E. 702 will be elicited in that capacity |
| Jeffrey O'Donnell<br><br>3291 2nd Ave Se<br>Naples fl, 34117<br>Phone: 407-919-4800<br>Email: TheLoneRaccoon@protonmail.com | Live | Mesa County Forensic Report No. 3, dated March 19, 2022, which he signed as one of the persons who prepared it, and his conclusions from the database analysis he performed: that the absence of secure hash algorithm (.sha) files makes the authenticity of each digital ballot image, and the ballot-level record for those ballots, impossible to verify, that the true total vote count for the 2020 General Election cannot be accurately calculated from the records in the county's voting-system databases, and that the manipulation of ballot records the report describes would not be identifiable to an |

| | | |
|---|---|---|
| | | election official, an observer, or a judge overseeing the election. Offered on the falsity element. As a fact witness, whatever the ruling on Doc. 362: the database analysis he performed for Mesa County Forensic Report No. 3, the databases and records he examined, and what he personally did and observed; no opinion within F.R.E. 702 will be elicited in that capacity |
| Sheree Noell<br><br>22498 Avenue 294<br>Exeter, CA 93221<br>510-610-6634 | Live if she appears | The Plaintiff's employment history and performance reviews at Dominion Voting Systems, as the Plaintiff disclosed; and Dr. Coomer's electronic mail on which she was a recipient (Def. 88c, 88e, 88k, 88m, 88n, and 88r) |
| Clayton Thomas Clark (individually and for Make Your Life Epic LLC d/b/a ThriveTime Show)<br><br>Work address: ThrivetimeShow.com World Headquarters<br>3920 W 91st St S, Tulsa, OK 74132<br>Text: 918-851-0102<br>c/o Gordon Rees Scully Mansukhani, LLP<br>555 Seventeenth Street<br>Suite 3400<br>Denver, CO 80202<br>303-534-5160 | Live if he appears; otherwise, if unavailable under F.R.E. 804(a), by designated excerpts of his April 30, 2024 and May 1, 2024 depositions in another action | Broadcasts presenting Mr. Oltmann's account in 2020 and 2021, and their sources |
| Adam Walbert | Live if he appears | The filming and editing of the film with Roger R. Richards, and who made the editing decisions |
| Ronald Morales<br><br>8167 N Pomona Drive<br>Arvada, CO 80005 | Live if he appears | His work with Dr. Coomer, as described in Dr. Coomer's testimony at his January 27, 2026 deposition; and Dr. Coomer's electronic mail of March 31 and November 3, 2020 on which he was a recipient (Def. 88j and 88t) |
| Puneet Vedi<br><br>6149 Lookaway Cir<br>Franklin, TN 37067-2016<br>(612) 819-9198<br>puneetvedi@yahoo.com | Live if he appears | The June 15, 2007 message and release-notes table carried in Def. 27, if needed to authenticate them; and the April 28, 2006 message in Def. 49i |
| Doug Logan<br><br>Work address (last known): Cyber | Live if he appears | The application security analysis by Cyber Ninjas dated April 9, 2021 (Def. 57), as foundation; and what he communicated to Dr. Byrne before June 26, 2021, offered under F.R.E. 105 for its effect on Dr. Byrne's state of mind and not for the truth of the matters |

| | | |
|---|---|---|
| Ninjas, Inc.<br>Mailing Address: 5077 Fruitville Rd, STE 109-421, SARASOTA, FL 34232<br>Registered Agent: Northwest Registered Agent LLC, 7901 4th St N, STE 300, 33702, FL 33702<br>941-364-6527<br>c/o Jack D. Wilenchik, Wilenchik & Bartness, P.C. (former counsel for Cyber Ninjas), 2810 North Third Street, Phoenix, Arizona 85004<br>T: (602) 606-2810<br>E: jackw@wb-law.com | | communicated; no opinion within F.R.E. 702 will be elicited |
| Christopher Issa | Live if he appears | The tickets sold and livestream purchases for the June 26, 2021 premiere (Def. 64), and the June 28, 2021 upload only to identify the version shown on June 26, 2021 |
| Hugo Carvajal Barrios<br><br>Reg. No. 10555-506, MDC Brooklyn<br>c/o Robert A. Feitel, counsel for Carvajal, Law Office of Robert Feitel, 1300 Pennsylvania Avenue, N.W., #190-515, Washington, D.C. 20004; rf@rfeitellaw.com; office (202) 450-6133; mobile (202) 255-6637 | Only if needed to authenticate Def. 52c, and only if he is available; by deposition with leave under F.R.Civ.P. 16(b)(4) and 30(a)(2)(B), or live under a writ of habeas corpus ad testificandum, as the Court permits | The authorship, date, and transmission of his letter of December 2, 2025 (Def. 52c) only |
| Paul Chavez-Casanova<br><br>Work address (last known): Liberty Vote USA, Inc. fka Dominion Voting Systems, Inc., 1201 18th St., Denver, CO 80202 (303) 778-7630 or (303) 778-7662 | Live if he appears | The development of source code for Dominion Voting Systems, as to which the Plaintiff's verified answer to Interrogatory No. 4 names him among the engineers who served in that role (Def. 14); and Dr. Coomer's electronic mail of October 31 and November 3, 2020 on which he was a recipient (Def. 88s and 88t) |

| | | |
|---|---|---|
| James P. Allen<br><br>Work address (office): Delaware County Board of Elections / Elections Department, Government Center Building, 201 W. Front Street, Media, PA 19063.<br>Office Phone: (610) 891-4673<br>Email: DelcoElection@co.delaware.pa.us<br>Website: delcopa.gov/vote | Live if he appears | His communications with Dr. Coomer in November 2020, including his electronic mail of November 22, 2020 (Def. 77d); and his dealings with Dr. Coomer as an election official in 2020 |
| Dar Leaf (Sheriff of Barry County, Michigan)<br><br>Work address (office): 1212 W. State Street, Hastings, MI 49058, (269) 948-4805 | Live if he appears | The documents he posted publicly in 2024 that are listed as Def. 88a through 88u, when and how he posted them, and his letters to members of Congress of March 17, May 10, and May 13, 2024 that accompanied them, as foundation for those documents |
| Gary Berntsen<br><br>571-342-9054 | Live if he appears | Facts within his personal knowledge relevant to the claims and defenses in this action; no opinion within F.R.E. 702 will be elicited |
| Tay Anderson<br><br>(Auontai Anderson)<br>1700 East 28th Avenue<br>Denver, CO 80205<br>(Work address) | Live if he appears | The call Mr. Oltmann described in 2020, who took part in it, and his affidavit concerning it, as discussed in Mr. Oltmann's deposition of June 9, 2026 (Oltmann Dep. 76:14-78:23; 85:8-22) |
| Any witness listed by the Plaintiff | As called | As the Plaintiff has disclosed |
| True rebuttal and impeachment witnesses | As needed | Rebuttal of matters raised in the Plaintiff's case |

## C. Witnesses Whose Testimony the Defendant Expects to Present by Deposition

(F.R.Civ.P. 26(a)(3)(A)(ii))

| Deponent | Deposition | Basis |
|---|---|---|
| Eric Coomer, Ph.D. | January 27, 2026 (this action; videotaped) | F.R.Civ.P. 32(a)(3) (party). Designated pages and lines include 69:8-17 and 234:16-25. Designations will be filed with the color-coded transcript. Certain pages carry |

| | | |
|---|---|---|
| | | confidentiality designations; the Defendant has served the written challenge and the notice described in the accompanying paper on trial use of designated material |
| Steven Lucescu | February 18, 2025 (this action; videotaped) | The Plaintiff describes Mr. Lucescu as a former and settling Defendant (Doc. 351 ¶¶ 14, 77). F.R.Civ.P. 32(a)(4)(B) applies whether or not Mr. Lucescu is a party at trial, on a declaration served with the designations and on the findings that rule requires: that the witness is more than 100 miles from the place of trial, or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition. In the alternative, F.R.Civ.P. 32(a)(4)(E), as Part XII of the Motion for Pretrial Determinations requests. Designated pages and lines: 57:17-20; 66:3-67:11; 99:20-100:11; 147:16-25; 156:24-157:8; 238:13-239:4; 264:20-265:13. Any further designations will be served with the Defendant's Rule 26(a)(3) disclosures, verified page and line against the certified transcript |
| Joseph Oltmann | June 9, 2026 (this action; videotaped, by videoconference) | F.R.Civ.P. 32(a)(4)(B) if he does not appear, on a declaration served with the designations and on the findings that rule requires: that the witness is more than 100 miles from the place of trial, or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition. In the alternative, F.R.Civ.P. 32(a)(4)(E), as Part XII of the Motion for Pretrial Determinations requests. Designated pages and lines: 13:10-15; 28:16-29:8; 62:12-14; 69:15-22; 100:2-10; 172:19-173:9; 176:16-21; 223:6-10; 223:25-224:24; 225:13-226:4; 228:18-229:3. Any further designations will be served with the Defendant's Rule 26(a)(3) disclosures, verified page and line against the certified transcript |
| Carlito Johnson (The America Project, Inc., F.R.Civ.P. 30(b)(6)) | November 20, 2025 (this action) | The Plaintiff and The America Project, Inc. have stipulated to its dismissal (Doc. 352), and the Plaintiff has moved to dismiss it (Doc. 347). The witness is within F.R.Civ.P. 45(c)(1) reach and will be subpoenaed to testify live; the designations are offered only under F.R.Civ.P. 32(a)(2) or 32(a)(4)(D) if he does not appear |
| Jared N. Finkell, M.D. | July 6, 2023 (another action) | Offered only if the Plaintiff does not call him and the witness is unavailable under F.R.E. 804(a): F.R.Civ.P. 32(a)(8), second sentence, and F.R.E. 804(b)(1), offered against the Plaintiff, who was a party to that action and had an opportunity and similar motive to develop the testimony. Offered as to the dates of treatment and the history reported to him, and not for any opinion that the Defendant's motion in limine directed to his testimony asks the Court to exclude. Designated confidential in that action under its amended protective order of June 2, 2023 (EC 008879-008896). Designations to be served, verified page and line against the certified transcript |
| J. Alex Halderman | August 16, 2023 (another action) | Offered only if the Plaintiff does not call him and the witness is unavailable under F.R.E. 804(a): F.R.Civ.P. 32(a)(8), second sentence, and F.R.E. 804(b)(1), offered against the Plaintiff, who was a party to that action and had an opportunity and similar motive to develop the testimony. Produced by the Plaintiff at EC 004328-004395. Designated confidential in that action under its amended protective order of June 2, 2023 (EC 008879-008896). Designations to be served, verified page and |



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

| | | |
|---|---|---|
| | | line against the certified transcript |
| Joseph Oltmann (deposition in another action) | June 6, 2024 (another action) | If the witness is unavailable under F.R.E. 804(a): F.R.Civ.P. 32(a)(8), second sentence, and F.R.E. 804(b)(1), offered against the Plaintiff, who was a party to that action and had an opportunity and similar motive to develop the testimony. Produced by the Plaintiff at EC 002479-002523. Each page bears an attorneys'-eyes-only legend from that action, in which a protective order was entered on May 20, 2024 (EC 008874-008878). Designations to be served, verified page and line against the certified transcript |

The expert witnesses named in Parts A and B are listed subject to the Court's ruling on the Report and Recommendation (Doc. 362) and the Defendant's objection to it, and subject to the supplementation the Report recommends. Each expert witness named in this list, including each of the Plaintiff's disclosed experts, is also listed as a fact witness on the facts stated in that witness's row, so that the witness may testify to facts within the witness's personal knowledge whatever the ruling on expert testimony; in that capacity no opinion within F.R.E. 702 will be elicited. The Plaintiff's disclosed experts, including the Plaintiff himself in the capacity in which the Plaintiff has disclosed him, are the subject of the Defendant's motions in limine. The trial is expected to occupy approximately eight to ten trial days, on Dr. Byrne's present estimate, with time limits, stipulations, and designation reading to be set at the pretrial conference. The number of witnesses actually called depends on the Court's rulings on the motions in limine and on the motion for pretrial determinations, and he is prepared to state at the pretrial conference which witnesses he will call under each ruling. Witnesses are listed under Part B so that their testimony is not excluded under the Court's practice of

not permitting the testimony of unlisted witnesses over objection; listing a witness is not a representation that the Defendant will call that witness. Three copies of the final witness list will be provided to the courtroom deputy on the morning of the first day of trial.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Counsel for Defendant Patrick Byrne*