IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-cv-00008-TPB-SPF

ERIC COOMER, PhD.,

Plaintiff,

v.

PATRICK BYRNE,

Defendant.

____________________/

**DEFENDANT PATRICK BYRNE'S**
**MOTION TO EXCUSE WITNESS JOSEPH OLTMANN**
**FROM SEQUESTRATION UNDER RULE 615 OF THE F.R.E.**

The Defendant, Patrick Byrne, by and through his undersigned counsel, hereby moves this Court to Permit Joseph Oltmann, a witness in the above styled lawsuit, to be permitted to remain in the courtroom throughout the trial, on the instant case, and states:

The Plaintiff's counsel had advised a few days ago that they intend to invoke Rule 615 of the Federal Rules of Evidence. This matter had been discussed for a period of time, as the undersigned sought to permit Mr. Oltmann to remain in the courtroom.

Rule 615 provides for a few exceptions, one of which is for witnesses whose presence is essential to the defense by the Defendant, Patrick Byrne.

This entire defamation claim and the intentional infliction of emotional

distress claim, are based on 2 statements which were made by Mr. Oltmann. Mr. Byrne is being sued for allegedly publishing Mr. Oltmann's 2 statements in a movie, *The Deep Rig*, which was allegedly produced by Mr. Byrne.

Ordinarily, a lawsuit for defamation is brought against the author of the statement. In such a lawsuit, the author would be in a position to understand the allegations made at trial, as they are parties to the lawsuit. In the present case, Mr. Oltmann is being sued in a Colorado court for the same words used and incorporated in *The Deep Rig*.

The purpose of sequestration of witnesses pursuant to Rule 615 is to "prevent them from tailoring their testimony to that of earlier witnesses and to facilitate the exposure of false testimony and other credibility problems." *United States v. Graham*, 123 F.4th 1197, 1257 (11th Cir. 2024) as cited in *Hodges v. Albritton*, 2025 U.S. Dist. LEXIS 100480 (M.D. Fla. 2025)

However, in the instant case, instead of Rule 615 being used to assure that a witness does not change his or her testimony due to the effect of hearing such testimony, the Plaintiff is seeking to have Mr. Oltmann excluded so that he will not see or hear the testimony which fundamentally will be accusing him of making false statements. Worse, Mr. Oltmann's attorneys who are expected to be present, including the undersigned, will not be permitted to properly prepare him by letting him know what testimony and evidence preceded him.

Usually, the author of statements made, which are alleged to be defamatory,


THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

and the accused publisher are tried in a single lawsuit. However, here, Mr. Oltmann and Mr. Byrne are being sued in 2 different states, which was a choice by the Plaintiff, perhaps to gain the strategic advantage of removing the only one who knew exactly what he thought and on which information he relied. In this regard, the Defendant needs his help and advice throughout the trial.

If they were in the same suit, Mr. Oltmann would have been permitted to attend the whole trial.

Moreover, Mr. Oltmann's deposition has been taken in multiple cases, and his testimony was given in a case frivolously brought against him for a temporary restrictive order, which resulted in a determination in favor of Mr. Oltmann. In *Hodges*, id. (one of the best written decisions, ever) the Court held as to an attorney, Warren, needed for the case:

> The fact that Warren will be subject to fulsome cross examination is another protective factor that counsels against sequestration under the circumstances of this case. "Ordinarily," outside of "the most egregious cases," cross-examination is sufficient to cure any violation of the rule against sequestration, because it empowers the factfinder to evaluate the violating witness's credibility. *Graham*, 123 F.4th at 1257 (citations not supplied). To the extent Defendants believe Warren's testimony is influenced by the fact that he is not sequestered, they may cross examine him about it and propose findings of fact regarding his credibility in their closing arguments and post-trial briefing.

In the present case, there is a jury trial, unlike in *Hodges*, id. where this was a factor which is different, here. However, should the Plaintiff detect any change of testimony, the Plaintiff can cross examine Mr. Oltmann and can point out this


THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

issue in his closing.

As only Mr. Oltmann knows of his reasons to believe that his statements were true, in the complex circumstances of the case *sub juris*, one who plays in important part in a case is “essential” and exempt from exclusion. Therefore, any change of his testimony will be most detrimental to Patrick Byrne’s case.

In this regard, Mr. Oltmann knows far more than the undersigned regarding the election fraud and the evidence needed in the present case. More than anything, he is needed to assist by advising when Mr. Coomer or other witnesses are being deceptive.

Mr. Oltmann has been helpful in this regard from the time that the undersigned became involved in the case at bar.

In *United States v. Cooper*, 283 F. Supp. 2d 1215 (D. Kan. Sept. 25, 2003) a sister court was faced with a similar situation where the case was complex and police officers who were familiar with the case were needed to help with witnesses and demonstrative aids, were permitted to remain in the courtroom to assist the AUSA.

Also, if the Plaintiff should want to call Mr. Oltmann in his case, Dr. Byrne does not object to the Plaintiff calling Mr. Oltmann in his case, perhaps as his first witness, similar to this Court’s decision in *Hodges*, supra.

Wherefore, the Defendant, Patrick Byrne, asks that this Court permit Joseph Oltmann to remain in the courtroom during the trial as it is an essential for the


THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

undersigned to properly present his case without him.

CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7-3, Peter Ticktin, counsel for Defendant Patrick Byrne, emailed opposing counsel regarding the relief sought in this Motion. As of the filing of this Motion, no response had been received.


THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Peter Ticktin*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
Counsel for Defendant Patrick Byrne