**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ERIC COOMER, Ph.D.,
Plaintiff

v. Case No. 8:24-cv-00008-TPB-SPF

PATRICK BYRNE,
Defendant

---

## PLAINTIFF'S APPLICATION FOR ATTORNEY FEES AND COSTS

---

Eric Coomer, Ph.D. (Plaintiff or Dr. Coomer) files this Application for Attorney Fees and Costs, and states as follow:

### I. SUMMARY OF RELIEF REQUESTED

1. Plaintiff Eric Coomer, Ph.D., requests an order awarding attorney fees and costs associated with filing his Motion for Sanctions and Order to Show Cause (Doc. 281) on February 6, 2026 (referred to herein as the Motion). Attorney fees and costs were awarded by the Magistrate Judge on June 29, 2026, in an order stating that "Plaintiff's motion is granted to the extent that he is awarded the attorneys' fees and costs associated with bringing this motion to be paid by Defendant Byrne and/or Mr. Ticktin." *See* Doc. 332.

2. This Court entered its Order Overruling Objection to Magistrate Judge Order on July 15, 2026. Doc. 346. Judgment was entered in this case on October 29, 2026. Doc. 393. Thus, this Application is timely pursuant to Federal

Rule of Civil Procedure 54(2)(A)(B)(i). Based on the authority cited herein and supporting documentation attached to this Application, Plaintiff seeks $36,930.00 in attorney fees and $510.72 in costs.

## II. Legal Standard

3. When awarding attorney fees as a sanction, the award is compensatory rather than punitive and limited to the fees the movant would not have incurred but for the sanctionable conduct. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017); *J.C. Penney Corp., Inc. v. Oxford Mall, LLC*, 100 F.4th 1340, 1347 (11th Cir. 2024). The Eleventh Circuit requires courts to calculate sanctions-based fee awards using the lodestar method, multiplying a reasonable hourly rate by the number of hours reasonably expended. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of submitting adequate documentation, while the opposing party must raise specific and reasonably precise objections. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Courts may apply across-the-board reductions where billing records contain vagueness, duplication, or other deficiencies, and may consider the sanctioned party's ability to pay to ensure the sanction does not become punitive. *See Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998)

## III. Argument

4. Pursuant to the June 29 Order, Dr. Coomer submits the Declaration of Plaintiff's counsel, Charles J. Cain, attached hereto as **Exhibit 1**, along with

evidence attached thereto, reflecting fees and costs incurred relating bringing the Motion. The Declaration includes contemporaneous time records for the relevant time period.

5. The amount of the attorney fees to be awarded is dependent on the Court's intent in ordering attorney's fees and costs "associated with bringing [his] motion." Given that the time expended for all related tasks is supported by contemporaneous time records, the Court may reduce or increase the amount awarded as it determines.

6. If the order is read narrowly, then the relevant time period of related tasks is January 28, 2026 (the day after Plaintiff's deposition in Tampa when evidence was gathered) through February 6, 2026 (the day the motion was filed). During this period, 53.8 hours of time was expended totaling $22,650.00.

7. Additional time related to the filing of the Motion was incurred and would not have been expended but for its filing. This time is generally organized into five categories: 1) review of the response to the Motion and counter request for sanctions; 2) supplementation of the Motion; 3) conferral with Mr. Ticktin about his contention that the case should be abated while the Motion was pending; 4) review of the resulting motion for protective order seeking this relief and drafting of a response thereto; 5) review of the recommendation/orders relating to the protective order, the Motion, and the objection to recommendation.

8. Merriam-Webster defines "associated" as "related, connected, or combined together." All of the fees requested herein in Plaintiff's view meet this

definition. Accordingly, Plaintiff requests an award of reasonable attorney fees and costs in the amount of $36,930.00 (based on 87.6 hours reasonably expended) and costs in the amount of $510.72. The award is requested against Mr. Byrne and Mr. Ticktin, jointly and severally.

Respectfully submitted this 12th day of November 2026.

*/s/ Charles J. Cain*
Charles J. Cain, CO Atty No. 51020*
ccain@cstrial.com
Bradley A. Kloewer, CO Atty No. 50565*
bkloewer@cstrial.com
**CAIN & SKARNULIS PLLC**
P. O. Box 1064
Salida, Colorado 81201
719-530-3011
512-477-5011 (Fax)
*Appearing via Special Admission

Ashley N. Morgan*
Texas Bar No. 24091339
Colorado Attorney No. 61713
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000/512-477-5011 (Fax)
*Appearing via Special Admission
**ATTORNEYS FOR PLAINTIFF**

## Local Rule 3.01(g) Certification

Counsel for Movant certifies:

a. Plaintiff has conferred with Defendant Byrne regarding the relief requested herein;

b. Byrne has not responded;[1] and

c. Conferral regarding the relief requested herein was via email correspondence.

[1] The lack of response is due to an email outage in Microsoft Outlook. Plaintiff will continue to confer once the issue has been resolved.